UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-DPG

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

### DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED EXPERT WITNESS DISCLOSURE AND EXPERT REPORT AND INCORPORATED MEMORANDUM OF LAW

Defendant, THE CITY OF MIAMI BEACH, FL, a Florida municipality (the "City"), through its counsel and pursuant to Federal Rules of Civil Procedure 12(f) and 26(a)(2)(B), files its Motion to Strike Plaintiff's Amended Expert Witness Disclosure and Expert Report and Incorporated Memorandum of Law and in support states the following:

### PRELIMINARY STATEMENT

1. This is an employment discrimination case.

2. On April 2, 2022, Plaintiff filed a ten (10) count Complaint [DE 1].

3. On July 10, 2023, this Court issued an order dismissing eight (8) of the ten (10) counts [DE 32] leaving only Counts III and IV, which are claims for retaliation under Title VII and the Florida Civil Rights Act respectively.

4. On August 1, 2023, the Court issued its Scheduling Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge ("Scheduling Order") [DE 37].

5. Therein, the Court requires Plaintiff to disclose her expert witness on January 26, 2024, and in conformity with Federal Rule of Civil Procedure 26(a)(2). *See* DE 37.

6. On January 26, 2024, Plaintiff served Plaintiff's Expert Witness Disclosure ("Plaintiff's Disclosure"). A copy of Plaintiff's Disclosure is attached as Exhibit A.[1]

7. On February 2, 2024, Plaintiff served her Amended Expert Witness Disclosure ("Amended Disclosure").

8. The difference between Plaintiff's Disclosure and her Amended Disclosure is that Plaintiff provides what purports to be an "Expert Report" with her Amended Disclosure.

9. The Court should strike Plaintiff's Amended Disclosure because Plaintiff willfully did not comply with Federal Rule of Civil Procedure 26(a)(2)(B) and the Court's Scheduling Order.

10. Federal Rule of Civil Procedure 26(a)(2)(B) requires Plaintiff to submit her expert's report with her disclosure.

11. Plaintiff did not submit her Expert Report with Plaintiff's Disclosure.

12. Instead, Plaintiff unilaterally determined that she could submit her Expert's Report three (3) business days after Plaintiff's Disclosure. *See* Exh. A, fn. 1.

---

[1] On January 30, 2024, Defendant filed its Motion to Strike Plaintiff's Expert Witness and Incorporated Memorandum of Law ("Defendant's Motion") [DE 39]. Therein, Defendant argues that the Court should strike Plaintiff's expert because Plaintiff did not provide a copy of her expert's report contemporaneous with disclosure.

13. Ultimately, Plaintiff submitted her Expert Report on February 2, 2024, as part of her Amended Disclosure, seven (7) days after the Court's deadline. A copy of Plaintiff's Amended Disclosure and Expert Report is attached as Exhibit B.

14. Plaintiff did not confer with Defendant's counsel or obtain leave of Court before filing her late Amended Disclosure and Expert Report."

15. Accordingly, the Court should strike Plaintiff's Amended Disclosure and Expert Report for Plaintiff's willful failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B), and the Court's Scheduling Order.

16. The Court should also strike Plaintiff's Expert Report because it does not comply with Federal Rules of Civil Procedure 26(a)(2)(B)(i) and 26(a)(2)(B)(ii).

17. Specifically, the Expert Report does not provide the basis and reasons for the expert's opinion and does not provide the facts or data considered by the expert in forming his opinions.

18. Accordingly, the report is deficient, and the Court should strike same.

## ARGUMENT AND CITATION OF AUTHORITY

### POINT I

**THE COURT SHOULD STRIKE PLAINTIFF'S AMENDED DISCLOSURE AND ATTACHED EXPERT REPORT BECAUSE PLAINTIFF WILLFULLY DID NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(B) AND THE COURT'S SCHEDULING ORDER.**

A motion to strike is the proper vehicle to challenge an untimely expert opinion disclosure. *See Roland Corporation v. inMusic Brands, Inc.*, Case No. 17-CV-22405-MORENO/LOUIS, 2019 WL 13032403, at *1 (S.D. Fla. Mar. 12, 2019) (*citing Southco, Inc. v. Fivetech Tech. Inc.*, 611 F. App'x 681, 688 (Fed. Cir. 2015)); *see also Harris Corp. v. Ruckus*

*Wireless, Inc.*, Case No. 6:11-CV-618-ORL-41, 2015 WL 3883948, at *10 (M.D. Fla. June 24, 2015) (striking late disclosure of proffered expert).

"Federal courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense." *Kroll v. Carnival Corp.*, CASE NO. 19-23017-CIV-GOODMAN, 2020 WL 4793444, at *4 (S.D. Fla. Aug. 17, 2020) (*citing Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272, 277-78 (1st Cir. 2006) (affirming preclusion order even though the result was to exclude evidence critical to plaintiff's claim)).

In this case, Plaintiff was aware of the requirement that she disclose her Expert's Report with Plaintiff's Disclosure. Rather than conferring for an extension and seeking same from this Court, Plaintiff unilaterally made a late disclosure on February 2, 2024, seven (7) days after the Court's deadline.

The Court should not allow Plaintiff to unilaterally flaunt the Court's deadlines. To that end, the Court should strike Plaintiff's Amended Disclosure and Expert Report for willfully failing to comply with Federal Rule of Civil Procedure 26(a)(2)(B) and the Court's Scheduling Order.

## POINT II

### THE COURT SHOULD STRIKE PLAINTIFF'S EXPERT REPORT BECAUSE IT DOES NOT COMPLAY WITH FEDERAL RULES OF CIVIL PROCEDURE 26(a)(2)(B)(i) AND 26(a)(2)(B)(ii).

Federal Rules of Civil Procedure 26(a)(2)(B)(i) and 26(a)(2)(B)(ii) require that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them." *United States v. Bacaner, M.D.*, Case No. 8:21-cv-391-VMC-SPF, 2022 WL 824245, at *3 (M.D. Fla.

4

Mar. 18, 2022) (*citing* Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii)). It is appropriate to strike an expert report, like the one in this case, that does not comply with the requirements of Federal Rules of Civil Procedure 26(a)(2)(B)(i) and 26(a)(2)(B)(ii).

Plaintiff's Expert Report does not provide the basis and reasons for the expert's opinion and does not provide the facts or data considered by the expert in forming his opinions. The Expert Report is two (2) pages of calculations of Plaintiff's potential future earnings. *See* Exh. B. Plaintiff's expert does not detail the basis and reasons for his calculations or disclose any of the facts and data he used in forming his opinion. In short, Plaintiff's Expert Report is nothing more than a chart showing supposed potential future earnings without providing any information as to how Plaintiff's expert reached any of his conclusions. The Court should not allow the Plaintiff to both file her Expert Report late and it also be deficient. Accordingly, the Court should strike Plaintiff's Expert Report and her Amended Disclosure.

## CERTIFICATE OF CONFERRAL

Undersigned counsel Michael L. Elkins certifies that he conferred with Plaintiff's counsel about the relief sought herein and Plaintiff's counsel opposes the relief sought herein.

Dated: February 14, 2024.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**RAFAEL A. PAZ, CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 14, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-DPG

Paul A. Daragjati, Esq.
paul@daragjatilaw.com
**PAUL DARAGJATI PLC**
4745 Sutton Park Ct., Ste. 503
Jacksonville, FL 32224
*Counsel for Plaintiff*