UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JESSICA GUASTO,

    Plaintiff,                                                          CASE NO.: 1:22-cv-21004-DPG

vs.

THE CITY OF MIAMI BEACH, FL,
a Florida municipality,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AMENDED EXPERT WITNESS DISCLOSURE AND EXPERT REPORT AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, JESSICA GUASTO, by and through her counsel, hereby files her Response in Opposition to Defendant's Motion to Strike and Incorporated Memorandum of Law [D.E. 43] ("Defendant's Motion") and in support states the following:

**PRELIMINARY STATEMENT**

    1.    Plaintiff timely filed an initial Expert Witness Disclosure ("Initial Disclosure") on January 26, 2024. *See* D.E. 43-1.

    2.    Plaintiff's Initial Disclosure identified her expert as Dr. Paul M. Mason, Ph.D. ("Dr. Mason"), and further established that Dr. Mason was retained for his expertise in economic loss. *Id*.

    3.    Plaintiff explained she would be supplementing the Initial Disclosure with a report from Dr. Mason within three (3) business days, and specified the report would be related to the calculation of economic loss. *Id*. at fn. 1.

1

4.      Plaintiff provided a reason for the untimely filing, namely that Dr. Mason needed a few more days to complete his report because information was provided to him late. *Id*.

5.      Plaintiff filed her Amended Expert Witness Disclosure ("Amended Disclosure") on February 2, 2024. *See* D.E. 43-2.

6.      Plaintiff's Amended Disclosure included Dr. Mason's report ("Expert Report"), titled "LOSS ESTIMATES FOR JESSICA SALABARRIA calculated on 2/01/24." *Id*.

7.      On February 14, 2024, Defendant filed a Motion to Strike Plaintiff's Amended Expert Witness Disclosure and Expert Report. *See* D.E. 43.

## LEGAL ARGUMENT

### I. Defendant Has Failed to Demonstrate Any Harm Resulting from Plaintiff's Untimely Filing

The Southern District of Florida has recognized that "the exclusion of expert testimony is a severe sanction that is not appropriate where a party's actions do not result in prejudice to the opposing party." *Zaki Kulaibee Establishment v. McFlicker*, 2011 U.S. Dist. LEXIS 37155 at *10-11 (S.D. Fla. 2011). Further, "[v]iolations of Rule 26(a)(2)(B)'s disclosure obligations require exclusion of the undisclosed information unless the violation was justified or harmless." *Maylor v. Wal-Mart Stores E., LP*, 2023 U.S. Dist. LEXIS 117563 at *2 (S.D. Fla. 2023) (citing Fed. R. Civ. P. 37(c)(1). The *Maylor* Court applies the 8th Circuit's interpretation of Federal Rule of Civil Procedure 37(c)(1), that "'[a] harmless violation of Rule 26 does not mandate exclusion of the evidence.'" *Id.* at *3 (citing *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); Fed. R. Civ. P. 37(c)(1)).

In determining whether the failure to make sufficient expert disclosures is harmless, the Court considers: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt

the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Ward v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 41022, at *5 (S.D. Fla. 2019) (rejecting both Plaintiff's and Defendant's Motion to Strike Experts.) (citing *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012)).

When applied to this case, these factors weigh heavily in favor of the finding that Plaintiff's untimely filing was harmless. First, there was no surprise to the Defendant. Plaintiff's Initial Disclosure informed Defendant of her expert, Dr. Mason, his area of expertise, and to anticipate Dr. Mason's report regarding Plaintiff's economic loss be filed in the coming days. Plaintiff's Amended Disclosure contained information regarding Dr. Mason and included his report regarding Plaintiff's economic loss. There was no surprise to Defendant because Plaintiff had included only information that she previously notified Defendant to expect. Further, Plaintiff's preemptive notice to Defendant in her Initial Disclosure promptly cured any surprise to Defendant, stating, "Dr. Mason's report will be provided within 3 business days of this disclosure." *See* D.E. 43-1 at fn. 1.

To the third factor, this case was more than eight (8) months away from trial and twelve (12) weeks of expert discovery remained available to the parties on the date the Amended Disclosure was served. The trial would not be disrupted as a result allowing the evidence. There cannot be a dispute that Plaintiff's Amended Disclosure is essential to her case. Plaintiff is seeking economic damages, specifically in the form of back pay, and the Amended Disclosure directly speaks to Plaintiff's economic losses.

The last factor asks for an explanation as to the failure to disclose the evidence. Plaintiff provided a truthful explanation to Defendant in her Initial Disclosure by stating that "supplemental information related to calculation of economic loss was provided to Dr. Mason late, and the report

3

is not complete as of this disclosure." D.E. 43-1 at fn. 1. Plaintiff communicated in good faith her explanation for the untimely filing and provided notice that additional evidence would be provided shortly thereafter.

In considering whether Plaintiff's untimely filing of her Amended Disclosure resulted in harm, each factor weighs in favor of a finding that her untimely filing was harmless. Therefore, because the Rule 26 violation was harmless, the Court must deny Defendant's Motion.

II.     **Plaintiff's Expert Report Complies with the Federal Rules of Civil Procedure**

The Southern District of Florida's standard for sufficient expert report content is the following: "'The content of an expert report is adequate 'when it is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced.'" *Powers v. Target Corp*, 2020 U.S. Dist. LEXIS 73289 (S.D. Fla. 2020) (citing *Goodbys Creek, LLC v. Arch Ins. Co.*, 2009 U.S. Dist. LEXIS 40885 (M.D. Fla. 2009)).

The Court further establishes that Rule 26(a)(2)(B) "'does not require that a report recite each minute fact or piece of scientific information that might be elicited on direct … Nor does it require the expert to anticipate every criticism and articulate every nano-detail that might be involved in defending the opinion on cross examination at a *Daubert* hearing.'" *Kleisman v. Wright*, 2020 U.S. Dist. LEXIS 213482 at *21-22 (S.D. Fla. 2020) (citing *McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 652 (D. Kan. 2003)). In fact, under Rule 26(a)(2)(B), "'[i]t is justifiable to produce a summary of an expert's data which is detailed enough to provide the opposing party an opportunity to adequately cross examine the expert without providing all the raw data the expert looked at while coming to his opinion.'" *Kleisman* at *22 (citing *In re Nitro Leisure Prods., L.L.C.*, 2003 U.S. Dist. LEXIS 27555 at *1 (S.D. Fla. 2003)) (denying a motion to exclude where party

failed to disclose "completed questionnaires total[ing] 1953 pages" that the expert relied upon in forming his opinion).

In this case, Dr. Mason's Report explicitly states the following factors were considered: 1) Plaintiff's earnings rate at time of termination, 2) Working life, 3) Date of dismissal, 4) Pre-dismissal earning capacity, 5) Post-dismissal earning capacity, 6) Fringe benefit loss, 7) Assumed tax rate, and 8) Discount rate. Dr. Mason's report is entirely transparent as he relied on an explicit, detailed set of facts and data which are clearly stated. Likewise, the conclusions in Dr. Mason's report clearly stem from the considered factors. As such, Plaintiff's Expert Report Complies with Federal Rule 26; thus, Defendant's Motion must be denied.

### III. Defendant's Arguments are Premature

In the alternative, Defendant's Motion should be denied because it is premature. Both the Supreme Court of the United States and the Southern District of Florida have maintained the position that it would be premature to preclude reports and testimony of experts prior to their deposition being taken. *Buckler v. Israel*, 2015 U.S. Dist. LEXIS 95600 at *6 (S.D. Fla. 2015) (citing Fed. R. Evid. 702; *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).

This Honorable Court denied a defendant's motion to strike an expert while relying on the 6th Circuit holding that "mere weaknesses in the factual basis of an expert witness' opinion bear on the weight of the evidence rather than on admissibility." *Ward v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 41022 (S.D. Fla. 2019) (citing *McLean v. 98011 Ontario, Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000)). The *Ward* Court further referred to a Southern District of Florida holding that, "any weakness in the factual basis for [an expert's] conclusion… goes at best to weight and credibility, and can certainly be explored on cross examination." *Ward*, citing *Ostroski v. United States*, 2007 U.S. Dist. LEXIS 105096 at *2 (S.D. Fla. 2007).

In this present case, expert discovery is not complete until April 26, 2024, giving the Defendant sufficient time to inquire about Dr. Mason and his report and request additional documentation. Therefore, Defendant's Motion should be denied as it is premature.

**WHEREFORE**, Plaintiff respectfully moves this Honorable Court to Deny Defendant's Motion to Strike pursuant to Federal Rules of Civil Procedure 12(a) and 37(c)(1).

| | |
|---|---|
| Dated: Miami, Florida<br>March 11, 2024 | **DEREK SMITH LAW GROUP, PLLC**<br>*Counsel for Plaintiff*<br><br>*/s/ Daniel J. Barroukh*<br>Daniel J. Barroukh, Esq.<br>Florida Bar No.: 1049271<br>Derek Smith Law Group, PLLC<br>520 Brickell Key Drive, Suite O-301<br>Miami, FL 33131<br>Tel: (305) 946-1884<br>Fax: (305) 503-6741<br>Danielb@dereksmithlaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on March 11, 2024, on all counsel of record on the service list below via e-mail.

By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**CITY ATTORNEY'S OFFICE OF MIAMI BEACH**
Benjamin Z. Braun
benjaminbraun@miamibeachfl.gov
Florida Bar No.: 1017937
Henry Joseph Hunnefeld
henryhunnefeld@miamibeachfl.gov
Florida Bar No. 343811
1700 Convention Center Drive
Miami Beach, Florida 33139
Telephone: (305) 673-7470
Facsimile: (877) 673-7002

**MLE LAW**
Michael Lewis Elkins
melkins@mlelawfirm.com
Florida Bar No.: 523781
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: (954) 401-2608

*Counsel for Defendants*