UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-DPG

**JESSICA GUASTO**,

       Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

       Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S AMENDED EXPERT WITNESS DISCLOSURE
AND EXPERT REPORT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, THE CITY OF MIAMI BEACH, FL, a Florida municipality (the "City"), through its counsel files its Reply to Plaintiff's Response In Opposition to Defendant's Motion to Strike Plaintiff's Amended Expert Witness Disclosure and Expert Report and Incorporated Memorandum of Law and in support states the following:

    1.       This is an employment discrimination case.

    2.       On April 2, 2022, Plaintiff filed a ten (10) count Complaint [DE 1].

    3.       On July 10, 2023, this Court issued an order dismissing eight (8) of the ten (10) counts [DE 32] leaving only Counts III and IV, which are claims for retaliation under Title VII and the Florida Civil Rights Act respectively.

    4.       On August 1, 2023, the Court issued its Scheduling Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge

1

("Scheduling Order") [DE 37] requiring Plaintiff to disclose her expert witness on January 26, 2024, and in conformity with Federal Rule of Civil Procedure 26(a)(2). *See* DE 37.

5.      On February 2, 2024, Plaintiff served her Amended Expert Witness Disclosure ("Amended Disclosure") which also contained Plaintiff's Expert Report.

6.      On February 14, 2024, Defendant filed its Motion to Strike Plaintiff's Amended Expert Witness Disclosure and Expert Report and Incorporated Memorandum of Law ("Defendant's Motion) [DE 43].

7.      On March 11, 2024, Plaintiff filed her Response In Opposition to Defendant's Motion to Strike Plaintiff's Amended Expert Witness Disclosure and Expert Report ("Plaintiff's Response") [DE 48].

**<u>The Court Should Strike Plaintiff's Expert Report Because It Is Conclusory and Therefore Does Not Comply With Federal Rule of Civil Procedure 26</u>**

8.      Federal Rules of Civil Procedure 26(a)(2)(B)(i) and 26(a)(2)(B)(ii) require that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them [and] the facts or data considered by the witness in forming them." *United States v. Bacaner, M.D.*, Case No. 8:21-cv-391-VMC-SPF, 2022 WL 824245, at *3 (M.D. Fla. Mar. 18, 2022) (*citing* Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii)). It is appropriate to strike an expert report, like the one in this case, that does not comply with the requirements of Federal Rules of Civil Procedure 26(a)(2)(B)(i) and 26(a)(2)(B)(ii).

9.      In her Response, Plaintiff contends that her Expert Report is sufficient because it "states the following factors were considered: 1) Plaintiff's earnings rate at time of termination, 2) Working life, 3) Date of dismissal, 4) Pre-dismissal earning capacity, 5) Post-dismissal earning capacity, 6) Fringe benefit loss, 7) Assumed tax rate, and 8) Discount rate." *See* DE 48, p. 5.

10.    A review of the Expert Report shows, however, that there is no analysis as to how any of the foregoing factors were used or applied. As is detailed below, the absence of this information is fatal to Plaintiff's Expert Report and mandates that the Court strike same.

11.    In support of her position, Plaintiff cites *Kleiman v. Wright*, Case No. 18-cv-80176-BLOOM/Reinhart, 2020 WL 6729362 (S.D. Fla. Nov. 16, 2020). Not only does *Kleiman* not support Plaintiff's position, *Kleiman* directly supports striking Plaintiff's Expert Report.

12.    In striking an expert report for failure to comply with Federal Rule of Civil Procedure 26, the judge in *Kleinman* held that "[e]xpert reports must include how and why the expert reached a particular result, not merely the expert's conclusory opinions." *Kleinman*, 2020 WL 6729362, at *16 (*citing* " *Calhoune v. Ford Motor Co.*, Case No. 17-61702-CIV, 2018 WL 7287871, at *1 (S.D. Fla. Dec. 26, 2018)); *See also Rinker v. Carnival Corp.*, Case No. 09-23154-CIV, 2011 WL 6370062, at *1 (S.D. Fla. Dec. 19, 2011) (striking expert report where "the majority of the opinions" are "conclusory without supporting reasons, facts, or data" and other opinions are inadequately explained); *Aponte v. Royal Caribbean Cruises, Ltd.*, Case No. 15-21854-CIV, 2019 WL 943267, at *3 (S.D. Fla. Feb. 26, 2019) (explaining that an expert report fell "far short" where it was "cursory and superficial," "briefly summarized" matters in the case, and "perfunctorily pointed" to broad non-specific categories that "generally support[ed]" the opinion but which "provided no further detail or analysis"); *Looking Good Properties LLC v. Ascot Corp. Names Ltd.*, Case No. CV412-138, 2013 WL 12214331, at *2 (S.D. Ga. July 23, 2013) (expert reports that are "a bit skeletal" and which "furnish[ ] no real explanation" are insufficient).

13.    Here, Plaintiff's Expert Report is the exact type of conclusory report stricken in *Kleinman* and the supporting cases outlined above.

14.     Plaintiff's Response does nothing to address the fact that Plaintiff's Expert Report does not detail the basis and reasons for Plaintiff's expert's calculations or disclose any of the facts and data he used in forming his opinion. In short, Plaintiff's Expert Report is nothing more than a chart showing supposed potential future earnings without providing any information as to how Plaintiff's expert reached any of his conclusions. None of this is refuted in Plaintiff's Response.

15.     In short, there is no detail in Plaintiff's Expert Report and zero analysis of how Plaintiff's expert reached his calculations making the Expert Report nothing more than one, big unsupported conclusion, just like the report that was stricken in *Kleinman*.

16.     Thus, the Court should grant Defendant's Motion and strike Plaintiff's Expert Report.

**Defendant's Motion Is Not Premature**

17.     Plaintiff's argument that striking her Expert Report is premature is unavailing.

18.     As the *Kleinman* court notes, "[t]he purpose of the expert disclosure rule is to 'provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'" *Kleinman*, 2020 WL 6729362, at *16 (*citing Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008)).

19.     Importantly, the *Kleinman* court also states that the "purpose of Rule 26(a)(2) is to provide notice to opposing counsel—***before the deposition***—as to what the expert witness will testify so as to 'minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial.'" *Kleinman*, 2020 WL 6729362, at *7 (*citing Companhia Energetica Potiguar v. Caterpillar Inc.*, Case No. 14-CV-24277, 2016 WL 7507848, at *4 (S.D. Fla. Aug. 1, 2016)) (emphasis added).

4

20.     In support of her position, Plaintiff cites *Buckler v. Israel*, 309 F.R.D. 672 (S.D. Fla. 2015). Plaintiff's reliance on *Buckler* is mis-placed.

21.     In *Buckler*, the Court denies a motion to strike an expert report stating:

> As to that portion of Plaintiffs' motion which seeks to preclude the reports and testimony of Dr. Zager, the Court denies the motion without prejudice as premature. Once the deposition of Dr. Zager has been completed and all reports produced, Plaintiffs may file a timely motion *in limine* or to exclude Dr. Zager's reports and testimony.

*Buckler*, 309 F.R.D. at 674.

22.     *Buckler* does not stand for the proposition that a motion to strike an expert report for failure to comply with Federal Rule of Civil Procedure 26 before the expert's deposition is premature.

23.     Such a proposition would render the entire purpose of Federal Rules of Civil Procedure 26(a)(2)(B)(i) and 26(a)(2)(B)(ii) superfluous.

24.     More to the point, this Court routinely strikes expert reports that violate Federal Rule of Civil Procedure 26 before the expert's deposition is taken. *Kleinman*, 2020 WL 6729362, at *16; *Rinker*, 2011 WL 6370062, at *1; *Aponte*, 2019 WL 943267, at *3.

25.     To that end, the Court should disregard Plaintiff's argument and strike Plaintiff's Expert Report.

**Plaintiff's Expert Report Is Completely Deficient Under Federal Rule of Civil Procedure 26**

26.     Finally, Plaintiff contends that any issue with her Expert's Report is nothing more than mere "weakness in the factual basis" which goes to weight instead of admissibility. *See* DE 48, p. 5.

27.     In support, Plaintiff cites *Ward v. Carnival Corp.*, Case No. 17-24628-CV-SCOLA/TORRES, 2019 WL 1228063 (S.D. Fla. Mar. 19, 2014).

28.     In *Ward*, both Plaintiff and Defendant sought to strike each other's experts. *See Ward*, 2019 WL 1228063, at *1.

29.     *Ward* involved a slip and fall aboard a Carnival cruise ship. *See id*.

30.     Defendant sought to exclude Plaintiff's expert Dr. Suite from offering any opinions in the matter. *See id*. at *10.

31.     In so doing, defendant argued that Suite: (1) failed to consider plaintiff Ward's other pre-existing medical conditions when determining that Ward's impairments were caused by the underlying incident giving rise to the Complaint; and (2) he is not qualified to render opinions on Mr. Ward's cervical or lumbar injuries because he is not an orthopedic surgeon. *See id*.

32.     In denying defendant's motion as to Dr. Suite, the *Ward* court held that issues about whether Dr. Suite failed to consider plaintiff Ward's pre-existing medical conditions were better left for cross examination at trial. *See id*. at *11.

33.     It is within this context that the *Ward* court opined about factual weaknesses better being addressed on cross examination. *See id*. at *11.

34.     The portion of *Ward* cited by Plaintiff does not involve a motion to strike an expert report for failure to comply with Federal Rule of Civil Procedure 26.

35.     Moreover, Defendant does not argue that Plaintiff's expert opinion suffers from some factual deficiency.

36.     Defendant's argument is that Plaintiff's Expert Report is wholly deficient pursuant to Federal Rules of Civil Procedure 26(a)(2)(B)(i) and 26(a)(2)(B)(ii). That is completely different than the section of *Ward* cited by Plaintiff.

37.     Accordingly, *Ward*, as cited by Plaintiff does not apply and the Court should strike Plaintiff's Expert Report in its entirety.

WHEREFORE, Defendant respectfully requests that the Court grant Defendant's Motion and strike Plaintiff's Expert Report for failing to comply with the requirements of Federal Rules of Civil Procedure 26(a)(2)(B)(i) and 26(a)(2)(B)(ii).

Dated: March 18, 2024.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**RAFAEL A. PAZ, CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## <u>SERVICE LIST</u>

CASE NO.: 1:22-cv-21004-DPG

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*