UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21004-CIV-DAMIAN/Torres

**JESSICA GUASTO**,

    Plaintiff,

v.

**THE CITY OF MIAMI BEACH, FL,**
a Florida municipality,
**RICHARD M. CLEMENTS,**
in his individual capacity, and
**STEVEN COSNER,**
in his individual capacity,

    Defendants.

_____/

**ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE,
REQUIRING MEDIATION,
AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE**

THIS ORDER shall replace the Scheduling Order previously issued by United States District Judge Darrin P. Gayles in light of the transfer of the above-captioned case to the undersigned for all further proceedings. Any deadlines that have already passed or expired shall remain as such, and any deadlines previously in place that are not addressed in this Order or otherwise by the undersigned remain in full force and effect.

THIS MATTER is set for trial during the Court's two-week trial calendar beginning **October 7, 2024**. Counsel for all parties shall also appear at a calendar call at **1:30 p.m. on October 1, 2024.** The Trial and Calendar Call will be held in Miami, Florida. The specific courtroom location will be provided in advance of the Calendar Call.

The parties shall adhere to the following schedule:

**June 28, 2024.** The parties must have completed mediation and filed a mediation report.

**June 3, 2024.** The parties shall file all pre-trial motions, including motions for summary judgment, *Daubert* motions, and motions for a bench trial. Each party is limited to filing one *Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification. The parties are directed to review the Court's procedure for the filing of summary judgment motions (set out below).

**July 26, 2024.** The parties shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.

**September 18, 2024.** The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable.

**Referral to Magistrate Judge.** Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters remain referred to United States Chief Magistrate Judge Edwin G. Torres. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Torres.

**Good Faith Conferral.** For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel <u>shall not</u> constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Motion to Dismiss.** Any motion to dismiss must contain all bases for dismissal, stay, abstention, or other similar relief the parties intend to raise. A party may not, for example, file a motion to dismiss and then a separate motion for abstention. Nothing in this Order precludes the parties from later raising non-waivable jurisdictional defenses.

**Discovery.** The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* Fed. R. Civ P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes.** If parties are unable to resolve their discovery disputes without Court intervention, the parties must contact Magistrate Judge Torres's chambers—which are located at 99 Northeast Fourth Street, 10th floor, Miami, FL 33132—via telephone at (305) 523-5750 to ascertain the available dates and times for a discovery hearing. Magistrate Judge Torres holds a discovery calendar every Thursday and only on Thursdays. The parties should further consult Magistrate Judge Torres's standing discovery order, which can be found on the Court's website under Judge Torres's page or through the following link: https://www.flsd.uscourts.gov/sites/flsd/files/DISCOVERY%20PROCEDURE%20-%20Global%20Mar2022%20TORRES%27%20discovery%20calendar%20order.pdf.

The individual calling Magistrate Judge Torres's chambers must leave a message that identifies only the parties' case number and a call back number if the individual's call goes to voicemail.

**Summary Judgment.** Parties are required to comply with Local Rule 56.1. If a party fails to comply with any of the requirements of the Local Rules, the Court may strike the

deficient filing and require immediate compliance, grant an opposing party relief, or enter any other sanction the Court deems appropriate.

A motion for summary judgment—and the responses in opposition—must be accompanied by a Statement of Material Facts. Each material fact must be supported by pincites to the relevant parts of record materials, such as depositions, answers to interrogatories, admissions, and affidavits. The pincites shall reference specific pages (and, if appropriate, line numbers as well) of the exhibits, designate the number and title of each exhibit, and provide the exhibit's ECF number. When a material fact requires specific evidentiary support, a general citation to an exhibit without a pincite (e.g., "Smith Affidavit" or "Jones Deposition" or "Exhibit A") is non-compliant and will be stricken or disregarded.

All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) no other exception under Federal Rule of Civil Procedure 56 applies.

In addition to filing a Statement of Material Facts, as required under Local Rule 56.1(a), the parties shall also file a Joint Statement of Undisputed Facts, which must include all relevant facts about which there is no material dispute. Each undisputed fact shall be individually numbered and separated by paragraph. This filing is limited to 10 pages and does not otherwise change the parties' obligation to comply with Local Rule 56.1.

***Voir Dire* Questions.** The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint

pretrial stipulation and must also be submitted to the Court, in Word format, via e-mail to *damian@flsd.uscourts.gov*. The Court will begin *voir dire* by questioning the venire individually and as a whole and will permit limited attorney-directed *voir dire* thereafter. The Court will not permit the backstriking of jurors.

**Jury Instructions and Verdict Form.** Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. The parties shall then indicate the instruction proposed only by a plaintiff and then the instruction as proposed only by a defendant. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Any proposed instruction that modifies an instruction from the Eleventh Circuit's Pattern Jury Instructions must both note the modification and delineate the modification in redline (or track changes). The parties shall submit, in Word format via e-mail to *damian@flsd.uscourts.gov*, proposed jury instructions and verdict form, including substantive charges and defenses, prior to the calendar call. For instructions on filing proposed documents, please see *http://www.flsd.uscourts.gov.*

**Trial Exhibits**. All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit.

**Settlement Notification.** If this matter is settled, counsel shall inform the Court promptly by filing a Notice via CM-ECF, and, if the settlement is reached less than 48 hours before a scheduled hearing or trial, the parties shall inform the Court via telephone (954-769-5560) and/or e-mail (*damian@flsd.uscourts.gov*).

**DONE AND ORDERED** in the Southern District of Florida on the 9th day of May, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**