UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-DPG

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

## PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES

Jessica Guasto hereby responds to the Interrogatories directed to her by the Defendant.

**Interrogatory No. 1:**

Please provide the name, physical address, email address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this Lawsuit action, or any fact underlying the subject matter of this Lawsuit.

**Response:**
1. Nicholas Guasto - City of Miami Beach Police Department - (954) 243-5446
2. Reginald Lester - City of Miami Beach Police Department - (305) 525-7354
3. Robert Jenkins - City of Miami Beach Police Department - (954) 257-5229
4. Kevin Millan - City of Miami Beach Police Department - (954) 240-2520
5. Steven Serrano - City of Miami Beach Police Department - (786) 269-6575
6. Steven Feldman - Captain City of Miami Beach Police Department
7. Delvin Brown - Captain City of Miami Beach Police Department
8. Eric Garcia - Major of City of Miami Beach Police Department
9. Wayne Jones - Police Chief of City of Miami Beach Police Department
10. John Burhmaster - Former Deputy Chief of City of Miami Beach Police Department - (305) 219-5959
11. Paul Ozaeta - City of Miami Beach Police Lieutenant – (954) 405-3120

1

**Interrogatory No. 2:**

Please state the specific nature and substance of the knowledge that the person(s) identified in your response to Interrogatory No. 1 may have.

**Response:**

Nicholas Guasto – Overall, has a strong understanding and firsthand knowledge of facts surrounding this lawsuit. Witness to meetings, witness to harassment/retaliation, met with Chief Richard Clements and had phone conversations several times in regard to me withdrawing my EEOC complaint, settlement agreement. Met with at the time Deputy Chief Wayne Jones on January 30th, 2020, to report harassment and retaliatory conduct I had been experiencing and receiving. Was a member of the FOP and has knowledge of my complaints of harassment to the FOP and violations of my officer bill of rights. Witness to discussions and conversations with the FOP of me not wanting to agree to the terms of an LCA and the Police Administration relaying to the FOP if I did not agree to an LCA I would be terminated.

Reginald Lester - Member of the FOP and has knowledge of my complaints of harassment/retaliation to the FOP. Was in the January 19th meeting and observed Chief Clements threaten to terminate me after I requested representation of my choice and for my attorney.

Robert Jenkins - FOP President at the time and has knowledge of my complaints of harassment/retaliation to the FOP. Was also witness to several meetings.

Kevin Millan - FOP President at the time and has knowledge of my complaints of harassment/retaliation to the FOP. Was also witness to several meetings. He also reported my complaints of harassment/retaliation to Chief Richard Clements and Deputy Chief Wayne Jones during a meeting on March 10th, 2020, after I had met with him at the FOP office to report harassment/retaliation in attendance was Robert Azicri who also met with the administration with Kevin Millan.

Steven Serrano – (Witness) Subordinate I supervised and relayed information to at the beginning of my midnight forced overtime shift from December 28th, 2020.

Steven Feldman - Was in attendance (witness) with Nicholas Guasto when he met with Chief Wayne Jones January 30th, 2020, to report my harassment/retaliation to Chief Wayne Jones. Also, in attendance (witness) to Nicholas Guasto meeting with Chief Richard Clements to discuss withdrawing my EEOC and discussing the settlement agreement. Would facilitate conversations between Nicholas Guasto and Chief Richard Clements regarding my EEOC, settlement agreement, and my harassment.

Delvin Brown - Was the Lieutenant on shift on December 27th, 2020, who advised me I was being forced onto the midnight shift under Steven Cosners supervision. Delvin Brown advised me to personally give him my overtime slip as Steven Cosner stated to Delvin Brown, he does not speak with me as we have "issues." Delvin Brown asked me questions on what happened between Steven Cosner and I. Delvin Brown was also present in the January 19th meeting.

Eric Garcia - Was in attendance (witness) with Nicholas Guasto when he met with Chief Wayne Jones on January 30th, 2020, to report my harassment/retaliation to Chief Wayne Jones.

Wayne Jones - At the time Deputy Chief Wayne Jones met with Nicholas Guasto on January 30th, 2020, when he reported harassment and retaliatory conduct I had been experiencing and receiving. In attendance in that meeting was Steven Feldman and Eric Garcia.

John Burhmaster - Has knowledge of hostile work environment and toxic culture within the City of Miami Beach Police Department. Also witness to harassment I experienced and unfair treatment I have received throughout my tenure. Witness to me reporting harassment and retaliation to Human Resources. Witness/ Main Investigator assigned to investigate an Internal Affairs complaint where a senior police sergeant was harassing and stalking me. The investigation resulted in the sergeant's actions to be substantiated and the Sergeant resigned in lieu of termination.

Paul Ozaeta - FOP President at the time and has knowledge of my complaints of harassment/retaliation to the FOP and to him. Was also witness to several meetings to include the January 19th meeting where the police administration violated my 112-officer bill of rights. Was witness to me requesting representation of my choice and when I requested an attorney to be present when Chief Richard Clements stated he would terminate me if I did not participate in the meeting without an attorney present. Also has first-hand knowledge and information regarding Steven Cosner credibility issues as well as knowledge of his history of harassing and retaliating against women within the Miami Beach Police Department.

**Interrogatory No. 3.**
Please state the name and address of all of your employers for the five (5) year period subsequent to your employment with the City through present day.

**Response:**
1. Gps Security – 250 NW 23rd Street # 305 Miami, Florida, 33127.
2. Miami Dade College – 1780 W 49th Street Hialeah, Florida, 33012.
3. Brickell City Centre – 701 S Miami Ave, Miami, Florida, 33131.
4. Opa Locka Police Department – 760 Fisherman Street, Opa-Locka, Florida, 33058.

**Interrogatory No. 4.**

State the names and physical addresses and email addresses of all persons and/or entities with whom you applied for employment after your separation from your employment with the City. For each person and/or entity listed, please provide the specific position applied for and the date of the application.

**Response:**
1. Gps Security – 250 NW 23rd Street # 305 Miami, Florida, 33127. – Private Investigator - February 2021.
2. Miami Dade College – 1780 W 49th Street Hialeah, Florida, 33012. – Public Safety Chief – May 2022.
3. Brickell City Centre – 701 S Miami Ave, Miami, Florida, 33131. Account Manager – March 2023.
4. Opa Locka Police Department – 760 Fisherman Street, Opa-Locka, Florida, 33058. – Reserve Police Officer – March 2023.

**Interrogatory No. 5**

State whether you have ever been a party in a lawsuit other than this Lawsuit. If yes, state whether you were a plaintiff or defendant; the court the action was filed in; and the case number.

**Response:**
I have not been a party to another lawsuit.

**Interrogatory No. 6**

Please list every charge of discrimination you have ever filed with the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, or any other local or state equivalent agency. For each charge, list the date of the charge, the name of the entity the charge was/is against and the basis for the charge.

**Response:**
City of Miami Beach – 2018- Discrimination.
City of Miami Beach – 2019 – Retaliation.
City of Miami Beach – 2021 – Retaliation.

**Interrogatory No. 7**
Please provide and list in detail each category of your damages. For each category of damages, please list your specific damages, your factual basis for entitlement to the specific damages and the calculation of the specific damages.

**Economic Damages:** Wage loss: as of this writing approximately $300,000 base salary; overtime pay; off-duty pay; cost of living adjustments, loss of promotional opportunities, step raises, first responder bonus (Florida First Responder Recognition Payment Program); buyback program for accrued time from city employment; loss of benefits and expenses related to medical/insurance/dental insurance; loss of pension accrual and appreciation. Total damages to be determined through discovery but estimated to be approximately $500,000.

Attorney fees.

Plaintiff will not seek compensatory or any other non-equitable damages, will not seek a trial by jury, and will file a notice with the Court advising such.

**Interrogatory No. 8**
Please identify each document used or relied upon in the computation of each item or category of damage that you claim against the City in this Lawsuit.

Pay records, pension ordinance and medical records.


**Interrogatory No. 9**
For each claim of Retaliation (Counts III and IV in the Complaint) asserted by you against the City in this Action, please separately;

a.  Summarize the facts pertaining to or supporting the validity of such claim;

b.  Identify each person who may have knowledge of the facts summarized for each such claims; (Same as persons listed on integratory question # 1).

c.  Identify the facts about which each such person identified above may have knowledge; and (Same as persons listed and summarized on integratory question # 2).

d.  Identify the documents which pertain to or support the validity of each such claim. Nicholas Guasto signed affidavit.

**Response**
The facts described below apply to both claims of retaliation, as the City violated both Federal and Florida law.

Plaintiff filed an EEOC Charge in July 2020. Prior to filing her complaint, in May 2020, the MBPD gave Plaintiff and her then-husband, Nicholas Guasto, notice that they were being investigated for

5

being outside the city limits while on duty. The City failed to follow state statute and their own rules and regulations in conducting the internal investigation.

In September of 2020, MBPD Chief Clements had multiple discussions with N. Guasto regarding the EEO Charge. Clements told N. Guasto that the only way to resolve the case for minor discipline was for Plaintiff to withdraw her EEOC charge. By November the EEOC charge was still being investigated and Plaintiff and N. Guasto had still not been interviewed for the pending internal investigation. On November 2 a meeting took place to ostensibly discuss settling the pending EEOC charge. At that meeting, instead of settlement negotiations, the Chief threatened the Plaintiff with termination and conducted an interrogation regarding the open internal investigation. In attendance were Chief Clements, Deputy Chief Wayne Jones, Assistant Chief Paul Acosta, IA Commander Albert Prieto, HR Director Michael Smith, attorney Elkins, Past FOP President Kevin Millan, FOP Attorney Gene Gibbons, and Plaintiff's attorney Pancier. The Chief demanded Plaintiff answer questions about the investigation, and the city attorney displayed a PowerPoint presentation made for the case. The City IA commander, Albert Prieto, took notes and statements on his work laptop during the entire meeting. During this meeting Plaintiff was threatened several times with termination if she didn't agree to a settlement.

On December 18, Plaintiff met with the Chief and signed a settlement agreement and a last chance agreement. Plaintiff did not return to work until December 27, 2020, where she was assigned to her regular afternoon watch (2pm – 12am) in patrol. That evening, Plaintiff was mandated to work overtime during the midnight watch (12am – 6am). Plaintiff was mandated to work for Lt. S. Cosner, who in 2014 was a prime actor in sexually harassing Plaintiff while they were co-workers in patrol. December 27, 2020 was the only time Plaintiff ever worked in a subordinate position to Cosner. Cosner subsequently filed a complaint against the Plaintiff, alleging multiple false allegations against the Plaintiff. On Plaintiffs very first day back to work pursuant to the signing of the last chance agreement, Cosner subsequently initiated and filed a complaint against the Plaintiff, alleging multiple false allegations against the Plaintiff circumventing all levels of Cosner chain of command as required by department policy and emailed it directly to the Internal Affairs Commander and the City Attorney M. Elkins. The disciplinary form is named an AAF (Administrative Action Form) that was never presented to the Plaintiff and was not signed by the Plaintiff and or signed by Cosner as required and mandated by SOP and Policy.

There was no formal investigation of Cosner's allegations against Plaintiff Guasto. Chief Clements ordered Plaintiff to attend a meeting on January 19, 2021, where Cosner – the individual who sexually harassed Plaintiff and sent her a sexually perverse greeting card – was present. The meeting was essentially an interrogation based on Cosner's complaint. The FOP members:
- were not provided Cosner's Allegation of Employee Misconduct document prior to the meeting,
- were not provided the emails Cosner claims to have sent Plaintiff on December 30th,
- were not provided any notice of the nature of the meeting, and
- were not provided the vehicle locator documents Cosner claims to have viewed that showed Plaintiff's police vehicle stationary all night. were not provided names/statements of any and all witnesses.
- were not provided with all existing evidence.
- were not provided with the PowerPoint generated by Internal Affairs.

- were not provided with the Employee Administrative Action Response Form.
- were not provided with the names of the meeting attendees prior to the meeting.
- were denied representation of counsel when requested by the Plaintiff.

After the meeting, the City fired the Plaintiff on January 25, 2021.

**Interrogatory No. 10**
Please identify each document used or relied upon in answering these Interrogatories.

**Response**
See documents provided herewith.

**Interrogatory No. 11**
Please identify each person who assisted or provided information in preparing the Answers to these Interrogatories.

**Response**
Plaintiff

**Interrogatory No. 12**
To the extent you are claiming emotional distress damages and/or pain and suffering of any sort, please identify the names and addresses of all your health care providers who treated you for any emotional distress and/or pain and suffering that you are claiming. Please also execute the attached HIPPA Release form for each health care provider identified.

**Response**

Plaintiff will not seek compensatory or any other non-equitable damages, will not seek a trial by jury, and will file a notice with the Court advising such.

**Interrogatory No. 13**
For each provider identified in response to Interrogatory No. 12, please identify the condition for which each provider treated you and the dates of such treatment.

**Response**
See response above.

*Verification on next page*

## VERIFICATION

_____
JESSICA SALABARRIA (GUASTO)

STATE OF FLORIDA )
                 ) SS:
COUNTY OF Miami Dade )

BEFORE ME, the undersigned authority, personally appeared, __Jessica Salabarria (Guasto)__ known to me or who has produced __FLDL__ as identification and who did (did not) take an oath, states that he/she has read the foregoing responses to interrogatories and same are true to the best of his/her knowledge and belief.

WITNESS my hand and official seal in the County and State last aforesaid, this __8__ day of __Jan__ ~~2023~~. 2024

_____
Official Notary Signature

JOSE VIJIL
Notary Public-State of Florida
Commission # HH 450227
My Commission Expires
November 25, 2027

Name of Notary Typed, Printed or Stamped

Commission Number:

Notary Public
State of Florida at Large

MY COMMISSION EXPIRES:

Respectfully submitted,

**PAUL DARAGJATI PLC**

*Paul Daragjati*
_____
**PAUL A. DARAGJATI, ESQ.**
Florida Bar No. 713813
Georgia Bar No. 491830
paul@daragjatilaw.com
**ROSE R. DARAGJATI, ESQ.**
Florida Bar No. 1025106
rose@daragjatilaw.com
4745 Sutton Park Ct., Ste. 503
Jacksonville, FL 32224
Telephone:   (904) 379-4117
Fax:         (904) 379-7108
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 8, 2024, I electronically delivered the foregoing to the attorneys of record listed below via electronic mail.

## SERVICE LIST

**Case No. 22-cv-21004-DPG**

Michael L. Elkins, Esq.
melkins@mlelawfirm.com
MLE Law
1212 Northeast 16th Terrace
Fort Lauderdale, FL 33304

Henry J. Hunnefeld, Esq.
henryhunnefeld@miamibeachfl.gov
Benjamin Z. Braun, Esq.
benjaminbraun@miamibeachfl.gov
Office of the City Attorney
City of Miami Beach
1700 Convention Center Dr
Miami Beach, FL 33139-1819