

# City of Miami Beach
# Personnel Rules for the Classified Service
## As Amended December 12, 2014

MIAMI**BEACH**

CITY 001015

**CITY OF MIAMI BEACH, FLORIDA**
**PERSONNEL RULES**

Approved by the Personnel Board February 20, 1939
Adopted by the City Council March 8, 1939
AS AMENDED OCTOBER, 1998
AS AMENDED APRIL, 2001
AS AMENDED AUGUST, 2005
AS AMENDED DECEMBER 12, 2014

**RULE I.**          **GENERAL PROVISIONS**

**Section**          **1.** Purpose of Rules ...............................................................5
2. Positions Covered by Rules ........................................... 5
3. Prohibitions and Restrictions ........................................ 5
4. Violation of Rules........................................................... 6
5. Amendment of Rules...................................................... 6
6. Administrative Regulations ........................................... 7
7. Assistant Human Resources Director ............................ 7
8. Definitions .................................................................... 7

**RULE II.**          **THE CODE OF ETHICS**

**Section**          **1.** Purpose........................................................................12
2. The Code of Ethics ...................................................... 12
3. Prohibition on Gifts ..................................................... 13
4. Standard of Conduct .................................................... 13
5. Duty to. Report ........................................................... 14
6. Duty to Self Report ...................................................... 14
7. Failure to Report ......................................................... 14

**RULE III.**          **THE CLASSIFICATION PLAN**

**Section**          **1.** Purpose ......................................................................15
2. Classification Specifications Interpreted ..................... 15
3. Allocation to Classification ......................................... 15
4. Maintenance of the Classification Plan ....................... 16
5. Amendment of the Plan ............................................... 16

**RULE IV.**          **THE COMPENSATION PLAN**

**Section**          **1.** Purpose ......................................................................17
2. Preparation, Approval and Amendment of the
   Compensation Plan ................................................... 17
3. Effect of the Plan ......................................................... 17

CITY 001016

**4.** Administration of Compensation Plan .........................................17

**RULE V.**   **CERTIFICATION OF PAYROLLS**

    **Section**   **1.** Certification ................................................................... 19
         **2.** Refusal to Certify .........................................................19
         **3.** Illegal Appointment .......................................................19

**RULE VI.**   **APPLICATIONS AND EXAMINATIONS**

    **Section**   **1.** Scope of Examinations .................................................. 20
         2. Notice of Examinations ................................................20
         3. Qualification Requirements of Applicants ...................................20
         4. Applications ..............................................................20
         5. Disqualification of Applicants ....................................21
         6. Promotional Examinations ...........................................21
         7. Non-Competitive Examinations..................................21
         8. Conduct of Examinations ...........................................21
         9. Rating of Examinations ..............................................22
         10. .........................................................................N
         otice of Results of Examination.......................................22
         11. .........................................................................P
         reservation of Work of Applicants .................................22
         12. .........................................................................P
         ostponement and Cancellation of Examinations ............................23

**RULE VII.**   **ELIGIBILITY LISTS**

    **Section**   **1.** General Provisions........................................................ 24
         2. Re-Employment Lists...................................................24
         3. Transfer List.............................................................25
         4. Original Entrance Lists ...............................................25
         5. Promotional Lists ......................................................26
         6. Certification of Eligible List .......................................26
         7. Restoration to List ....................................................26
         8. Other Re-Employment/Employment ...........................26

**RULE VIII.**   **METHODS OF FILLING VACANCIES**

    **Section**   **1.** Types of Appointments ................................................ 27
         2. Notice to Human Resources Director ..........................27
         3. Certification of Eligibles ............................................27
         4. Appointments ..........................................................27
         5. Emergency Appointments ..........................................28
         6. Substitute Appointments ............................................28
         7. Appointment to Unclassified Service ..........................28

**RULE IX.**   **PROBATIONARY PERIOD**

    **Section**   **1.** Purpose ................................................................... 29

CITY 001017

2 - Amended December 12, 2014
Personnel Rules

CITY 001018

2. Disciplinary Action, Suspension, Rejection or Removal During Probationary Period ....................................................29
3. Reports During the Probationary Period ...................................29
4. Regular Appointment After Probationary Period ....................29
5. Probationary Period After Having Attained Regular Status ........................................................................30
6. Absences During Probationary Period ....................................30
7. Non-Applicability of Part-Time Service...................................31

**RULE X.**        **DISCIPLINARY ACTIONS**

**Section**        **1.** Purpose .................................................................... 32
2. Grounds for Disciplinary Action ............................................32
3. Reduction in Pay .....................................................................35
4. Demotions................................................................................36
5. Suspensions.............................................................................36
6. Removals..................................................................................37

**RULE XI.**       **TRANSFERS, ASSIGNMENTS, PROMOTIONS**

**Section**        **1.** Transfers .................................................................... 38
2. Out of Classification Assignments...........................................38
3. Promotions .............................................................................38

**RULE XII.**      **RESIGNATIONS AND LAYOFFS**

**Section**        **1.** Resignations .............................................................. 39
**2.** Layoffs.......................................................................39

**RULE XIII.**     **APPEALS FROM DISCIPLINARY ACTIONS**

**Section**        **1.** Rights of Regular Employees....................................... 41
2. Request for Appeals Hearing....................................................41
3. Appeals Hearing for Disciplinary Action by Regular Employees ...............................................................41
4. Failure of Parties to Appear.....................................................43
5. Resignation Before Hearing ....................................................43
6. Compensation When An Employee Prevails ...........................43
7. Participation in Examinations When An Employee Prevails .43

**RULE XIV.**      **ATTENDANCE, LEAVE, AND ABSENCE**

**Section**        **1.** Attendance.................................................................. 44
2. Reports of Absence ..................................................................44
3. Medical Examinations Following Absence ..............................44
4. Leave Without Compensation ..................................................44

CITY 001019

**RULE XV.**        **PERFORMANCE EVALUATIONS**

    **Section**        **1.** Purpose ..................................................................................... 46
                       2. Evaluators   .............................................................................46
                       3. Request for Appeals Hearing .................................................46
                       4. Appeals Hearing for Performance Evaluation .........................47
                       5. Failure of Parties to Appear ...................................................48
                       6. Performance Evaluation .........................................................48

**RULE XVI.**       **SPECIAL CITY AWARDS**

    **Section**        **1.** Purpose ..................................................................................... 49
                       2. Special City Awards  .............................................................49
                       3. Employee of the Year Award .................................................49
                       4. Nominations and Selections ...................................................49

**RULE XVII.**      **EMPLOYEE TRAINING**

    **Section**        **1.** New Employee Training ..........................................................50
                       2. In-Service Training .................................................................50
                       3. Other Training   ......................................................................50

**RULE XVIII.**     **MEDICAL AND PHYSICAL STANDARDS**

    **Section**        **1.** Applicants for Employment ....................................................51
                       2. Employees ..............................................................................51

CITY 001020

## RULE I. GENERAL PROVISIONS

**SECTION 1: PURPOSE OF RULES:** These Rules are adopted pursuant to Section 2 and Section 6 of AN ACT CREATING A CIVIL SERVICE SYSTEM FOR CERTAIN OFFICERS AND EMPLOYEES OF THE CITY OF MIAMI BEACH, FLORIDA, for the furtherance of personnel activities and transactions on the sole basis of merit and competence in the best interests of the City and without regard to personal, political, or other extraneous matters. These Rules provide specific Regulations on daily personnel matters. These Rules will govern in resolving personnel problems, but cannot be so precise or complete as to address every employment situation.

**SECTION 2: POSITIONS COVERED BY RULES:** These Rules apply to all Positions in the Classified Service of the City, except as herein otherwise stated, provided, however, a provision herein will not apply to a Position covered by a collective bargaining agreement if the provision herein is in conflict with the expressed written provisions of the collective bargaining agreement covering that Position.

**SECTION 3: PROHIBITIONS AND RESTRICTIONS:** The following, and such other acts or activities as are determined to be detrimental to the best service to the City, and as specified in Administrative Regulations, shall be prohibited:

**(a)** **DISCRIMINATION:** No person in the Classified Service of the City or seeking admission thereto shall be appointed, promoted, removed, or in any way favored or discriminated against because of political or religious opinions or affiliations, race, color, national origin, gender, gender identity, sexual orientation, marital and familial status, religion or age, a disability where the individual can perform the essential functions of the job with or without reasonable accommodation, or other non-merit factors. No question in any examination, application form, other personnel proceedings, or by any Appointing Authority or supervisor shall be so framed as to attempt to elicit information concerning any of the above. Any person seeking admission to the Classified Service or any employee in the Classified Service, regardless of employment status, who believes that he or she has been discriminated against in violation of this Section, shall have a right to report such violation to the Human Resources Director or the City Manager.

**(b)** **POLITICAL ACTIVITY:** No person who holds a Position in the Classified Service of the City shall:

1. Use official authority or influence for the purpose of interfering with an election, a nomination to office, coercing or influencing another person's vote, or affecting the result thereof; or

2. Directly or indirectly coerce or attempt to coerce, command or advise any other officer or employee to pay, lend, or contribute any wage, kick back any sum of money, or anything else of value to any party, committee, organization, agency, or person for political purposes.

CITY 001021

3.     Nothing contained in this Subsection shall be deemed to prohibit any person in the Classified Service from expressing opinions on any candidate or issue, or from participating in any political campaign while off-duty, so long as such activities are not in conflict with the provisions of subsections (1) or (2) of this subsection or Rule II, The Code of Ethics herein.

**(c)     ABUSE OF INFLUENCE:** No person shall corruptly use or promise to use or endeavor to corruptly use or obtain, either directly or indirectly, any authority or influence in order to secure or aid oneself or any other person in securing any office, employment, Promotion or increase in compensation as a reward for such influence. No person shall threaten or coerce, induce or seek to induce anyone to resign from a Position or waive a right to Certification, Appointment or Promotion.

**(d)     EMPLOYMENT RESTRICTIONS:**

1.     No person who holds a Position in the Classified Service of the City shall engage in any other employment or pursue any other gainful occupation than employment with the City except as formally approved in advance, in writing by the Appointing Authority and the City Manager.

2.     Subject to written approval from the City Manager or a designee, any person may be appointed to more than one part-time Position in the service of the City provided that the work hours do not conflict and the total does not exceed twenty nine (29) hours in any week, provided further however, that the Human Resources Director may approve hours in excess of twenty nine (29) on a weekly basis.

3.     Individuals who are related by blood, marriage or other legal action, who live in a domestic partnership, or otherwise comprise a family unit or who reside in the same residence, shall not hold any positions in the same division within the same department where one evaluates or supervises the other.

4.     No officer or employee in the Classified Service of the City shall continue in such position after becoming a candidate for nomination or election to any public office.

**SECTION 4: VIOLATION OF RULES:** Violation of or permitting the violation of any of the provisions of these Rules shall be just cause for discipline, including Removal. Any person found to have violated these Rules also shall be subject to the penalties prescribed in the Civil Service Act, if applicable, for violation of any of the provisions of the Act. Employees who know of violations and fail to report them are subject to the same aforementioned penalties.

**SECTION 5: AMENDMENTS OF RULES:** Amendments and revisions of these Rules shall be initiated by the Human Resources Director and/or the Personnel Board. Amendments shall be adopted according to the procedure established by the Civil Service Act. The City Manager and Employee Members of the Personnel Board shall have no less than thirty (30) days to review any proposed amendments of these Rules before the proposed amendments are

CITY 001022

submitted for vote to the Personnel Board for its approval. Notice shall also be provided to the President of each of the collective bargaining representatives thirty (30) days before the proposed amendments are submitted for vote to the Personnel Board for its approval.

**SECTION 6: ADMINISTRATIVE REGULATIONS:** The Human Resources Director may recommend any amendment, revision, or rescission to the Administrative Regulations as deemed appropriate. The Administrative Regulations shall not conflict with the Civil Service Act or these Rules.

**SECTION 7: ASSISTANT HUMAN RESOURCES DIRECTOR:** The Human Resources Director may designate an officer or employee as Assistant, who shall be empowered to perform such duties as the Human Resources Director may require.

**SECTION 8: DEFINITIONS:** For the purpose of these Rules, certain terms, phrases, and words and their derivatives shall be construed as defined in this Section. Any terms, phrases, and words not herein defined shall be construed by the Personnel Board. Words used in the singular shall include the plural, and vice versa; words used in the masculine gender shall include the feminine, and vice versa. Whenever a Paragraph, Section, or Rule is referred to, it shall be understood to refer to a Paragraph, Section or Rule of these Rules unless specifically stated otherwise.

**(a)    ADMINISTRATIVE REGULATIONS:** "Administrative Regulations" means the City's Policies and Procedures and Work Rules.

**(b)    ADVANCEMENT:** "Advancement" means a salary or wage increase within an arranged schedule or established pay range for a Classification made without an examination.

**(c)    APPOINTING AUTHORITY:** "Appointing Authority" means the person in a department or a unit of the City who is empowered to make employment decisions.

**(d)    APPOINTMENT:** "Appointment" means placement to a Classified Position, including hiring, Demotion, Promotion or Transfer.

**1.    EMERGENCY:** "Emergency Appointment" means the appointment, in case of an emergency without regard to Civil Service procedures, for a period not to exceed thirty (30) days.

**2.    TEMPORARY:** "Temporary Appointment" means the appointment to any Classified Position without Open Competitive Examination, with the approval of the Human Resources Director, pending the establishment of an Eligible List or during the approved absence of a Regular employee for a period not to exceed one (1) year.

CITY 001023

**3.      PROBATIONARY:** "Probationary Appointment" means the appointment from an appropriate Eligible List to a Classified Position until completion of the designated Probationary Period.

**4.      REGULAR:** "Regular Appointment" means the Appointment to a full-time position after the satisfactory completion of a Probationary Period.

**5.      RE-APPOINTMENT:** "Re-Appointment" means the same as and is interchangeable with re-employment.

**6.      SUBSTITUTE:** "Substitute Appointment" means the appointment to any Classified Position where an employee is on a leave of absence and in the opinion of the Human Resources Director it is impractical to utilize Temporary Appointment.

**(e)      ASSIGNMENT:** "Assignment" means the same as and is interchangeable with "Out of Classification" and both mean the transfer of an employee for a temporary period of no more than three (3) months in any twelve (12) month period from a Position in one Classification to a Position in another Classification provided, however, the time may be extended with written approval of the City Manager.

**(f)      BUSINESS DAYS:** "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday and does not include Saturday or Sunday.

**(g)      CALENDAR DAYS:** "Calendar Days" means seven (7) days of the week, including Saturday and Sunday.

**(h)      CERTIFIED:** "Certified" means the Human Resources Director's assurance that the process or processes set forth herein have been followed.

**(i)      CHARGES:** "Charges" mean allegations or counts of misconduct or violation of these or any other applicable rules, regulations, policies, or procedures.

**(j)      CIVIL SERVICE ACT:** "Civil Service Act" refers to "AN ACT CREATING A CIVIL SERVICE SYSTEM FOR CERTAIN OFFICERS AND EMPLOYEES OF THE CITY OF MIAMI BEACH, FLORIDA."

**(k)      CLASSIFICATION:** "Classification" means one or more Positions sufficiently similar in duties and responsibilities such that the same descriptive title may be reasonably applied, the same qualifications reasonably required and the same salary range equitably applied.

**(1)      CLASSIFIED SERVICE:** "Classified Service" means all Classifications in the Service of the City except those specifically identified in the unclassified service by the Civil Service Act Section 13.

CITY 001024

(m)     **COMPENSATION PLAN:** "Compensation Plan" means the Classified Salary Ordinance as established by the City Commission.

(n)     **DEMOTION:** "Demotion" means a reduction in employment status from a higher Classification to a lower Classification with a lower maximum rate of pay.

(o)     **ELIGIBLE:** "Eligible" means the condition of being qualified, or a person who has become qualified by examination, prior service or otherwise in accordance with the provisions of the Civil Service Act or these rules to serve in a Classified position in the service of the City.

(p)     **ELIGIBLE LISTS:**     "Eligible List(s)" means the same as and is inter-changeable with "List of Eligibles" and both mean the list(s) of persons who are deemed qualified for Appointment to a Classification.

     **1.**     **Original Entrance Lists:** "Original Entrance Lists" means the list(s) of persons who have been successful in entrance examinations or who are otherwise Eligible for consideration for employment in Classified Positions.

     **2.**     **Promotional Lists:** "Promotional Lists" means the list(s) of persons who have been successful in promotional examinations administered to Regular employees in an appropriate lower Classification and who are otherwise Eligible for appointment to higher Classifications.

     **3.**     **Transfer Lists:** "Transfer Lists" means the list(s) of persons who have expressed in writing the desire to transfer to a particular Position and who have occupied another Position in such Classification as a Regular employee or who the Human Resources Director has determined are otherwise qualified. Probationary employees are not eligible to request a Transfer.

     **4.**     **Re-Employment Lists:** "Re-Employment Lists" means the list(s) of persons who have been laid off while employed in the Service of the City in a classified Position for one year or less, and are entitled to have their name certified to an Appointing Authority.

(q) **EVALUATOR:** "Evaluator" means the Appointing Authority and/or any designated supervisory employee.

(r)     **GIFT:** "Gift" means the transfer of anything of economic value, whether in the form of money, service, loan, travel, entertainment, hospitality, item or promise or in any other form, without adequate and lawful consideration. Food and beverages consumed at a single sitting or meal shall be considered a single gift, and the value of the food and beverage provided at that sitting or meal shall be considered the value of the gift.

(s) **HUMAN RESOURCES:** "Human Resources" means the same as and is interchangeable with the term "Personnel"; "Human Resources Director" means the same as and is interchangeable with the term "Personnel Director."

CITY 001025

**(t)     JOB DESCRIPTION:** "Job Description" means the job function and duties of a particular Position or budgeted slot within a Classification, in addition to the Specifications or Qualifications for that Classification.

**(u)     LAYOFF:** "Layoff" means temporary or indefinite cessation of employment because of lack of work, lack of funding, material changes in job duties or material changes in organization.

**(v)     LEAVE SETTLEMENT:** "Leave Settlement" means any earned and unused balance of annual vacation leave and sick leave, deducting therefrom any credit granted in 1939 when Civil Service was adopted, pursuant to the City's Leave Ordinance, for the Classified Service, Ordinance No. 1335.

**(w)     OPEN COMPETITIVE EXAMINATION:** "Open Competitive Examination" means oral, written or physical examination after published notice, open to all who meet the minimum Specifications.

**(x)     OUT OF CLASSIFICATION:** "Out of Classification" means the same as and is interchangeable with "Assignment" and both mean the transfer of an employee for a temporary period of no more than three (3) months in any twelve (12) month period from a Position in one Classification to a Position in another Classification provided, however, the time may be extended with written approval from the City Manager.

**(y)     POSITION:** "Position" means the number of persons or budgeted slots for a Classification.

**(z)     PROBATIONARY PERIOD:** "Probationary Period" means the evaluation period following an Appointment, except for Appointments made by demotion or Classification Transfer.

(aa) **PROMOTION:** "Promotion" means appointment from a Position in a lower Classification to a Position in a Classification with a higher maximum rate of pay and an increase in employment status.

(bb) **QUALIFIED:** "Qualified" means meeting minimum required Specifications.

(cc) **REJECTION:** "Rejection" means the non-acceptance of an employee during a Probationary Period, because of failure to satisfy the requirements of the Appointing Authority.

(dd) **REMOVAL OR TERMINATION:** "Termination" means the same as and is interchangeable with "Removal" and both mean involuntary cessation of employment for cause.

(ee) **REQUIREMENTS:** "Requirements" means the same as and is interchangeable with "Schedule of Specifications."

CITY 001026

(ff) **SCHEDULE OF PAY:** "Schedule of Pay" means the same as and is interchangeable with the term "Compensation Plan."

(gg) **SCHEDULE OF SPECIFICATIONS:** "Schedule of Specifications" means the same as and is interchangeable with "Requirements" or "Specifications."

(hh) **SERVICE:** "Service" means the same as and is interchangeable with "Classified Service."

(ii)     **SEPARATION:**     "Separation" means (1) the voluntary cessation of employment, including, but not limited to resignation, or (2) the involuntary cessation of employment, including, but not limited to Layoff, Removal, or Termination, regardless of whether such cessation is initiated by the employer or the employee, and (3) with or without cause attributable to the employee.

> **(jj)     SPECIFICATIONS:** "Specifications" means the knowledge, skill, abilities, physical conditions, experience, education, training, duties, examination, licensing, testing, responsibilities, title, description of duties and any other requirements associated with the Position.

(kk) **SUSPENSION:** "Suspension" means temporary removal without compensation for disciplinary purposes.

(11) **TRANSFER:** "Transfer" means the change from one Position or Classification to another Position or Classification.

> **(a)     Classification Transfer:** "Classification Transfer" means the transfer of an employee from a Position in one Classification to a Position in another Classification for which the employee is qualified and for which the same maximum rate of pay has been established.

> **(b)     Organizational Transfer:** "Organizational Transfer" means the transfer of an employee from a Position in one Classification to another Position in the same Classification under another Appointing Authority and for which the same maximum rate of pay has been established.

**(mm) WORK DAYS:** "Work Days" mean the actual day(s) or shift(s) an individual is scheduled to work.

CITY 001027

## RULE II. THE CODE OF ETHICS

**SECTION 1: PURPOSE:** City of Miami Beach employees are agents of the people and hold their Positions for the benefit of the public. As public servants, they must abide by the highest standards of conduct and faithfully discharge the duties of their Position, regardless of personal considerations and interests. They must recognize that promoting the public interest and maintaining the people's respect for their government is of foremost concern. All City officials and employees shall be accountable and responsible for their actions, shall abide by applicable codes of ethical conduct, and shall be subject to all penalties for violations thereof

**SECTION 2: THE CODE OF ETHICS:** All employees must comply with the Code of Ethics Section 2-449 of the Miami Beach Code incorporated herein by reference and attached hereto as Exhibit A and the Florida Code of Conduct for City Officers incorporated herein by reference and attached hereto as Exhibit B. Employees must also:

a)   Affirm the dignity and worth of the services rendered;

b)   Maintain a constructive, creative, and practical attitude and a deep sense of social responsibility as a trusted public servant;

c)   Be dedicated to the highest principles of honesty and integrity in all public and personal relationships so that the employee may merit the respect and confidence of the public;

d)   Conduct oneself so as to earn and maintain public confidence;

e)   Conduct official and personal affairs so as to demonstrate that one cannot be influenced improperly in the performance of duties;

f)   Recognize that the purpose of employment is to serve the best interests of all people;

g)   Uphold and implement policies adopted;

h)   Exercise discretion in political activities so as not to undermine public confidence;

i)   Continually improve professional skills and abilities;

j)   Encourage communication between the public and the employee;

k)   Emphasize friendly and courteous service to the public;

l)   Seek to improve the quality and image of public service;

m)   Resist any encroachment on professional responsibilities;

CITY 001028

n)      Carry out duties without interference;

o)      Perform duties on the basis of principle and justice without prejudice;

p)      Handle all personnel matters on the basis of merit, fairness and impartiality;

q)      Seek no favor;

r)      Avoid personal enrichment or profit secured by information, abuse of influence or misuse of public time because it is dishonest; and

s)      Accept no favor or service that might reasonably tend to influence the employee improperly in the performance of the employee's duties.

## SECTION 3: PROHIBITION ON GIFTS:

(a)     No employee of the City of Miami Beach shall solicit or demand any gift, nor accept or agree to accept any gift regardless of its value from another person or entity for:

1.      An official action taken, to be taken, or which could be taken;

2.      A legal duty performed, to be performed, or which could be performed;

3.      A legal duty violated, to be violated, or which could be violated; or

4.      Any travel or travel-related expenses from a City vendor, contractor, bidder or proposer (unless waived by majority vote of the City Commission);

5.      Additionally, employees who are required to file Gift Disclosure foiiiis with the State of Florida or the City of Miami Beach (see Exhibit C attached hereto) are further prohibited from receiving or soliciting where there is personal benefit to themselves, other similarly-ranked employees or immediate family, any gift or series of gifts during a calendar quarter in excess of $100 from a political committee or individual (including partner, principal, etc.) who lobbies the City of Miami Beach.

(b)     All employees shall disclose any gift or series of gifts received during a single calendar quarter from any person or entity, having a value of one hundred dollars ($100) or more. Said disclosure shall be made by filing the appropriate form as described in attached Exhibit C. Forms are available on the City's Employee Intranet under the City Clerk's section of Forms Central, or by visiting the Office of the City Clerk, 1st Floor of City Hall.

**SECTION 4: STANDARD OF CONDUCT:** Every employee must abide by and uphold the Citizen's Bill of Rights, Miami Beach, Florida, Code of Ordinance, Part **1,** Subpart A incorporated by reference herein and attached hereto as Exhibit D. The public's confidence and trust in the City's

operations and government demands the most exacting ethical standards and the strictest adherence to the Code of Ethics.

**SECTION 5: DUTY TO REPORT:** An employee with knowledge or information about any actual or potential violation of law or ethics shall immediately report such knowledge or information to the Appointing Authority, the Human Resources Director, or the City Manager.

**SECTION 6: DUTY TO SELF REPORT:**

(a)      Employees arrested, detained and issued a Notice to Appear, or charged with or indicted for a criminal offense (felony or misdemeanor), including driving under the influence (DUI) and/or other criminal traffic offenses, shall provide written notification to the Human Resources Director using the Notification of Employee Arrest which is attached hereto as Exhibit E, Indictment or Criminal Conviction Form (hereinafter referred to as "the Form") within two (2) calendar days. If it is impossible for the employee to make a timely report due to hospitalization or incarceration related to the incident, the Form shall be completed as soon as possible, and in no event more than twenty-four (24) hours after the employee's release. The Human Resources Director shall advise the City Manager of the employee's arrest, detainment, and issuance of a Notice to Appear, charge or indictment of a criminal offense.

(b)      Employees shall report to the Human Resources Director, in writing, using the attached Form, any conviction, finding of guilt, withhold of adjudication, enrollment in a pretrial diversion program, or entering of a plea of guilty or nolo contendere for any criminal offense other than minor traffic violation within forty-eight (48) hours after the final judgment. The Human Resources Director shall advise the City Manager of the employee's conviction, finding of guilt, withhold of adjudication, enrollment in a pretrial diversion program, or entering of a plea of guilty or nolo contendere for any criminal offense.

**SECTION 7: FAILURE TO REPORT:**

(a)      An employee who knows or should have known of any violation of law or ethics and fails to report such knowledge or information may be subject to disciplinary action up to and including Removal.

(b)      Supervisors who become aware of an employee who has been arrested, detained, issued a Notice to Appear, charged, indicted, convicted, found guilty, given a withhold of adjudication, enrolled in a pretrial diversion program or entered a plea of guilty or nolo contendere for any criminal offense other than minor traffic violation, whether misdemeanor or a felony, shall immediately notify the Human Resources Director. Failure to notify the Human Resources Director may lead to disciplinary action up to and including Removal.

CITY 001030

Sec. 2-449. - Acceptance of gifts, favors, services.

No officer or employee of the city shall accept any gift, favor or service that might reasonably tend improperly to influence him in the discharge of his official duties.

(Code 1964, § 2-44(1))

CITY 001031

The 2014 Florida Statutes

| **Title X** | **Chapter 112** |
|---|---|
| PUBLIC OFFICERS, EMPLOYEES, AND RECORDS | PUBLIC OFFICERS AND EMPLOYEES: GENERAL PROVISIONS |

**112.313 Standards of conduct for public officers, employees of agencies, and local government attorneys.—**

(1) DEFINITION.—As used in this section, unless the context otherwise requires, the term "public officer" includes any person elected or appointed to hold office in any agency, including any person serving on an advisory body.

(2) SOLICITATION OR ACCEPTANCE OF GIFTS.—No public officer, employee of an agency, local government attorney, or candidate for nomination or election shall solicit or accept anything of value to the recipient, including a gift, loan, reward, promise of future employment, favor, or service, based upon any understanding that the vote, official action, or judgment of the public officer, employee, local government attorney, or candidate would be influenced thereby.

(3) DOING BUSINESS WITH ONE'S AGENCY.—No employee of an agency acting in his or her official capacity as a purchasing agent, or public officer acting in his or her official capacity, shall either directly or indirectly purchase, rent, or lease any realty, goods, or services for his or her own agency from any business entity of which the officer or employee or the officer's or employee's spouse or child is an officer, partner, director, or proprietor or in which such officer or employee or the officer's or employee's spouse or child, or any combination of them, has a material interest. Nor shall a public officer or employee, acting in a private capacity, rent, lease, or sell any realty, goods, or services to the officer's or employee's own agency, if he or she is a state officer or employee, or to any political subdivision or any agency thereof, if he or she is serving as an officer or employee of that political subdivision. The foregoing shall not apply to district offices maintained by legislators when such offices are located in the legislator's place of business or when such offices are on property wholly or partially owned by the legislator. This subsection shall not affect or be construed to prohibit contracts entered into prior to:

(a) October 1, 1975.

(b) Qualification for elective office.

(c) Appointment to public office.

(d) Beginning public employment.

(4) UNAUTHORIZED COMPENSATION.—No public officer, employee of an agency, or local government attorney or his or her spouse or minor child shall, at any time, accept any compensation, payment, or thing of value when such public officer, employee, or local government attorney knows, or, with the exercise of reasonable care, should know, that it was given to

Exhibit B

CITY 001032

influence a vote or other action in which the officer, employee, or local government attorney was expected to participate in his or her official capacity.

(5) SALARY AND EXPENSES.—No public officer shall be prohibited from voting on a matter affecting his or her salary, expenses, or other compensation as a public officer, as provided by law. No local government attorney shall be prevented from considering any matter affecting his or her salary, expenses, or other compensation as the local government attorney, as provided by law.

(6) MISUSE OF PUBLIC POSITION.—No public officer, employee of an agency, or local government attorney shall corruptly use or attempt to use his or her official position or any property or resource which may be within his or her trust, or perform his or her official duties, to secure a special privilege, benefit, or exemption for himself, herself, or others. This section shall not be construed to conflict with s. 104.31.

(7) CONFLICTING EMPLOYMENT OR CONTRACTUAL RELATIONSHIP.—

(a) No public officer or employee of an agency shall have or hold any employment or contractual relationship with any business entity or any agency which is subject to the regulation of, or is doing business with, an agency of which he or she is an officer or employee, excluding those organizations and their officers who, when acting in their official capacity, enter into or negotiate a collective bargaining contract with the state or any municipality, county, or other political subdivision of the state; nor shall an officer or employee of an agency have or hold any employment or contractual relationship that will create a continuing or frequently recurring conflict between his or her private interests and the performance of his or her public duties or that would impede the full and faithful discharge of his or her public duties.

1. When the agency referred to is that certain kind of special tax district created by general or special law and is limited specifically to constructing, maintaining, managing, and financing improvements in the land area over which the agency has jurisdiction, or when the agency has been organized pursuant to chapter 298, then employment with, or entering into a contractual relationship with, such business entity by a public officer or employee of such agency shall not be prohibited by this subsection or be deemed a conflict per se. However, conduct by such officer or employee that is prohibited by, or otherwise frustrates the intent of, this section shall be deemed a conflict of interest in violation of the standards of conduct set forth by this section.

2. When the agency referred to is a legislative body and the regulatory power over the business entity resides in another agency, or when the regulatory power which the legislative body exercises over the business entity or agency is strictly through the enactment of laws or ordinances, then employment or a contractual relationship with such business entity by a public officer or employee of a legislative body shall not be prohibited by this subsection or be deemed a conflict.

(b) This subsection shall not prohibit a public officer or employee from practicing in a particular profession or occupation when such practice by persons holding such public office or employment is

Exhibit B

CITY 001033

required or permitted by law or ordinance.

(8)  DISCLOSURE OR USE OF CERTAIN INFORMATION.—A current or former public officer, employee of an agency, or local government attorney may not disclose or use information not available to members of the general public and gained by reason of his or her official position, except for information relating exclusively to governmental practices, for his or her personal gain or benefit or for the personal gain or benefit of any other person or business entity.

(9)  POSTEMPLOYMENT RESTRICTIONS; STANDARDS OF CONDUCT FOR LEGISLATORS AND LEGISLATIVE EMPLOYEES.—

(a)1. It is the intent of the Legislature to implement by statute the provisions of s. 8(e), Art. II of the State Constitution relating to legislators, statewide elected officers, appointed state officers, and designated public employees.

2. As used in this paragraph:

a. "Employee" means:

(I)  Any person employed in the executive or legislative branch of government holding a position in the Senior Management Service as defined in s. 110.402 or any person holding a position in the Selected Exempt Service as defined in s. 110.602 or any person having authority over policy or procurement employed by the Department of the Lottery.

(II)  The Auditor General, the director of the Office of Program Policy Analysis and Government Accountability, the Sergeant at Arms and Secretary of the Senate, and the Sergeant at Arms and Clerk of the House of Representatives.

(III) The executive director and deputy executive director of the Commission on Ethics.

(IV) An executive director, staff director, or deputy staff director of each joint committee, standing committee, or select committee of the Legislature; an executive director, staff director, executive assistant, analyst, or attorney of the Office of the President of the Senate, the Office of the Speaker of the House of Representatives, the Senate Majority Party Office, Senate Minority Party Office, House Majority Party Office, or House Minority Party Office; or any person, hired on a contractual basis, having the power normally conferred upon such persons, by whatever title.

(V)  The Chancellor and Vice Chancellors of the State University System; the general counsel to the Board of Governors of the State University System; and the president, provost, vice presidents, and deans of each state university.

(VI) Any person, including an other-personal-services employee, having the power normally conferred upon the positions referenced in this sub-subparagraph.

b. "Appointed state officer" means any member of an appointive board, commission, committee, council, or authority of the executive or legislative branch of state government whose powers, jurisdiction, and authority are not solely advisory and include the final determination or adjudication of any personal or property rights, duties, or obligations, other than those relative to

Exhibit B

CITY 001034

its internal operations.

c. "State agency" means an entity of the legislative, executive, or judicial branch of state government over which the Legislature exercises plenary budgetary and statutory control.

3.a. No member of the Legislature, appointed state officer, or statewide elected officer shall personally represent another person or entity for compensation before the government body or agency of which the individual was an officer or member for a period of 2 years following vacation of office. No member of the Legislature shall personally represent another person or entity for compensation during his or her term of office before any state agency other than judicial tribunals or in settlement negotiations after the filing of a lawsuit.

b. For a period of 2 years following vacation of office, a former member of the Legislature may not act as a lobbyist for compensation before an executive branch agency, agency official, or employee. The terms used in this sub-subparagraph have the same meanings as provided in s. 112.3215.

4. An agency employee, including an agency employee who was employed on July 1, 2001, in a Career Service System position that was transferred to the Selected Exempt Service System under chapter 2001-43, Laws of Florida, may not personally represent another person or entity for compensation before the agency with which he or she was employed for a period of 2 years following vacation of position, unless employed by another agency of state government.

5. Any person violating this paragraph shall be subject to the penalties provided in s. 112.317 and a civil penalty of an amount equal to the compensation which the person receives for the prohibited conduct.

6. This paragraph is not applicable to:

a. A person employed by the Legislature or other agency prior to July 1, 1989;

b. A person who was employed by the Legislature or other agency on July 1, 1989, whether or not the person was a defined employee on July 1, 1989;

c. A person who was a defined employee of the State University System or the Public Service Commission who held such employment on December 31, 1994;

d. A person who has reached normal retirement age as defined in s. 121.021(29), and who has retired under the provisions of chapter 121 by July 1, 1991; or

e. Any appointed state officer whose term of office began before January 1, 1995, unless reappointed to that office on or after January 1, 1995.

(b) In addition to the provisions of this part which are applicable to legislators and legislative employees by virtue of their being public officers or employees, the conduct of members of the Legislature and legislative employees shall be governed by the ethical standards provided in the respective rules of the Senate or House of Representatives which are not in conflict herewith.

(10) EMPLOYEES HOLDING OFFICE.—

CITY 001035

(a) No employee of a state agency or of a county, municipality, special taxing district, or other political subdivision of the state shall hold office as a member of the governing board, council, commission, or authority, by whatever name known, which is his or her employer while, at the same time, continuing as an employee of such employer.

(b) The provisions of this subsection shall not apply to any person holding office in violation of such provisions on the effective date of this act. However, such a person shall surrender his or her conflicting employment prior to seeking reelection or accepting reappointment to office.

(11) PROFESSIONAL AND OCCUPATIONAL LICENSING BOARD MEMBERS.—No officer, director, or administrator of a Florida state, county, or regional professional or occupational organization or association, while holding such position, shall be eligible to serve as a member of a state examining or licensing board for the profession or occupation.

(12) EXEMPTION.—The requirements of subsections (3) and (7) as they pertain to persons serving on advisory boards may be waived in a particular instance by the body which appointed the person to the advisory board, upon a full disclosure of the transaction or relationship to the appointing body prior to the waiver and an affirmative vote in favor of waiver by two-thirds vote of that body. In instances in which appointment to the advisory board is made by an individual, waiver may be effected, after public hearing, by a determination by the appointing person and full disclosure of the transaction or relationship by the appointee to the appointing person. In addition, no person shall be held in violation of subsection (3) or subsection (7) if:

(a) Within a city or county the business is transacted under a rotation system whereby the business transactions are rotated among all qualified suppliers of the goods or services within the city or county.

(b) The business is awarded under a system of sealed, competitive bidding to the lowest or best bidder and:

1. The official or the official's spouse or child has in no way participated in the determination of the bid specifications or the determination of the lowest or best bidder;

2. The official or the official's spouse or child has in no way used or attempted to use the official's influence to persuade the agency or any personnel thereof to enter such a contract other than by the mere submission of the bid; and

3. The official, prior to or at the time of the submission of the bid, has filed a statement with the Commission on Ethics, if the official is a state officer or employee, or with the supervisor of elections of the county in which the agency has its principal office, if the official is an officer or employee of a political subdivision, disclosing the official's interest, or the interest of the official's spouse or child, and the nature of the intended business.

(c) The purchase or sale is for legal advertising in a newspaper, for any utilities service, or for passage on a common carrier.

Exhibit B

CITY 001036

(d) An emergency purchase or contract which would otherwise violate a provision of subsection (3) or subsection (7) must be made in order to protect the health, safety, or welfare of the citizens of the state or any political subdivision thereof.

(e) The business entity involved is the only source of supply within the political subdivision of the officer or employee and there is full disclosure by the officer or employee of his or her interest in the business entity to the governing body of the political subdivision prior to the purchase, rental, sale, leasing, or other business being transacted.

(f) The total amount of the transactions in the aggregate between the business entity and the agency does not exceed $500 per calendar year.

(g) The fact that a county or municipal officer or member of a public board or body, including a district school officer or an officer of any district within a county, is a stockholder, officer, or director of a bank will not bar such bank from qualifying as a depository of funds coming under the jurisdiction of any such public board or body, provided it appears in the records of the agency that the governing body of the agency has determined that such officer or member of a public board or body has not favored such bank over other qualified banks.

(h) The transaction is made pursuant to s. 1004.22 or s. 1004.23 and is specifically approved by the president and the chair of the university board of trustees. The chair of the university board of trustees shall submit to the Governor and the Legislature by March 1 of each year a report of the transactions approved pursuant to this paragraph during the preceding year.

(i) The public officer or employee purchases in a private capacity goods or services, at a price and upon terms available to similarly situated members of the general public, from a business entity which is doing business with his or her agency.

(j) The public officer or employee in a private capacity purchases goods or services from a business entity which is subject to the regulation of his or her agency and:

1. The price and terms of the transaction are available to similarly situated members of the general public; and

2. The officer or employee makes full disclosure of the relationship to the agency head or governing body prior to the transaction.

(13) COUNTY AND MUNICIPAL ORDINANCES AND SPECIAL DISTRICT AND SCHOOL DISTRICT RESOLUTIONS REGULATING FORMER OFFICERS OR EMPLOYEES.—The governing body of any county or municipality may adopt an ordinance and the governing body of any special district or school district may adopt a resolution providing that an appointed county, municipal, special district, or school district officer or a county, municipal, special district, or school district employee may not personally represent another person or entity for compensation before the government body or agency of which the individual was an officer or employee for a period of 2 years following vacation of office or termination of employment, except for the purposes of collective bargaining.

Exhibit B

CITY 001037

Nothing in this section may be construed to prohibit such ordinance or resolution.

(14) LOBBYING BY FORMER LOCAL OFFICERS; PROHIBITION.—A person who has been elected to any county, municipal, special district, or school district office may not personally represent another person or entity for compensation before the government body or agency of which the person was an officer for a period of 2 years after vacating that office. For purposes of this subsection:

(a) The "government body or agency" of a member of a board of county commissioners consists of the commission, the chief administrative officer or employee of the county, and their immediate support staff.

(b) The "government body or agency" of any other county elected officer is the office or department headed by that officer, including all subordinate employees.

(c) The "government body or agency" of an elected municipal officer consists of the governing body of the municipality, the chief administrative officer or employee of the municipality, and their immediate support staff.

(d) The "government body or agency" of an elected special district officer is the special district.

(e) The "government body or agency" of an elected school district officer is the school district.

(15) ADDITIONAL EXEMPTION.—No elected public officer shall be held in violation of subsection (7) if the officer maintains an employment relationship with an entity which is currently a tax-exempt organization under s. 501(c) of the Internal Revenue Code and which contracts with or otherwise enters into a business relationship with the officer's agency and:

(a) The officer's employment is not directly or indirectly compensated as a result of such contract or business relationship;

(b) The officer has in no way participated in the agency's decision to contract or to enter into the business relationship with his or her employer, whether by participating in discussion at the meeting, by communicating with officers or employees of the agency, or otherwise; and

(c) The officer abstains from voting on any matter which may come before the agency involving the officer's employer, publicly states to the assembly the nature of the officer's interest in the matter from which he or she is abstaining, and files a written memorandum as provided in s. 112.3143.

(16) LOCAL GOVERNMENT ATTORNEYS.—

(a) For the purposes of this section, "local government attorney" means any individual who routinely serves as the attorney for a unit of local government. The term shall not include any person who renders legal services to a unit of local government pursuant to contract limited to a specific issue or subject, to specific litigation, or to a specific administrative proceeding. For the purposes of this section, "unit of local government" includes, but is not limited to, municipalities,

CITY 001038

counties, and special districts.

(b)   It shall not constitute a violation of subsection (3) or subsection (7) for a unit of local government to contract with a law firm, operating as either a partnership or a professional association, or in any combination thereof, or with a local government attorney who is a member of or is otherwise associated with the law firm, to provide any or all legal services to the unit of local government, so long as the local government attorney is not a full-time employee or member of the governing body of the unit of local government. However, the standards of conduct as provided in subsections (2), (4), (5), (6), and (8) shall apply to any person who serves as a local government attorney.

(c)   No local government attorney or law firm in which the local government attorney is a member, partner, or employee shall represent a private individual or entity before the unit of local government to which the local government attorney provides legal services. A local government attorney whose contract with the unit of local government does not include provisions that authorize or mandate the use of the law firm of the local government attorney to complete legal services for the unit of local government shall not recommend or otherwise refer legal work to that attorney's law firm to be completed for the unit of local government.

(17) BOARD OF GOVERNORS AND BOARDS OF TRUSTEES.-No citizen member of the Board of Governors of the State University System, nor any citizen member of a board of trustees of a local constituent university, shall have or hold any employment or contractual relationship as a legislative lobbyist requiring annual registration and reporting pursuant to s. 11.045.

History.-s. 3, ch. 67-469; s. 2, ch. 69-335; ss. 10, 35, ch. 69-106; s. 3, ch. 74-177; ss. 4, 11, ch. 75-208; s. 1, ch. 77-174; s. 1, ch. 77-349; s. 4, ch. 82-98; s. 2, ch. 83-26; s. 6, ch. 83-282; s. 14, ch. 85-80; s. 12, ch. 86-145; s. 1, ch. 88-358; s. 1, ch. 88-408; s. 3, ch. 90-502; s. 3, ch. 91-85; s. 4, ch. 91-292; s. 1, ch. 92-35; s. 1, ch. 94-277; s. 1406, ch. 95-147; s. 3, ch. 96-311; s. 34, ch. 96-318; s. 41, ch. 99-2; s. 29, ch. 2001-266; s. 20, ch. 2002-1; s, 894, ch. 2002-387; s. 2, ch. 2005-285; s. 2, ch. 2006-275; s. 10, ch. 2007-217; s. 16, ch. 2011-34; s. 3, ch. 2013-36.

CITY 001039

## CITY OF MIAMI BEACH GIFT AND CONTRIBUTION DISCLOSURE FORM

| EMPLOYEE'S LAST NAME - FIRST NAME: | EMPLOYEE'S IDENTIFICATION NUMBER: |
|---|---|
| DEPARTMENT: | POSITION HELD: |

### PLEASE COMPLETE PARTS A AND B

### PART A - STATEMENT OF GIFT AND CONTRIBUTION

Please list below each gift received by you. You are required to describe the gift and state the monetary value of the gift, the name and address of the person making the gift, and the date(s) received. If any of these facts, other than the gift description, are unknown or not applicable, you should so state on the form.

| | DATE AND TIME RECEIVED | DESCRIPTION AND TYPE OF GIFT | APPROXIMATE MONETARY VALUE | NAME OF PERSON AND/OR BUSINESS MAKING THE GIFT | ADDRESS OF PERSON AND/OR BUSINESS MAKING THE GIFT |
|---|---|---|---|---|---|
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |

### PART B - GIFT AND CONTRIBUTION RETURN INFORMATION OR DELIVERY TO CITY MANAGER'S OFFICE FOR DONATION

| | DATE GIFT RETURNED, DONATED OR DISPOSED OF | NAME OF RECEIVER/SUPERVISOR | DONATION MADE TO APPROVED NON-PROFIT USING THE CITY'S NON-PROFIT DISTRIBUTION LIST | CITY MANAGER'S OFFICE STAFF DISPOSAL CONFIRMATION (IF APPLICABLE) |
|---|---|---|---|---|
| A | | | | |
| B | | | | |
| C | | | | |
| D | | | | |

**RETURN FORM TO THE CITY MANAGER'S OFFICE WITHIN THREE (3) DAYS OF GIFT/CONTRIBUTION RECEIPT ALONG WITH A COPY OF GIFT/CONTRIBUTION CUSTOMER LETTER SENT.**

Exhibit C

CITY 001040

| FORM 9 | QUARTERLY GIFT DISCLOSURE (GIFTS OVER $100) |
|---|---|

| LAST NAME — FIRST NAME — MIDDLE NAME: | NAME OF AGENCY: |
|---|---|
| MAILING ADDRESS: | OFFICE OR POSITION HELD: |
| CITY:          ZIP:          COUNTY: | FOR QUARTER ENDING (Check One):                YEAR: MARCH        JUNE        SEPTEMBER        DECEMBER 20 |

## PART A — STATEMENT OF GIFTS

Please list below each gift, the value of which you believe to exceed $100, accepted by you during the calendar quarter for which this statement is being filed. You are required to describe the gift and state the monetary value of the gift, the name and address of the person making the gift, and the date(s) the gift was received. If any of these facts, other than the gift description, are unknown or not applicable, you should so state on the form. As explained more fully in the instructions on the reverse side of the form, you are not required to disclose gifts from relatives or certain other gifts. You are not required to file this statement for any calendar quarter during which you did not receive a reportable gift.

| DATE RECEIVED | DESCRIPTION OF GIFT | MONETARY VALUE | NAME OF PERSON MAKING THE GIFT | ADDRESS OF PERSON MAKING THE GIFT |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CHECK HERE IF CONTINUED ON SEPARATE SHEET

## PART B — RECEIPT PROVIDED BY PERSON MAKING THE GIFT

If any receipt for a gift listed above was provided to you by the person making the gift, you are required to attach a copy of that receipt to this form. You may attach an explanation of any differences between the information disclosed on this form and the information on the receipt.

**CHECK HERE IF A RECEIPT IS ATTACHED TO THIS FORM**

## PART C — OATH

I, the person whose name appears at the beginning of this form, do depose on oath or affirmation and say that the information disclosed herein and on any attachments made by me constitutes a true, accurate, and total listing of all gifts required to be reported by Section 112.3148, Florida Statutes.

_____
SIGNATURE OF REPORTING OFFICIAL

STATE OF FLORIDA
COUNTY OF _____

Sworn to (or affirmed) and subscribed before me this _____

day of _____, 20 _____

by _____

_____
(Signature of Notary Public-State of Florida)

_____
(Print, Type, or Stamp Commissioned Name of Notary Public)
Personally Known _____ OR Produced Identification _____

Type of Identification Produced _____

## PART D — FILING INSTRUCTIONS

This form, when duly signed and notarized, must be filed with the *Commission on Ethics, P.O. Drawer 15709, Tallahassee, Florida 32317-5709.* The form must be filed *no later than* the last day of the calendar quarter that follows the calendar quarter for which this form is filed. (For example, if a gift is received in March, it should be disclosed by June 30.)

CE FORM 9 - EFF. 1/2001                                    (See reverse side for instructions)

Exhibit C                                    CITY 001041

## PART E — INSTRUCTIONS

### WHO MUST FILE THIS FORM?

* Any individual, including a candidate upon qualifying, who is required by law to file full and public disclosure of his financial interests on Commission on Ethics Form 6, except Judges. (See Form 6 for a list of persons required to file that form.)

* Any individual, including a candidate upon qualifying, who is required by law to file a statement of financial interests on Commission on Ethics Form 1. (See Form 1 for a list of persons required to file that form.)

* Any procurement employee of the executive branch or judicial branch of state government. This includes any employee who participates through decision, approval, disapproval, recommendation, preparation of any part of a purchase request, influencing the content of any specification or procurement standard, rendering of advice, investigation, or auditing or in any other advisory capacity in the procurement of contractual services or commodities as defined in Section 287.012, Florida Statutes, if the cost of such services or commodities exceeds $1,000 in any year.

### WHAT GIFTS ARE REPORTABLE?

Any gift (as defined below) you received which you believe to be in excess of $100 in value, EXCEPT:

1) Gifts from the following RELATIVES: father, mother, son, daughter, brother, sister, uncle, aunt, first cousin, nephew, niece, husband, wife, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half brother, half sister, grandparent, great grandparent, grandchild, great grandchild, step grandparent, step great grandparent, step grandchild, step great grandchild, a person who is engaged to be married to you or who otherwise holds himself or herself out as or is generally known as the person whom you intend to marry or with whom you intend to form a household, or any other natural person having the same legal residence as you.

2) Gifts which you are prohibited from accepting by Sections 112.313(4) and 112.3148(4), Florida Statutes. These include any gift which you know or, with the exercise of reasonable care, should know was given to influence a vote or other action in which you are expected to participate in your official capacity; it also includes a gift worth over $100 from a political committee or committee of continuous existence under the elections law, from a lobbyist who lobbies your agency or who lobbied your agency within the past 12 months, or from a partner, firm, employer, or principal of such a lobbyist.

3) Gifts worth over $100 for which there is a public purpose, given to you by an entity of the legislative or judicial branch, a department or commission of the executive branch, a water management district created pursuant to s. 373.069, Tri-County Commuter Rail Authority, the Technological Research and Development Authority, a county, a municipality, an airport authority, or a school board; or a gift worth over $100 given to you by a direct-support organization specifically authorized by law to support the governmental agency of which you are an officer or employee. These gifts must be disclosed on other forms.

A "gift" is defined to mean that which is accepted by you or by another on your behalf, or that which is paid or given to another for or on behalf of you, directly, indirectly, or in trust for your benefit or by any other means, for which equal or greater consideration is not given within 90 days after receipt of the gift. A "gift" includes real property; the use of real property; tangible or intangible personal property; the use of tangible or intangible personal property; a preferential rate or terms on a debt, loan, goods, or services, which rate is below the customary rate and is not either a government rate available to all other similarly situated government employees or officials or a rate which is available to similarly situated members of the public by virtue of occupation, affiliation, age, religion, sex, or national origin; forgiveness of an indebtedness; transportation (unless provided to you by an agency in relation to officially approved governmental business), lodging, or parking; food or beverage; membership dues; entrance fees, admission fees or tickets to events, performances, or facilities; plants, flowers, or floral arrangements; services provided by persons pursuant to a professional license or certificate; other personal services for which a fee is normally charged by the person providing the services; and any other similar service or thing having an attributable value and not already described.

* The following items are NOT reportable as gifts on this form: salary, benefits, services, fees, commissions, gifts, or expenses associated primarily with your employment, business, or service as an officer or director of a corporation or organization; contributions or expenditures pursuant to the election laws, campaign-related personal services provided without compensation by individuals volunteering their time, or any other contribution or expenditure by a political party; an honorarium or an expense related to an honorarium event paid to you or your spouse; an award, plaque, certificate, or similar personalized item given in recognition of your public, civic, charitable, or professional service; an honorary membership in a service or fraternal organization presented merely as a courtesy by such organization; the use of a governmental agency's public facility or public property for a public purpose. Also exempted are some gifts from state, regional, and national organizations that promote the exchange of ideas between, or the professional development of, governmental officials or employees.

### HOW DO I DETERMINE THE VALUE OF A GIFT?

* The value of a gift provided to you is determined using the actual cost to the donor, and, with respect to personal services provided by the donor, the reasonable and customary charge regularly charged for such service in the community in which the service is provided. Taxes and gratuities are not included in valuing a gift. If additional expenses are required as a condition precedent to the donor's eligibility to purchase or provide a gift and the expenses are primarily for the benefit of the donor or are of a charitable nature, the expenses are not included in determining the value of the gift.

Compensation provided by you to the donor shall be deducted from the value of the gift in determining the value of the gift.

If the actual gift value attributable to individual participants at an event cannot be determined, the total costs should be prorated among all invited persons. A gift given to several persons may be attributed among all of them on a pro rata basis. Food, beverages, entertainment, etc., provided at a function for more than ten people should be valued by dividing the total costs by the number of persons invited, unless the items are purchased on a per-person basis, in which case the per-person cost should be used.

Transportation should be valued on a round-trip basis unless only one-way transportation is provided. Round-trip transportation expenses should be considered a single gift. Transportation provided in a private conveyance should be given the same value as transportation provided in a comparable commercial conveyance.

Lodging provided on consecutive days should be considered a single gift. Lodging in a private residence should be valued at the per diem rate provided in Sec. 112.061(6)(A)1, Fla. Stat., less the meal allowance rate provided in Sec. 112.061(6)(B), Fla. Stat.

Food and beverages consumed at a single sitting or event are a single gift valued for that sitting or meal. Other food and beverages provided on a calendar day are considered a single gift, with the total value of all food and beverages provided on that date being the value of the gift.

* Membership dues paid to the same organization during any 12-month period are considered a single gift.

* Entrance fees, admission fees, or tickets are valued on the face value of the ticket or fee, or on a daily or per event basis, whichever is greater. If an admission ticket is given by a charitable organization, its value does not include the portion of the cost that represents a contribution to that charity.

* Except as otherwise provided, a gift should be valued on a per occurrence basis.

### FOR MORE INFORMATION

The gift disclosures made on this form are required by Sec. 112.3148, Florida Statutes. Questions may be addressed to the Commission on Ethics, Post Office Drawer 15709, Tallahassee, Florida 32317-5709 or by calling (850) 488-7864 or Suncom 278-7864.

Exhibit C

CITY 001042

CITIZENS' BILL OF RIGHTS

(A) This government has been created to protect the governed, not the governing. In order to provide the public with full and accurate information, to promote efficient administrative management, to make government more accountable, and to insure to all persons fair and equitable treatment, the following rights are guaranteed:

1. *Convenient access.* Every person has the right to transact business with the City with a minimum of personal inconvenience. It shall be the duty of the City Manager and the City Commission to provide, within the City's budget limitations, reasonably convenient times and places for required inspections, and for transacting business with the City.

2. *Truth in government.* No municipal official or employee shall knowingly furnish false information on any public matter, nor knowingly omit significant facts when giving requested information to members of the public.

3. *Public records.* All audits, reports, minutes, documents and other public records of the City and its boards, agencies, departments and authorities shall be open for inspection at reasonable time and places convenient to the public.

4. *Minutes and ordinance register.* The City Clerk shall maintain and make available for public inspection an ordinance register separate from the minutes showing the votes of each member on all ordinances and resolutions'     listed by descriptive title. Written minutes of all meetings and the ordinance register shall be available for public inspection not later than thirty (30) days after the conclusion of the meeting.

5. *Right to be heard.* So far as the orderly conduct of public business permits, any interested person has the right to appear before the City Commission or any City agency, board or department for the presentation, adjustment or determination of an issue, request or controversy within the jurisdiction of the City. Matters shall be scheduled for the convenience of the public, and the agenda shall be divided into approximate time periods so that the public may know approximately when a matter will be heard. Nothing herein shall prohibit the City or any agency thereof from imposing reasonable time limits for the presentation of a matter.

6. *Right to notice.* Persons entitled to notice of a City hearing shall be timely informed as to the time, place and nature of the hearing and the legal authority pursuant to which the hearing is to be held. Failure by an individual to receive such notice shall not constitute mandatory grounds for canceling the hearing or rendering invalid any determination made at such hearing. Copies of proposed ordinances or resolutions shall be made available at a reasonable time prior to the hearing, unless the matter involves an emergency ordinance or resolution.

7. *No unreasonable postponements.* No matter once having been placed on a formal agenda by the City shall be postponed to another day except for good cause shown in the opinion of the City Commission, or agency conducting such meeting, and then only on condition that any person so requesting is mailed adequate notice of the new date of any postponed meeting. Failure by an individual to receive such notice shall not constitute mandatory grounds for canceling the hearing or rendering invalid any determination made at such hearing.

8. *Right to public hearing.* Upon a timely request of any interested party a public hearing shall be held by any City agency, board, department or authority upon any significant policy decision to be issued by it which is not subject to subsequent administrative or legislative review and hearing. This provision shall not apply to the law department of the City nor to any body whose duties and responsibilities are solely advisory.

At any zoning or other hearing in which review is exclusively by certiorari, a party or his counsel shall be entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts. The decision of any such agency, board, department or authority must be based upon the facts in the record. Procedural rules establishing reasonable time and other limitations may be promulgated and amended from time to time.

CITY 001043

9. *Notice of action and reasons.* Prompt notice shall be given of the denial in whole or in part of a request of an interested person made in connection with any municipal administrative decision or proceeding when the decision is reserved at the conclusion of the hearing. The notice shall be accompanied by a statement of the grounds for denial.

10. *Managers' and attorneys' reports.* The City Manager and City Attorney shall periodically make a public status report on all major matters pending or concluded within their respective jurisdictions.

11. *Budgeting.* In addition to any budget required by state statute, the City Manager shall prepare a budget showing the cost of each department for each budget year. Prior to the City Commission's first public hearing on the proposed budget required by state law, the City Manager shall make public a budget summary setting forth the proposed cost of each individual department and reflecting the personnel for each department, the purposes therefor, the estimated millage cost of each department and the amount of any contingency and carryover funds for each department.

12. *Quarterly budget comparisons.* The City Manager shall make public a quarterly report showing the actual expenditures during the quarter just ended against one quarter of the proposed annual expenditures set forth in the budget. Such report shall also reflect the same cumulative information for whatever portion of the fiscal year that has elapsed.

13. *Adequate audits.* An annual audit of the City shall be made by an independent certified public accounting firm in accordance with generally accepted auditing standards. The independent City Auditor shall be appointed by the City Commission; both appointment and removal of the independent City Auditor shall be made by the City Commission. A summary of the results of the independent City Auditor's annual audit, including any deficiencies found, shall be made public. In making such audit, proprietary functions shall be audited separately and adequate depreciation on proprietary facilities shall be accrued so the public may determine the amount of any direct or indirect subsidy. Duties, method of selection, and method of compensation of the independent City Auditor shall be established by ordinance.

14. *Representation of public.* The City Commission shall endeavor to provide representation at all proceedings significantly affecting the City and its residents before state and federal regulatory bodies.

15. *Natural resources and scenic beauty.* It shall be the policy of the City of Miami Beach to conserve and protect its natural resources and scenic beauty, which policy shall include the abatement of air and water pollution and of excessive and unnecessary noise.

16. *Nondiscrimination.* No person shall be deprived of any rights and privileges conferred by law because of race, color, national origin, religion, gender, sexual orientation, disability, marital status, familial status, or age.

17. *Nondiscrimination in City Employment and Benefits.* The City of Miami Beach shall not discriminate in employment practices and benefits offered based upon an employee or applicant's race, color, national origin, religion, gender, sexual orientation, gender identity, disability, marital status, familial status, or age.

18. *Ethics in Government.* The public's confidence and trust in City of Miami Beach operations and government must meet the most demanding ethical standards and demonstrate the highest level of achievement in its adherence to ethics laws. City of Miami Beach officials and employees are agents of the people and hold their positions for the benefit of the public—as public servants, they are to observe in their official acts a high standard of conduct and to discharge faithfully the duties of their office regardless of personal considerations and interests, recognizing that promoting the public interest and maintaining the respect of the people in their government must be of foremost concern. In upholding the values of accountability and responsibility, all city officials and employees shall abide by applicable codes of ethical conduct, and be subject to all penalties provided for in such regulations.

CITY 001044

19. *Improvement of Public Educational Facilities available to Miami Beach Citizenry.* It shall be the policy of the City of Miami Beach to cooperate with the Miami-Dade County public schools, and with other appropriate governmental agencies, which will strive to improve the quality and quantity of public educational facilities available to the citizenry of the City of Miami Beach, Florida.

20. *City Assistance to Condominium and Co-op Owners.* The City of Miami Beach hereby acknowledges the purpose and duties of the City's Administration as assisting condominium and co-op owners to navigate through the City's permitting process; to facilitate the resolution of other condominium-related issues with other outside agencies; and to act as a liaison between condominium or co-op owners, management firms and the City.

(B) The foregoing enumeration of citizens' rights vests large and pervasive powers in the citizenry of the City of Miami Beach. Such power necessarily carries with it responsibility of equal magnitude for the successful operation of government in the City. The orderly, efficient and fair operation of government requires the intelligent participation of individual citizens exercising their rights with dignity and restraint so as to avoid any sweeping acceleration in the cost of government because of the exercise of individual prerogatives, and for individual citizens to grant respect for the dignity of public office.

(C) Remedies for violations. In any suit by a citizen alleging a violation of this Bill of Rights filed in the Dade County circuit Court pursuant to its general equity jurisdiction, the plaintiff, if successful, shall be entitled to recover costs as fixed by the court. Any public official or employee who is found by the court to have willfully violated this article shall forthwith forfeit his office or employment.

(D) Construction. All provisions of this article shall be construed to be supplementary to and not in conflict with the general laws of Florida. If any part of this article shall be declared invalid, it shall not affect the validity of the remaining provisions.

**(Res. No. 2003-25288, 7-30-03; Res. No. 2003-25391, 7-30-03; Res. No. 2003-25443, 12-10-03; Res. No.** 2009-27152, **7-22-09; Res. No. 2013-28299, 7-19-13; Res. No. 2013-28302, 7-19-13; Res. No. 2013-28303, 7-19-13)**

FOOTNOTE(S):

--- (2) **---**

**Editor's note—— The following footnote to this section on citizen's bill of rights was adopted with the** Charter: '"Ordinance" means **an** official legislative **action of** the Miami Beach **City Commission, which action is a** regulation **of a** general and permanent nature **and** enforceable **as a local law. "Resolution" means an** expression **of** the Miami **Beach** City Commission concerning matters **of administration, an** expression **of** a temporary character, **or a** provision for the **disposition of a particular item of the administrative business of the Miami Beach City Commission.**

CITY 001045

| MiA \AIBEAC<br>CITYWIDE POLICY AND PROCEDURE | **DATE ISSUED:**<br>JANUARY 2013<br><br>**DATE UPDATED:** | **Page:** 1<br>**Of:** 3 | **SEQUENCE NUMBER:**<br>HR.18.01 |
|---|---|---|---|
| | **SUBJECT:**<br>REPORTING ARRESTS, INDICTMENTS AND CONVICTIONS | | |
| | **RESPONSIBLE DEPARTMENT:**<br>HUMAN RESOURCES | | |

PURPOSE:

The City of Miami Beach is committed to protecting the safety, health and well-being of its employees, residents, visitors and customers. To further the commitment to a safe environment, all employees (full-time, part-time, regular, probationary or temporary) shall be required to report all arrests, charges, indictments, convictions, and withholds of adjudication. This requirement also applies to contracted personnel and temporary agency employees assigned to the City.

POLICY:

Once hired, employees arrested or detained and issued a Notice to Appear, or charged with or indicted for a criminal offense (felony or misdemeanor), including driving under the influence (DUI) and/or other criminal traffic offenses, shall provide written notification to the Human Resources Director using the attached Notification of Employee Arrest, Indictment or Criminal Conviction Form (hereinafter referred to as "the Form") within two (2) calendar days. If it is impossible for the employee to make a timely report due to hospitalization or incarceration related to the incident, the Form shall be completed as soon as possible, and in no event more than twenty-four (24) hours after the employee's release. The Human Resources Director shall advise the employees' Department/Division Director of the employee's arrest, detainment and issuance of a Notice to Appear, charge or indictment of an applicable criminal offense.

Employees shall report to the Human Resources Director, in writing, using the attached Form, any conviction, finding of guilt, withhold of adjudication, enrollment in a pretrial diversion program, or entering of a plea of guilty or Nolo Contendere for any criminal offense other than minor traffic violations within forty-eight (48) hours after the final judgment. The Human Resources Director shall advise the employee's Department/Division Director of the employee's conviction, finding of guilt, withhold of adjudication, enrollment in a pretrial diversion program, or entering of a plea of guilty or Nolo Contendere for any applicable criminal offense.

Supervisors who become aware of a subordinate who has been arrested, charged, indicted, given a Notice to Appear, convicted, found guilty, given a withhold of adjudication, enrolled in a pretrial diversion program or entered a plea of guilty or Nolo Contendere for any criminal offense shall immediately notify the Human Resources Director.

VIOLATIONS:

Pursuant to Rule X of the City of Miami Beach Personnel Rules, the City may take disciplinary action against an employee who is arrested or indicted, even if there is no resulting conviction.

Violation of this policy shall result in disciplinary action based on progressive discipline in accordance with the provisions of the applicable collective bargaining agreement and/or Personnel Rules.

CITY 001046

| | CITYWIDE POLICY AND PROCEDURE | **DATE ISSUED:** JANUARY 2013 **DATE UPDATED:** | **Page: 2 Of: 3** | **SEQUENCE NUMBER:** HR.18.01 |
|---|---|---|---|---|
| | | **SUBJECT:** REPORTING ARRESTS, INDICTMENTS AND CONVICTIONS | | |
| | | **RESPONSIBLE DEPARTMENT:** HUMAN RESOURCES | | |

DEFINITIONS:

Criminal Traffic Offenses include, but are not limited to:

1. Leaving the scene of an accident;
2. False information regarding an accident;
3. Operating a motor vehicle without a license or while license is suspended;
4. Driving while under the influence or with an unlawful blood alcohol level;
5. Failure to sign or accept a summons; and/or
6. Fleeing and eluding police officers or reckless driving.

Prepared by:

_____
Human Resources Director

Reviewed by:

_____
Internal Audit, Office of Budget and Performance Improvement

Approved by:

_____                    _____
City Manager                                              Date

CITY 001047

| | DATE ISSUED: JANUARY 2013 | Page: 3 Of: 3 | SEQUENCE NUMBER: |
|---|---|---|---|
| CITYWIDE POLICY AND PROCEDURE | DATE UPDATED: | | HR.18,01 |

| SUBJECT: REPORTING ARRESTS, INDICTMENTS AND CONVICTIONS |
|---|
| RESPONSIBLE DEPARTMENT: HUMAN RESOURCES |

**NOTIFICATION OF EMPLOYEE ARREST, INDICTMENT OR CRIMINAL CONVICTION FORM**

Date: _____

Employee Name:_____ ID Number: _____

Department/Division: _____ Title:_____

Type of Incident (check one): _____        _____

Arrest:_____ Indictment: I Conviction ——————————— Withhold of Adjudication• [____]

Other: _____

Name of Jurisdiction/Authority: _____

Case Number(s): _____ _____

Nature of Alleged Offense:  _ _____

_____

_____

_____

_____

Date and Time of Arrest, Indictment, Conviction, or Withhold of Adjudication: _____

Release Status: _____

Date of future court appearance if known: _____

I acknowledge the above information is factual. In addition, I shall provide written update information to my supervisor no later than two (2) calendar days after a change in the status of this matter occurs.

Employee's Signature: _____ Date: _____

ATTACH ADDITIONAL SHEETS IF NECESSARY

Exhibit E

CITY 001048

## RULE III. THE CLASSIFICATION PLAN

**SECTION 1: PURPOSE: It** is the purpose of the Classification Plan to provide an orderly inventory and appraisal of Classifications so that the following ends may be attained:

(a)     Equality of pay on the basis of sufficiently similar duties and responsibilities.

(b)     Proper pay differences in Classifications which differ significantly in duties and responsibilities.

(c)     Improved recruitment through appropriate definitions of Classifications and the establishment of Specifications which include reasonable standards of fitness for Appointment or Promotion.

(d)     Orderly control of personnel changes such as Transfers, Promotions, Demotions, leaves of absence and any other personnel changes.

**SECTION 2: CLASSIFICATION SPECIFICATIONS INTERPRETED:** The Specifications for each of the various Classifications shall have the following force and effect:

(a)     They are descriptive and explanatory and are not restrictive. The inclusion of a particular illustration of duties shall not be held to exclude others not mentioned.

(b)     In determining the assignment of given Specifications to a particular Classification, the Specifications shall be considered as a whole.

(c)     The Specifications shall not limit the power of the Appointing Authority to modify or alter detailed tasks or duties involved in or to be performed within the Classification. When there is a substantial change in duties, except for a temporary period or by the addition of duties which are incidental, such change shall be reported to the Human Resources Director to consider a possible re-Classification.

### SECTION 3: ALLOCATION TO CLASSIFICATION:

(a)     The Human Resources Director shall ensure that every employee is allocated to a Classification established by the Classification Plan.

(b)     Classifications which have undergone a substantial change in duties and require re-Classification, or new duties, shall be so classified by the Human Resources Director after consultation with the Appointing Authority as the Human Resources Director deems appropriate.

(c)     The wage rate of re-Classified employees is as follows:

CITY 001049

1.    The compensation of such employee shall not be reduced if the individual's then current wage is within the wage scale of the new Classification and the duties of such old and new Positions are similar

2.    The compensation of such employee shall be reduced to no higher than the maximum for the lower Classification if the employee is assigned or re-Classified to a lower paying Classification.

(d)    If a Position is assigned to a higher Classification because of substantially changed duties or responsibilities, the Human Resources Director may (1) require the incumbent employee to demonstrate fitness by passing a non-competitive examination, (2) transfer the incumbent employee to a vacant Position in the Classification to which the incumbent employee was formerly allocated, or (3) place the incumbent employee's name on the Re-Employment List for the Classification to which the incumbent employee was formerly allocated. Allocation to a higher Classification shall be subject to the approval of the City Manager.

## SECTION 4: MAINTENANCE OF THE CLASSIFICATION PLAN:

(a)    New Specifications or changes in Specifications requested by any Appointing Authority shall be reported to the Human Resources Director who shall consider the proper Classification of such new Position.

(b)    The Appointing Authority shall report substantial changes in Specifications to the Human Resources Director who shall investigate such changes and determine whether such changes require re-Classification of the Position.

(c)    An employee may make a written request to the Human Resources Director at any time for a review of the Specifications of the employee's Classification, explaining the reasons for the request.    Upon review, the Human Resources Director shall determine what action, if any, is appropriate.

**SECTION 5: AMENDMENT OF THE PLAN:** The Human Resources Director may survey and record the Specifications of all Classifications and, after consultation with the Appointing Authorities, may recommend to the Personnel Board changes or modifications to the Classification Plan covering all such Classifications. When changes in City organization or operations require the creation of new Classifications, substantial changes to an existing Classification or other amendments to the Classification Plan, these shall be adopted according to the same procedures established for the original adoption of the Plan as set forth in Article IV, entitled Civil Service System, in the City Charter.

## RULE IV. THE COMPENSATION PLAN

**SECTION 1: PURPOSE:** It is the purpose of the Compensation Plan to provide a fair means for determining compensation based on Classification.

**SECTION 2: PREPARATION, APPROVAL AND AMENDMENT OF THE COMPEN-SATION PLAN:** The Human Resources Director shall prepare a Compensation Plan which shall consist of a Schedule of Pay for each Classification indicating the minimum and maximum range of wages. In arriving at such wage ranges, consideration shall be given to prevailing rates of pay in private business and the public sector, the current cost of living, and the City's financial condition and policies. The Human Resources Director shall submit the proposed Compensation Plan to the City Manager who shall review and adjust the Compensation Plan as necessary. The City Manager shall submit the Compensation Plan to the City Commission. Amendment of the Compensation Plan with supporting data prepared by the Human Resources Director may be submitted by the City Manager at any time to the City Commission for approval in accordance with the Classified Salary Ordinance

**SECTION 3: EFFECT OF THE PLAN:** The City Commission establishes the Compensation Plan under the Classified Salary Ordinance; the Compensation Plan shall constitute the official schedule of wages for all Classifications. No person shall be assigned a wage greater than the maximum or less than the minimum set forth in the Compensation Plan for that Classification.

**SECTION 4: ADMINISTRATION OF THE COMPENSATION PLAN:**

(a)     The entrance wage for new appointees shall be within the wage range for the Classification of Appointment.

(b)     The re-employment wage rate shall be within the range for the Classification of Re-Appointment.

(c)     When an employee has an Organizational Transfer or Classification Transfer, no changes in the employee's wage rate shall be made because of such Transfer.

(d)     When an employee is promoted to a higher Classification, and the employee's wage is lower than the minimum of the higher Classification, then the wage rate shall be increased immediately to within the range of the higher Classification.

(e)     When an employee is demoted to a lower Classification and the employee's wage rate is higher than the maximum of the lower Classification, then the wage rate shall be decreased immediately to no higher than the maximum wage rate of the lower Classification.

(f)     An annual review of the wage rate of each employee shall be made by the Human Resources Director in consultation with the Appointing Authority. Adjustment may be made within the wage range after an analysis of the performance evaluation, length of service of each employee, and after considering the recommendations of the Appointing

Authority, provided that in no case shall the wage rate be increased above the maximum established for the Classification and provided further, that such wage rate adjustment shall be approved by the City Manager.

CITY 001052

## RULE V. CERTIFICATION OF PAYROLLS

**SECTION 1: CERTIFICATION:** Prior to the payment of any salary, wage, or other compensation to any employee for services, the Human Resources Director or designee shall certify that the persons named on a payroll, estimate or account have been appointed or employed pursuant to and have fully complied with the tern's of the Civil Service Act and these Rules.

**SECTION 2: REFUSAL TO CERTIFY:** Before Certification, the Human Resources Director or designee shall take all appropriate steps to assure that each payroll, estimate, or account is prepared in accordance with the provisions of all applicable laws and these Rules. If any item fails to comply with such provisions, the Human Resources Director or designee shall refuse to certify such item.

**SECTION 3: ILLEGAL APPOINTMENT:** Each Appointing Authority shall comply with and shall effectuate the provisions of the Civil Service Act and these Rules. No Appointing Authority shall select any person for Appointment except in accordance with the Civil Service Act and these Rules.

CITY 001053

## RULE VI. APPLICATIONS AND EXAMINATIONS

**SECTION 1: SCOPE OF EXAMINATIONS:** Examinations may include, but are not limited to, written tests, oral tests, performance tests, psychological evaluations, evaluations of training and experience, and tests of knowledge, manual skills, physical ability, fitness, or any combination thereof

**SECTION 2: NOTICE OF EXAMINATIONS:**

(a)    **Entrance Examination:** The Human Resources Director shall give public notice of all competitive examinations for initial entrance into the Classified Service. Such notice shall be advertised online at www.miamibeachfl-gov and shall be posted in or near the Human Resources Department and also may be distributed among public officials, educational institutions, professional and vocational societies, and such other individuals and organizations as the Human Resources Director may deem appropriate. Such notice shall specify the title and minimum compensation of the Position, the minimum Specifications required, the final date on which applications will be received, and any other pertinent information consistent with the provisions of these Rules.

(b)    **Continuous Examination:**

   i.    The Human Resources Director may give examinations on a continuous basis for Positions approved by the Personnel Board.

   ii.    Notice of continuous examinations shall be posted in or near the Human Resources Department and shall be advertised online at vvww.miamibeachagov at least once every ninety (90) days.

(c)    **Promotional Examination:** Notice of competitive promotional examinations to be held shall be advertised online at www.miamibeachfl.gov for no less than seven (7) calendar days. Notice may also be posted in the offices, the departments or divisions whose employees are Eligible to compete, and may be given by individual communication to employees Eligible to compete in such promotional examination.
(d)

**SECTION 3: QUALIFICATION REQUIREMENTS OF APPLICANTS:** All applicants must meet the minimum Specifications for the Classification for which application is made. When a position for which an examination is to be held has not yet been allocated to a Classification in accordance with these Rules, the minimum qualifications to be required of applicants shall be established by the Personnel Director with the approval of the Personnel Board.

**SECTION 4: APPLICATIONS:** All applications shall be made on forms and in the manner determined by the Human Resources Director. The application may require information regarding education, experience, references and any other information pertinent for the Classification, including a photograph. All submitted applications will be deemed certified by

CITY 001054

the applicant as true and accurate. Applications must be filed with the Human Resources Department within the time limit specified in the public notice.

**SECTION 5: DISQUALIFICATION OF APPLICANTS:**

(a)     The Human Resources Director may refuse to examine an applicant who is not employed, or after examination may remove the applicant's name from the resulting Eligible List, or refuse to certify for appointment any applicant who: (1) does not meet the minimum Specifications established for that Classification; (2) is a qualified individual with a disability but is unable to perform the essential functions of the Position with or without reasonable accommodation; (3) is currently engaging in the use of illegal drugs, illegal use of controlled substances or is under the influence of alcohol, illegal drugs, or non- prescribed controlled substances, upon examination after a contingent job offer; (4) has been convicted of any crime that, based upon the totality of factors, including, but not limited to, the nature of the offense, the recency of the offense and/or lack of evidence of rehabilitation, is determined to be job related, involves moral turpitude or violence to any person; (5) has been dismissed from public service or previous employment for cause; (6) has made a false statement or act of omission of material fact in the application; (7) resigned after the institution of disciplinary action; or (8) has violated or is in violation of the provisions of these Rules.

(b)     This section does not apply to an applicant who is a Regular employee of the City.

**SECTION 6: PROMOTIONAL EXAMINATIONS:** The Human Resources Director shall determine when vacancies in the Classified Service may be satisfactorily filled by the Promotion of a Regular employee. The Human Resources Director shall conduct promotional examinations among such Regular employees determined to be Eligible to compete. The Human Resources Director may establish additional qualifications for participation in promotional examinations, which shall be announced prior to examination.

**SECTION 7: NON-COMPETITIVE EXAMINATIONS:** Non-competitive examinations may be administered for Classifications which require peculiar and exceptional qualifications of a scientific, managerial, professional, or educational character, or when the character of the work, the conditions of employment or the compensation make it impracticable to secure a sufficient number of qualified applicants through competitive examination, upon approval by the Personnel Board.

**SECTION 8: CONDUCT OF EXAMINATIONS:** The Human Resources Director or a designee shall be responsible for the conduct of all examinations.

(a)     Identification of persons taking a competitive written examination may be concealed through the use of identification numbers if the Human Resources Director deems it appropriate. In such cases, all examinations bearing names of the applicant or any other identifying mark other than the assigned number shall be rejected and the applicant notified.

CITY 001055

(b)     The Human Resources Director shall take proper precautions to prevent any applicant or other unauthorized person from obtaining questions or any other material to be used in any examination in advance unless such questions or other material are available to all applicants. The Human Resources Director shall also prevent the examiner's identification of any applicant, or any applicant's work in examinations that requires the concealment of identity prior to completion of the rating of all applicants' work.

(c)     When an applicant possesses or uses any extraneous, forbidden, or unfair source of information to assist in answering the questions or doing the assigned work, the examiner shall confiscate all material, document the circumstances, and submit such documentation to the Human Resources Director. The Human Resources Director may take such action as deemed appropriate including, but not limited to, disciplinary action up to and including termination and disqualification of the applicant.

(d)     If the Human Resources Director determines an examination or portion thereof was conducted unfairly to an applicant, such examination or portion thereof may be re-administered for the applicant.

**SECTION 9: RATING OF EXAMINATIONS:** In all examinations, the minimum grade or rating for eligibility on an Eligible List shall be determined by the Human Resources Director. Such grade or rating may take into consideration all factors of the examination including, but not limited to, credits for training, experience, past service with the City, the application of the person, the oral interview, and other verified information.

**SECTION 10: NOTICE OF RESULTS OF EXAMINATION:** Unless the information is posted, as soon as practicable every applicant shall be notified of his/her final rating, whether the minimum possible grade was obtained and his/her relative Position on the Eligible List. Within thirty (30) days of the date of the examination, or as otherwise provided for in an applicable collective bargaining agreement, the applicant may review the applicant's examination score sheets by submitting a written request to the Human Resources Director. If an applicant believes that an error has been made in the grading or rating of the applicant's examination, the applicant must notify the Human Resources Director within thirty (30) calendar days, or as otherwise provided for in an applicable collective bargaining agreement, of the establishment of an Eligible List resulting from such examination. If the Human Resources Director determines that an error has occurred, the Human Resources Director shall correct the error as deemed appropriate.

**SECTION 11: PRESERVATION OF WORK OF APPLICANTS:**

(a)     The applications, examination papers, other work and ratings of applicants who receive scores less than the minimum passing grade and who are not placed on the Eligible List, shall be retained for a period consistent with governing laws, but may be destroyed thereafter at the discretion of the Human Resources Director.

CITY 001056

(b)      The applications, examination papers and other work and ratings of applicants who are placed on the Eligible List shall be retained for the life of the Eligible List, and shall be open to inspection by an Appointing Authority for consideration in making appointments. Such documents shall be retained for a period consistent with governing laws, but may be destroyed thereafter at the discretion of the Human Resources Director. If the applicant receives an Appointment, such documents shall become part of the personnel file.

**SECTION 12: POSTPONEMENT AND CANCELLATION OF EXAMINATIONS:** All examinations shall be held upon the dates fixed by the Human Resources Director in the public notices; however, the Human Resources Director may postpone any examination because of an inadequate number of applicants, non-attendance of examiners or for any other reason. The Human Resources Director may also cancel any examination which becomes unnecessary because of a change in the personnel requirements.

# RULE VII. ELIGIBILITY LISTS

## SECTION 1: GENERAL PROVISIONS:

(a)  **ARRANGEMENT OF LISTS:** The names of persons Eligible for Appointment to each Classification may be arranged on three (3) Lists: the Re-Employment List, the Transfer List, and the Original Entrance List. Additionally, for certain Classifications, names of persons eligible for Appointment shall be arranged on a Promotional List.

(b)  **RE-ARRANGEMENT OF ELIGIBLES:**

1.  If at any time after the creation of an Eligible List, and during the life of such List, the Human Resources Director has reason to believe that any person should be disqualified for Appointment because of incapacity or for any reason provided in Rule VI, Section 5(a), such person shall be notified and given an opportunity to be heard by the Human Resources Director. If such person fails to appear or if upon being heard fails to satisfy the Human Resources Director, the person's name shall be removed and the remaining names shall be re-arranged into their proper place on the Eligible List.

2.  Upon the correction of an error in the marking of an examination as provided in Rule VI, Section 10, the name of such person shall be inserted into its proper place on or removed from the Eligible List as determined by the Human Resources Director.

(c)  **REMOVAL OF NAMES FROM LISTS:**

1.  Each person whose name appears on an Eligible List shall file all contact information including telephone number(s), email and residential address(es) and shall provide written notice of any change of either electronic or residential address, whether temporary or permanent, with the Human Resources Director. Failure to do so may cause the person's name to be removed from the List.

2.  The name of any person appearing on any Eligible List may be removed by the Human Resources Director: (a) if the person fails to respond within ten (10) calendar days from the date a notice of certification is sent or issued; (b) if the person declines an appointment without an explanation; or (c) if person cannot be located in five (5) calendar days. In case of such removal, the Human Resources Director shall notify the person at the last known electronic and residential address. The person may be reinstated on the Eligible List only at the discretion of the Human Resources Director.

**SECTION 2: RE-EMPLOYMENT LISTS:** For each Classification, the Human Resources Director shall maintain a Re-Employment List consisting of the names of persons who were laid off from such Positions as Regular employees. The names of employees who have been laid off may also be placed on Re-Employment Lists for such other Classification as the Human Resources Director deems appropriate. The order in which names shall be placed on Re-

Employment Lists shall be determined by the Human Resources Director after consideration of priority, length of service, skills, qualifications, ability to perform the work available, performance evaluations, disciplinary history and any other factors the Human Resources Director deems relevant. The duration of eligibility of names on Re-Employment Lists shall expire individually at the conclusion of one (1) year from the date the employee's name was placed on the Re-Employment List.

**SECTION 3: TRANSFER LIST:** For each Classification, the Human Resources Director shall maintain a general Transfer List consisting of the names of persons who expressed in writing the desire to transfer to a particular Classification or Position and who have occupied Positions in such Classification as Regular employees or who the Human Resources Director determines are otherwise qualified. The names will be placed on the Transfer List in alphabetical order. The duration of eligibility of names on the Transfer List may continue from year to year.

### SECTION 4: ORIGINAL ENTRANCE LISTS:

 **(a)     Open Competitive Examinations:** The Human Resources Director shall prepare a List of Eligibles based on Open Competitive Examinations; the names shall be placed upon such List in order according to the final earned rating. The final earned rating shall be determined by the earned ratings on all phases of the examination according to weights for each phase established and announced by the Human Resources Director. Whenever it becomes necessary to hold a subsequent examination to obtain additional Eligibles from an Original Entrance List, the Human Resources Director may combine existing Lists with the new List for the same Classification by arranging the Eligibles' names as provided above, without regard to the time of the examination. Original Entrance Lists shall expire one (1) year after the posting of the results of the original entrance examination, or one (1) year after the date of combining Lists provided, however, that the eligibility of individual names on the Original Entrance List shall expire eighteen (18) months, which is defined as 547 calendar days, from the date the individual's name was placed on the Eligible Lists.

 **(b)     Non-Competitive Examinations:** The Human Resources Director shall prepare an Eligible List of all applicants meeting the required minimum Specifications for the Classification.

 **(c)     Open Continuous Examinations:**
1.     In those Classifications for which there are continuous examinations, the Eligible List shall be prepared by the Human Resources Director by placing names on such List in order preference according to the final earned rating, without regard to the time of the examinations.

2.     The duration of eligibility of names on Continuous Examination Lists shall expire individually at the conclusion of one (1) year from the date the applicant's name was placed on the Continuous Examination List.

**SECTION: 5: PROMOTIONAL LISTS:** After each Promotional Examination, the Human Resources Director shall prepare a Promotional List of employees who achieved passing scores in the examination, arranged in order of the final rating. The final rating shall be determined by the earned ratings on all phases of the examination according to weights for each phase established and announced by the Human Resources Director. Whenever it becomes necessary to hold subsequent examinations in order to obtain additional Eligibles for a Promotional List, the Human Resources Director may combine the existing List with the new List for the same Classification by arranging all the Eligibles in order of preference according to the final earned rating without regard to the time of examination. The Promotional List shall expire one (1) year after the posting of the results of a Promotional Examination, or where Lists have been combined, one (1) year after the date of combining the Lists.

**SECTION 6: CERTIFICATION OF ELIGIBLE LIST:** An Eligible List shall become effective when the Human Resources Director certifies that the List was prepared in accordance with these Rules and accurately reflects the final earned ratings in order of the persons whose name appear thereon.

**SECTION 7: RESTORATION TO LIST:** A Promotional Probationary employee who has been laid off during the Probationary Period and reverts to the previous Regular Classification shall be restored to the original Position on the Promotional List for the remainder of the one (1) year period after the posting of the results of the Promotional Examination, or where Lists have been combined, one (1) year after the date of combining the Lists.

**SECTION 8: OTHER RE-EMPLOYMENT/ EMPLOYMENT:** Nothing herein prohibits an Appointing Authority from re-employing within one (1) year an individual who previously held the position and who <u>unless laid off,</u> has not accepted the Leave Settlement, or from employing through Open Competition Examination, an individual who previously held a position within the City and signed the Leave Settlement. An individual who previously held the position within one (1) year or less and who did not accept the Leave Settlement may be considered for appointment to the position before the Eligibles on the Transfers List or the Eligibles on the Original Entrance List.

CITY 001060

# RULE VIII. METHODS OF FILLING VACANCIES

**SECTION 1: TYPES OF APPOINTMENTS:** All vacancies shall be filled by Appointment from Eligible Lists certified by the Human Resources Director, unless the Human Resources Director determines that a vacancy in the Classified Service may be filled by other methods as specified herein. In the absence of an appropriate List, Temporary Appointments may be permitted in accordance with the Civil Service Act and these Rules.

**SECTION 2: NOTICE TO HUMAN RESOURCES DIRECTOR:** Whenever vacancies in the Classified Service are to be filled, the Appointing Authority shall request certification of names from the Eligible Lists and shall notify the Human Resources Director of the title, the duties, the number of Positions to be filled, the Specifications, and any other pertinent information relating to the Classifications to which Appointments are to be made.

**SECTION 3: CERTIFICATION OF ELIGIBLES:**

 (a)    Upon receipt of a request for Certification of Eligible Lists, the Human Resources Director shall provide names of Eligibles from Eligible Lists as follows:

   1.    The Human Resources Director shall certify to the Appointing Authority names from the Re-Employment List before any certification of names may be made from other Lists of Eligibles.

   2.    If there is no Re-Employment List, the Human Resources Director shall certify to the Appointing Authority names from an Original Entrance List and/or Transfer List.

 (b)    Whenever vacancies are to be filled, the Human Resources Director shall provide the names of the Eligible persons ranking highest on the applicable List and certify at least two (2) names over and above the number of vacancies to be filled.

 (c)    In the event a List contains an insufficient number of names and the Appointing Authority requests that all vacancies be filled from one List and no List contains sufficient names, the Appointing Authority may request that an examination be conducted to create a List with the required number of names. Temporary Appointments may be made pending the creation of an adequate List. If the Human Resources Director determines, however, that a Temporary Appointment is inappropriate, the Human Resources Director may appoint one or more employees from the Eligibles List.

**SECTION 4: APPOINTMENTS:** After such interviews and investigations as deemed appropriate, the Appointing Authority shall make a contingent Appointment from the List of one or more of the persons certified as Eligible, and shall immediately notify the Human Resources Director of the person or persons appointed. If a candidate accepts an Appointment and fails to present for duty within five (5) calendar days after instructed to do so, the candidate shall be deemed to have declined the Appointment, unless otherwise provided by law.

**SECTION 5: EMERGENCY APPOINTMENTS:** In the event of a dire emergency, if the Human Resources Director is unavailable or time is of the essence, the Appointing Authority may select and appoint persons without regard to the Rules governing Appointments, but in no case shall such Emergency Appointments continue longer than thirty (30) calendar days. Successive Emergency Appointments of the same person shall not be made, and no person shall serve under Emergency Appointment longer than thirty (30) calendar days in any twelve (12) month period. Written notice of the Emergency Appointments shall be given immediately by the Appointing Authority to the Human Resources Director.

**SECTION 6: SUBSTITUTE APPOINTMENTS:** Whenever it becomes necessary to fill the Position of an employee who is absent from duties on a leave of absence, and the duration of the leave and/or conditions of work are such that in the opinion of the Human Resources Director it is impracticable to use Temporary Appointments, the Human Resources Director may approve an appointment on a Substitute basis to fill the vacancy during the entire period of the leave. If an Eligible List exists for the Classification to which the vacant Position belongs, selection shall be made from this Eligible List in the same manner as provided for Probationary appointments; if no such Eligible List exists, the Human Resources Director shall decide whether qualifying or competitive tests shall be conducted. Any person so appointed shall be compensated within the pay range provided for the Classification to which the vacant Position belongs, but no Classification Service rights shall accrue to such substitute employee in such Classification or Position.

**SECTION 7: APPOINTMENT TO UNCLASSIFIED SERVICE:**

(a) When any Regular employee in the Classified Service shall be appointed to an office or position in the Unclassified Service, his/her position in the Classified Service shall be considered vacated and shall be filled by the regular procedures which apply to filling such positions on a permanent basis. The Regular employee so appointed to the Unclassified office or position shall retain his/her Classified Service title and status.

(b) If such employee is separated from his/her Unclassified office or position, he/she shall be returned to the position and classification in the Classified Service which he/she held immediately prior to becoming an Unclassified employee with compensation within the salary range then prevailing for such classification.

(c) In the event the Classified Service classification of such employee has been abolished or otherwise discontinued, such employee shall be placed in a Classified position at the same level as his/her Classified Service classification for which, in the opinion of the Personnel Director, as approved by the Personnel Board, he/she possess at least minimum qualifications. If there is no classification at such level, he/she shall be placed in a Classified position at the next lower level for which, in the opinion of the Personnel Director, as approved by the Personnel Board, he/she possesses at least minimum qualifications. In either of such events, said employee shall be placed in such Classified position with compensation within the salary range then prevailing for such classification but not lower than the salary range held by such employee when appointed to the Unclassified office.

CITY 001062

# RULE IX. PROBATIONARY PERIOD

**SECTION 1: PURPOSE:** The Probationary Period is an intrinsic part of the Appointment process and shall be used to closely evaluate the employee's performance. A Probationary employee who in the sole discretion of an Appointing Authority does not satisfactorily meet all Specifications may be rejected by the Appointing Authority.

**SECTION 2: DISCIPLINARY ACTION, SUSPENSION, REJECTION OR REMOVAL DURING PROBATIONARY PERIOD:** During the Probationary Period, an employee may be subject to Rejection or disciplinary action including, but not limited to, Suspension, reduction in pay or Classification, or Removal at any time without any prior notice or warning in the sole discretion of the Appointing Authority. Notice of Suspension, reduction in pay or Classification, or Removal must be given to the employee and the Human Resources Director. A Probationary employee has no right to appeal Rejection, any disciplinary action, or Removal by the Appointing Authority for any reason whatsoever. The Personnel Board has no jurisdiction over Probationary employees. In the case of a Rejection, the Human Resources Director shall determine whether or not the Probationary employee should be restored to an Eligible List provided, however, a Probationary employee who has been rejected a second time or removed shall not be restored to an Eligible List.

**SECTION 3: REPORTS DURING THE PROBATIONARY PERIOD:** The Human Resources Director may require the Appointing Authority to submit a performance evaluation of the Probationary employee.

**SECTION 4: REGULAR APPOINTMENT AFTER PROBATIONARY PERIOD:**

(a)    All Appointments are subject to successful completion of six (6) months Probationary Period, except as provided in these Rules.

(b)    The Probationary Period for the Classifications of Firefighter I, Communications Supervisor, Dispatcher, Dispatcher Trainee, and Code Compliance Officer I shall be twelve (12) months.

The Probationary Period for Police Officer and Police Officer trainees shall be eighteen (18) months. The Probationary Period for the Classifications of Police Officer and Police Officer Trainee may be extended for an additional period of time up to eighteen (18) months.

(c)    The Original Entrance or Promotional Probationary Period for the following Classifications shall be nine (9) months:

Sergeant of Police
Lieutenant of Police
Communications Operator

CITY 001063

> Communications Technician I
> Identification Technician I
> Identification Technician II
> Identification Officer
> Firefighter II
> Fire Lieutenant
> Fire Captain
> Complaint Operator II

(d)     A Probationary employee who is laid off or who resigns without pending disciplinary action after serving four (4) or more months of the Probationary Period, and who is re-appointed to the same Classification within one (1) year from the date of such separation, shall be given full credit for such prior Probationary time towards completion of the Probationary Period. In no event, however, is the Probationary Period to be served after such Re-Appointment to be for less than one (1) calendar month.

## SECTION 5: PROBATIONARY PERIOD AFTER HAVING ATTAINED REGULAR STATUS:

(a)     An employee rejected or laid off during the Probationary Period following a Promotional Appointment to a higher Classification shall be re-appointed to the Position from which the employee was promoted, even if the Layoff of the employee currently occupying the former Position is necessary.

(b)     An employee rejected during the Probationary Period following a Promotional Appointment to a higher Classification for reasons which, in the opinion of the Human Resources Director, constitute sufficient cause for Removal as provided in Rule XI, Sections 2 and 6, shall be removed. If such employee is not part of a collective bargaining unit, the employee shall have the right to appeal such Removal from the City to the Personnel Board, but such employee shall not have the right to appeal the Appointing Authority's deteiiiiination that the employee did not pass probation.

## SECTION 6: ABSENCES DURING PROBATIONARY PERIOD:

(a)     All absences during a Probationary Period shall extend the date of completion of the Probationary Period in time equal to the amount of time absent, except that the first thirty (30) days of an absence for non-service connected injury or illness or the first sixty (60) days of an absence for a service connected injury shall not extend the date of completion of the Probationary Period if the employee is on approved FMLA leave, or if the employee provides to the Human Resources Director proper medical evidence as to the existence of an illness or injury within two (2) weeks after the injury or illness commences, or as otherwise required by USERRA or other law.

(b)     During an Original Entrance Probationary Period, any consecutive absence in excess of three (3) weeks, except for an approved absence in connection with illness or injury as provided in sub-paragraph (a) above or an absence which is otherwise provided

CITY 001064

for by law, shall automatically cancel the Probationary Appointment. If, however, the Appointing Authority submits a written request to the Human Resources Director and obtains the Human Resources Director's approval, the appointee may be retained. The Probationary Period shall continue from the date of the return to duty if absence is due to military leave under USERRA. In the event such consecutive absence exceeds ninety (90) days, the Probationary Period shall be automatically terminated, except for an approved absence, illness or injury as provided in sub-paragraph (a) above or as otherwise required by USERRA or other law.

(c)     During a Promotional Probationary Period, any consecutive absence in excess of six (6) weeks, except for an approved absence in connection with an illness or injury as provided in sub-paragraph (a) above or an absence which is otherwise provided for by law, shall automatically terminate the Probationary Appointment. If, however, the Appointing Authority submits a written request to the Human Resources Director and obtains the Human Resources Director's approval, such appointee may be retained. The Probationary Period shall continue from the date of the return to duty if absence is due to military leave under USERRA. In the event such consecutive absence exceeds six (6) months, the Probationary Period shall be automatically terminated, except for an approved absence, illness or injury as provided in sub-paragraph (a) above or as otherwise required by USERRA or other law.

**SECTION 7: NON-APPLICABILITY OF PART-TIME SERVICE:** Service in a part time capacity does not apply to, nor lessen the length of, the Probationary Period for that position.

CITY 001065

## RULE X. DISCIPLINARY ACTIONS

**SECTION 1: PURPOSE:** Any Appointing Authority may take disciplinary action against a subordinate employee at any time for sufficient cause which will promote the efficiency of the City as determined by the Appointing Authority provided, however, that any action involving loss of time, pay or benefits, must be submitted in advance to the Human Resources Director who will make a recommendation to the City Manager as to whether or not the disciplinary action should be approved, rejected or modified.

**SECTION 2: GROUNDS FOR DISCIPLINARY ACTION:**

(a)    Sufficient cause is required for the Human Resources Director to issue an Intent to Discipline. The Intent to Discipline shall list the grounds of alleged misconduct which, if sustained, will result in Final Action to Discipline including reduction in pay, Suspension, Demotion and/or Removal. Grounds for misconduct include, but are not limited to, if an employee:

1.    Has been convicted of a criminal offense involving moral turpitude, referred to a pre-trial intervention or diversion program, pled guilty, entered an admission of guilt or otherwise received a withhold of adjudication, or has been arrested for any criminal offense or of conduct involving moral turpitude.

2.    Has willfully violated any of the provisions of the Civil Service Act or of these Rules or Work Rules, or has attempted to or does commit any act or acts intended to nullify any of the provisions thereof

3.    Has been guilty of conduct unbecoming an employee of the City.

4.    Fails to report to the Human Resources Director, in writing, any conviction, finding of guilt, withhold of adjudication, enrollment in a pretrial diversion program, or entrance of a plea of guilty or nolo contendere for any criminal offense other than minor traffic violation within forty-eight (48) hours after the final judgment.

5.    Fails to report knowledge of or reasonable basis of suspicion of another employee's theft of time, money, property, fraud, embezzlement or corruption.

6.    Has violated any lawful and reasonable regulation or order, or failed to obey any lawful and reasonable directive from a superior where such violation or failure to obey has resulted or may have resulted in loss or injury to the City, the public, or to persons or property in the custody of the City.

7.    Has engaged in any of the following:

CITY 001066

(a)      Has been intoxicated or under the influence of intoxicants or narcotics while on duty or while wearing a City furnished uniform, whether on or off duty.

(b)      Has imbibed any amount of any intoxicant, narcotic, alcohol, illegal drug, or controlled substance, has tested positive for any intoxicant, alcohol, narcotic, illegal drug or controlled substance, or has used any amount of any narcotics, alcohol, illegal drug, or controlled substance, during duty hours if the employee is a sworn Police Officer, an employee of the Fire Division detailed to fire fighting apparatus, or an employee responsible for the operation of an automobile, truck, tractor, bulldozer, roadgrader, roadroller, crane, or other such power equipment.

(c)      Has failed to report a citation, arrest or notice to appear for any moving violation if the employee is a sworn Police Officer, an employee of the Fire Division detailed to fire fighting apparatus, or an employee responsible for the operation of an automobile, truck, tractor, bulldozer, roadgrader, roadroller, crane, or other such power equipment.

(d)      Has tested positive or is in possession and/or is using, dispensing, or selling any illegal drug or controlled substance not prescribed by a licensed physician, whether on or off duty.

(e)      Has tested positive or used and/or possesses alcohol during duty hours.

8.      Has a mental, psychological or physical condition which prevents the employee from performing the essential functions of the Position with or without reasonable accommodation.

9.      Has been insubordinate.

10.      Has been offensive in conduct or language toward the public, City officers, superiors, or toward other employees.

11.      Has been incompetent, negligent or inefficient and/or has received two consecutive overall performance evaluations of Improvement Needed, Unsatisfactory, or any combination thereof.

12.      Has been careless, inefficient, or negligent with the time, service equipment materials, property or anything of value of the City.

13.      Has stolen, misplaced or misused time, services, equipment, materials, property or any other thing of value belonging to the City, including the authority accorded by the employee's Position.

CITY 001067

14.   Has threatened to use, attempted to use or used political influence in securing Promotion, leave of absence, transfer or change of Classification, pay or character of work.

15.   Has violated the provisions of the Conflict of Interest Ordinance of the City of Miami Beach.

16.   Has falsified a time record or failed to report absence from duty in accordance with prescribed procedures.

17.   Has been absent from duty without approved leave of absence from the Appointing Authority, or contrary to prescribed procedures, or has failed to report after a leave of absence has expired, or within a reasonable time after such leave of absence has been revoked or cancelled, if an extension of such is not otherwise required by law.

18.   Has been excessively absent or habitually tardy or has refused to perform a reasonable amount of work when directed to do so.

19.   Has engaged in any activities prohibited under the provisions of Rule I, Section 3 of these Rules.

20.   Has been antagonistic in attitude toward superiors or other employees, criticizes orders or rules issued and policies adopted by superiors, or interferes with the proper coordination of the City's employees to the detriment of efficient public service.

21.   Has been guilty of actions which amount to disgraceful conduct while on or off duty.

22.   Has willfully refused or failed to appear before any grand jury, court, or judge, or officer, board or body authorized by law or the City Commission to conduct any hearing or inquiry relative to the official duties of such employee, or has refused and continues to refuse to answer any related questions concerning official duties which have been asked of the employee as part of an official hearing or inquiry by the Appointing Authority, the City Manager or by any other person authorized by the City Commission or the City Manager to conduct such hearing or inquiry, unless refusal to do so is otherwise protected by law.

23.   Has been guilty of gross negligence or gross inefficiency in the performance of duties, where such negligence or inefficiency has resulted in loss or injury to the City, the public, or to persons or property affected thereby.

24.   Has engaged in or failed to report unlawful harassment, discrimination or retaliation.

CITY 001068

25. Has engaged in or failed to report any violation of law or ethics.

26. Has violated the provisions of Department rules.

27. Has made a false statement or material omission in the application for employment, promotion, advancement wage increase, or other term or condition of employment; has made a false statement or material omission during an investigation; has made a false statement or material omission in any documentation.

28. Has had an excessive number of accidents resulting in personal injury, injury to self, others or property, or other violation of safety practices.

29. Has a Position that requires the operation of a motor vehicle in the performance of duties, is a sworn police officer, an employee of the Fire Division, detailed to fire fighting apparatus, or an employee responsible for the operation of an automobile, truck, tractor, bulldozer, roadgrader, roadroller, crane, or other power equipment, and has had driver's license or driving privileges suspended or revoked; has failed to wear corrective lenses as required by Rule XVII, Medical and Physical Standard.

30. Has a Position requiring a valid driver's license or valid specialized license, and has failed to obtain or maintain such license or allowed it to lapse or has had restrictions imposed by operation of law.

31. Has engaged in a physical altercation outside the lawful exercise of duties with either other City employees or the general public, regardless of provocation.

32. For any other just cause.

## SECTION 3: REDUCTION IN PAY:

(a) Subject to approval by the City Manager, an Appointing Authority may reduce the wage of an employee for disciplinary purpose or when the employee's performance does not conform to the required Specifications, Job Description, Work Rules, Department Rules or for other just cause. Any such reduction must be submitted in advance to the Human Resources Director who will make a recommendation to the City Manager as to whether or not the reduction should be approved, denied or modified.

(b) In the event that an employee's wage is reduced for disciplinary purpose, such reduction in pay shall not exceed five percent (5%) of the wage of such employee, and shall continue for the length of time the employee remains in that Position; however, the reduction may be adjusted by the Appointing Authority, with the approval of the City Manager, at any time.

CITY 001069

(c)     The procedures established by Rule XIII Appeals from Disciplinary Action shall apply in case of appeals from reduction in pay of classified employees not in a collective bargaining unit.

**SECTION 4: DEMOTIONS:** A reduction of employment status from a higher Classification to a lower Classification is a Demotion.

(a)     Subject to approval by the City Manager, an Appointing Authority may Demote an employee for disciplinary purpose or when the employee's performance does not conform to the required Specifications, Job Description, Work Rules, Department Rules or for other just cause. Any request for a Demotion must be submitted in advance and in writing to the Human Resources Director who will make a recommendation to the City Manager as to whether or not the disciplinary action should be approved, denied, or modified.

(b)     The Human Resources Director may place an employee to a vacant Position at the request of such employee, after an investigation as the Human Resources Director may deem necessary. The Human Resources Director may arrange the placement of the employee to a vacant Position under another Appointing Authority. However, no such placement will be made unless approved by both the Human Resources Director and the prospective Appointing Authority. Notice of such proposed placement shall be given to the current Appointing Authority by the Human Resources Director at least ten **(10)** days before the placement becomes effective, unless said notice is waived in writing by the current Appointing Authority.

(c)     The Human Resources Director, with the consent of the prospective Appointing Authority, may demote an employee to a vacant Position as a substitute for a Layoff. The City Manager may require such action if the City Manager determines it is in the best interest of the City. Any employee so demoted shall be placed on the Re-Employment List for the Classification from which the employee was demoted. An employee shall not be demoted to a Position for which the employee does not possess the minimum Specification, as determined by the Human Resources Director.

(d)     The procedure established by Rule XIII, Appeals from Disciplinary Action, shall apply in case of appeals from Demotions made for disciplinary actions of classified employees not in a collective bargaining unit.

**SECTION 5: SUSPENSIONS:**

(a)     Subject to approval by the City Manager, an Appointing Authority may Suspend an employee for disciplinary purpose or when the employee's performance does not conform to the required Specifications, Job Description, Work Rules or department rules or for other just cause. Any Suspension must be submitted in advance to the Human Resources Director who will make a recommendation to the City Manager as to whether or not the disciplinary action should be approved, denied, or modified.

CITY 001070

(b)     Subject to the approval by the City Manager, an Appointing Authority may suspend an employee at any time whenever an employee has been indicted, informed against, or otherwise charged in any state or federal court and the Human Resources Director determines the matter to be job related. Such suspension may continue until the acquittal or conviction of such employee or until the case against the employee has been otherwise resolved. However, if the charges, indictment, and/or information are dropped, or otherwise dismissed by the prosecuting authority, the employee will be reinstated and entitled to recover all lost wages and benefits suffered as a result of such suspension, unless the City has otherwise taken disciplinary action, up to and including termination, based upon such conduct or other conduct or violation of rules contained herein.

(c)     If an employee requests a continuance based upon an indictment, information or other charges and the continuance is granted, the employee shall waive any and all rights to wages and all other benefits and terms and conditions of employment lost by reason of such continuance from the date of said continuance until the date of acquittal.

(d)     The procedure established by Rule XIII, Appeals from Disciplinary Action shall apply in case of an appeal from Suspension made for disciplinary action of classified employees not in a collective bargaining unit.

SECTION 6: REMOVALS:

(a)     Subject to approval by the City Manager, an Appointing Authority may remove an employee for disciplinary purpose or when the employee's performance does not conform to the required Specifications, Job Description, Work Rules or department rules or for other just cause. Any Removal must be submitted in advance to the Human Resources Director who will make a recommendation to the City Manager as to whether or not the disciplinary action should be approved, denied, or modified.

(b)     The procedures established by Rule XIII, Appeals from Disciplinary Action shall apply in case of appeals from Removals of classified employees not in a collective bargaining unit.

CITY 001071

## RULE XI. TRANSFERS, ASSIGNMENTS,

## PROMOTIONS SECTION I: TRANSFERS:

**(a)     Classification Transfer:** The Transfer of an employee from a Position in one Classification to a Position in another Classification for which the employee is qualified and for which the same maximum rate of pay has been established, is called a Classification Transfer and may be made by the Appointing Authorities involved and the Human Resources Director, or whenever the City Manager deems such action to be for the good of the Service. No Classification Transfer which requires an employee to Transfer from the employee's existing regular pension system or relief and pension fund to any other, or which renders such employee ineligible to remain in or participate in benefits of the employee's existing regular pension system or relief and pension fund, shall be made without the written consent of the employee.

**(b)     Organizational Transfer:** The Transfer of an employee from a Position in one Classification to another Position in the same Classification under another Appointing Authority is called an Organizational Transfer, and may be made with the consent of the Appointing Authorities involved and the Human Resources Director.

**SECTION 2: OUT OF CLASSIFICATION ASSIGNMENT:** The assignment for a temporary period from a Position in one Classification to a Position in another Classification having a higher maximum rate of compensation, or with the consent of the affected employee to another Classification having a lower maximum rate of compensation under the same Appointing Authority, is an Assignment and may be made in order to bring about a better distribution of persons in the Service to effect economies or to provide training.

(a)     Any employee so assigned to a higher Classification will receive the pay of the higher Classification.

(b)     Any employee so assigned to a lower Classification will maintain the current pay or not be decreased.

(c)     The time an employee spends in such Assignment shall not be used for computing any rights in the higher Classification to which the employee may be so assigned.

**SECTION 3: PROMOTIONS:** An increase in employment status from a Position in a lower Classification to a Position in a higher Classification is a Promotion. No Promotion shall be made except as a result of examination as provided in these Rules. However, the Human Resources Director may eliminate competitive examinations in specific categories as set forth in Section 10G of Article IV of Subpart B of the Related Special Laws of the Code of City of Miami Beach. If competitive examinations are eliminated, the Promotion shall be based upon the Specifications, skill, ability, qualifications, length of service, performance evaluation, disciplinary history, and such other factors as may be deemed relevant by the Human Resources Director.

CITY 001072

## RULE XII. RESIGNATIONS AND

## LAYOFFS SECTION 1: RESIGNATIONS:

(a)     Any person who voluntarily withdraws as a Regular employee in the Classified Service, whose service has been satisfactory, and withdraws from the Service after submitting a written resignation, while in compliance with all attendant requirements of the Appointing Authority and the Human Resources Director, and who further declines to accept the Leave Settlement, may be re-employed.

(b)     Any person who voluntarily withdraws as a Regular employee in the Classified Service, whose service has not been satisfactory or who fails to submit a written resignation or who fails to comply with the attendant requirements of the Appointing Authority and the Human Resources Director or who accepts the Leave Settlement, shall forfeit all Civil Service rights and may apply for employment only through Original Entrance procedures.

(c)     Employees who resign from employment after the institution of disciplinary action are subject to disqualification from re-employment under Rule VI, Application and Examination, Section 5.

## SECTION 2: LAYOFFS:

(a)     An Appointing Authority may reduce the number of employees or Positions in any Classification because of lack of work, lack of funding, changes in job duties, changes in organization, or for other legitimate reasons. Upon investigation and recommendation by the Human Resources Director, the City Manager shall determine whether only the employees of the Appointing Authority concerned shall be considered for Layoff or whether the Service in whole or in part shall be considered. The Human Resources Director shall inform the Appointing Authority as to the order in which employees shall be laid off The employee's length of service, skills, qualifications, ability to perform the work available, performance evaluations, disciplinary history, and any other factors deemed relevant will be considered in determining the order of Layoff. A written notice of Layoff containing the reasons therefore shall be provided to each employee or mailed electronically or otherwise to the last known address. In determining the order of Layoff in each Classification, Temporary employees shall be considered as a separate entity and the length and relative value of service of the employees in such Temporary status shall be comparable only among such Temporary employees of such Classification.

(b)     No Regular or Probationary employee in a Classification shall be laid off so long as any Emergency or Temporary employee is employed in the same Classification, or any other Classification to which Transfers can readily be made in the opinion of the City Manager. Furthermore, all employees in a Classification who have not completed an Original Probationary Period shall be laid off before any Regular employees in the same Classification. In the event of further reductions in force, employees will be laid off or

CITY 001073

reduced in Classification in accordance with length of service, skills, qualifications, ability to perform the work, performance evaluations, disciplinary history, and any other factors the Human Resources Director deems relevant. When two or more employees have equal skill, qualifications, ability to perform the work, which include performance evaluations and disciplinary history, the employee with the least length of service will be the first laid off or demoted. No employee shall be laid off or demoted without receiving one week's notice prior to the effective date of Layoff or Demotion.

(c)      When deemed to be in the best interests of the City, the Human Resources Director may require that employees in a lower Classification be laid off when employees in a higher Classification who are willing and qualified for the work of the lower Classification would otherwise have to be laid off

(d)      Length of service shall be terminated when a Regular employee:

     I. resigns;

     2. is laid off for more than one year;

     3. is terminated for cause;

     4. retires or is retired;

     5. fails to return to work at the expiration of any approved leave of absence, unless otherwise prohibited by law; or

     6. fails to report to work within seven (7) calendar days after the date of written notice of recall to work after a Layoff given by the City by electronic, certified or registered mail to the employee at the last address appearing on the records in Human Resources. It shall be the employee's responsibility to provide the Human Resources Director with a current residential and email address.

(e)      Any person who has served satisfactorily as a Regular employee, and who is laid off as provided in this Section, shall be placed on the Re-Employment List. The employee's length of service shall not be discontinued, unless the employee shall request in writing to be removed from such Re-Employment List, or unless such Re-Employment List shall expire by limitation; then, the employee shall forfeit all Civil Service rights and shall be Eligible for future employment only through Original Entrance procedures. When there is a recall from the Re-Employment List, employees laid off will be recalled in the order determined by the Human Resources Director after consideration of length of service, skills, qualifications, ability to perform the work, performance evaluations, disciplinary history, and any other factors the Human Resources Director deems relevant.

CITY 001074

## RULE XIII. APPEALS FROM DISCIPLINARY ACTION

**SECTION 1: RIGHTS OF REGULAR EMPLOYEES:**

(a)     Whenever the Appointing Authority of any Regular employee determines that there are reasons for reduction in pay, Suspension, Demotion or Removal of such employee, the Appointing Authority shall notify the Human Resources Director, the City Manager and the City Attorney in writing prior to the intended action.

(b)     The written notice of intent required by paragraph (a) above shall state the type of disciplinary action to be considered, the reasons therefor and shall be given to the employee or emailed or mailed to the employee's place of residence. A copy of such notice shall be submitted to the Human Resources Director.

(c)     If an employee is released from duty by the Appointing Authority pending the investigation for disciplinary action, the Appointing Authority shall provide written notice to the Human Resources Director, the City Manager, the City Attorney, and the employee within 24 hours after such release from duty.

**SECTION 2: REQUEST FOR APPEALS HEARING:** A Regular employee not covered by a collective bargaining agreement may appeal from the above disciplinary action within ten **(10)** calendar days after the delivery or mailing of such written notice by filing a written request for a hearing before the Personnel Board with the Human Resources Director. The written request shall contain the employee's name, Position; the disciplinary action the employee is appealing, and a brief explanation as to why the employee is appealing the disciplinary action. The employee may also attach supporting documents.

**SECTION 3: APPEALS HEARING FOR DISCIPLINARY ACTION BY REGULAR EMPLOYEES:**

(a)     Within ten (10) calendar days after receipt of a request for an appeals hearing, the Personnel Board shall fix a time and place for a public appeals hearing within thirty (30) calendar days thereafter. Written notice of such time and place shall be delivered or mailed promptly to the employee, the Appointing Authority and the City Manager.

(b)     A quorum of the Personnel Board consists of three (3) Associate Members and one (1) Employee Member. The Chair or acting Chair shall grant a continuance at the time of hearing for lack of quorum or emergency. The Chair may grant a continuance to either party for good and sufficient cause. Absent an emergency, such request for continuance should be received in writing by the Human Resources Director, with a copy to the opposing party, no less than seven (7) calendar days prior to the date of the scheduled hearing.

(c)     The Personnel Board may call any person to appear or request the production of any records relevant to the appeal prior to or at the hearing.

(d)     The current or former Appointing Authority or a representative designated by Human Resources shall have the right to appear at such hearing and to be represented by counsel appointed by the City.

(e)     The employee shall have the right to appear at such hearing and to be represented by an attorney licensed to practice in the State of Florida.

(f)     An appeal for hearing from disciplinary action shall not be subject to formal rules of evidence. However, the findings of the Personnel Board shall be based upon competent and substantial evidence of record.

(g)     The Appointing Authority shall have the burden of presenting evidence to prove the allegations supporting the disciplinary action.

(h)     The employee shall have the right to present evidence to refute such allegations.

(i)     Each party shall have the right to make an opening statement.

(j)     Rulings on objections and questions of procedure or law shall be made by the Chair. Before making the ruling, the Chair or any member of the Personnel Board may request an opinion from the City Attorney for the Personnel Board.

(k)     After both the Appointing Authority and the employee have presented their testimony and evidence, the Personnel Board shall receive argument in summation. The Appointing Authority may reserve time for rebuttal.

(1)     After the completion of closing argument, the Board shall hold an open executive session to consider the testimony and evidence presented before the Board to determine the truth or untruth of the charges. At such open executive session only the members of the Board and the Attorney for the Board, at the Board's request, shall be heard.

(m)     The Chair shall entertain a motion, duly seconded, to grant or deny the appeal. Each Associate Member shall be entitled to one (1) vote; the three Employee Members shall be entitled to a total of one vote, voting as an Employee Member unit. The Human Resources Director as the Secretary of the Personnel Board shall then call the roll. A majority vote of those members present shall be required to grant the appeal and overturn the disciplinary action. In the event of a tied vote, the appeal shall be denied and the disciplinary action shall remain.

(n)     The Personnel Board may request written submissions of proposed findings of fact and conclusions of law.

(o)     Within five (5) business days after the close of the hearing, the Personnel Board shall report its findings in writing. The Human Resources Director shall promptly deliver or mail a copy of such findings to the Appointing Authority and to the employee.

CITY 001076

**SECTION 4: FAILURE OF PARTIES TO APPEAR:** If the employee fails to appear, the Personnel Board shall deny the appeal unless the employee demonstrates cause for non-appearance within ten (10) calendar days of the denial. If the Appointing Authority or the Appointing Authority designee fails to appear, the Personnel Board may hear the employee's evidence and render a decision thereon or may continue the hearing.

**SECTION 5: RESIGNATION BEFORE HEARING:** If the employee resigns before the Personnel Board issues its findings, the appeal shall be dismissed. Any person resigning under such circumstances shall forfeit all Civil Service rights.

**SECTION 6: COMPENSATION WHEN AN EMPLOYEE PREVAILS:** If the employee prevails at an appeals hearing from the disciplinary action and the disciplinary action is overturned by the Personnel Board, the employee shall recover any wages and benefits lost by reason of such disciplinary action. However, under no circumstances shall the employee be entitled to recover attorney's fees.

**SECTION 7: PARTICIPATION IN EXAMINATIONS WHEN AN EMPLOYEE**.
**PREVAILS:** If the employee is precluded from participating in any examination solely because of the disciplinary action at the time such examination is held, and the employee prevails at the appeals hearing, then at the employee's request, the employee shall be given an individual examination of the same degree of difficulty. If the employee passes such examination, the employee's name shall be placed into the existing Eligible List in order of the final earned rating, and the employee's Eligibility shall continue for the life of the existing List.

CITY 001077

## RULE XIV. ATTENDANCE, LEAVE, AND ABSENCE

**SECTION 1: ATTENDANCE:**

**(a)** **HOURS OF WORK:** Administrative regulations pertaining to hours of work shall be promulgated in order to establish, insofar as practicable, uniformity in hours of work for all employees.

**(b)** **LEAVES WITH PAY:** All leaves with pay shall be in accordance with ordinances adopted by the City or otherwise required by law.

**(c)** **ATTENDANCE RECORDS:** All employees must attend work in accordance with the requirements of administrative regulations, leave ordinances, the Department's Rules and procedures, and these Personnel Rules. It is the duty of the Appointing Authority to keep daily attendance records and to submit attendance reports to the Human Resources Department.

**SECTION 2: REPORTS OF ABSENCE:**

(a)     An employee must report any absence not previously arranged in accordance with departmental rules or procedures, but in no case later than one hour after the usual time of beginning work each day of such absence, unless the cause of the absence is such that it will be of considerable duration and the employee has provided appropriate notification and documentation of the covered absence.

(b)     The Human Resources Director or a designee can investigate absences for which compensation is claimed. Appropriate documentation from City designated Health Care Providers may be required stating that the employee was unable to perform the duties of the Position during the entire absence.

**SECTION 3: MEDICAL EXAMINATION FOLLOWING ABSENCE:** The Human Resources Director or the Appointing Authority may require a statement from a qualified licensed Health Care Provider that the employee is able to return to work. If an employee has been absent for ten (10) or more work days because of illness or injury, the Human Resources Director or the Appointing Authority may require a fitness for duty evaluation by the City Physician or other medical specialist designated by the City before the employee is permitted to return to work.

**SECTION 4: LEAVE WITHOUT COMPENSATION:** When a Regular employee requests a leave of absence not covered under the FMLA, the Appointing Authority may grant such leave of absence without pay for a period not longer than a total of twelve (12) working days, consecutive or otherwise, within a six (6) month period. A leave of absence longer than twelve (12) working days but not to exceed six (6) months, unless specifically provided elsewhere in these Rules, may be granted to a Regular employee upon written recommendation of the Appointing Authority and with the approval of the Human Resources Director. Such leave may

CITY 001078

be cancelled at any time and the employee ordered to report back to duty within a reasonable time.

CITY 001079

# RULE XV. PERFORMANCE EVALUATIONS

**SECTION 1: PURPOSE:** The purpose of this Rule is to enhance the morale, incentive, and productivity of employees.

(a)      The performance of employees shall be evaluated in writing and the evaluation reported to and retained by the Human Resources Director. Such evaluations shall be considered when pertinent in determining salary increases or decreases, Promotions, Demotions, Transfers, Separations, and other personnel actions.

(b)      The Human Resources Director shall have the authority to waive the performance evaluation of any employee for a particular period. The waiver of an evaluation hereunder shall not be construed either favorably or unfavorably with respect to the employee.

**SECTION 2: EVALUATORS:**

**(a)      AUTHORITY:** The Human Resources Director shall designate the Appointing Authorities as Evaluators who in turn may designate Evaluators. The Appointing Authorities shall provide the Human Resources Director with a record of all Evaluators.

**(b)      RESPONSIBILITIES:** Evaluators shall be responsible for the timely and accurate preparation and submission of performance evaluation reports for the employees in their area of assigned responsibility. Evaluators shall attest to the validity and accuracy of the evaluations.

**(c)      TRAINING:** The Human Resources Director shall provide a continuing program of orientation and training for all Evaluators regarding performance evaluations. Each Evaluator must participate in an introductory training course. After the initial training, Evaluators need be retrained only at the request or recommendation of the Appointing Authority, Human Resources Director, the Personnel Board or the City Manager.

**(d)      DISQUALIFICATIONS FOR LOW RATINGS:** Any employee whose most recent performance evaluation score was less than 50 overall shall be disqualified from any promotional examination until such time as the employee receives a score of 50 or higher.

**SECTION 3: REQUEST FOR APPEALS HEARING:** A Regular employee may appeal an overall performance evaluation score of less than 60 within ten (10) calendar days of receiving the performance evaluation by filing a written request for a hearing before the Personnel Board with the Human Resources Director, who shall advise the Personnel Board Chair. The written request for appeal shall contain the employee's name, dates of service, Position and brief explanation as to why the employee believes the evaluation is inaccurate. Only the overall performance evaluation score may be appealed.

CITY 001080

**SECTION 4: APPEALS HEARING FOR PERFORMANCE EVALUATION:**

(a)   Within ten (10) calendar days after receipt of such petition, the Personnel Board shall fix a place and time for holding a public hearing within thirty (30) calendar days thereafter. Written notice of such time and place shall be delivered or mailed promptly to the Employee, to the Appointing Authority and to the City Manager.

(b)   A quorum consists of three (3) Associate Members and one (1) Employee Member. The Chair or acting Chair shall grant a continuance at the time of hearing for lack of quorum or emergency. The Chair may grant a continuance to either party for good and sufficient cause. Absent an emergency, a request for continuance should be received in writing by the Human Resources Director with a copy to the opposing party no less than seven (7) calendar days prior to the date of the scheduled hearing.

(c)   The Personnel Board may call any person to appear or request the production of any records relevant to the appeal prior to or at the hearing.

(d)   The Appointing Authority or a designated representative shall have the right to be present at such hearing and to be represented by counsel appointed by the City.

(e)   The employee shall have the right to appear at such hearing and to be represented by an attorney licensed to practice in the State of Florida.

(f)   The appeals hearing shall not be subject to formal rules of evidence. The findings of the Personnel Board, however, shall be based upon competent and substantial evidence of record.

(g)   The City shall have the burden of presenting evidence to prove the evaluation is accurate.

(h)   The Appointing Authority or the Human Resources Director shall have the right to present evidence to substantiate the evaluation and refute the employee's evidence.

(i)   Each party shall have the right to make an opening statement.

(j)   Rulings on objections and questions of procedures or law shall be made by the Chair. Before making the ruling, the Chair or any Member of the Personnel Board may request an opinion from the City Attorney for the Personnel Board.

(k)   After both the employee and the Appointing Authority have presented their testimony and evidence, the Personnel Board shall receive argument in summation. The employee may reserve time for rebuttal.

(1)   After closing arguments, the Personnel Board shall hold an open executive session to consider the testimony and evidence presented. At such open executive

CITY 001081

session, only the Members of the Personnel Board and, at the Personnel Board's request, the City Attorney for the Personnel Board shall be heard.

(m)   The Chair shall entertain a motion, duly seconded, to grant or deny the appeal. Each Associate Member shall be entitled to one vote; the three Employee Members shall be entitled to a total of one vote, voting as an Employee Member unit. The Human Resources Director as Secretary of the Personnel Board shall then call the roll. A majority vote of those Members present shall be required to grant the appeal. In the event of a tied vote, the appeal shall be denied and the performance evaluation score(s) shall remain.

(n)   The Personnel Board may request proposed findings of fact and conclusions of law to be submitted after the hearing.

(o)   Within five (5) calendar days after the close of the hearing, the Personnel Board shall report its findings in writing. The Human Resources Director shall promptly deliver or mail a copy of such findings to the Appointing Authority and to the employee.

(p)   If the appeal results in a finding in favor of the employee, the evaluation shall be raised as applicable.

**SECTION 5: FAILURE OF PARTIES TO APPEAR:** If the employee fails to appear, the Personnel Board shall deny the appeal unless the employee demonstrates cause for non-appearance within ten (10) calendar days of the denial. If the Appointing Authority or the Appointing Authority designee fails to appear, the Personnel Board may hear the employee's evidence and render a decision thereon or may continue the hearing.

**SECTION 6: PERFORMANCE EVALUATION:** A performance evaluation must be prepared for each employee. The Performance Evaluation shall accurately measure the employee's performance on the critical factors of the job and the overall responsibilities. The performance evaluation will be discussed with the employee. The performance evaluation is a permanent record in the employee's personnel file.

CITY 001082

## RULE XVI. SPECIAL CITY AWARDS

**SECTION 1: PURPOSE: SPECIAL AWARDS:** All Classified and Unclassified employees shall be Eligible for Special City Awards to be granted annually.

**SECTION 2: SPECIAL CITY AWARDS:** Nominations shall be accepted by the Personnel Board for Special City Awards in the following categories:

  (a)      One Team, One City Award: For a team consisting of two or more persons (not necessarily within the same department) working together in a collaborative effort to accomplish one of the City's key intended outcomes.

  (b)      Beyond the Call of Duty Award: For an employee whose brave, compassionate or humane act(s) went above and beyond the scope of normal employment duties.

  (c)      City Betterment Award: For an employee who contributed to the betterment of a Department's or the City's operations by developing new methods, procedures, ideas or suggestions that resulted in the enhancement of safety, the saving of time, labor and/or money to the City.

  (d)      Community Volunteer Award: For an employee whose volunteer work, outside the scope of normal employment duties, made a vital and valuable contribution to the community or to the civic, educational, athletic or other endeavors in the community.

  (e)      Customer Service Award: For an employee whose extraordinary customer service at work exceeded expectations and which has been witnessed and documented.

**SECTION 3: EMPLOYEE OF THE YEAR AWARD:** The Personnel Board will present the Annual Employee of the Year Award to one of the recipient(s) of the above Special City Awards. The recipient(s) will be recognized by having their name(s) affixed to a plaque to be displayed at City Hall.

**SECTION 4: NOMINATIONS AND SELECTIONS:** The Human Resources Director will determine the time and manner for nominations. The selection of nominations and awardees will be made by the Personnel Board. The selections made by the Personnel Board are final and not appealable.

CITY 001083

## RULE XVII. EMPLOYEE TRAINING

**SECTION 1: NEW EMPLOYEE TRAINING:** The Appointed Authority is responsible for the instruction and training of employees in their duties and for providing applicable policies and objectives. The Human Resources Director shall provide training programs as necessary.

**SECTION 2: IN-SERVICE TRAINING:** The Human Resources Director may provide ongoing training opportunities.

**SECTION 3: OTHER TRAINING:** An employee who successfully completes any academic, extension, correspondence, or other special training courses may submit proof thereof to the Human Resources Director.

CITY 001084

## RULE XVIII. MEDICAL AND PHYSICAL STANDARDS

**SECTION 1: APPLICANTS FOR EMPLOYMENT:** The Human Resources Director is authorized to adopt physical and medical standards which are job related to the Position, are consistent with business necessity, and required of all applicants for that Position.

**SECTION 2: EMPLOYEES:** The Human Resources Director is authorized to adopt physical and medical standards which are job related to the Position, are consistent with business necessity, and required of all employees for that Position.

(a)     When an employee fails to meet such physical and medical standards deemed necessary for continued employment in the Position held, and cannot do so with or without reasonable accommodation, a Classification or Organizational Transfer may be made, if practical, to a Position for which the employee is qualified, notwithstanding any other provisions of these Rules. If a Transfer cannot be arranged, the provisions of Rule XI, Sections 3 and 4 will apply. Any Transfer, Demotion or reduction in pay made in accordance with this Rule is subject to approval of the City Manager and the Human Resources Director. This paragraph shall not apply to Police Officers and Fire Fighters with respect to Transfers outside of their respective departments.

(b)     An employee who operates a motor vehicle as part of his/her duties, and who has acceptable vision only when wearing corrective lenses must, at all times while engaged in driving, wear such corrective lenses. An employee who fails to wear required corrective lenses while driving is subject to disciplinary action as provided in Rule XI.