**1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:1:22-cv-21004-DPG

JESSICA GUASTO,
          PLAINTIFF,
VS.

THE CITY OF MIAMI BEACH, FL,
A FLORIDA MUNICIPALITY,
          DEFENDANT.
_____/

DEPOSITION OF:      MICHAEL PANCIER, ESQ.
DATE:               APRIL 15, 2024
TIME:               3:28 P.M. - 3:48 P.M.
PLACE:              VIA ZOOM REMOTE CONFERENCING
REPORTED BY:        TIMOFEY GARBUZ
                    COURT REPORTER
                    NOTARY PUBLIC, STATE OF FLORIDA

**2**

1 APPEARANCES:
2 DANIEL B. BARROUKH, ESQ.
  DEREK SMITH LAW GROUP, PLLC
3 520 BRICKELL KEY DRIVE
  SUITE O-301
4 MIAMI, FLORIDA  33131-2433
  (786) 688-2335
5 DANIELB@DEREKSMITHLAW.COM
       COUNSEL APPEARING ON BEHALF OF THE PLAINTIFF.
6
7
8 MICHAEL L. ELKINS, ESQ.
  MLE LAW
9 1212 NORTHEAST 16TH TERRACE
  FORT LAUDERDALE, FLORIDA  33304
10 (954)401-2608
   MELKINS@MLELAWFIRM.COM
11      COUNSEL APPEARING ON BEHALF OF THE DEFENDANT.
12
13
14              * * * * * * * * *
15          S T I P U L A T I O N S
16
17      It is hereby stipulated and agreed by and
18 between counsel for the respective parties, and the
19 deponent, that the reading and signing of the deposition
20 are hereby waived.
21
22
23
24
25

**3**

1              I N D E X
2 WITNESS                                          PAGE
3 MICHAEL PANCIER, ESQ.
4 Direct Examination by Mr. Elkins                   4
5
6          E X H I B I T S
7 DEPOSITION      DESCRIPTION                       PAGE
8 Exhibit Number 1   EEOC Charge filed 7/13/20        6
9 Exhibit Number 2   Settlement Agreement             8
10 Exhibit Number 3  Email thread (Composite)        13
11 Exhibit Number 4  Request for Withdrawal of Charge 18
                     of Discrimination

**4**

1          P R O C E E D I N G S
2              * * * *
3        THE REPORTER:  Do you swear or affirm that the
4    testimony you give in this matter shall be the truth,
5    the whole truth, and nothing but the truth, so help you
6    God?
7        THE WITNESS:  Yes.
8        THE REPORTER:  We may proceed.
9            MICHAEL PANCIER, ESQ.,
10 Having been first duly sworn, testified as follows:
11          DIRECT EXAMINATION
12 BY MR. ELKINS:
13    Q.  Good afternoon, Mr. Pancier.
14    A.  Good afternoon.
15    Q.  Can you just state your name for the record,
16 please?
17    A.  Michael A. Pancier.
18    Q.  Do you prefer if I call you Mr. Pancier or
19 Michael?  You know you and I both --
20    A.  I don't care.  I don't care.
21    Q.  Okay.  How long have you been a labor and
22 employment lawyer?
23    A.  Since I was licensed, so since 1992.
24    Q.  Fair to say you've been involved in a few
25 depositions in your career?

5

```
1    A.  Yeah.
2    Q.  I am not going to go through the rules of a
3  deposition because I suspect you already know them, other
4  than to remind you, just as a refresher, as we all tell
5  everybody, we can't talk over each other for the sake of our
6  court reporter.  But other than that, I think you know all
7  the rules, correct?
8    A.  Yes.
9    Q.  Okay.  Good.
10       Did you have an occasion to represent Jessica
11  Salabarria also known as Jessica Guasto?
12    A.  Yes.
13    Q.  Okay.  Just to be clear for the entirety of this
14  deposition -- and you and I talked about this before -- I
15  don't want to know, nor am I asking about anything that the
16  two of you talked about.  And even if one of my questions
17  seems to go there, it's not intended to.  So don't tell me
18  anything that the two of you talked about.
19    A.  I won't.
20    Q.  I know.  I just want to make clear I'm not asking
21  either.
22       What was the scope of your representation with
23  Ms. Salabarria?
24    A.  Well, I believe I represented her on two different
25  occasions, if memory serves me correct.
```

6

```
1    Q.  Okay.
2    A.  And --
3    Q.  Can you be specific?
4    A.  I believe I represented her the first time where
5  she was demoted from I believe from a Sergeant's position,
6  if I'm not mistaken, and I assisted her in the EEOC process.
7    Q.  And the second time?
8    A.  And the second time I believe it was for a
9  retaliation claim where we filed a second EEOC claim, if I'm
10  not mistaken.
11    Q.  And my questions today focus on the second EEOC
12  charge.  Let me just show you a copy of what I'll mark as
13  Exhibit 1.
14       (Deposition Exhibit Number 1 marked for
15  identification.)
16  BY MR. ELKINS:
17    Q.  This is -- can you see the document?
18    A.  Yes.  Yes, I can.
19    Q.  This is an EEOC charge that Jessica filed -- I'll
20  scroll down -- July 13th, 2020.  Is this the charge in which
21  you represented her and you referred to as sort of the
22  second time you represented her?
23    A.  Yeah.  You know, let me just take a look.
24    Q.  Take your time.
25    A.  I think there was a second page on this.
```

7

```
1    Q.  Yes, there is.  I'll scroll.
2    A.  Okay.  Yeah.  Yes, this was the second charge.
3    Q.  Okay.  One second.
4       MR. ELKINS:  And Tim, I think I need to give you
5    the exhibits from the earlier depo as well.  So when we
6    are done here, don't leave.  Sorry.
7  BY MR. ELKINS:
8    Q.  Okay.  In reference to that charge of
9  discrimination that we've marked as Exhibit 1, did the City
10  and your client, Jessica, engage in settlement discussions?
11    A.  Yes.  And I believe the union was involved as
12  well.
13    Q.  Correct.  And was it Eugene Gibbons involved with
14  the union?
15    A.  Yes.
16    Q.  And he was the union attorney, correct?
17    A.  Yes, correct.
18    Q.  Okay.  Let's start with this:  Did the parties
19  ultimately reach a Settlement Agreement relating to that
20  2020 -- July '20 EEOC charge?
21    A.  Yes.
22    Q.  Okay.  And did you represent Ms. Salabarria also
23  known as Ms. Guasto in conjunction with that Settlement
24  Agreement?  I'm not asking what you talked about.  I just
25  want to know if you were her lawyer?
```

8

```
1    A.  Yes.
2    Q.  Okay.  Let me show you a copy of that document.
3       Okay.  I'm going to scroll through this to confirm
4  that this is the Settlement Agreement that relates to the
5  2020 EEOC charge.
6       (Deposition Exhibit Number 2 marked for
7  identification.)
8  BY MR. ELKINS:
9    Q.  So just tell me, first of all, this you can see
10  here relates to Charge Number 510-2020-04794, which I'll
11  represent to you is the same charge we just looked at.
12    A.  Okay.
13    Q.  And here, it talks about her withdrawing the
14  charge, receiving 160-hour suspension, as well as paying
15  back money to the City.  Do you remember this agreement?
16    A.  Yes.  Keep scrolling on there.
17    Q.  Sure.
18    A.  Okay.  Yeah.  Okay.  Yeah.  I remember the Last
19  Chance Agreement, yes.
20    Q.  Okay.  And you were one of Jessica's lawyers in
21  conjunction with this Settlement Agreement, correct?
22    A.  Correct.
23    Q.  Which also included a Last Chance Agreement, which
24  I'm showing you now.
25    A.  Right.
```

9

1    Q.  And is this the Last Chance Agreement that you
2  were one of the lawyers on?
3    A.  Yeah, if you could just scroll to the end.  Let me
4  just --
5    Q.  Of course.
6    A.  Okay.  Yes.
7    Q.  Okay.  So in entering into that Settlement
8  Agreement and the Last Chance Agreement, is it true or is it
9  fair to say that Jessica was represented by her union, a
10  private attorney, which was you, plus the union attorney?
11    A.  Yes, the union was representing her with respect
12  to any remedy she had under the Collective Bargaining
13  Agreement and I was representing her on the EEOC matter
14  only.
15    Q.  Okay.  And in furtherance of entering into that
16  Settlement Agreement and the Last Chance Agreement, were you
17  party to a meeting between various City personnel and your
18  client in November of 2020?
19    A.  Yeah.  Along with Mr. Gibbons, the union attorney.
20    Q.  Correct.  Okay.  So also present at that
21  November 2020 meeting was the union lawyer, you, myself, the
22  Chief of Police, the Director of Human Resources, the
23  Captain of Internal Affairs, I believe another Internal
24  Affairs investigator, the --
25    A.  Yeah, I don't -- I don't remember -- I know there

10

1  were other individuals there, but I only have specific
2  recollection of you, the Chief, and, you know, myself and
3  Mr. Gibbons and Jessica.  I don't remember who else from the
4  City was there.
5    Q.  What was the purpose of the meeting?
6    A.  The purpose of the meeting, to the best of my
7  recollection, was to basically have a settlement conference
8  where we can put everything on the table and see if we could
9  reach some type of a resolution.
10    Q.  Do you remember Eugene Gibbons gave a speech at
11  the beginning of the meeting that the meeting was a
12  confidential settlement meeting?
13    A.  I don't have any specific recollection of that.
14  It's possible.
15    Q.  Okay.
16    A.  I don't recall.
17    Q.  Was the meeting to discuss both Jessica's pending
18  Internal Affairs investigation and the EEOC charge?
19    A.  Yeah, because it was my understanding, if memory
20  serves me correct, that the IA, we deemed it to be
21  retaliatory, so that was one of the issues that was
22  obviously -- that we were, you know, basically discussing
23  everything, putting everything on the table and see, you
24  know, what the deal was.
25    Q.  So there was no secret that the meeting

11

1  encompassed both the Internal Affairs issues and the EEOC
2  charge?
3    A.  That's correct.
4    Q.  Okay.  I'm going to show you some emails in a
5  minute, but I just have a few other questions about the
6  meeting.
7       At any point in the meeting during the group
8  discussion -- I'm not asking about what you and your client
9  may have talked about during caucus.  But at any point
10  during the group discussion when everyone was present, did
11  you or Eugene Gibbons or anybody on behalf of your client
12  raise an issue that the meeting was an improper
13  interrogation under the Police Officer Bill of Rights?
14    A.  I know I didn't.  I don't have any recollection of
15  Mr. Gibbons raising that.
16    Q.  Do you -- I'm sorry, go ahead.
17    A.  The best that I recall was, you know, we all met
18  in a big conference room.  And you know, we gave kind of our
19  respective positions.  And I recall either you or someone on
20  behalf of the City -- I have a recollection of there being
21  some type of a projection or something that there was
22  some -- there was some records or some documents that you
23  guys showed us I guess supporting what the City's position
24  was that I recall.
25    Q.  I believe A.J. Prieto may have done a Power Point

12

1  presentation during the meeting.  Is that what you're
2  referring to?
3    A.  I remember something being projected.  It was
4  either a Power Point.  I don't know who was doing it, but
5  that's what I recall was done at the meeting.  And I recall
6  the City basically saying, you know, this is the basis of
7  why we believe Jessica should be, you know, investigated or
8  disciplined, something along those lines.
9    Q.  Do you recall anybody from the City questioning or
10  interrogating your client during that meeting?
11    A.  No, there was no questioning.  Basically, they
12  were presenting their side.  And then, you know, we would
13  discuss things privately outside of the presence of the
14  City's people.  But that was it.
15    Q.  I just want to be very clear on this point because
16  it's an important point in this case.  You do not recall --
17  or actually, I think you said your client was not questioned
18  by the City during this meeting; is that correct?
19    A.  Yeah.  You know, I don't -- I don't recall any
20  type of interrogation or -- or testimony or anything like
21  that.  Basically, from the best that I can recall was the
22  attorneys were mainly doing most of the talking.
23    Q.  Okay.  I'm going to show you what I'm marking as
24  Exhibit 3.  Hold on.  Give me one sec.
25       (Deposition Exhibit Number 3 marked for

13

1  identification.)
2  BY MR. ELKINS:
3      Q.  Okay.  Can you see these documents?
4      A.  Yes.
5      Q.  I guess this was really Composite Exhibit 3.  It's
6  a -- it's a series of emails between myself, you and Gene
7  Gibbons.  I just want to go through these very quickly.  We
8  are not going to spend a ton of time here.  There's 27
9  pages.  We won't be going through all 27, but these are the
10 emails, I'll represent to you, relating to scheduling that
11 November meeting.
12     So I just want to go through this first one.  This
13 is me writing to you and Gene.  And here I said:  "This
14 email confirms that today I spoke to Gene about tolling the
15 180-day period for Sgt. Salabarria's pending IA
16 investigation and the FOP has no objection.  This email
17 further confirms that yesterday I spoke with Michael
18 Pancier.  And he represented that Sgt. Salabarria agreed to
19 toll the 180-day period.  Accordingly, the 180-day period is
20 tolled as of the date of this email.  Michael," referring to
21 you, "and I further discussed Sgt. Salabarria's agreement to
22 an extension of time for the City to respond to the pending
23 EEOC charge.  This tolling and extension are pursuant to the
24 parties' agreement to engage in settlement discussions to
25 possibly resolve the pending IA investigation and pending

14

1  EEOC charge.  I will touch base early next week to
2  coordinate scheduling a meeting between the parties for
3  purposes of discussing settlement."
4      A.  Yes.
5      Q.  Have you ever seen this email before, Michael?
6      A.  Yes.
7      Q.  Okay.  And is this email an accurate
8  representation of what occurred at this time concerning your
9  client's pending EEOC charge and pending IA investigation?
10     A.  Yeah, that confirms what we were discussing during
11 that time period.
12     Q.  Do you know what the 180-day period is, like, as a
13 general principle or rule?
14     A.  If memory serves me correct, I believe under the
15 Bill of Rights -- and I know there's been changes to it, but
16 from what I can recall, they have a certain amount of time
17 to complete the investigation unless there's an overriding,
18 you know, basis to extend it.
19     Q.  And there are certain -- there are certain ways
20 that 180.  You're correct.  And there are certain ways the
21 180-day period can be tolled.  Like, for example, if there's
22 a pending criminal investigation, the 180-day period
23 automatically tolls on the civil side or it could be tolled
24 by agreement.  Correct?
25     A.  Correct.

15

1      Q.  And here, the union and your client agreed to toll
2  that 180-day period, correct?
3      A.  Correct.
4      Q.  And the purpose of that was so that everything
5  could be discussed together, correct?  By everything, I
6  mean, resolving potentially the IA investigation issues and
7  the EEOC charge, correct?
8      A.  Yeah.  I mean, to basically, if today we discuss
9  all family business, so basically everything on the table
10 and see if we could work it out.
11     Q.  That is an excellent -- that is an excellent
12 Godfather reference.
13     Just to be clear:  There's no other reason -- in
14 this case, there would have been no other reason to toll the
15 180-day period other than to discuss settlement, correct?
16     A.  As far as I know.  I mean, it would make sense.
17     Q.  And the 180-day period is really there as a
18 general rule for the benefit of the officer so that
19 municipalities don't delay discipline too long, correct?
20     A.  Correct.  In fact, I've have cases, you know, IA's
21 tossed because they didn't complete the investigation
22 properly within the timeframe.
23     Q.  And in this case, your client agreed to toll that
24 180-day period for settlement discussions; is that right?
25     A.  That's correct.

16

1      Q.  Okay.  Scrolling down.  Now, we are going to go to
2  an email from --
3      A.  Yourself to the EEOC.
4      Q.  No, we're not going to talk about that.
5      A.  Okay.
6      Q.  Okay.  This is an email from me to both you and
7  Gene Gibbons, dated October 6th, 2020.  It says:  "All:  I
8  am looking to set the meeting for the Salabarria settlement
9  discussions.  I thought it would be easiest to get your best
10 dates and then I will work around those with the City.  My
11 suggestion is you both give me dates for October, November
12 and December.  I have a packed October and November, but I
13 will try to make this happen then, but give me December
14 dates just in case."
15     Do you remember receiving this email?
16     A.  Yes.
17     Q.  And was this again to have a meeting to resolve
18 both the EEOC charge and the IA case?
19     A.  Yes, to both, everything.
20     Q.  And that's why the email includes both you and
21 Mr. Gibbons; is that right?
22     A.  Well, we were both involved, so I mean, you
23 drafted it, but yeah, I mean basically, it was for all the
24 parties to be there to resolve the, you know, her rights
25 under the Collective Bargaining Agreement and obviously her

**17**

EEOC rights.

Q.  Okay.  And then this next email from you is you providing dates for October and November, correct?

A.  Yes.

Q.  And then, this email is Gene responding saying that your schedule works for him and he wanted to set this up ASAP, correct?

A.  That's what it says, correct.

Q.  And here on October 30th, I'm emailing you --

A.  No, I'm emailing you.

Q.  Sorry.  You're emailing me confirming the meeting on Monday at 10 A.M. and confirming the location and the parking situation.

Is that the November settlement meeting that you were confirming?

A.  I guess whatever that Monday would have been. I'm -- yeah, it would have been November 2nd, I guess.  This was on a Friday.

Q.  Correct.  Saturday would have been October 31st. Sunday would have been November 1st.  So Monday would have been November 2nd?

A.  Correct.

Q.  Okay.  And why did you include Eugene Gibbons on this email?

A.  Because he was supposed to be there.

**18**

Q.  And he was -- was he ultimately there?

A.  Yes.

Q.  And then I believe I respond to you that the meeting's confirmed and the location is the police department.  Is that true?  Do you see that?

A.  Correct, yeah.

Q.  I'm just making sure there's nothing else here I need to ask you about.

Okay.  And I just have one more document to show you.

Okay.  This is the EEOC's form Request for Withdrawal of Charge of Discrimination.  Do you see the form?

A.  Yes.

(Deposition Exhibit Number 4 marked for identification.)

BY MR. ELKINS:

Q.  Did you file this on behalf of your client?

A.  Yes.

Q.  Is that your client's signature?

A.  Yeah, it's her electronic signature.

Q.  And what's the reason for the withdrawal?

A.  Settlement.

Q.  And that's settlement of both the EEOC charge and the Internal Affairs investigation and the Settlement

**19**

Agreement and Last Chance Agreement we entered into, was all of that a product of the November 2nd, 2020 meeting that we originally had?

A.  To the best of my recollection, yes.

Q.  And were there some additional settlement negotiations that happened between the City, your office and Gene to come to the final Settlement Agreement which was signed in December?

A.  From the best of my recollection, maybe on the language, but I mean, I don't have any specific, you know, recollection of, you know, of the back and forth on there, but I recall we worked on an agreement and then we reached an accord, and we had everybody sign off on it.

Q.  Let me ask the question a different way.  That was probably a bad question.  And this is my last question:  Was the Settlement Agreement and the Last Chance Agreement a negotiated arm's length negotiated agreement between all of the parties?

A.  Yes.

MR. ELKINS:  Nothing further.

MR. BARROUKH:  I have nothing further either.

THE WITNESS:  I'll waive.

MR. ELKINS:  You're going to waive.  All right. Cool.

THE WITNESS:  Yes.

**20**

(Deposition concluded at 3:48 P.M.)

CERTIFICATE OF OATH

STATE OF FLORIDA

COUNTY OF BROWARD

I, TIMOFEY GARBUZ, Notary Public, State of Florida, certify that MICHAEL PANCIER, ESQ. personally appeared before me via Zoom on the 15th day of April 2024 and was duly sworn.

Signed this 15th day of April 2024.

_____
TIMOFEY GARBUZ
Notary Public
State of Florida
My Commission #HH 284028
Expires July 5, 2026

21

1       REPORTER'S DEPOSITION CERTIFICATE

2

STATE OF FLORIDA   )

3

COUNTY OF PALM BEACH)

4

5     I, TIMOFEY GARBUZ, Court Reporter, certify that I was
authorized to and did report the Deposition of MICHAEL

6  PANCIER, ESQ.; that a review of the transcript was not
requested; and that the foregoing transcript, pages 1-19, is

7  a true and complete record of my notes.

8     I FURTHER CERTIFY that I am not a relative,
employee, attorney or counsel of any of the parties,

9  nor am I a relative or employee of any of the parties'
attorney or counsel connected with the action, nor am I

10 financially interested in the action.

11    DATED this 20th day of April 2024.

12

13

14

           _____

15     TIMOFEY GARBUZ
       COURT REPORTER

16

17

18

19

20

21

22

23

24

25

| A | B |
|---|---|
| **A.J** 11:25 | **B** 2:2 3:6 |
| **A.M** 17:12 | **back** 8:15 19:11 |
| **accord** 19:13 | **bad** 19:15 |
| **accurate** 14:7 | **Bargaining** 9:12 |
| **action** 21:9,10 | 16:25 |
| **additional** 19:5 | **BARROUKH** |
| **Affairs** 9:23,24 | 2:2 19:21 |
| 10:18 11:1 | **base** 14:1 |
| 18:25 | **basically** 10:7,22 |
| **affirm** 4:3 | 12:6,11,21 |
| **afternoon** 4:13 | 15:8,9 16:23 |
| 4:14 | **basis** 12:6 14:18 |
| **agreed** 2:17 | **BEACH** 1:8 |
| 13:18 15:1,23 | 21:3 |
| **agreement** 3:9 | **beginning** 10:11 |
| 7:19,24 8:4,15 | **behalf** 2:5,11 |
| 8:19,21,23 9:1 | 11:11,20 18:18 |
| 9:8,8,13,16,16 | **believe** 5:24 6:4 |
| 13:21,24 14:24 | 6:5,8 7:11 9:23 |
| 16:25 19:1,1,7 | 11:25 12:7 |
| 19:12,16,16,17 | 14:14 18:3 |
| **ahead** 11:16 | **benefit** 15:18 |
| **amount** 14:16 | **best** 10:6 11:17 |
| **anybody** 11:11 | 12:21 16:9 |
| 12:9 | 19:4,9 |
| **APPEARANC...** | **big** 11:18 |
| 2:1 | **Bill** 11:13 14:15 |
| **appeared** 20:7 | **BRICKELL** 2:3 |
| **APPEARING** | **BROWARD** |
| 2:5,11 | 20:5 |
| **April** 1:14 20:8 | **business** 15:9 |
| 20:10 21:11 | |
| **arm's** 19:17 | **C** |
| **ASAP** 17:7 | **C** 4:1 |
| **asking** 5:15,20 | **call** 4:18 |
| 7:24 11:8 | **Captain** 9:23 |
| **assisted** 6:6 | **care** 4:20,20 |
| **attorney** 7:16 | **career** 4:25 |
| 9:10,10,19 | **case** 1:5 12:16 |
| 21:8,9 | 15:14,23 16:14 |
| **attorneys** 12:22 | 16:9 |
| **authorized** 21:5 | **cases** 15:20 |
| **automatically** | **caucus** 11:9 |
| 14:23 | **certain** 14:16,19 |

| (C) | C | D | D (cont.) |
|---|---|---|---|
| 14:19,20 | **conference** 10:7 | 16:14 17:3 | |
| **CERTIFICATE** | 11:18 | **day** 20:8,10 | |
| 20:3 21:1 | **CONFEREN...** | 21:11 | |
| **certify** 20:7 21:5 | 1:16 | **deal** 10:24 | |
| 21:8 | **confidential** | **December** 16:12 | |
| **Chance** 8:19,23 | 10:12 | 16:13 19:8 | |
| 9:1,8,16 19:1 | **confirm** 8:3 | **deemed** 10:20 | |
| 19:16 | **confirmed** 18:4 | **DEFENDANT** | |
| **changes** 14:15 | **confirming** | 1:10 2:11 | |
| **charge** 3:8,11 | 17:11,12,15 | **delay** 15:19 | |
| 6:12,19,20 7:2 | **confirms** 13:14 | **demoted** 6:5 | |
| 7:8,20 8:5,10 | 13:17 14:10 | **department** 18:5 | |
| 8:11,14 10:18 | **conjunction** | **depo** 7:5 | |
| 11:2 13:23 | 7:23 8:21 | **deponent** 2:19 | |
| 14:1,9 15:7 | **connected** 21:9 | **deposition** 1:13 | |
| 16:18 18:12,24 | **Cool** 19:24 | 2:19 3:7 5:3,14 | |
| **Chief** 9:22 10:2 | **coordinate** 14:2 | 6:14 8:6 12:25 | |
| **City** 1:8 7:9 8:15 | **copy** 6:12 8:2 | 18:15 20:1 | |
| 9:17 10:4 | **correct** 5:7,25 | 21:1,5 | |
| 11:20 12:6,9 | 7:13,16,17 | **depositions** 4:25 | |
| 12:18 13:22 | 8:21,22 9:20 | **DEREK** 2:2 | |
| 16:10 19:6 | 10:20 11:3 | **DESCRIPTION** | |
| **City's** 11:23 | 12:18 14:14,20 | 3:7 | |
| 12:14 | 14:24,25 15:2 | **different** 5:24 | |
| **civil** 14:23 | 15:3,5,7,15,19 | 19:14 | |
| **claim** 6:9,9 | 15:20,25 17:3 | **Direct** 3:4 4:11 | |
| **clear** 5:13,20 | 17:7,8,19,22 | **Director** 9:22 | |
| 12:15 15:13 | 18:6 | **discipline** 15:19 | |
| **client** 7:10 9:18 | **counsel** 2:5,11 | **disciplined** 12:8 | |
| 11:8,11 12:10 | 2:18 21:8,9 | **discrimination** | |
| 12:17 15:1,23 | **COUNTY** 20:5 | 3:11 7:9 18:12 | |
| 18:18 | 21:3 | **discuss** 10:17 | |
| **client's** 14:9 | **course** 9:5 | 12:13 15:8,15 | |
| 18:20 | **court** 1:2,17 5:6 | **discussed** 13:21 | |
| **Collective** 9:12 | 21:5,15 | 15:5 | |
| 16:25 | **criminal** 14:22 | **discussing** 10:22 | |
| **come** 19:7 | | 14:3,10 | |
| **Commission** | **D** | **discussion** 11:8 | |
| 20:14 | **D** 3:1 4:1 | 11:10 | |
| **complete** 14:17 | **DANIEL** 2:2 | **discussions** 7:10 | |
| 15:21 21:7 | **DANIELB@D...** | 13:24 15:24 | |
| **Composite** 3:10 | 2:5 | 16:9 | |
| 13:5 | **date** 1:14 13:20 | **DISTRICT** 1:2 | |
| **concerning** 14:8 | **dated** 16:7 21:11 | 1:3 | |
| **concluded** 20:1 | **dates** 16:10,11 | **DIVISION** 1:4 | |

document 6:17
8:2 18:9
documents
11:22 13:3
doing 12:4,22
drafted 16:23
DRIVE 2:3
duly 4:10 20:9

**E**

E 3:1,6 4:1,1
earlier 7:5
early 14:1
easiest 16:9
EEOC 3:8 6:6,9
6:11,19 7:20
8:5 9:13 10:18
11:1 13:23
14:1,9 15:7
16:3,18 17:1
18:24
EEOC's 18:11
either 5:21
11:19 12:4
19:21
electronic 18:21
Elkins 2:8 3:4
4:12 6:16 7:4,7
8:8 13:2 18:17
19:20,23
email 3:10 13:14
13:16,20 14:5
14:7 16:2,6,15
16:20 17:2,5
17:24
emailing 17:9,10
17:11
emails 11:4 13:6
13:10
employee 21:8,9
employment
4:22
encompassed
11:1
engage 7:10

13:24
entered 19:1
entering 9:7,15
entirety 5:13
ESQ 1:13 2:2,8
3:3 4:9 20:7
21:6
Eugene 7:13
10:10 11:11
17:23
everybody 5:5
19:13
Examination 3:4
4:11
example 14:21
excellent 15:11
15:11
Exhibit 3:8,9,10
3:11 6:13,14
7:9 8:6 12:24
12:25 13:5
18:15
exhibits 7:5
Expires 20:14
extend 14:18
extension 13:22
13:23

**F**

fact 15:20
fair 4:24 9:9
family 15:9
far 15:16
file 18:18
filed 3:8 6:9,19
final 19:7
financially
21:10
first 4:10 6:4 8:9
13:12
FL 1:8
Florida 1:3,9,18
2:4,9 20:4,6,13
21:2
focus 6:11

follows 4:10
FOP 13:16
foregoing 21:6
form 18:11,13
FORT 2:9
forth 19:11
Friday 17:18
further 13:17,21
19:20,21 21:8
furtherance
9:15

**G**

G 4:1
GARBUZ 1:17
20:6,12 21:5
21:15
Gene 13:6,13,14
16:7 17:5 19:7
general 14:13
15:18
Gibbons 7:13
9:19 10:3,10
11:11,15 13:7
16:7,21 17:23
give 4:4 7:4
12:24 16:11,13
go 5:2,17 11:16
13:7,12 16:1
God 4:6
Godfather 15:12
going 5:2 8:3
11:4 12:23
13:8,9 16:1,4
19:23
Good 4:13,14
5:9
group 2:2 11:7
11:10
Guasto 1:6 5:11
7:23
guess 11:23 13:5
17:16,17
guys 11:23

**H**

H 3:6
happen 16:13
happened 19:6
help 4:5
HH 20:14
Hold 12:24
Human 9:22

**I**

IA 10:20 13:15
13:25 14:9
15:6 16:18
IA's 15:20
identification
6:15 8:7 13:1
18:16
important 12:16
improper 11:12
include 17:23
included 8:23
includes 16:20
individuals 10:1
intended 5:17
interested 21:10
Internal 9:23,23
10:18 11:1
18:25
interrogating
12:10
interrogation
11:13 12:20
investigated
12:7
investigation
10:18 13:16,25
14:9,17,22
15:6,21 18:25
investigator
9:24
involved 4:24
7:11,13 16:22
issue 11:12
issues 10:21 11:1
15:6

**J**

Jessica 1:6 5:10
5:11 6:19 7:10
9:9 10:3 12:7
Jessica's 8:20
10:17
July 6:20 7:20
20:14

**K**

Keep 8:16
KEY 2:3
kind 11:18
know 4:19 5:3,6
5:15,20 6:23
7:25 9:25 10:2
10:22,24 11:14
11:17,18 12:4
12:6,7,12,19
14:12,15,18
15:16,20 16:24
19:10,11
known 5:11 7:23

**L**

L 2:8,15
labor 4:21
language 19:10
LAUDERDA...
2:9
LAW 2:2,8
lawyer 4:22 7:25
9:21
lawyers 8:20 9:2
leave 7:6
length 19:17
Let's 7:18
licensed 4:23
lines 12:8
location 17:12
18:4
long 4:21 15:19
look 6:23
looked 8:11
looking 16:8

**M**

making 18:7
mark 6:12
marked 6:14 7:9
  8:6 12:25
  18:15
marking 12:23
matter 4:4 9:13
mean 15:6,8,16
  16:22,23 19:10
meeting 9:17,21
  10:5,6,11,11
  10:12,17,25
  11:6,7,12 12:1
  12:5,10,18
  13:11 14:2
  16:8,17 17:11
  17:14 19:2
meeting's 18:4
MELKINS@...
  2:10
memory 5:25
  10:19 14:14
met 11:17
MIAMI 1:4,8
  2:4
Michael 1:13 2:8
  3:3 4:9,17,19
  13:17,20 14:5
  20:7 21:5
minute 11:5
mistaken 6:6,10
MLE 2:8
Monday 17:12
  17:16,20
money 8:15
municipalities
  15:19
MUNICIPAL...
  1:9

N
N 2:15 3:1 4:1
name 4:15
need 7:4 18:8
negotiated 19:17

19:17
negotiations
  19:6
NORTHEAST
  2:9
Notary 1:18
  20:6,13
notes 21:7
November 9:18
  9:21 13:11
  16:11,12 17:3
  17:14,17,20,21
  19:2
Number 3:8,9
  3:10,11 6:14
  8:6,10 12:25
  18:15

O
O 2:15 4:1
O-301 2:3
OATH 20:3
objection 13:16
obviously 10:22
  16:25
occasion 5:10
occasions 5:25
occurred 14:8
October 16:7,11
  16:12 17:3,9
  17:19
office 19:6
officer 11:13
  15:18
Okay 4:21 5:9
  5:13 6:1 7:2,3
  7:8,18,22 8:2,3
  8:12,18,18,20
  9:6,7,15,20
  10:15 11:4
  12:23 13:3
  14:7 16:1,5,6
  17:2,23 18:9
  18:11
originally 19:3

outside 12:13
overriding 14:17

P
P 2:15 4:1
P.M 1:15,15
  20:1
packed 16:12
page 3:2,7 6:25
pages 13:9 21:6
PALM 21:3
Pancier 1:13 3:3
  4:9,13,17,18
  13:18 20:7
  21:6
parking 17:13
parties 2:18 7:18
  14:2 16:24
  19:18 21:8
parties' 13:24
  21:9
party 9:17
paying 8:14
pending 10:17
  13:15,22,25,25
  14:9,9,22
people 12:14
period 13:15,19
  13:19 14:11,12
  14:21,22 15:2
  15:15,17,24
personally 20:7
personnel 9:17
PLACE 1:16
PLAINTIFF 1:7
  2:5
please 4:16
PLLC 2:2
plus 9:10
point 11:7,9,25
  12:4,15,16
police 9:22
  11:13 18:4
position 6:5
  11:23

positions 11:19
possible 10:14
possibly 13:25
potentially 15:6
Power 11:25
  12:4
prefer 4:18
presence 12:13
present 9:20
  11:10
presentation
  12:1
presenting 12:12
Prieto 11:25
principle 14:13
private 9:10
privately 12:13
probably 19:15
proceed 4:8
process 6:6
product 19:2
projected 12:3
projection 11:21
properly 15:22
providing 17:3
Public 1:18 20:6
  20:13
purpose 10:5,6
  15:4
purposes 14:3
pursuant 13:23
put 10:8
putting 10:23

Q
question 19:14
  19:15,15
questioned
  12:17
questioning 12:9
  12:11
questions 5:16
  6:11 11:5
quickly 13:7

R

R 4:1
raise 11:12
raising 11:15
reach 7:19 10:9
reached 19:12
reading 2:19
really 13:5 15:17
reason 15:13,14
  18:22
recall 10:16
  11:17,19,24
  12:5,5,9,16,19
  12:21 14:16
  19:12
receiving 8:14
  16:15
recollection 10:2
  10:7,13 11:14
  11:20 19:4,9
  19:11
record 4:15 21:7
records 11:22
reference 7:8
  15:12
referred 6:21
referring 12:2
  13:20
refresher 5:4
relates 8:4,10
relating 7:19
  13:10
relative 21:8,9
remedy 9:12
remember 8:15
  8:18 9:25 10:3
  10:10 12:3
  16:15
remind 5:4
REMOTE 1:16
report 21:5
REPORTED
  1:17
reporter 1:17
  4:3,8 5:6 21:5
  21:15

| | | | | |
|---|---|---|---|---|
| **REPORTER'S** 21:1 | **Salabarria's** 13:15,21 | 18:21 | **testified** 4:10 | 9:9,10,11,19 |
| **represent** 5:10 | **Saturday** 17:19 | **signed** 19:8 | **testimony** 4:4 | 9:21 15:1 |
| 7:22 8:11 | **saying** 12:6 17:5 | 20:10 | 12:20 | **UNITED** 1:2 |
| 13:10 | **says** 16:7 17:8 | **signing** 2:19 | **things** 12:13 | |
| **representation** | **schedule** 17:6 | **situation** 17:13 | **think** 5:6 6:25 | **V** |
| 5:22 14:8 | **scheduling** | **SMITH** 2:2 | 7:4 12:17 | **various** 9:17 |
| **represented** | 13:10 14:2 | **sorry** 7:6 11:16 | **thought** 16:9 | **VS** 1:7 |
| 5:24 6:4,21,22 | **scope** 5:22 | 17:11 | **thread** 3:10 | |
| 9:9 13:18 | **scroll** 6:20 7:1 | **sort** 6:21 | **Tim** 7:4 | **W** |
| **representing** | 8:3 9:3 | **SOUTHERN** | **time** 1:15 6:4,7,8 | **waive** 19:22,23 |
| 9:11,13 | **scrolling** 8:16 | 1:3 | 6:22,24 13:8 | **waived** 2:20 |
| **Request** 3:11 | 16:1 | **specific** 6:3 10:1 | 13:22 14:8,11 | **want** 5:15,20 |
| 18:11 | **sec** 12:24 | 10:13 19:10 | 14:16 | 7:25 12:15 |
| **requested** 21:6 | **second** 6:7,8,9 | **speech** 10:10 | **timeframe** 15:22 | 13:7,12 |
| **resolution** 10:9 | 6:11,22,25 7:2 | **spend** 13:8 | **TIMOFEY** 1:17 | **wanted** 17:6 |
| **resolve** 13:25 | 7:3 | **spoke** 13:14,17 | 20:6,12 21:5 | **way** 19:14 |
| 16:17,24 | **secret** 10:25 | **start** 7:18 | 21:15 | **ways** 14:19,20 |
| **resolving** 15:6 | **see** 6:17 8:9 10:8 | **state** 1:18 4:15 | **today** 6:11 13:14 | **we're** 16:4 |
| **Resources** 9:22 | 10:23 13:3 | 20:4,6,13 21:2 | 15:8 | **we've** 7:9 |
| **respect** 9:11 | 15:10 18:5,12 | **STATES** 1:2 | **toll** 13:19 15:1 | **week** 14:1 |
| **respective** 2:18 | **seen** 14:5 | **stipulated** 2:17 | 15:14,23 | **withdrawal** 3:11 |
| 11:19 | **sense** 15:16 | **suggestion** 16:11 | **tolled** 13:20 | 18:12,22 |
| **respond** 13:22 | **Sergeant's** 6:5 | **SUITE** 2:3 | 14:21,23 | **withdrawing** |
| 18:3 | **series** 13:6 | **Sunday** 17:20 | **tolling** 13:14,23 | 8:13 |
| **responding** 17:5 | **serves** 5:25 | **supporting** | **tolls** 14:23 | **WITNESS** 3:2 |
| **retaliation** 6:9 | 10:20 14:14 | 11:23 | **ton** 13:8 | 4:7 19:22,25 |
| **retaliatory** | **set** 16:8 17:6 | **supposed** 17:25 | **tossed** 15:21 | **work** 15:10 |
| 10:21 | **settlement** 3:9 | **sure** 8:17 18:7 | **touch** 14:1 | 16:10 |
| **review** 21:6 | 7:10,19,23 8:4 | **suspect** 5:3 | **transcript** 21:6 | **worked** 19:12 |
| **right** 8:25 15:24 | 8:21 9:7,16 | **suspension** 8:14 | 21:6 | **works** 17:6 |
| 16:21 19:23 | 10:7,12 13:24 | **swear** 4:3 | **true** 9:8 18:5 | **writing** 13:13 |
| **rights** 11:13 | 14:3 15:15,24 | **sworn** 4:10 20:9 | 21:7 | |
| 14:15 16:24 | 16:8 17:14 | | **truth** 4:4,5,5 | **X** |
| 17:1 | 18:23,24,25 | **T** | **try** 16:13 | **X** 3:1,6 |
| **room** 11:18 | 19:5,7,16 | **T** 2:15,15 3:6 | **two** 5:16,18,24 | |
| **rule** 14:13 15:18 | **Sgt** 13:15,18,21 | **table** 10:8,23 | **type** 10:9 11:21 | **Y** |
| **rules** 5:2,7 | **show** 6:12 8:2 | 15:9 | 12:20 | **yeah** 5:1 6:23 |
| | 11:4 12:23 | **take** 6:23,24 | | 7:2 8:18,18 9:3 |
| **S** | 18:9 | **talk** 5:5 16:4 | **U** | 9:19,25 10:19 |
| **S** 2:15,15 3:6 4:1 | **showed** 11:23 | **talked** 5:14,16 | **U** 2:15 | 12:19 14:10 |
| **sake** 5:5 | **showing** 8:24 | 5:18 7:24 11:9 | **ultimately** 7:19 | 15:8 16:23 |
| **Salabarria** 5:11 | **side** 12:12 14:23 | **talking** 12:22 | 18:1 | 17:17 18:6,21 |
| 5:23 7:22 | **sign** 19:13 | **talks** 8:13 | **understanding** | **yesterday** 13:17 |
| 13:18 16:8 | **signature** 18:20 | **tell** 5:4,17 8:9 | 10:19 | |
| | | **TERRACE** 2:9 | **union** 7:11,14,16 | **Z** |
| | | | | **Zoom** 1:16 20:8 |

Michael Pancier

| | |
|---|---|
| **0** | **33131-2433** 2:4 |
| | **33304** 2:9 |
| **1** | |
| **1** 3:8 6:13,14 7:9 | **4** |
| **1-19** 21:6 | **4** 3:4,11 18:15 |
| **1:22-cv-21004...** | |
|   1:5 | **5** |
| **10** 17:12 | **5** 20:14 |
| **1212** 2:9 | **510-2020-04794** |
| **13** 3:10 |   8:10 |
| **13th** 6:20 | **520** 2:3 |
| **15** 1:14 | |
| **15th** 20:8,10 | **6** |
| **160-hour** 8:14 | **6** 3:8 |
| **16TH** 2:9 | **688-2335** 2:4 |
| **18** 3:11 | **6th** 16:7 |
| **180** 14:20 | |
| **180-day** 13:15 | **7** |
|   13:19,19 14:12 | **7/13/20** 3:8 |
|   14:21,22 15:2 | **786** 2:4 |
|   15:15,17,24 | |
| **1992** 4:23 | **8** |
| **1st** 17:20 | **8** 3:9 |
| | |
| **2** | **9** |
| **2** 3:9 8:6 | **954)401-2608** |
| **20** 7:20 |   2:10 |
| **2020** 6:20 7:20 | |
|   8:5 9:18,21 | |
|   16:7 19:2 | |
| **2024** 1:14 20:8 | |
|   20:10 21:11 | |
| **2026** 20:14 | |
| **20th** 21:11 | |
| **27** 13:8,9 | |
| **284028** 20:14 | |
| **2nd** 17:17,21 | |
|   19:2 | |
| | |
| **3** | |
| **3** 3:10 12:24,25 | |
|   13:5 | |
| **3:28** 1:15 | |
| **3:48** 1:15 20:1 | |
| **30th** 17:9 | |
| **31st** 17:19 | |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

**EXHIBIT 1**
04.15.24 PANCIER TG

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
☐ FEPA
☒ EEOC  **510-2020-04794**

| **Florida Commission on Human Relations** | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Jessica Sallabarria | | 1991 |

| Street Address | City, State and ZIP Code |
|---|---|
| 117 NW 42nd Ave # 1008, Miami Fl 33126. [Confidential per Fla. Stat. s. 119.071 – Do not disclose in FOIA] | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| City of Miami Beach – Police Department | 15-100 | 305-673-7901 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1100 Washington Avenue | Miami Beach, FL 33139 |

| DISCRIMINATION BASED ON | | Earliest | Latest |
|---|---|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN | | 09/2019 | |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | | | |
| ☐ OTHER (Specify) | | ☒ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am female. I had a previous EEOC Claim against the City which was resolved in full when I reinstated to the position of Sergeant in September 2019. After I resolved my prior EEOC complaint, I started to receive sexually explicit text messages from a command staff member. I did not report the harassment for fear of retaliation as I was on a probationary status after being reinstated to Sergeant and given that another female sergeant in the department also reported sexual harassment and was retaliated against. Also, after I resolved my prior EEO Complaint, I had an issue in October or November of 2019 where Lieutenant Garcia was screenshotting personal pictures of my social media and forwarding it to the whole police station. Within a few days my personal pictures were on the phones of most of my colleagues. This was humiliating and mortifying. My colleagues were talking about the photograph and would come up to me to show me and when I asked, they said it come from Lieutenant Eduardo Garcia. Lieutenant Garcia used to ask me to join him for breakfast or to work out in the gym and when I would say no, he would get cold with me. He pulled me aside and attacked my personality, saying I needed to be more of an extrovert and less of an introvert

From February 2020 and onward, I was subjected to a hostile environment such as when my supervisors and others openly engage in sexually inappropriate and offensive comments and viewing pornographic videos in the workplace on their cellphones. The Lieutenants and Sergeants would openly laugh and make comments like "this is how so and so got the new position, or this is what you have to do around here to get in a specialized unit." Captain M. Rivero has been present while sergeants and lieutenants make sexual innuendo comments and she would laugh about it and not stop the behavior. I have been subjected to listening to my colleagues talk about penis enlargements and detail how the procedure is done. I have had to listen to some of my colleagues disparage black supervisors and use derogatory comments like "these negros are entitled and racist." I continuously have to listen to all my male colleagues who hold supervisory positions talk about women and sex on a constant basis.

Continued on following page

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 7/13/2020 | 1/13/2020 |
| Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) July 13, 2020 |

EEOC Form 5 (11/09)

EEOC-MDO
Recieved 07/15/2020

EDUARDO PAZ
MY COMMISSION # GG 054055
EXPIRES: 00/19/2022
Bonded Thru Notary Public Underwriters

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| **Florida Commission on Human Relations** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

*Continued from page 1*

In or about February of 2020, I had another Lieutenant asking several sergeants whom he saw speaking to me if they were sleeping with me. This Lieutenant also made comments such as I could rule the department if sleep my way to the top. I've also had a Major inappropriately grabbing my wrist in an inappropriate manner under the guise to personally inspect my tattoo and then he started to ask me personal questions about my relationship status.

Another situation in Feb/Mar 2020 occurred when a male Sgt. was verbally counseled for violating a state emergency order by having lunch in a restaurant after the city and governor advised no person shall eat inside any establishment. He was seen eating inside a restaurant with two (2) other officers. The officers and the sergeant did not receive any discipline. Instead, I was punished for being switched with the sergeant in lieu of the sergeant receiving discipline. Lieutenant Flanagan, Lieutenant Baldwin, and Lieutenant Dohler advised me verbally of the switch in area of responsibility and stated they are making this switch to protect the male sergeant from receiving formal written discipline.

In March or April of 2020, I was having a conversation with a Lieutenant when I told him that an officer would be coming in a couple hours late due to a dental visit where he would be getting a tooth filling. The Lieutenant responded with "what is he doing? A rectum filling?" A few weeks later, the Lieutenant started to imitate sexual acts in the workplace and saying, "this is what Andrew Gillum was doing last night" he also made a comment that the Covid-19 temperature checks were going to be conducted through the rectum.

I've also been subjected to disparate treatment. For example, even though command staff has stated that we need to have less contact with the public due to Covid, In May 2020, Ast Chief Acosta threatened to send me home if my vehicle didn't move much from the station which is uncomfortable considering the fact sergeants and lieutenants sleep on duty in the office and in their cars while working in front of me or in front of their supervisors. Yet no one tells them to move their vehicles.

In April 2020, my personal cell phone had run out of battery during my tour of duty and I left it in the car charging. One of my Lieutenants demanded me to respond to the Lieutenant's office and demanded to see my personal cell phone to check its battery life. I stated that her phone was in the car charging and that it was out of battery. I felt targeted and harassed as I had never seen anyone else be required or having been demanded to produce their personal phone for inspection by a supervisor. As I exited, I was contacted by several other supervisors who were appalled at this treatment and advised me that the Lieutenant had planned to make this request of her. That he stated verbatim "I know she's lying and when she walks in here, I am going to ask to see her phone."

Also on April 22, 2020, I was on the phone with Lt. Dohler and told him I was running late because I had a personal emergency due to a gastrointestinal issue. I had severe stomach cramps and could not hold the pain or keep from using the restroom. I had to shower again. As I was on my way in, the Lieutenant radioed me and asked what restroom I was in. I advised the lieutenant that I would be in the 5th-floor range restroom because that was the restroom I was headed towards. I was running up the station garage stairs because I had to use that restroom and I knew that would be the only one stall restroom I could use to maintain privacy and dignity. When I arrived, the lieutenants would be waiting for me outside the restroom door in a tactical position sneaking around standing in front of the restroom. When I walked in, I found both lieutenants in that position and asked what they were doing. They demanded to know who was in the restroom and who was I with. I was confused as to why they would be asking her this when I told Lieutenant Dohler of my emergency. I was humiliated due to this incident. Later, the same lieutenant filed an internal affairs complaint based on this incident which is currently pending.

When the above comments and behavior takes place in the workplace, I remove myself from the situation, but then I am criticized for not being a team player or for being an introvert.

In June of 2020, I had Lieutenant make comments in front of me that it's the Hispanics causing riots in Miami and making the protests violent, knowing very well I am a Hispanic female.

I have also had co-workers tell me that they did not want to be associated with me specifically because of my prior harassment/discrimination complaints.

I believe that I was subjected to sexual harassment and sexual discrimination, national origin discrimination, and retaliation because of my objections and complaints of the discriminatory behavior in the workplace in violation of Title VII of the Civil Rights Act of 1964, as amended, the Florida Civil Rights Act of 1992, as amended.

EEOC-MDO
Recieved 07/15/2020

City 001233



EXHIBIT

**2**

04.15.24 PANCIER TG

## SETTLEMENT AGREEMENT

The SETTLEMENT AGREEMENT ("Agreement") is entered into, by, and between the CITY OF MIAMI BEACH, its elected and appointed officials, its employees, and its insurers, attorneys, or agents of any kind (collectively, the "City"); JESSICA SALABARRIA ("Salabarria") and the FRATERNAL ORDER OF POLICE, WILLIAM NICHOLS LODGE NO. 8 ("FOP") (all collectively, the "Parties").

WHEREAS, Salabarria is employed by the City in its Police Department; and

WHEREAS, the FOP is the exclusive bargaining representative for a bargaining unit of City police employees, including Salabarria; and

WHEREAS, Salabarria is the subject of an on-going Internal Affairs investigation, I.A. Case No. 2020-010 ("the Investigation"); and

WHEREAS, Salabarria has filed an EEOC Charge, EEOC Charge No. 510-2020-04794 ("EEOC Charge"); and

WHEREAS, the Investigation and EEOC charge are all pending and constitute all the charges, investigations and grievances by or on behalf of Salabarria that have been or may be filed as of the Effective Date of this Agreement that have not otherwise been resolved or otherwise achieved finality; and

WHEREAS, the Parties, wish to avoid the burdens of further investigation, litigation and to resolve the disputes between them.

NOW, THEREFORE, intending to be legally bound but without setting precedent, do hereby agree as follows:

1.     Recitals. The Parties acknowledge and agree that the Recitals above are true to the best of their knowledge and belief and incorporate them as if fully set forth here and that the Recitals are a material inducement for the Parties to enter into this Agreement.

2.     EEOC Charge Withdrawn With Prejudice and Discipline. Salabarria and the FOP agree that, by executing this Agreement, they will simultaneously withdraw the Charge with prejudice by executing the attached Notice of Withdrawal with Prejudice and immediately filing same with the EEOC. Additionally, as discipline for the matters that are the subject of the Investigation, Salabarria agrees to accept the following:

    a.  A One Hundred and Sixty (160) hour suspension,

    b.  Payback of Eighty-Six (86) total hours, of which Forty-Four (44) Hours is regular time and Twenty-Four (24) hour is overtime. The regular rate is Forty-Four Dollars and 14/100 ($44.14) for a total of One Thousand Nine Hundred Forty-Two Dollars and 00/100 ($1,942.16) of regular time. The overtime hourly rate is Sixty-Six Dollars and 21/100 ($66.21), for a total amount of One

1

City 001235

DocuSign Envelope ID: CC3C60A9-8486-4907-B5EB-8735D7C895F1

Thousand Five Hundred Eighty-Nine Dollars and 04/100 ($1,589.04). **Accordingly, the Total Amount due to the City is Three Thousand Five Hundred Thirty-One Dollars and 20/100 ($3,531.20) ("the Total Amount")**. Salabarria can pay the Total Amount via a cashier's check made payable to the City of Miami Beach on or before January 4, 2021. If the City does not receive full payment on or before 5:00 p.m. on January 4, 2021, then the City is authorized to deduct the remaining amounts due from Salabarria's vacation leave bank.

c.   Salabarria will execute the attached Last Chance Agreement, which contains additional provisions. The Last Chance Agreement is incorporated by reference into this Agreement.

d.   Permanent deletion, from all platforms (platforms includes but is not limited to: Apple Podcasts, Stitcher, Spotify, Spotify Podcasts, Google Play Music, Google Podcasts, iHeart Radio, and any other social media and/or electronic platform) the podcast titled: "Cafecitos y Chisme with Nick & Jess."

e.   Salabarria will immediately have a meeting with the Chief of Police wherein she will address the claims made in the Charge, including but not limited to identifying the names of all persons who allegedly engaged in the conduct addressed in the Charge. The refusal to name the persons who have allegedly engaged in the conduct in the Charge shall be grounds for immediate termination, as discussed in the attached Last Chance Agreement. Salabarria shall be entitled to have a Union Representative with her during this meeting.

f.       Release Of Claims, Covenant Not To Sue.  Salabarria hereby releases and waives any and all claims of any kind whatsoever against the City that she had, has or may have from the beginning of the world through the date of this Agreement. The claims released include, but are not limited to, any and all claims arising under any federal, state, local or foreign statute or regulation, including, without limitation, those relating to any and all unfair or discriminatory employment practices (for example, employment discrimination based on race, national origin, sex, religion, age, disability or handicap, and harassment of any kind) under the federal Civil Rights Acts of 1866, 1871, 1964 and 1991 (including Title VII), the federal Age Discrimination in Employment Act ("ADEA"), including the Older Workers Benefits Protection Act, the Florida Civil Rights Act, the federal Americans With Disabilities Act, the federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the federal Fair Labor Standards Act of 1938, the Florida Wage Discrimination Law, the Florida Wage and Hour laws, Florida and federal statutes regarding "whistleblower" activities, the federal Family and Medical Leave Act of 1993, the federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), the Federal Fair Credit Reporting Act, any other federal and state employment-related statutes and regulations, and any other employment-related local ordinance up to the date of this Agreement. The claims released also include any claims under the United States Constitution, including but not limited to claims arising under the First Amendment or any other claims whatsoever.

City 001236

The disputes released by Salabarria also include any and all disputes she had, has or may believe to have against the City in contract or at common law, including, but not limited to: breach of oral, written and/or implied contract, breach of an implied covenant of good faith and fair dealing, wrongful discharge under any theory (including for lack of good cause) in violation of public policy and constructive discharge, intentional and/or negligent infliction of emotional distress, negligent retention and/or supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage up to the date of this Agreement.

Salabarria further covenants and agrees that she will not file a lawsuit or claim of any kind asserting the claims released herein. Salabarria understands that this Agreement does not prohibit participating in an investigation or the filing of a charge with the EEOC or like administrative agency, but she does understand and agree that, not only is she releasing the stated claims, but also is releasing the right to any monetary damages or any relief of any kind from those claims, whether brought by her or on her behalf. Salabarria hereby represents that she has not assigned to any person or entity any rights to the claims released herein.

g.      Effect; Precedent.    The Parties agree that Salabarria remains subject to all applicable rules, policies, orders, procedures or regulations of whatever kind, except as may be expressly otherwise provided herein. The Parties agree that the facts underlying this Agreement are unique and that this Agreement does not establish precedent of any kind whatsoever and may not be used in any manner whatsoever in any proceeding, including but not limited to any labor proceeding of any kind, with the exception of any labor proceeding involving Salabarria. The parties further agree that Salabarria's prior settlement agreement may also be used in any labor proceeding involving Salabarria.

h.      Consideration.  The consideration for this Agreement is the City's early conclusion of the Investigation. The parties acknowledge that the City could continue the Investigation. The parties further acknowledge that continuing the Investigation would likely be detrimental to Salabarria. Therefore, the City is giving up its right to continue the Investigation in exchange fro Salabarria's agreement to the provisions and terms of this Agreement. The mutual promises, releases, and forbearances recited herein, the adequacy of which is hereby affirmed by the Parties.

i.      Miscellaneous.  This Agreement (which includes the exhibits attached hereto that are incorporated by reference), is the entire agreement between the Parties on its subject matter and supersedes any other agreement or understanding whatsoever, whether written or oral.  The Parties have entered into this Agreement solely on the basis of the language, representations, and understandings expressed in this Agreement and not on the basis of any other representation or understanding whatsoever.  This Agreement shall be construed and applied according to its express language and not strictly against any Party, regardless of authorship.  This Agreement shall be governed by and construed according to the laws of the State of Florida.  Any dispute arising from this Agreement, its application, or its breach shall be heard by a judge and not a jury.  The Parties agree that venue shall be proper in Miami-Dade County, Florida, and agree that they shall not challenge such venue, regardless of convenience. If any provision or part thereof of this Agreement shall be found invalid or unenforceable by a court of competent jurisdiction, the remainder of the Agreement shall remain valid and enforceable, provided, however, that if Paragraph 3, "Release,"

3

City 001237

DocuSign Envelope ID: CC3C60AA-9486-4907-95EB-8735D7C895E5

is found invalid or unenforceable, the entire Agreement shall fail and be null and void and shall be treated as if it were never made. The prevailing party in any action of or relating to this Agreement shall be entitled to an award of reasonable attorney's fees and costs.

IN WITNESS WHEREOF, having read and fully understood this Agreement in its entirety, having duly considered the same, and intending to enjoy the benefits and undertake the obligations established herein, the Parties do hereby enter into and execute this Agreement as set forth below.

**CITY OF MIAMI BEACH**

By _____
City Manager

DATE _12/23/2020 | 1:34 EST_

**JESSICA SALABARRIA**

_____
JESSICA SALABARRIA

DATE _12/18/2020_

**FRATERNAL ORDER OF POLICE, LODGE 8**

By _____
KEVIN MILLAN
President

DATE _12/18/2020_

**CHIEF OF POLICE**

_____
RICK CLEMENTS
Chief of Police

4

City 001238

## LAST CHANCE AGREEMENT

THIS LAST CHANCE AGREEMENT is entered into between the CITY OF MIAMI BEACH, FLORIDA (hereinafter, the "City"), FRATERNAL ORDER OF POLICE, (hereinafter, "the Union") and JESSICA SALABARRIA (hereinafter, "SALABARRIA" or "Employee").

WHEREAS, SALABARRIA is employed by the City as a Police Officer in the City's Police Department.

WHEREAS, SALABARRIA is subject to the terms and conditions of employment contained in the Collective Bargaining Agreement between the Union and the City effective October 1, 2018 through September 30, 2021;

WHEREAS, SALABARRIA is the subject of an Internal Affairs ("IA") Investigation, IA Case Number 2020-010, which arose from SALABARRIA's involvement in not being on-duty when she was supposed to be, and from SALABARRIA's claims of being on-duty in the City when she was actually outside the City;

WHEREAS, the City wishes to continue to employ Employee, Employee wishes to continue to be employed by the City, and the FOP desires for Employee to continue to be employed under the terms and conditions described herein; and

WHEREAS, the Employee admits that she committed misconduct in association with IA Case Number 2020-010 and was in violation of numerous City and Police Department policies and the City Personnel Rules for the Classified Service; and

WHEREAS, the purposes of this Agreement, with which all the Parties concur, include: to protect and preserve the integrity of the Police Department and all its officers and to give Employee the opportunity to further and support that purpose; and to give Employee the

_____
CITY

Page 1 of 7

UNION        JESSICA

City 001240

opportunity to rehabilitate herself personally and as a police sergeant for the City and this Department; and to give Employee an opportunity to preserve her career.

NOW, THEREFORE, without establishing precedent for any purpose and intending to be bound, the Parties agree as follows:

1. All of the above statements are true and correct to the best of the Parties' belief and knowledge and for a five (5) year period beginning with the execution of this Agreement by all parties, SALABARRIA will be subject to the provisions of this Agreement.

2. During this period, SALABARRIA must be on-duty and in the City limits during all of her scheduled shifts unless given prior authorization. For the avoidance of confusion, this means that, during the terms of this Agreement, SALABARRIA shall not be outside the City limits when she is on-duty, shall not tell the City she's on-duty when she is outside the City's limits, and shall not leave before the end of her scheduled shift, unless given prior authorization.

3. Additionally, SALABARRIA shall refrain from violating any City or Police Department policies, rules or regulations; Standard Operating Procedures ("SOPs") or Personnel Rules, all of which (including any amendments or additions) are incorporated herein by reference. In any instance during which City or Police Department policies, procedures or Personnel Rules differ from or conflict with the stipulations set forth in the applicable collective bargaining agreement, the City or Police Department policies, procedures or Personnel Rules shall prevail.

4. The Chief of Police shall exclusively assess and determine Employee's compliance with this Agreement. The Chief's decision as to compliance with this Agreement shall not be subject to any grievance and/or review of any kind by SALABARRIA and/or the Union and is not subject to explanation or review.

CITY

Page 2 of 7

UNION          JESSICA

City 001241

5.     Failure to comply with any portion or requirement of this Agreement (including but not limited to the requirement not to violate any City or Police Department policies, Standard Operating Procedures ("SOPs") or Personnel Rules, as referenced in paragraph 3 above) may result in the immediate implementation of the attached letter of resignation as referenced in paragraph 9 below. It is the intent and understanding of the parties that the violations contemplated to trigger the implementation of the attached letter of resignation shall not be for individual, discreet minor policy and procedural violations. The parties agree that repeated violation of the same, discreet minor policy may result in an event triggering the implementation of the attached letter of resignation. In that event, the Employee and the Union understand and agree there will be no recourse or review available pursuant to any grievance, appeal or review process under any federal, state or local statute, ordinance, collective bargaining agreement, or in any other forum or under any other process or procedure.

6.     SALABARRIA shall serve a four-week (160 hour) suspension without pay and waive any and all rights to grieve or appeal that suspension. Employee shall also be subject to the additional provisions of the Settlement Agreement to which this Agreement is attached and is made part of via incorporation by reference.

7.     Further, for the same five (5) year period described above, the Chief of Police shall have full discretion regarding Employee's assignments, including, without limitation, duties, supervisor and chain of command.  Employee shall have the ability to bid for shift and days off, if the employee is reassigned her duty hours and days off shall remain the same.

8.     For a period of one (1) year from the date of execution of this Agreement, Employee is not eligible for any promotional opportunities.

CITY

Page 3 of 7                    UNION        JESSICA

City 001242

9.      Employee shall sign an irrevocable letter of resignation which shall take effect immediately upon her violation of this Agreement or any part of it at any time during the term of this Last Chance Agreement. .

10.     Employee shall attend and cooperate with any training required by the Chief of Police.

11.     If during the above-referenced five (5) year period, SALABARRIA violates any provisions of this agreement or any City or Police Department policies, Standard Operating Procedures ("SOPs") or Personnel Rules and/or regulations as previously referenced in paragraph #4 , her resignation shall be effective , without the right to grieve or otherwise contest, in any manner, her separation. .

12.     In the event that SALABARRIA is separated pursuant to the terms and conditions of this Last Chance Agreement, she and the Union understand that her separation is not subject to appeal pursuant to the contractual grievance/arbitration procedure, or otherwise. In other words, SALABARRIA agrees that should she be separated pursuant to the terms of this agreement  that she waives her right to utilize the contractual grievance and arbitration procedure and she further waives the right to challenge or appeal her separation pursuant to any administrative or statutory avenue that may exist.

13.     The City retains the right to rely upon the facts and circumstances of the events from which this Last Chance Agreement arose in any future proceeding in the event the Employee successfully meets the terms and conditions referred to in this Agreement but thereafter has deficiencies in conduct or performance, and such deficiencies shall be sufficient to warrant discipline, including dismissal.

CITY

Page 4 of 7

UNION          JESSICA

City 001243

DocuSign Envelope ID: CC3C60AA-9185-4907-85EB-8735D7C895EF

14.     It is understood and agreed by all parties hereto that this Last Chance Agreement is executed based on the particular circumstances of this case and does not establish precedent for the resolution of other cases.

15.     SALABARRIA acknowledges that she could be terminated from her employment from the City as a result of her conduct as referenced above and that remaining employed by the City is adequate consideration for entering into this Last Chance Agreement, serving the suspension without pay and waiving the rights described herein and in the Settlement Agreement.

16.     SALABARRIA being of lawful age, for and in consideration of the above-action agreed to by the City, and other valuable consideration received from or on behalf of the City, receipt whereof is hereby acknowledged, does hereby release, acquit, satisfy and forever discharge the City, as well as each and everyone of the City's former and current officers, agents, attorneys, employees and officials -- in both their official and individual capacities -- and their successors and assigns, from any and all claims, cause and causes of action, grievances, unfair labor practice charges, lawsuits, claims of employment discrimination (including, but not limited to claims under the Americans With Disabilities Act), and any and all other claims and demands whatsoever, in law or in equity, tort or contract, which SALABARRIA has or may have against the above-named individuals in both their individual and official capacities, from the beginning of the world until today, including, but not limited to, all matters concerning or arising out of her employment with the CITY, her discipline stemming from the incidents described in this Last Chance Agreement and the execution of this Last Chance Agreement.

17.     It is understood and agreed that this Last Chance Agreement does not constitute an admission by the City or SALABARRIA of any violation of the collective bargaining

CITY                    Page 5 of 7                    UNION          JESSICA

City 001244

agreement. This Last Chance Agreement is being entered into by the parties solely for the purpose of avoiding the expense and inconvenience of further administrative proceedings.

18.    SALABARRIA has received and reviewed this Last Chance Agreement prior to executing it and she agrees to be bound by its terms and conditions.

19.    Prior to signing this Last Chance Agreement, SALABARRIA had the opportunity, and did, in fact, consult with her attorney and/or with the Union.

20.    This Last Chance Agreement, and the Settlement Agreement which is attached constitutes the entire understanding and agreement of the parties hereto, and can be modified, amended or revoked only by express written consent of all parties.

21.    This Last Chance Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and where applicable, federal laws. The language of this Last Chance Agreement shall be construed as a whole, according to its fair meaning, and not strictly construed for or against either party.

22.    In the event that any party to this Last Chance Agreement institutes legal proceedings regarding the terms of this Last Chance Agreement, it is stipulated and agreed that such a claim shall be heard and determined by the court, and not by a jury, in Miami-Dade County, Florida.    **SALABARRIA AGREES AND UNDERSTANDS THAT SHE IS WAIVING THE RIGHT TO A JURY TRIAL, IF ONE EXISTS, AS TO ANY CLAIM REGARDING THE TERMS OF THIS AGREEMENT.**

CITY                                   Page 6 of 7                    UNION              JESSICA

City 001245

This Agreement is dated the _____ day of December 2020, in Miami-Dade County, Florida.

_____
**JESSICA SALABARRIA**

Date: __12/18/2020__

DocuSigned by:

Paul J. Aguila
_____
2B3D6240F92B45D...
**CITY MANAGER**
**CITY OF MIAMI BEACH**

Date: __12/23/2020 | 1:34 EST__

**FRATERNAL ORDER OF POLICE**

_____ President
Signature & Title

_Kevin Millan_   President
Print Name & Title

__12/18/2020__
Date

_____
**CHIEF OF POLICE**

__12/18/2020__
Date

City 001246

**Thursday, April 11, 2024 at 21:53:11 Eastern Daylight Time**

**Subject:** Sallabarria - Tolling Period for IA Investigation
**Date:** Wednesday, September 23, 2020 at 11:21:09 PM Eastern Daylight Time
**From:** Michael Elkins
**To:** Eugene Gibbons, Michael Pancier

> **EXHIBIT**
> **3**
> 04.15.24 PANCIER  TG

Gene/Michael,

This email confirms that today I spoke to Gene about tolling the 180 day period for Sergeant Sallabarria's pending IA investigation and the FOP has no objection.

This email further confirms that yesterday I spoke with Michael Pancier and he represented that Sergeant Sallabarria agreed to toll the 180 day period.

Accordingly, the 180 day period is tolled as of the date of this email.

Michael and I further discussed Sergeant Sallabarria's agreement to an extension of time for the City to respond to the pending EEOC Charge.

This tolling and extension are pursuant to the parties' agreement to engage in settlement discussions to possibly resolve the pending IA investigation and pending EEOC Charge.

I will touch base early next week to coordinate scheduling a meeting between the parties for purposes of discussing settlement.

Kind regards,



**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
    Suite 500
    Fort Lauderdale, Florida 33301
    United States of America



This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing

or taking any action in reliance on the contents of this information is strictly prohibited. **Read more**

City 001395

**Thursday, April 11, 2024 at 21:53:48 Eastern Daylight Time**

**Subject:** Re: Jessica Sallabarria vs. City of Miami Beach Police Dept 510-2020-04794
**Date:** Tuesday, October 6, 2020 at 8:23:00 PM Eastern Daylight Time
**From:** Michael Elkins
**To:** SUSAN DIAZ
**CC:** Michael Pancier

Ms. Diaz,

I have copied Charging Party's counsel on this email. Charging Party and the City have entered into settlement discussions to resolve the matter pending before the EEOC as well as other matters relating to Charging Party's employment.

As part of an agreement to enter into those discussions, and due to the possibility that the discussions may take some time given the number of persons involved, Charging Party agreed to an unopposed extension of time of 60 days for the City to file its position statement. This will allow the parties sufficient time to work to resolve all matters, will save attorney's fees for the City in having to file a position statement, and will allow the City to devote its resources to working towards resolution of Charging Party's claim.

Please let me know if the EEOC is agreeable to this unopposed extension of time.

 Kind regards,



**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
    Suite 500
    Fort Lauderdale, Florida 33301
    United States of America

   

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Read more

**From:** SUSAN DIAZ <SUSAN.DIAZ@EEOC.GOV>
**Date:** Tuesday, October 6, 2020 at 1:05 PM
**To:** Michael Elkins <melkins@mlelawfirm.com>
**Subject:** RE: Jessica Sallabarria vs. City of Miami Beach Police Dept 510-2020-04794

Dear Mr. Elkins:

Just a reminder that your response is due on or before 10/14/20. Please upload your response via portal system and send me a courtesy email once it has been uploaded.

Sincerely,
Susan Diaz
Federal Investigator
U. S. EEOC Miami District Office
100 SE 2nd Street, Suite 1500
Miami, FL 33131
☎ 786-648-5870
🖷 305-808-1758
Email: susan.diaz@eeoc.gov

**Warning:** This email may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable laws.

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Sent:** Thursday, August 06, 2020 1:19 PM
**To:** SUSAN DIAZ <SUSAN.DIAZ@EEOC.GOV>
**Subject:** Re: Jessica Sallabarria vs. City of Miami Beach Police Dept 510-2020-04794

Thank you Ms. Diaz.

I appreciate the professional courtesy.

 Kind regards,

**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm



m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
    Suite 500
    Fort Lauderdale, Florida 33301
    United States of America

   

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. **Read more**

**From:** SUSAN DIAZ <SUSAN.DIAZ@EEOC.GOV>
**Date:** Thursday, August 6, 2020 at 10:34 AM
**To:** Michael Elkins <MELKINS@mlelawfirm.com>
**Subject:** Re: Jessica Sallabarria vs. City of Miami Beach Police Dept 510-2020-04794

Dear Mr. Elkins:

I am the assigned investigator in the matter.  I will grant you an extension to October 14, 2020 to submit your response.

Sincerely,
Susan Diaz
Federal Investigator
U. S. EEOC Miami District Office
100 SE 2nd Street, Suite 1500
Miami, FL 33131
☎ 786-648-5870
🖳 305-808-1758
Email: susan.diaz@eeoc.gov

**Warning:** This email may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable laws.

City 001399 **4 of 4**

**Thursday, April 11, 2024 at 21:54:12 Eastern Daylight Time**

**Subject:** Sallabarria Meeting
**Date:** Tuesday, October 6, 2020 at 8:24:41 PM Eastern Daylight Time
**From:** Michael Elkins
**To:** Michael Pancier, Eugene Gibbons

All,

I am looking to set the meeting for the Sallabarria settlement discussions. I thought it would be easiest to get your best dates and then I will work around those with the City.

My suggestion is you both give me dates for Oct., Nov. and Dec.

I have a packed Oct. and Nov., but I will try to make this happen then, but give me Dec. dates just in case.

Thank you.


Kind regards,



**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
    Suite 500
    Fort Lauderdale, Florida 33301
    United States of America

   

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Read more

**Thursday, April 11, 2024 at 21:54:32 Eastern Daylight Time**

**Subject:** Re: Sallabarria Meeting
**Date:** Tuesday, October 6, 2020 at 11:49:45 PM Eastern Daylight Time
**From:** Michael Pancier
**To:** Michael Elkins, Eugene Gibbons

Last week in October and 1st week in November are good for me; 3rd week in November good

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Tuesday, October 6, 2020 at 20:24
**To:** Michael Pancier <mpancier@pancierlaw.com>, Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Sallabarria Meeting

All,

I am looking to set the meeting for the Sallabarria settlement discussions. I thought it would be easiest to get your best dates and then I will work around those with the City.

My suggestion is you both give me dates for Oct., Nov. and Dec.

I have a packed Oct. and Nov., but I will try to make this happen then, but give me Dec. dates just in case.

Thank you.

Kind regards,



**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.   +1 954 401 2608
e.   melkins@mlelawfirm.com
w.   mlelawfirm.com
s.   633 South Andrews Avenue
     Suite 500
     Fort Lauderdale, Florida 33301
     United States of America

   

City 001401

**Subject:** Re: Sallabarria Meeting
**Date:**    Wednesday, October 7, 2020 at 7:31:41 AM Eastern Daylight Time
**From:**    Eugene Gibbons
**To:**      Michael Pancier
**CC:**      Michael Elkins

Mike P's schedule works for me as well.  Let's set asap as my schedule fills sporadically.

Thx,

Gene

On Tue, Oct 6, 2020, 23:49 Michael Pancier <mpancier@pancierlaw.com> wrote:

> Last week in October and 1st week in November are good for me; 3rd week in November good

> **From:** Michael Elkins <melkins@mlelawfirm.com>
> **Date:** Tuesday, October 6, 2020 at 20:24
> **To:** Michael Pancier <mpancier@pancierlaw.com>, Eugene Gibbons <gibbons@bglaw-pa.com>
> **Subject:** Sallabarria Meeting

> All,

> I am looking to set the meeting for the Sallabarria settlement discussions. I thought it would be easiest to get your best dates and then I will work around those with the City.

> My suggestion is you both give me dates for Oct., Nov. and Dec.

> I have a packed Oct. and Nov., but I will try to make this happen then, but give me Dec. dates just in case.

Thank you.

Kind regards,



**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.   +1 954 401 2608
e.   melkins@mlelawfirm.com
w.   mlelawfirm.com
s.   633 South Andrews Avenue
     Suite 500
     Fort Lauderdale, Florida 33301
     United States of America

   

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Read more

**Thursday, April 11, 2024 at 21:55:47 Eastern Daylight Time**

**Subject:** Re: Sallabarria Meeting
**Date:** Friday, October 30, 2020 at 3:22:10 PM Eastern Daylight Time
**From:** Michael Pancier
**To:** Michael Elkins, Eugene Gibbons

Michael

Confirming our meeting on Monday at 10:00am

Please confirm the location and the parking situation.

Thanks

Michael

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Tuesday, October 6, 2020 at 8:24 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>, Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Sallabarria Meeting

All,

I am looking to set the meeting for the Sallabarria settlement discussions. I thought it would be easiest to get your best dates and then I will work around those with the City.

My suggestion is you both give me dates for Oct., Nov. and Dec.

I have a packed Oct. and Nov., but I will try to make this happen then, but give me Dec. dates just in case.

Thank you.


 Kind regards,

**Michael L. Elkins**
Founder | Partner
**MLE Law**



A modern, 21st century law firm

m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
    Suite 500
    Fort Lauderdale, Florida 33301
    United States of America

    

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Read more

**Thursday, April 11, 2024 at 21:56:06 Eastern Daylight Time**

**Subject:** Re: Sallabarria Meeting
**Date:**    Friday, October 30, 2020 at 3:52:16 PM Eastern Daylight Time
**From:**    Michael Elkins
**To:**      Michael Pancier
**CC:**      Eugene Gibbons

Confirmed.

Location is the police department.

There's a parking garage near the station.

Sent from my iPhone

**Michael L. Elkins | MLE LAW**
**633 S. Andrews Ave. Suite 500 | Fort Lauderdale, FL 33301 | (954) 401-2608 (C)**
**melkins@mlelawfirm.com | www.mlelawfirm.com**

**NOTICE: This email message is intended only for the addressee and may contain confidential information that is legally privileged. If you are not the intended recipient, you may not review, use, disseminate, or copy this message. If you have received this message in error, please notify us immediately by return e-mail or by telephone and delete this message.**

On Oct 30, 2020, at 3:22 PM, Michael Pancier <mpancier@pancierlaw.com> wrote:

Michael

Confirming our meeting on Monday at 10:00am

Please confirm the location and the parking situation.

Thanks

Michael

**From:** Michael Elkins <melkins@mlelawfirm.com>

**Date:** Tuesday, October 6, 2020 at 8:24 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>, Eugene Gibbons
<gibbons@bglaw-pa.com>
**Subject:** Sallabarria Meeting

All,

I am looking to set the meeting for the Sallabarria settlement discussions. I thought it
would be easiest to get your best dates and then I will work around those with the City.

My suggestion is you both give me dates for Oct., Nov. and Dec.

I have a packed Oct. and Nov., but I will try to make this happen then, but give me Dec.
dates just in case.

Thank you.


Kind regards,



**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
    Suite 500
    Fort Lauderdale, Florida 33301
    United States of America

    

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. **Read more**

**Thursday, April 11, 2024 at 21:56:28 Eastern Daylight Time**

**Subject:** Re: Sallabarria Meeting
**Date:** Friday, October 30, 2020 at 4:00:34 PM Eastern Daylight Time
**From:** Michael Pancier
**To:** Michael Elkins
**CC:** Eugene Gibbons

Mike

What is the city going to do with her time? i.e.,  time off or admin day? She is scheduled to work Monday 2pm to Midnight

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Friday, October 30, 2020 at 3:52 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>
**Cc:** Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Re: Sallabarria Meeting

Confirmed.

Location is the police department.

There's a parking garage near the station.

Sent from my iPhone

**Michael L. Elkins | MLE LAW**
**633 S. Andrews Ave. Suite 500 | Fort Lauderdale, FL 33301 | (954) 401-2608 (C)**
**melkins@mlelawfirm.com | www.mlelawfirm.com**

**NOTICE: This email message is intended only for the addressee and may contain confidential information that is legally privileged. If you are not the intended recipient, you may not review, use, disseminate, or copy this message. If you have received this message in error, please notify us immediately by return e-mail or by telephone and delete this message.**

On Oct 30, 2020, at 3:22 PM, Michael Pancier <mpancier@pancierlaw.com> wrote:

Michael

Confirming our meeting on Monday at 10:00am

Please confirm the location and the parking situation.

Thanks

Michael

---

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Tuesday, October 6, 2020 at 8:24 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>, Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Sallabarria Meeting

All,

I am looking to set the meeting for the Sallabarria settlement discussions. I thought it would be easiest to get your best dates and then I will work around those with the City.

My suggestion is you both give me dates for Oct., Nov. and Dec.

I have a packed Oct. and Nov., but I will try to make this happen then, but give me Dec. dates just in case.

Thank you.


Kind regards,



**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
    Suite 500
    Fort Lauderdale, Florida 33301
    United States of America

    

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. **Read more**

City 001410

**Thursday, April 11, 2024 at 21:56:48 Eastern Daylight Time**

**Subject:** Re: Sallabarria Meeting
**Date:** Friday, October 30, 2020 at 4:03:51 PM Eastern Daylight Time
**From:** Michael Elkins
**To:** Michael Pancier
**CC:** Eugene Gibbons

Our meeting is at 10:00 am, I'm not sure what you're asking.

Sent from my iPhone

**Michael L. Elkins | MLE LAW**
**633 S. Andrews Ave. Suite 500 | Fort Lauderdale, FL 33301 | (954) 401-2608 (C)**
**melkins@mlelawfirm.com | www.mlelawfirm.com**

**NOTICE: This email message is intended only for the addressee and may contain confidential information that is legally privileged. If you are not the intended recipient, you may not review, use, disseminate, or copy this message. If you have received this message in error, please notify us immediately by return e-mail or by telephone and delete this message.**

On Oct 30, 2020, at 4:00 PM, Michael Pancier <mpancier@pancierlaw.com> wrote:

Mike

What is the city going to do with her time? i.e.,  time off or admin day? She is scheduled to work Monday 2pm to Midnight

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Friday, October 30, 2020 at 3:52 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>
**Cc:** Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Re: Sallabarria Meeting

Confirmed.

Location is the police department.

There's a parking garage near the station.

Sent from my iPhone

**Michael L. Elkins | MLE LAW**
**633 S. Andrews Ave. Suite 500 | Fort Lauderdale, FL 33301 | (954) 401-2608 (C)**
**melkins@mlelawfirm.com | www.mlelawfirm.com**

**NOTICE: This email message is intended only for the addressee and may contain confidential information that is legally privileged. If you are not the intended recipient, you may not review, use, disseminate, or copy this message. If you have received this message in error, please notify us immediately by return e-mail or by telephone and delete this message.**

> On Oct 30, 2020, at 3:22 PM, Michael Pancier <mpancier@pancierlaw.com> wrote:
>
> Michael
>
> Confirming our meeting on Monday at 10:00am
>
> Please confirm the location and the parking situation.
>
> Thanks
>
> Michael

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Tuesday, October 6, 2020 at 8:24 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>, Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Sallabarria Meeting

All,

I am looking to set the meeting for the Sallabarria settlement discussions. I thought it would be easiest to get your best dates and then I will work around those with the City.

My suggestion is you both give me dates for Oct., Nov. and Dec.

I have a packed Oct. and Nov., but I will try to make this happen then, but give

me Dec. dates just in case.

Thank you.

Kind regards,



**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
     Suite 500
 Fort Lauderdale, Florida 33301
     United States of America



This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. **Read more**

**Thursday, April 11, 2024 at 21:57:06 Eastern Daylight Time**

**Subject:** Re: Sallabarria Meeting
**Date:** Friday, October 30, 2020 at 4:19:35 PM Eastern Daylight Time
**From:** Michael Pancier
**To:** Michael Elkins
**CC:** Eugene Gibbons

In the event that the meeting runs into the time she is scheduled to work.

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Friday, October 30, 2020 at 4:03 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>
**Cc:** Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Re: Sallabarria Meeting

Our meeting is at 10:00 am, I'm not sure what you're asking.

Sent from my iPhone

**Michael L. Elkins | MLE LAW**
**633 S. Andrews Ave. Suite 500 | Fort Lauderdale, FL 33301 | (954) 401-2608 (C)**
**melkins@mlelawfirm.com | www.mlelawfirm.com**

**NOTICE: This email message is intended only for the addressee and may contain confidential information that is legally privileged. If you are not the intended recipient, you may not review, use, disseminate, or copy this message. If you have received this message in error, please notify us immediately by return e-mail or by telephone and delete this message.**

On Oct 30, 2020, at 4:00 PM, Michael Pancier <mpancier@pancierlaw.com> wrote:

Mike

What is the city going to do with her time? i.e., time off or admin day? She is scheduled to work Monday 2pm to Midnight

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Friday, October 30, 2020 at 3:52 PM

City 001414

**To:** Michael Pancier <mpancier@pancierlaw.com>
**Cc:** Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Re: Sallabarria Meeting

Confirmed.

Location is the police department.

There's a parking garage near the station.

Sent from my iPhone

**Michael L. Elkins | MLE LAW**
**633 S. Andrews Ave. Suite 500 | Fort Lauderdale, FL 33301 | (954) 401-2608 (C)**
**melkins@mlelawfirm.com | www.mlelawfirm.com**

**NOTICE: This email message is intended only for the addressee and may contain confidential information that is legally privileged. If you are not the intended recipient, you may not review, use, disseminate, or copy this message. If you have received this message in error, please notify us immediately by return e-mail or by telephone and delete this message.**

On Oct 30, 2020, at 3:22 PM, Michael Pancier <mpancier@pancierlaw.com> wrote:

Michael

Confirming our meeting on Monday at 10:00am

Please confirm the location and the parking situation.

Thanks

Michael

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Tuesday, October 6, 2020 at 8:24 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>, Eugene Gibbons

<gibbons@bglaw-pa.com>
**Subject:** Sallabarria Meeting

All,

I am looking to set the meeting for the Sallabarria settlement discussions. I thought it would be easiest to get your best dates and then I will work around those with the City.

My suggestion is you both give me dates for Oct., Nov. and Dec.

I have a packed Oct. and Nov., but I will try to make this happen then, but give me Dec. dates just in case.

Thank you.


Kind regards,



**Michael L. Elkins**
Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
     Suite 500
 Fort Lauderdale, Florida 33301
    United States of America

    

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Read more

**Thursday, April 11, 2024 at 21:57:25 Eastern Daylight Time**

**Subject:** Re: Sallabarria Meeting
**Date:** Friday, October 30, 2020 at 4:31:46 PM Eastern Daylight Time
**From:** Michael Elkins
**To:** Michael Pancier
**CC:** Eugene Gibbons

I don't see that happening.

Sent from my iPhone

**Michael L. Elkins | MLE LAW**
**633 S. Andrews Ave. Suite 500 | Fort Lauderdale, FL 33301 | (954) 401-2608** (C)
**melkins@mlelawfirm.com** | www.mlelawfirm.com

**NOTICE: This email message is intended only for the addressee and may contain confidential information that is legally privileged. If you are not the intended recipient, you may not review, use, disseminate, or copy this message. If you have received this message in error, please notify us immediately by return e-mail or by telephone and delete this message.**

> On Oct 30, 2020, at 4:19 PM, Michael Pancier <mpancier@pancierlaw.com> wrote:
>
> In the event that the meeting runs into the time she is scheduled to work.

---

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Friday, October 30, 2020 at 4:03 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>
**Cc:** Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Re: Sallabarria Meeting

Our meeting is at 10:00 am, I'm not sure what you're asking.

Sent from my iPhone

**Michael L. Elkins | MLE LAW**
**633 S. Andrews Ave. Suite 500 | Fort Lauderdale, FL 33301 | (954) 401-2608** (C)
**melkins@mlelawfirm.com** | www.mlelawfirm.com

City 001417

**NOTICE: This email message is intended only for the addressee and may contain confidential information that is legally privileged. If you are not the intended recipient, you may not review, use, disseminate, or copy this message. If you have received this message in error, please notify us immediately by return e-mail or by telephone and delete this message.**

On Oct 30, 2020, at 4:00 PM, Michael Pancier <mpancier@pancierlaw.com> wrote:

Mike

What is the city going to do with her time? i.e.,  time off or admin day? She is scheduled to work Monday 2pm to Midnight

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Friday, October 30, 2020 at 3:52 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>
**Cc:** Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Re: Sallabarria Meeting

Confirmed.

Location is the police department.

There's a parking garage near the station.

Sent from my iPhone

**Michael L. Elkins | MLE LAW**
**633 S. Andrews Ave. Suite 500 | Fort Lauderdale, FL 33301 | (954) 401-2608 (C)**
**melkins@mlelawfirm.com | www.mlelawfirm.com**

**NOTICE: This email message is intended only for the addressee and may contain confidential information that is legally privileged. If you are not the intended recipient, you may not review, use, disseminate, or copy this message. If you have received this message in error, please notify us immediately by return e-mail or by telephone and delete this message.**

On Oct 30, 2020, at 3:22 PM, Michael Pancier <mpancier@pancierlaw.com> wrote:

Michael

Confirming our meeting on Monday at 10:00am

Please confirm the location and the parking situation.

Thanks

Michael

---

**From:** Michael Elkins <melkins@mlelawfirm.com>
**Date:** Tuesday, October 6, 2020 at 8:24 PM
**To:** Michael Pancier <mpancier@pancierlaw.com>, Eugene Gibbons <gibbons@bglaw-pa.com>
**Subject:** Sallabarria Meeting

All,

I am looking to set the meeting for the Sallabarria settlement discussions. I thought it would be easiest to get your best dates and then I will work around those with the City.

My suggestion is you both give me dates for Oct., Nov. and Dec.

I have a packed Oct. and Nov., but I will try to make this happen then, but give me Dec. dates just in case.

Thank you.

Kind regards,

Michael L. Elkins



Founder | Partner
**MLE Law**
A modern, 21st century law firm

m.  +1 954 401 2608
e.  melkins@mlelawfirm.com
w.  mlelawfirm.com
s.  633 South Andrews Avenue
    Suite 500
Fort Lauderdale, Florida 33301
    United States of America

    

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited. Read more



EXHIBIT
**4**
04.15.24 PANCIER TG

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## REQUEST FOR WITHDRAWAL OF CHARGE OF DISCRIMINATION

**Instructions to the person requesting withdrawal:** You recently indicated a desire to withdraw your charge. In order to begin such action, please furnish the information below and return this form in the enclosed envelope. As a request for withdrawal of charge is subject to the approval of the Commission, your request will be considered and acted upon when received by this office. Please note that at this time the Commission is still prepared to proceed with your case if you so desire.

| **CHARGE NUMBER** 510-2020-04794 | **DATE** December 18, 2020 |
|---|---|
| **AGGRIEVED PARTY**<br>Jessica Salabarria | **RESPONDENT(S)**<br>City of Miami Beach, Florida |

**AGGRIEVED PARTY - - COMPLETE INFORMATION BELOW**
*(Continue on reverse if necessary)*

I am aware that the Federal Government protects my right to file a charge and have been advised that it is unlawful for any person covered by the statutes enforced by EEOC to threaten, intimidate, harass or otherwise retaliate against me because I have filed a charge. I have not been coerced into requesting this withdrawal.

I request the withdrawal of my charge because:

  Settlement.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| **DATE** Dec 18, 2020 | **SIGNATURE** *Jessica Salabarria (Dec 18, 2020 11:57 EST)* | **FOR EEOC USE ONLY** |
|---|---|---|
| **SEND TO** | | ☐ Withdrawal with Settlement |
| | Susan Diaz<br>Federal Investigator<br>U. S. EEOC Miami District Office<br>Email: susan.diaz@eeoc.gov | ☐ Withdrawal without Settlement<br>☐ Approve<br>☐ Disapprove |
| | | **DATE** |
| | | **APPROVING OFFICIAL** |

EEOC Form 154 (10/94)