UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT, CITY OF MIAMI BEACH

Defendant, through its counsel and pursuant to Federal Rule of Civil Procedure 36 serves its Responses and Objections to Plaintiff's First Request for Admissions.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 Northeast 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

1

**CITY OF MIAMI BEACH,**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I CERTIFY** that on April 26, 2024, I served the foregoing document via email to the persons listed on the Service List below.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-DPG

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*

2

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS

1. Admit that during Plaintiff's employment, Richard Clements held supervisory authority over Plaintiff.

**RESPONSE**

Admit.

2. Admit that during Plaintiff's employment, Richard Clements had the authority to terminate Plaintiff's employment.

**RESPONSE**

Admit.

3. Admit that during Plaintiff's employment, Steven Cosner held supervisory authority over Plaintiff.

**RESPONSE**

Admit.

4. Admit that during Plaintiff's employment, A.J. Prieto held supervisory authority over Plaintiff.

**RESPONSE**

Denied. AJ Prieto was not Plaintiff's supervisor.

5. Admit that Plaintiff filed an EEOC Charge in June 2020.

**RESPONSE**

Admit.

6. Admit that Plaintiff filed an EEOC Charge in June 2020 against Defendant.

**RESPONSE**

Objection. Request No. 6 is duplicative of Request No. 5.

7. Admit that in November of 2020, Defendant conducted a meeting with Plaintiff regarding the June 2020 EEOC Charge.

**RESPONSE**

Denied. The meeting in November 2020 was regarding Internal Affairs Case No. 2020-010, and Plaintiff's June 2020 EEOC Charge.

8. Admit that Defendant asked Plaintiff to sign a Last Chance Agreement following the November 2020 meeting in December 2020.

**RESPONSE**

Denied.

9. Admit that the point nine (9) of the Last Chance Agreement required Plaintiff to provide an irrevocable letter of resignation.

**RESPONSE**

Objection. The Last Chance Agreement speaks for itself.

10. Admit that Defendant implicated the Last Chance Agreement and asked Plaintiff to resign.

**RESPONSE**

Objection. This request is vague and unintelligible. Defendant does not know what the phrase "implicated the Last Chance Agreement" means.

11. Admit that Defendant and Plaintiff entered into a Settlement Agreement following the November 2020 meeting in December 2020.

**RESPONSE**

Denied. In December 2020, Defendant, Plaintiff and the Fraternal Order of Police Lodge 8 entered into a Settlement Agreement.

12.     Admit that point two (2) of the Settlement Agreement stated that Plaintiff would withdraw her EEOC Charge.

**RESPONSE**

Objection. The Settlement Agreement speaks for itself.

13.     Admit that point two (2), section e, of the Settlement Agreement stated that Plaintiff would have a meeting with the Chief of Police to address the claims made and identify the names of all persons who allegedly engaged in the conduct stated in Plaintiff's EEOC Charge.

**RESPONSE**

Objection. The Settlement Agreement speaks for itself.

14.     Admit that the Chief of Police did not fulfill point (2) section e of the Settlement Agreement.

**RESPONSE**

Denied.

15.     Admit that the November 2020 meeting was not recorded.

**RESPONSE**

Denied. The City did not record the November 2020 meeting. However, the City is unaware as to whether Plaintiff surreptitiously recorded the November 2020 meeting.

16.     Admit that the Internal Affairs Standard Operating Procedure required the November 2020 meeting to be recorded.

**RESPONSE**

Denied. The November 2020 meeting was a confidential settlement meeting.

5

17. Admit that Defendant held a meeting on January 19, 2021 regarding Plaintiff's employment.

**RESPONSE**

Admit.

18. Admit that Defendant held a meeting on January 19, 2021 regarding Plaintiff's performance.

**RESPONSE**

Admit.

19. Admit that Defendant held a meeting on January 19, 2021 subsequent to an Administrative Action Form submitted by Steven Cosner.

**RESPONSE**

Admit.

20. Admit that the January 19, 2021 meeting was not recorded.

**RESPONSE**

Admit.

21. Admit that the Administrative Action Form was not signed.

**RESPONSE**

Admit.

22. Admit that the Administrative Action Form was filled out by Steven Cosner.

**RESPONSE**

Admit.

23. Admit that Steven Cosner sent the Administrative Action Form directly to A.J. Prieto.

**RESPONSE**

Admit.

24. Admit that Steven Cosner sent the Administrative Action Form directly to Michael Elkins.

**RESPONSE**

Admit.

25. Admit that Plaintiff was not formally questioned about her alleged misconduct stated in the Administrative Action Form prior to the January 19, 2021 meeting.

**RESPONSE**

Admit.

26. Admit that Plaintiff reported Steven Cosner for sexual harassment in 2014.

**RESPONSE**

Denied.

27. Admit that Steven Cosner assigned Plaintiff overtime hours on December 27, 2020.

**RESPONSE**

Denied.

28. Admit that Steven Cosner supervised Plaintiff on December 27, 2020.

**RESPONSE**

Admit.

29. Admit that Plaintiff's actions on December 27, 2020 were deemed to violate the Last Chance Agreement.

**RESPONSE**

Admit.

30. Admit that Steven Cosner was present at the January 19, 2021 meeting.

**RESPONSE**

Admit.

31. Admit that Plaintiff had not been assigned to report to Steven Cosner for at least two (2) years prior to June 2020.

**RESPONSE**

Admit.

32. Admit that during Plaintiff's employment, Steven Cosner sent Plaintiff a sexually graphic card.

**RESPONSE**

Admit that Steven Cosner sent Plaintiff a card. Defendant objects to the phrase "sexually graphic" as such phrase is subject to individual interpretation.

33. Admit that during Plaintiff's employment, Steven Cosner sent Plaintiff a card stating that he loves Plaintiff with all of his heart.

**RESPONSE**

Admit.

34. Admit that Steven Cosner was aware of Plaintiff's June 2020 EEOC Charge on or before December 27, 2020.

**RESPONSE**

Denied.

35. Admit that Richard Clements was aware of Plaintiff's June 2020 EEOC Charge on or before December 27, 2020.

**RESPONSE**

Admit.

36. Admit that A.J. Prieto was aware of Plaintiff's June 2020 EEOC Charge on or before December 27, 2020.

**RESPONSE**

Admit.

37. Admit that Steven Serrano was aware of Plaintiff's June 2020 EEOC Charge on or before December 27, 2020.

**RESPONSE**

Denied. Defendant is unaware of Steven Serrano's knowledge.

38. Admit that Kevin Milan was aware of Plaintiff's June 2020 EEOC Charge on or before December 27, 2020.

**RESPONSE**

Admit.

39. Admit that Delvin Brown was aware of Plaintiff's June 2020 EEOC Charge on or before December 27, 2020.

**RESPONSE**

Denied.

40. Admit that Reggie Lester was aware of Plaintiff's June 2020 EEOC Charge on or before December 27, 2020.

**RESPONSE**

Denied. Defendant is unaware of Reggie Lester's knowledge.

41. Admit that Paul Ozaeta was aware of Plaintiff's June 2020 EEOC Charge on or before December 27, 2020.

**RESPONSE**

Denied.

42. Admit that any sexual advances or conduct of a sexual nature between Steven Cosner and Plaintiff during Plaintiff's employment, were offensive to Plaintiff.

**RESPONSE**

Denied.

43. Admit that Plaintiff made a complaint against Steven Cosner for sexual harassment.

**RESPONSE**

Denied.

44. Admit that you took no discipline against Steven Cosner on account of Plaintiff's allegations of sexual harassment.

**RESPONSE**

Denied. Plaintiff never made a complaint against Steven Cosner.

45. Admit that Richard Clements terminated Plaintiff on January 25, 2021.

**RESPONSE**

Denied. Defendant implemented Plaintiff's irrevocable letter of resignation.

46.     Admit that you retaliated against Plaintiff after she filed an EEOC Charge against Defendant.

**RESPONSE**

Denied.