UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-DPG

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

**DEFENDANT'S VERIFIED ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT, CITY OF MIAMI BEACH**

Defendant, CITY OF MIAMI BEACH, FL, through its counsel, and pursuant to Federal Rule of Civil Procedure 33 and Southern District of Florida Local Rule 26.1, serves its Verified Answers and Objections to Plaintiff's Second Set of Interrogatories.[1]

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 Northeast 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

---

[1] The answers and objections contained herein are identical to the answers and objections in Defendant's Unverified Answers and Objections served on November 20, 2023.

1

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**RAFAEL A. PAZ, CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 11, 2024, I served the foregoing document via email to the person listed on the Service List below.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-DPG

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*

2

## ANSWERS AND OBJECTIONS

### INTERROGATORY NO. 1

Please identify the individual answering these interrogatories, including name, job title, and history of employment or association with Defendant including dates of employment in each job title held with Defendant and job duties and responsibilities for each of those job titles.

### ANSWER:

Richard Clements, Former Chief of Police, City of Miami Beach Police Department

Chief of Police July 2019 through October 2023

My duties and responsibilities as Chief of Police are detailed in the attached job description.

Defendant objects to the interrogatory to the extent that it asks for dates of employment for each job title held. Mr. Clements was employed for the City for almost thirty (30) years. Mr. Clements' entire employment history has no bearing on Plaintiff's claim of retaliation.

### INTERROGATORY NO. 2

To the extent not previously provided above, identify all persons who you know or believe have any knowledge, personal or otherwise, regarding matters which are or may be relevant to any claim asserted in the instant case. For each person identified, state in detail all facts for which that person has knowledge, personal or otherwise; provide the name, address, date of birth, and current employment status of each person.

### ANSWER:

Defendant objects to the interrogatory to the extent that it requires dates of birth. This is not an age discrimination case. Therefore, there is no basis for providing dates of birth.

Richard Clements
Former Chief of Police City of Miami Beach Police Department
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance and separation from employment.

Marla Alpizar
Director of Human Resources
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance and separation from employment.

Michael Smith
Former Director of Human Resources
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance and separation from employment.

AJ Prieto
Captain, City of Miami Beach Police Department
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance and separation from employment.

Wayne Jones
Chief of Police City of Miami Beach Police Department
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance and separation from employment.

Paul Acosta
Assistant Chief of Police City of Miami Beach Police Department
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance and separation from employment.

Steven Cosner,
Lieutenant, City of Miami Beach Police Department
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance and allegations of harassment

Paul Ozaeta
Lieutenant, City of Miami Beach Police Department
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance

Arley Flaherty
Sergeant, City of Miami Beach Police Department
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance

Reggie Lester
Sergeant, City of Miami Beach Police Department
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance

Delvin Brown
Captain, City of Miami Beach Police Department
c/o MLE Law
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
melkins@mlelawfirm.com

Knowledge regarding Plaintiff's job performance

Eugene Gibbons, Esq.
Buschel Gibbons, P.A.
501 E. Las Olas Blvd., Suite 304
Fort Lauderdale, FL 33301

Knowledge regarding Plaintiff entering into the Last Chance Agreement and Settlement Agreement

Michael Pancier, Esq.
Law Offices of Michael A. Pancier, P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024

Knowledge regarding Plaintiff entering into the Last Chance Agreement and Settlement Agreement

**INTERROGATORY NO. 3**

List all dates in which Guasto was employed by Defendant, or any subsidiary or related entity, detailing the positions in which Guasto was employed, the rates of pay at which she started in each position, and the dates and amounts of any changes to Guasto's rate of pay for each position.

   **ANSWER:**

   All of the information requested in this interrogatory is contained in Plaintiff's personal file which the City is producing contemporaneously herewith.

**INTERROGATORY NO. 4**

Please state all reasons for the termination of Guasto's employment; identify each person who made the decision to terminate Guasto's employment; identify each person who participated in the decision to terminate Guasto's employment; identify each person who provided any information relied upon in the decision to terminate Guasto's employment; and identify all documents relied upon in the decision to terminate Guasto's employment.

   **ANSWER:**

   The details of Plaintiff's separation from employment are contained in the January 25, 2021, Memorandum. I was the decision-maker.

**INTERROGATORY NO. 5**

If your decision to terminate Guasto's employment was based in whole or in part on Guasto's job performance, please: identify Guasto's specific job performance that played a role in the decision

6

to terminate Guasto's performance; identify any rules, guidelines, policies, or procedures that were used to evaluate Guasto's specific job performance; identify each person who had responsibility for evaluating the specific job performance of Guasto; identify each person who has knowledge of Guasto's specific job performance; and describe all warnings given with respect to Guasto's specific job performance.

**ANSWER:**

The details of Plaintiff's separation from employment are contained in the January 25, 2021, Memorandum.

**INTERROGATORY NO. 6**

Identify and fully describe every occasion where any individual discussed, conferred, participated, authorized, approved or otherwise conversed regarding the termination of Guasto's employment, setting forth the dates of the occasions, precise location of the occasion, the names of each person present at each occasion setting forth precisely what each person said.

**ANSWER:**

Defendant objects on the grounds that this interrogatory is overbroad. Specifically, this interrogatory is asking for the City to list any conversation regarding Plaintiff's separation. This is impossible. The City is not required to speak to every employee to determine whether they had a conversation about Plaintiff's separation. Plaintiff should narrow her request to certain categories of employees.

**INTERROGATORY NO. 7**

State whether, following the Guasto's termination, any written or oral statements were made to any employee or group of employees regarding any aspect of Guasto's departure from you and if so, state precisely what was said, by whom, where the statements were made, and if the statements were made in writing, who composed, read, reviewed, approved, or signed the writing.

**ANSWER:**

I am not aware of any written or oral statements responsive to this interrogatory.

**INTERROGATORY NO. 8**

If there were any communications between any employee of the City of Miami Beach and Guasto about Guasto's termination, please: identify each person who made or received the

7

communications; identify each person who witnessed the communications; describe the date and substance of the communications; and identify each document which refers to the communications.

**ANSWER:**

Defendant objects on the grounds that this interrogatory is overbroad. Plaintiff is asking for all communications between any employee of the entire City and Plaintiff. There is no basis for such a broad and all encompassing request. More to the point, since Plaintiff is asking about communications from City employees to her, she is already in possession of said communications.

**INTERROGATORY NO. 9**

If the City of Miami Beach contends that there are facts that would support the decision to terminate Guasto's employment that were not discovered until after the date of the termination of Guasto's employment (e.g., after-acquired evidence), please: state the specific facts; state when and how you first learned of each specific fact; state the name, address, and telephone number of each person who has knowledge of the specific facts; identify all documents which evidence these specific facts; state whether you have terminated the employment of any other person for engaging in this same type of conduct; and state whether any other person has engaged in this same type of conduct and not had their employment terminated.

**ANSWER:**

None.

**INTERROGATORY NO. 10**

Have you, your attorneys, or other representatives taken or received any statement concerning the allegations in Guasto's complaint, either oral or in writing, from any person, including parties who had any information or knowledge relating to Guasto's allegations of discrimination at any time? If so, please state the person making the statement, the persons present during the statement, the date of the statement, the contents of the statement, and, if the statement was in writing, please attach a copy or indicate when and where counsel for Guasto may review the statement.

**ANSWER:**

No.

**INTERROGATORY NO. 11**

Except for Guasto's present lawsuit against you, if, in the past 10 years, any employee has filed a civil action against you regarding his or her employment, please: identify each employee who filed

the action; state the court, names of the parties, and case number of the civil action; identify each attorney representing the employee; and state whether the action has been resolved or is pending.

**ANSWER AND OBJECTION:**

Defendant objects on the grounds that this interrogatory is overbroad as to topic and temporal scope. First, Plaintiff brings only a retaliation claim. Therefore, Plaintiff is not entitled to information about every type of employment related lawsuit. Second, ten (10) years is far too long of a period of time. There is simply no basis for Plaintiff to go back a decade.

**INTERROGATORY NO. 12**

State whether, following the Guasto's termination, any written or oral statements were made to any employee or group of employees, or governmental entity, whether it be local, state, or federal, regarding any aspect of Guasto's departure from you and if so, state precisely what was said, by whom, where the statements were made, and if the statements were made in writing, who composed, read, reviewed, approved, or signed the writing.

**ANSWER:**

Paperwork regarding Plaintiff's separation from employment was provided to Florida Department of Law Enforcement. Additionally, the City processed paperwork memorializing Plaintiff's separation from employment. I don't recall making any oral statements responsive to this question.

**INTERROGATORY NO. 13**

Identify and fully describe every occasion where any individual discussed, conferred, participated, authorized, approved or otherwise conversed regarding the termination of Guasto's employment or circumstances leading thereto, setting forth the dates of the occasions, precise location of the occasion, the names of each person present at each occasion setting forth precisely what each person said.

**ANSWER:**

Defendant objects on the grounds that this interrogatory is overbroad. Specifically, this interrogatory is asking for the City to list any conversation regarding Plaintiff's separation. This is impossible. The City is not required to speak to every employee to determine whether they had a

9

conversation about Plaintiff's separation. Plaintiff should narrow her request to certain categories of employees.

### VERIFICATION

_Richard Clements_
RICHARD CLEMENTS

STATE OF FLORIDA       )
                       )SS: 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
COUNTY OF Miami Dade   )

BEFORE ME, the undersigned authority, personally appeared, _Richard Clements_ known to me or who has produced _____ as identification and who did (did not) take an oath, states that he/she has read the foregoing responses to interrogatories and same are true to the best of his/her knowledge and belief.

WITNESS my hand and official seal in the County and State last aforesaid, this ___ day of February 2024.

_Shawnee Fross_
Official Notary Signature

Name of Notary Typed, Printed or Stamped

Commission Number: HH 261617

Notary Public
State of Florida at Large

MY COMMISSION EXPIRES:



SHAWNEE FROSS
Notary Public - State of Florida
Commission # HH 261617
My Comm. Expires Jul 22, 2026
Bonded through National Notary Assn.