UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
EXPERT WITNESS AND AMENDED EXPERT REPORT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, THE CITY OF MIAMI BEACH, FL, a Florida municipality (the "City"), through its counsel and pursuant to Federal Rule of Evidence 702, files its Motion to Strike Plaintiff's Expert Witness and Amended Expert Report and Incorporated Memorandum of Law and in support states the following:

**PRELIMINARY STATEMENT**

1.     This is an employment discrimination case.

2.     On April 2, 2022, Plaintiff filed a ten (10) count Complaint [DE 1].

3.     On July 10, 2023, this Court issued its order dismissing eight (8) of the ten (10) counts [DE 32] leaving only Counts III and IV, which are claims for retaliation under Title VII and the Florida Civil Rights Act ("FCRA") respectively.

1

4. On February 2, 2024, Plaintiff served her Amended Expert Witness Disclosure, disclosing Paul M. Mason, Ph.D. ("Dr. Mason") as her expert and producing Dr. Mason's Expert Report.

5. On March 19, 2024, this Court entered its Paperless Order Striking Dr. Mason's Expert Report [DE 52].

6. On March 12, 2024, Plaintiff served Dr. Mason's Amended Expert Report ("Report"). A copy of the Report is attached as **Exhibit A**.

7. Therein, Dr. Mason states that he is opining on "economic damages," and specifically considering "the past and future lost income and fringe benefits for [Plaintiff] as the result of her dismissal from the Miami-Dade County Police Department."[1] *See* Exh. A, Plaintiff Bates Nos. PM000002.

8. As is detailed more fully below, the Court should strike Dr. Mason and his Report because they are unreliable.

9. Specifically, Dr. Mason's future earnings calculations are based on the retirement plan from the Florida Retirement System.

10. This is a fatal flaw for Dr. Mason because, as is detailed below, the City is not part of the Florida Retirement System.

11. The City maintains its own pension plan completely independent from, and having nothing to do with, the Florida Retirement System.

12. Thus, the Court should strike Dr. Mason and his unreliable and incorrect Report.

**ARGUMENT AND CITATION OF AUTHORITY**

**THE COURT SHOULD STRIKE DR. MASON AND HIS REPORT BECAUSE HIS REASONING AND**

---

[1] Plaintiff is a former Police Officer for the City of Miami Beach, not Miami-Dade County.

## METHODOLOGY UNDERLYING HIS OPINION ARE UNRELIABLE.

"A district court must acts [sic] as a 'gatekeeper' to exclude expert testimony that does not meet the relevancy and reliability threshold requirements." *Exim Brickell, LLC v. Bariven, S.A.*, Case No. 09-CV-20915-GOLD/McALILEY, 2011 WL 13131317, at *1 (S.D. Fla. Mar. 11, 2011). "In this role, the court determines the admissibility of expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993)." *Exim Brickell, LLC,* 2011 WL 13131317, at *1. "Accordingly, opinion testimony is not admissible unless: (1) the witness is qualified as an expert by knowledge, skill, experience, training, or education, (2) the witness's reasoning or methodology underlying the opinion testimony is scientifically reliable, and (3) the testimony is relevant—that is, it must assist the trier of fact to understand the evidence or to determine a fact at issue. *See Exim Brickell, LLC,* 2011 WL 13131317, at *1 (*citing* Fed. R. Evid. 702; *Daubert,* 509 U.S. at 591; *City of Tuscaloosa v. Harcros Chems., Inc.,* 158 F.3d 548, 562 (11th Cir. 1998)).

In the context of a bench trial, which this case is, courts may still go through the individual analyses of experts or motions and have granted motions to strike prior to the bench trial. *See Adams v. Paradise Cruise Line Operator Ltd., Inc.*, Case No. 19-cv-61141-BLOOM/Valle, 2020 WL 3489366, at *3 (S.D. Fla. June 26, 2020) (*citing Broberg v. Carnival Corp.*, Case No. 17-cv-21537, 2018 WL 4778457, at *1 (S.D. Fla. June 11, 2018)); *see also Goldberg v. Paris Hilton Entm't, Inc.*, No. 08-22261-CIV, 2009 WL 1393416, at *4 (S.D. Fla. May 18, 2009)).

"In determining reliability, 'court[s] should meticulously focus on the expert's principles and methodology, and not on the conclusions that they generate.'" *City of South Miami v. Desantis*, Case No. 19-cv-22927-BLOOM/Louis, 2020 WL 7074644 at *10 (*citing McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004); *see also Coshap, LLC v. Ark Corp. Member Ltd.*, Case No. 1:16-

3

cv-0904-SCJ, 2017 WL 9287017, at *2 (N.D. Ga. Dec. 12, 2017) ("The question is not whether the expert's opinion is correct, but whether the basis on which it rests is reliable."). "Ultimately, regardless of the specific guideposts considered in determining reliability, proposed testimony 'must be supported by appropriate validation – i.e., "good grounds," based on what is known.'" *City of South Miami*, 2020 WL 7074644 at *10 (*citing Daubert*, 509 U.S. at 590).

**The Court Should Strike Dr. Mason and His Report Because His Future Earnings Calculations Are Based on the Florida Retirement System and the City is Not Part of the Florida Retirement System.**

In his Report, Dr. Mason states that he calculated Plaintiff's future earnings based on data from the "Florida DROP." *See* Exh. A, Plaintiff Bates Nos. PM000002. In Dr. Mason's deposition, he testified that "Florida DROP" refers to the Florida Retirement System ("FRS").[2] *See* Exh. B, TR:29:18-24; 32:5-8; 37:21-25. "DROP" stands for "Deferred Retirement Option Plan."[3] *See* Exh. C, p. 3. Dr. Mason further testified that in calculating Plaintiff's future earnings, he used documents from the FRS. *See* Exh. B, TR:44-46:8-1. To that end, Dr. Mason testified that he used the Florida Retirement System as a basis for calculating Plaintiff's pension. *See* Exh. B, TR:45-46:22-1. Dr. Mason and his Report are completely unreliable because the City is not part of the FRS. *See* Exh. C ¶ 15.

---

[2] A copy of Dr. Mason's deposition transcript is attached as **Exhibit B**. In citing to the deposition transcript, the City uses the citation format "TR:_:_." The "TR" refers to "transcript," the first number(s) after the TR refers to the page number(s) of the transcript and the second number(s) refers to the line number(s) of the transcript. Additionally, the City identifies the specific deponent by using their last name before the "TR."

[3] The Declaration of the City's Director of Human Resources, Marla Alpizar is attached as **Exhibit C**.

The City Pension Fund for Firefighters and Police Officers in the City of Miami Beach is a defined benefit plan (the "Plan"). *See id*. ¶ 16. The Plan was created under Chapter 23414 Laws of Florida, Special Acts of 1945, as amended through October 14, 2020. *See id*. ¶ 17.

As to Police Officers at the City of Miami Beach, the Police Officers' Relief and Pension Fund ("Police Pension Fund") is codified in the Code of the City of Miami Beach, Subpart B – Related Special Acts, Article VIII, §§ 49 – 61. *See id*. ¶ 18. The Code of the City of Miami Beach is a public record and easily obtainable on the internet via:

> https://library.municode.com/fl/miami_beach/codes/code_of_ordinances?nodeId=SPBRESPAC_ARTVIIIPOOFREPEFU_S55INACPOOF&showChanges=true

*See id*. ¶ 19.

The Police Pension Fund is not part of the FRS and does not utilize any of the calculations from the FRS. *See id*. ¶¶ 20-21. The Police Pension Fund and the City of Miami Beach have no affiliation whatsoever with the FRS. *See id*. ¶ 22.

**Calculation of Police Officer Pension Benefits and Police Offices' Deferred Retirement Option Plan ("DROP")**

Police Officers at the City of Miami Beach are represented by The Fraternal Order of Police, William Nichols Lodge No. 8 ("FOP"). *See id*. ¶ 23. The FOP is the exclusive bargaining representative for a bargaining unit of City police employees. *See id*. ¶ 24.  At the time the City implemented Plaintiff's Irrevocable Letter of Resignation, Plaintiff was a Sergeant and thus part of the FOP's Bargaining Unit. *See id*. ¶ 27.

The City implemented Plaintiff's Irrevocable Letter of Resignation in January 2021. *See id*. ¶ 28. In January 2021, the City and the FOP were parties to a Collective Bargaining Agreement which covered the period October 1, 2018, through September 30, 2021 ("CBA"). *See id*. ¶¶ 29-

30; *see also* Exh. B to Dec. The CBA is a public record. *See id*. ¶ 31. The City maintains the collective bargaining agreements with each of its unions on the City's website at:

https://www.miamibeachfl.gov/city-hall/human-resources/employee-labor-relations/

*See id*. ¶ 32.

Plaintiff's pension benefits were governed by Section 8.23 of the CBA which is titled "Pension." *See id*. ¶ 33; *see also* Exh. B to Dec., § 8.23, Bates Nos. City 001723 – 001731.

Importantly, the City and the FOP have agreed on a DROP. *See id*. ¶ 34. The qualifications and calculations for DROP during Plaintiff's employment at the City, are contained in Section 8.23.C.1-12 of the CBA. *See id*. ¶ 35, *see also* Exh. B to Dec., § 8.23.C.1-12, Bates Nos. City 001725 – 001729. The DROP is also codified in the Code of the City of Miami Beach, Subpart B – Related Special Acts, Article VIII, §§ 49 – 61. *See id*. ¶ 35, fn. 2.

At the time the City implemented Plaintiff's Irrevocable Letter of Resignation, Plaintiff was governed by the above-referenced DROP and pension calculations. *See id*. ¶ 36. During her employment with the City, Plaintiff was not governed by the FRS. *See id*. ¶ 37.

The foregoing is fatal to Dr. Mason and his Report. Dr. Mason calculated Plaintiff's future earnings based of the entirely incorrect retirement plan. Despite the public availability of the City Code and the CBA, Dr. Mason did not use either in formulating his opinion. Instead, nearly his entire opinion is based on calculations from the FRS, a retirement plan that Plaintiff was not part of when she worked for the City.

To accurately calculate Plaintiff's future earnings, Dr. Mason needed to use the formulas from the City, as outlined above and in the City Code and the CBA, not the FRS. Dr. Mason's failure in this regard is not minor. Instead of doing even a modicum of research, he merely assumed

that the City was part of the FRS. Dr. Mason's incorrect assumption renders his Report utterly useless, as it's based on the wrong retirement system.

The Court cannot allow Dr. Mason and his Report to stand given that his calculations are based on the FRS, which is the wrong retirement plan. The main documents for the City's Plan are the City Code and the CBA. Dr. Mason reviewed neither. In short, the future earnings that Dr. Mason calculated do not apply to Plaintiff. She was not part of the FRS when she worked at the City. Therefore, the Court should strike Dr. Mason and his unreliable Report.

## CONCLUSION

Based on the foregoing, the City respectfully requests that the Court grant the instant Motion in its entirety and strike Dr. Mason and his Report.

## CERTIFICATE OF CONFERRAL

Undersigned counsel Michael L. Elkins certifies that he conferred with Plaintiff's counsel about the relief sought herein and Plaintiff's counsel opposes the relief sought herein.

Dated: June 3, 2024.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*