UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

Defendant.
_____________________________________________/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS AND AMENDED EXPERT REPORT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, THE CITY OF MIAMI BEACH, FL, a Florida municipality (the "City"), through its counsel and pursuant to Federal Rule of Evidence 702, and Southern District of Florida Local Rule 7.1(c)(1), files its Reply to Plaintiff's Response In Opposition to Defendant's Motion to Strike Plaintiff's Expert Witness and Amended Expert Report and Incorporated Memorandum of Law and in support states the following:

**PRELIMINARY STATEMENT**

1. This is an employment discrimination case.

2. On February 2, 2024, Plaintiff served her Amended Expert Witness Disclosure, disclosing Paul M. Mason, Ph.D. ("Dr. Mason") as her expert and on March 12, 2024, Plaintiff served Dr. Mason's Amended Expert Report ("Report") [DE 72-1].

3. Therein, Dr. Mason states that he is opining on "economic damages," and specifically considering "the past and future lost income and fringe benefits for [Plaintiff] as the

result of her dismissal from the Miami-Dade County Police Department."[1] *See* DE 72-1, Plaintiff Bates Nos. PM000002.

4. On June 3, 2024, the City filed its Motion to Strike Plaintiff's Expert Witness and Amended Expert Report and Incorporated Memorandum of Law ("Motion") [DE 72].

5. The gravamen of the City's Motion is that the Court should strike Dr. Mason and his Report because they are unreliable.

6. Specifically, and as is detailed more fully in the City's Motion, in calculating Plaintiff's past and future lost income and fringe benefits at the City, Dr. Mason used calculations from the Florida Retirement System ("FRS").

7. This is a fatal flaw for Dr. Mason and his Report because the City is not part of the FRS and thus, the FRS has no bearing on Plaintiff's past and future lost income and fringe benefits had she continued working for the City.

8. The City maintains its own pension plan/retirement system that is completely independent from, and has nothing to do with the FRS.

9. On June 17, 2024, Plaintiff filed her Response In Opposition to Defendant's Motion to Strike Plaintiff's Expert Witness and Amended Expert Report and Incorporated Memorandum of Law ("Response") [DE 75].

10. Importantly, Plaintiff does not challenge that Dr. Mason used in the incorrect retirement system.

11. Rather, Plaintiff describes Dr. Mason's use of the wrong retirement system as use of an "alternative retirement system." *See* DE 75, p. 7.

---

[1] Plaintiff is a former Police Officer for the City of Miami Beach, not Miami-Dade County. Dr. Mason's Report is so deficient, it doesn't even correctly identify Plaintiff's former employer.

12. Plaintiff goes even further and argues that, in calculating Plaintiff's past and future lost income and fringe benefits, Dr. Mason was not required to use the City's retirement system calculations. *See id*., pp. 7 -8.

13. As Plaintiff would have it, using a retirement system in which the Plaintiff was never a member of, and that has no bearing on Plaintiff's future earnings whatsoever does not justify striking Dr. Mason and his Report. *See id*., p. 8. Plaintiff is incorrect.

14. In calculating Plaintiff's past and future lost income and fringe benefits Dr. Mason had to get one fact correct, using the correct retirement system, i.e. the retirement system that applies to Plaintiff.

15. Per Plaintiff's own admission, he did not. Therefore, his entire Report is unreliable and incorrect.

16. Thus, the Court should strike Dr. Mason and his unreliable and incorrect Report.

## ARGUMENT AND CITATION OF AUTHORITY

### THE COURT SHOULD STRIKE DR. MASON AND HIS REPORT BECAUSE HE DID NOT BASE HIS REPORT ON SUFFICIENT FACTS AND DATA, MAKING IT UNRELIABLE, AND HIS REPORT IS NOT HELPFUL.

"In determining reliability, 'court[s] should meticulously focus on the expert's principles and methodology, and not on the conclusions that they generate.'" *City of South Miami v. Desantis*, Case No. 19-cv-22927-BLOOM/Louis, 2020 WL 7074644 at *10 (*citing McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004); *see also Coshap, LLC v. Ark Corp. Member Ltd.*, Case No. 1:16-cv-0904-SCJ, 2017 WL 9287017, at *2 (N.D. Ga. Dec. 12, 2017) ("The question is not whether the expert's opinion is correct, but whether the basis on which it rests is reliable."). "***Ultimately, regardless of the specific guideposts considered in determining reliability, proposed testimony***

***'must be supported by appropriate validation – i.e., "good grounds," based on what is known**.'" *City of South Miami*, 2020 WL 7074644 at *10 (*citing Daubert*, 509 U.S. at 590) (emphasis added).

In her Response, Plaintiff makes three (3) main arguments: (1) Dr. Mason is qualified as an expert; (2) Dr. Mason's testimony is helpful; and (3) Dr. Mason and his Report are reliable. *See* DE 75, pp. 4-6. In so arguing, Plaintiff further argues that Dr. Mason's methodology was reliable and that he considered sufficient facts and data when forming his opinion. *See id*., pp. 6-7. The overall theme of Plaintiff's Response is that Dr. Mason's use of the wrong retirement system to calculate Plaintiff's past and future lost income and fringe benefits doesn't merit striking Dr. Mason or the Report. Rather, according to Plaintiff, the Court should still consider Dr. Mason and his Report, and the fundamental error of using the wrong retirement system goes to the weight and persuasiveness of his opinion. This argument is mis-placed entirely.

Plaintiff loses site of the overarching principle when considering the admissibility of expert testimony, that proposed testimony must be supported by "good grounds," based on what is known. *See City of South Miami*, 2020 WL 7074644 at *10 (*citing Daubert*, 509 U.S. at 590). What is known here is that Dr. Mason's use of the wrong underlying factual predicate to form his opinion means that it is not based on good grounds. Accordingly, the Court should strike Dr. Mason and his Report.

**Dr. Mason Did Not Consider Sufficient Facts and Data When Forming His Opinion and Therefore His Opinion Is Not Reliable**

Dr. Mason did not consider sufficient facts and data when forming his opinion. Dr. Mason was hired to opine as to Plaintiff's past and future lost income and fringe benefits based on her termination from the City. Therefore, Dr. Mason must compare apples to apples and use the City's Police Pension Fund and the City's DROP calculations when calculating Plaintiff's past and future lost income and fringe benefits from the City.

As Plaintiff admits in her Response, Dr. Mason used documents from the FRS, including basing almost his entire calculation based on the FRS. Specifically, in his Report, Dr. Mason states that he calculated Plaintiff's future earnings based on data from the "Florida DROP." *See* DE 72-1, Plaintiff Bates Nos. PM000002. In Dr. Mason's deposition, he testified that "Florida DROP" refers to the Florida Retirement System ("FRS"). *See* DE 72-2, TR:29:18-24; 32:5-8; 37:21-25. "DROP" stands for "Deferred Retirement Option Plan." *See* DE 72-3, p. 3. Dr. Mason further testified that in calculating Plaintiff's future earnings, he used documents from the FRS. *See* DE 72-2, TR:44-46:8-1. To that end, Dr. Mason testified that he used the Florida Retirement System as a basis for calculating Plaintiff's pension. *See* 72-2, TR:45-46:22-1.

In short, Dr. Mason compared apples and bowling balls. This is not some trivial factual distinction for which the parties can argue over weight and meaning. Using the incorrect retirement system and the incorrect calculations goes to the heart of Dr. Mason's Report and its applicability to Plaintiff. Since Plaintiff was not part of the FRS when she worked for the City, and the City is not part of the FRS, her past and future lost income and fringe benefits based on data from the FRS have zero bearing on Plaintiff. Instead, to get Plaintiff's past and future lost income and fringe benefits Dr. Mason had to use the data and calculations from the City. This information was readily available to him via public records and more importantly, his own client. Since Dr. Mason used an incorrect underlying factual premise for his opinion, it is inherently unreliable and of no value. Therefore, the Court should strike Dr. Mason and his Report.

**Dr. Mason's Testimony Is Not Helpful**

Plaintiff contends that Dr. Mason's expert testimony is "helpful" because "Calculating Plaintiff's economic losses is simply beyond the understanding of the average lay person and requires expert assistance. Thus, Dr. Mason's proffered testimony and report are necessary to

evaluate Plaintiff's economic damages and explain the calculations for Plaintiff's economic loss." *See* DE 75, p. 5.

Plaintiff, however, ignores a fundamentally important fact, Dr. Mason's entire opinion is based on the incorrect factual predicate that Plaintiff was part of the FRS. She was not, a fact that Plaintiff readily admits. As Plaintiff would have it, the mere fact that an expert is providing an opinion on something beyond the purview of a lay person makes the expert's testimony helpful. This is not true. The expert's opinion must have applicability to the issue at hand and be based on a correct factual predicate. Dr. Mason's Report is based on an incorrect factual predicate, a fact that Plaintiff does not challenge.

Here, Dr. Mason's opinion is not helpful at all since he calculated Plaintiff's past and future lost income and fringe benefits based on the FRS, and not the City's Police Pension Fund and the City's DROP. Contrary to Plaintiff's assertion, to get a proper calculation of Plaintiff's past and future lost income and fringe benefits Dr. Mason was required to use the formulas and calculations in the City Code and the CBA as those are what apply to Plaintiff. Since Dr. Mason did not do that, he and his Report are not reliable, and the Court should strike both.

According to Plaintiff, if this case were about the engine repair of a Ferrari, and an expert opined about the engine repair of a Lamborghini, the expert's opinion is still helpful since she/he is providing an opinion on something beyond the understanding of the average lay person. While the expert is opining on something beyond the understanding of the average lay person, the opinion is not helpful since it is about the wrong car.

The same is true in this case. Dr. Mason is opining about the wrong car. Therefore, he and his Report are not helpful, and the Court should strike both.

**The Cases Plaintiff Cites Do Not Apply**

Plaintiff relies on *Jetaire Aerospace, LLC v. Aersale, Inc.*, Case No. 20-CV-25144-GAYLES/TORRES, 2024 WL 1931615 (S.D. Fla. Jan. 8, 2024), for the proposition that "shaky" expert testimony is admissible. *See* DE 75, p. 7.

First, Dr. Mason's purported testimony is not "shaky," it is incorrect. Describing Dr. Mason's testimony as "shaky" is generous at best. Thus, because Dr. Mason's testimony is far beyond "shaky," *Jetaire Aerospace, LLC* does not apply.

Second, in *Jetaire Aerospace, LLC*, Magistrate Torres dealt with motions to strike two experts, Bill Ashworth ("Ashworth") and Justin Blok ("Blok"). *See Jetaire Aerospace, LLC* 2024 WL 1931615, at *1. As to Ashworth, the motion to strike was based on the defendant's claim that Ashwerth's testimony was:

> unreliable and unhelpful because it contradicts the Court's construction of patent terms, the patents' definitions, its own accepted facts, and it fails to disclose a person of ordinary skill in the art. Aersale also moves to strike Mr. Ashworth's testimony because he is not sufficiently qualified. Alternatively, Aersale moves to strike portions of Mr. Ashworth's testimony that reach legal conclusions.

*See id*. at *3.

The reasons for striking Ashwerth in *Jetaire Aerospace, LLC*, do not apply to this case. The City is not challenging Dr. Mason's qualifications, nor does the City claim that Dr. Mason's opinion constitutes a legal conclusion. Further, none of the other basis for striking Ashwerth apply to this case.

As to Blok, who was the defendant's damages expert, the motion to strike was based on the defendant's claim that "Mr. Blok's entire expert damages testimony is 'inherently unreliable'

and unhelpful because it contradicts binding Federal Circuit law and it is unsupported by the record." *See id*. at *7.

The reasons for striking Blok in *Jetaire Aerospace, LLC*, do not apply to this case. The City is not alleging that Dr. Mason's opinion contradicts any specific law nor is the City alleging that Dr. Mason's opinion is not supported by the record.

The City's argument is simple; Dr. Mason's entire Report is based two incorrect premises: (1) that Plaintiff was a member of the FRS when she worked at the City; (2) that the City is part of the FRS. Plaintiff was not a member of the FRS when she worked at the City and the City is not part of the FRS. Accordingly, to have an accurate Report and opinion, Dr. Mason needed to calculate Plaintiff's past and future lost income and fringe benefits based on the what she would have earned under the City's Police Pension Plan and the City's DROP. He did not.

*Jetaire Aerospace, LLC*, does not address the situation in this case, an expert who uses multiple incorrect factual premises. Therefore, it does not apply.

Plaintiff also relies on *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190 (11th Cir. 2011). *See* DE 75, p. 8. In *Rosenfeld*, the plaintiff sued for injuries suffered after she slipped and fell on the ceramic tile floor of a cruise ship. *See Rosenfeld*, 654 F.3d at 1191.

> To prove her case, Rosenfeld offered the expert testimony of Peter Vournechis, an Australian floor-safety specialist who performed various coefficient-of-friction tests to determine the slip resistance of the *M/V Nautica*'s flooring surfaces. Vournechis found that, under wet conditions, the ceramic-tile surface surrounding the Terrace Café had an inadequately low coefficient of friction. Thus, he proposed to testify at trial that the flooring surface was not reasonably safe for a self-serve or bistro area, because it posed a high risk for those passing through the Café to slip and fall.

*See id*.

The district court precluded the expert's testimony. *See id*. The entire issue in *Rosenfeld* was whether the jury should hear from the expert about whether the cruise ship's flooring posed a danger. In excluding the testimony, the district court found that the conclusion about whether the flooring did or did not pose a danger was one for the jury. Therefore, it excluded the expert's testimony. *See id*. at 1193. In reversing, the Eleventh Circuit stated:

> Because the jury was not allowed to consider evidence about whether the slip resistance of the flooring posed a danger to passengers aboard the *M/V Nautica,* it could not have found in Rosenfeld's favor with regard to her main negligence theory; matters of slip resistance and surface friction are "beyond the understanding and experience of the average lay citizen." Accordingly, we conclude that the district court erred by granting Oceania's motion to preclude Vournechis's proposed testimony. (citations omitted)

*See id*. at 1194.

*Rosenfeld* did not deal with addressing an expert report that is based on an entirely incorrect factual premise. As is indicated above, what happened in *Rosenfeld* is not at all analogous to this case. Accordingly, *Rosenfeld* does not apply, and the Court should strike Dr. Mason and his Report.

**<u>Dr. Mason's Report Is Fatally Flawed</u>**

To accurately calculate Plaintiff's future earnings, Dr. Mason needed to use the formulas from the City, as outlined in the City Code and the CBA, not the FRS. Dr. Mason's failure in this regard is not minor. Instead of doing even a modicum of research, he merely assumed that the City was part of the FRS. Dr. Mason's Report is unreliable and unhelpful because it is based on the wrong retirement system.

The Court cannot allow Dr. Mason and his Report to stand given that his calculations are based on the FRS, which is the wrong retirement plan. The main documents for the City's Plan are the City Code and the CBA. Dr. Mason reviewed neither. In short, the future earnings that Dr. Mason calculated do not apply to Plaintiff. She was not part of the FRS when she worked at the

City, and the City not part of the FRS. Therefore, the Court should strike Dr. Mason and his unreliable Report.

## CONCLUSION

Based on the foregoing, the City respectfully requests that the Court grant its Motion in its entirety and strike Dr. Mason and his Report.

Dated: June 24, 2024.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

**SERVICE LIST**

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*