UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANT'S FULLY DISPOSITIVE MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendant, THE CITY OF MIAMI BEACH, FL, (the "City"), through its counsel files its Reply to Plaintiff's Response and in support states the following:[1]

## PRELIMINARY STATEMENT

On June 3, 2024, the City filed its Fully Dispositive Motion for Summary Judgment ("Motion") [DE 70]. On July 8, 2024, Plaintiff filed her Response In Opposition ("Response") [DE 79]. The Court should grant the City's Motion.

## ARGUMENT AND CITATION OF AUTHORITY

### I. There Is No Causal Connection Between Plaintiff's Protected Activity and the City Implementing Her Resignation.

Plaintiff tries to create an issue of fact by citing to the alleged conversations between Chief Clements ("Clements") and Nicholas Guasto ("N. Guasto"). *See* DE 70, pp. 14-15.

**The Alleged Conversations Between Clements and N. Guasto Do Not Establish That Clements' Decision To Implement Plaintiff's Resignation Was Retaliatory**

The conversations between Clements and N. Guasto are inadmissible hearsay, for which there is no exception. *See* R. Facts, p. 14, fn 3. Even if the conversations are admissible, Plaintiff does not refute the fact that Clements never threatened to fire Plaintiff for filing her 2020 Charge. *See* DE 69, ¶ 74; *see also* DE 79, pp. 6-7. N. Guasto testified that throughout his dealings with Clements regarding Plaintiff's 2020 Charge, he repeatedly stated he wanted a resolution that included dismissal of the 2020 Charge. *See* DE 69 ¶ 75. This is unrefuted. N. Guasto acknowledged that, based on his conversations with Clements regarding the 2020 Charge, Clements got exactly what he wanted, a dismissal. *See id*.

Further, Plaintiff does not connect the alleged conversations to the City implementing her Letter of Resignation ("Resignation"). Instead, Plaintiff recites the alleged conversations without

---

[1] Pursuant to S.D. Fla. L.R. 56.1(a), the City incorporates its Local Rule 56.1(a)(1) Statement of Material Facts [DE 69]. Additionally, pursuant to Local Rule 56.1(a)(3), the City incorporates its Reply Statement of Material Facts and Response to Plaintiff's Additional Facts, filed contemporaneously and cited herein as "R. Facts ¶ _."

2

producing evidence connecting the alleged conversations to the City implementing her Resignation. This is because the alleged conversations centered around Clements' desire for Plaintiff to withdraw her 2020 Charge, which is exactly what happened.

Moreover, the alleged conversations supposedly took place in September 2020. *See* DE 78-3, pp. 2-14. The City implemented Plaintiff's Resignation on January 25, 2021, almost four (4) months after the alleged conversations and over a month ***after*** Plaintiff withdrew her 2020 Charge. *See* DE 69-12, p. 52; 69-27. Plaintiff did not withdraw her 2020 Charge at the time of the alleged conversations (September 2020), and she was not fired.

Instead, in December 2020, Plaintiff, through her two lawyers and Union President, negotiated a Settlement Agreement with the City. As part of the Settlement Agreement, Plaintiff withdrew her 2020 Charge. *See* DE 69, ¶¶ 23-26; *see also* 69-15. The City implemented Plaintiff's Resignation ***over a month later***. Accordingly, there is no connection between the alleged conversations and Plaintiff's separation from the City.

**There Is No Other Evidence That Implementation of Her Resignation Was Retaliatory**

Plaintiff cites a hodge-podge of events that she claims establish a causal connection. None do. First, Plaintiff alleges, without any evidence, that "Defendant made expressly clear that Plaintiff must simultaneously enter into a Last Chance Agreement ("LCA") along with a settlement agreement when withdrawing her 2020 EEOC Charge." *See* DE 79, p. 7. This is false.

The Settlement Agreement and the LCA were negotiated by Plaintiff's two lawyers and the Union President. *See* DE 69, ¶¶ 23-25. Plaintiff voluntarily entered into the Settlement Agreement and the LCA. *See* DE 69, ¶ 25. The City did not "put or place" Plaintiff on the LCA or force her to sign anything. *See id*. There is no evidence to support Plaintiff's contention that the City "made expressly clear that Plaintiff must simultaneously enter into a [LCA] along with a

3

settlement agreement when withdrawing her 2020 EEOC Charge." This is made up by Plaintiff.[2] Notably, Plaintiff never mentions that fact that LCA was directly related to the IA Case, and her admission to violating numerous City policies. *See* DE 69, ¶ 29; DE 69-15. The entire point of the LCA was to address Plaintiff's numerous City policy violations.

Second, Plaintiff takes issue with the process by which the City implemented her Resignation, continuing to pound the drum that the allegations levied by Lieutenant Cosner ("Cosner") are false, and that City failed to conduct an adequate investigation.[3] *See* DE 79, pp. 7-8. None of the foregoing establish a causal connection between Plaintiff's protected activity implementation of her Resignation. Importantly, Plaintiff's Response does not rebut the undisputed fact that at the time Cosner wrote the AAF, he had no knowledge of Plaintiff's 2020 Charge or the fact that she was on the LCA. *See generally* DE 79. This is fatal to Plaintiff's case.

## II. There is No Evidence of Pretext.

To establish pretext, Plaintiff must show more than a mistake on the part of the City. *See Silvera v. Orange Cty. Sch. Bd.*, 244 F. 3d 1253, 1261 (11th Cir. 2001). She must show that the City lied. *See id.*; *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1265 (11th Cir. 2010). "Plaintiff's mere belief, speculation, or conclusory allegations that Defendant discriminated against [her] … are insufficient to withstand summary judgment." *Aldabblan v. Festive Pizza, Ltd.*, 380 F.Supp.2d 1345, 1353 (S.D. Fla. 2005) (citations omitted) "Further, Plaintiff may not

---

[2] Importantly, the LCA does not reference the 2020 Charge. *See* DE 69, ¶ 31; DE 69-15. The LCA references the Internal Affairs Case. *See* DE 69, ¶ 30; DE 69-15. Therein, Plaintiff admits that she engaged in the conduct alleged in the Internal Affairs Case and that she violated numerous City policies. *See* DE 69, ¶ 29; DE 69-15. The LCA does not reference the 2020 Charge because the 2020 Charge had nothing to do with Plaintiff's job performance or ensuring that she did not again violate numerous City policies. *See* DE 69, ¶ 31.

[3] Incredibly, Plaintiff claims that her and Cosner had "a plethora of issues" "over the past few years." *See* DE 79, p. 7. The undisputed facts show that Plaintiff and Cosner had a relationship; friendship or otherwise that ended in 2015. *See* DE 69, ¶¶ 32-37. Whatever the relationship was, it is undisputed that it ended in 2015 and sans one interaction in 2017, Plaintiff and Cosner had no other communications. *See* DE 69, ¶¶ 37-39. Importantly, Plaintiff's 2018 and 2020 EEOC Charges make no mention of Cosner. *See* DE 69-5, 69-9. This is because there were no issues from 2015 – 2020 between Plaintiff Cosner. Plaintiff's attempt to connect alleged behavior from 2014-2015 to conduct in 2020-2021 is frivolous. The Court should grant the City's Motion.

establish that Defendant's proffered reasons are pretextual 'merely by questioning the wisdom of the employer's reasons, at least not where ... the reason is one that might motivate a reasonable employer.'" *Aldabblan*, 380 F.Supp. 2d at 1353 (citations omitted).

### *Baskerville* Does Not Apply

In trying to connect the LCA to the implementation of her Resignation, Plaintiff cites *Baskerville v. Secretary of Department of Veteran Affairs*, Case No. 6:18-cv-1728-WWB-DCI, 2021 WL 1338203 (M.D. Fla. Feb. 8, 2021). *Baskerville* does not apply.

In *Baskerville*, plaintiff filed various EEOC charges against defendant. *See Baskerville*, 2021 WL 1338203, at *1. Between 2015 and 2017, plaintiff had disciplinary issues that subjected plaintiff to possible termination. *See id*. The defendant offered plaintiff a last chance agreement without discussing it with him. *See id*. "Plaintiff declined to sign the Last Chance Agreement offered by [defendant] and was ultimately terminated … for misconduct arising from the 2017 incidents." *See id*. at *2. The defendant admitted that "it 'offered Plaintiff [the] [l]ast [c]hance [a]greement, conditioned upon him dismissing all of his existing EEOC charges.'" *See id*. In denying summary judgment, defendant's admission that it offered the last chance agreement conditioned on dismissal of the existing EEOC charges was critical. *See id*. at *3.

*Baskerville* is premised on facts that do not exist here. First, Plaintiff's LCA was negotiated by her lawyers and Union President. Second, Plaintiff signed a Settlement Agreement, agreeing to withdraw her 2020 Charge. Third, Plaintiff signed the LCA. Fourth, the LCA is not premised on Plaintiff withdrawing her 2020 Charge. Fifth, there is no admission from the City that the LCA was conditioned on withdrawl of the 2020 Charge. The undisputed facts show the LCA references the Internal Affairs Case (the "IA Case"); not the 2020 Charge because the 2020

5

Charge was not the basis for the LCA. Nor was the 2020 Charge the basis for Plaintiff's future performance or discipline pursuant to the LCA. *See* DE 69, ¶¶ 30-31. *Baskerville* does not apply.

Further, Plaintiff claims she entered the LCA solely because she settled her 2020 Charge.[4] *See* DE 79, pp. 10-11. This is not true. The LCA does not reference the 2020 Charge. *See* DE 69, ¶ 31; DE 69-15. It references the IA Case, wherein Plaintiff admits she engaged in the conduct alleged in the IA Case and that she violated numerous City policies. *See* DE 69, ¶¶ 29-30; DE 69-15. The LCA does not reference the 2020 Charge because that had nothing to do with Plaintiff's job performance or ensuring that she did not again violate City policies. *See* DE 69, ¶ 31. There is no evidence to support that the LCA and the 2020 Charge have any connection. Plaintiff conveniently ignores that the IA Case came ***before*** her 2020 Charge. *See* DE 69, ¶ 13.

**There Is No Evidence That Cosner Was Plaintiff's "Former Harasser"**

Plaintiff positions Cosner as her "former harasser." This is without merit. Plaintiff never made a complaint against Cosner. Plaintiff's 2018 and 2020 EEOC Charges do not mention Cosner. *See* DE 69-5; 69-9. Plaintiff cannot rest on mere allegations or denials to defeat summary judgment. *See MacKenzie v. City of Miami Beach*, Case No. 07-21357-CIV-UNGARO, 2008 WL 11331842, at *6 (S.D. Fla. Apr. 16, 2008). Other than Plaintiff's claim, there is no evidence to support that Cosner was Plaintiff's "Former Harasser."

**The Veracity of Cosner's Allegations Is Immaterial, and There Is No Evidence of Falsity or Retaliatory Intent**

The City can fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason. *See Whitehurst v. Liquid Environmental Solutions, Inc.*, 45 F.Supp.3d 1328, 1348 (M.D. Fla. 2014). The sole concern is whether unlawful discriminatory animus motivated the termination. *See*

---

[4] Plaintiff continues to ignore the fact that in entering the LCA she was represented by two attorneys and her Union. *See* DE 69, ¶ 25. The Union also signed the LCA. *See* DE 69-15, p. 11.

*Whitehurst*, 45 F.Supp.3d at 1348 (*citing Alvarez.*, 610 F.3d at). It is not the court's role to act as a super-personnel department and second-guess or quarrel with the wisdom of the employer's decision. *See Chapman v. AI Transport*, 229 F. 3d 1012, 1030 (11th Cir. 2000).

Plaintiff alleges that policy violations establish pretext. No policy violations exist. However, even if they did, Plaintiff does not show that a deviation occurred in a retaliatory manner. *See Rojas v. Florida*, 285 F.3d 1339, 1344 n. 4 (11th Cir. 2002). Plaintiff cites the following: (1) Cosner initially used the wrong form; (2) Cosner did not sign the form; and (3) Cosner sent the form to Elkins and Prieto. Plaintiff's argument fails.

It is undisputed that Cosner did not know about the 2020 Charge or the LCA when he made his allegations against Plaintiff. Thus, the above-cited conduct cannot be connected to any retaliatory motive. *See* DE 69, ¶¶ 50-51; *see also* R. Facts ¶¶ 50-51. Further, the undisputed facts establish that the use of the wrong form and the failure to sign the form have no bearing on the allegations contained therein. *See* DE 69, ¶¶ 42-48; *see also* R. Facts ¶¶ 42-48. Moreover, other than her own unsupported speculation, Plaintiff provides no evidence connecting Cosner's Prieto and Elkins emails to retaliatory intent. In short, Plaintiff's claim of pretext is based on her own conclusions and suspicions[5], not evidence. *See MacKenzie*, 2008 WL 11331842, at *6.

**<u>Plaintiff Does Not Establish That Cosner's Allegations Are False.</u>**

Plaintiff's argument that Cosner's allegations are false misses the mark because the truth of those allegations doesn't matter; and even if it did, Plaintiff has no evidence of their falsity.

Plaintiff does not refute she testified that either she didn't know, didn't remember, or didn't recall whether the allegations against her were true or false. *See* DE 69, ¶¶ 83-85. Her claim that the allegations against her are false is solely based on her general denials. This is not

---

[5] Plaintiff continues to maintain the position that Cosner was angry about her romantically rejecting him back in 2014-15 and pounced in December 2020. This is frivolous.

enough to defeat summary judgment. *See MacKenzie*, 2008 WL 11331842, at *6. Plaintiff tries to defeat summary judgment by attacking Cosner's character, conclusively claiming Cosner may have acted differently had he been supervising someone other than her. *See* DE 79, pp. 14-15. In short, the entirety of Plaintiff's case is based solely on her subjective belief, not evidence.

**The City Properly Conducted the January 19, 2021, Meeting**

Plaintiff improperly relies on Florida Statute § 112.532. Fla. Stat., known as the "Police Officers' Bill of Rights," which guarantees police officers certain rights. § 112.534, titled "Failure to Comply," details the procedure and remedies for an alleged violation of § 112.532. Specifically, when there is an alleged violation of § 112.532, "[t]he law enforcement officer or correctional officer shall advise the investigator of the intentional violation of the requirements of this part which is alleged to have occurred." *See* Fla. Stat. § 112.534(a).

Plaintiff alleges that during the January 19, 2021, meeting ("Meeting"), the City violated her rights. Plaintiff is wrong. Then Union President, Paul Ozaeta testified as follows:

> Q. Why didn't the Union file a grievance or try to take action after the meeting for the Chief's denial of the lawyer being present?
> A. We believed that his decision to not have the Union attorney present did not violate the terms of the Last Chance Agreement.
> Q. Okay. And let's be clear: We are talking about Chapter 112, the Police Officer Bill of Rights, correct?
> A. Correct.

*See* DE 69-23, p. 13, TR:50:14-22.

Further, contrary to Plaintiff's claim in her Response, Plaintiff waived her rights under Fla. Stat. § 112.532. Ozaeta testified as follows:

> Q. And by continuing with the interview, the officer can waive their 112 rights; is that not also correct?
> A. Yes.
> Q. And that happened here, didn't it?

8

A.      Yeah.

*See* DE 69-23, p. 14, TR:53:11-15. At the Meeting, Plaintiff was represented by the entire Union Executive Board. *See* DE 69, ¶¶ 53, 55. At no point during or after the Meeting did anyone invoke the provisions of Fla. Stat. § 112.534. *See id*. ¶ 56; *see also* DE 69-23, pp. 14-15, TR:53-58:24-20. This is because there were no violations.[6] It is undisputed that had Plaintiff or any of her representatives requested an attorney or invoked § 112.534, the Meeting would have been stopped. *See id*. ¶ 58. Plaintiff or her Union could have sought relief after the Meeting; they did not. Plaintiff's Union could have filed a grievance about the Meeting; it did not. *See* DE 69, ¶ 70. Plaintiff's attorney, Eugene Gibbons testified there was no basis to file a grievance because the City properly implemented Plaintiff's Resignation. *See id*. Plaintiff's argument is without merit.

**The City Did Not Have to Investigate The Allegations Against Plaintiff**

As a basis for pre-text, Plaintiff essentially argues that Clements didn't investigate. This argument is misplaced. Plaintiff was an employee at will. *See* DE 69, ¶ 27. Thus, the City did not have to investigate the allegations against Plaintiff. *See* DE 69, ¶ 52, 57. Ozaeta, Plaintiff's Union President, agreed that because of the LCA, the City did not have to investigate the allegations against Plaintiff. *See* DE 69, ¶ 57. Ozaeta testified that pursuant to the LCA, Clements could have fired Plaintiff without a meeting. *See* DE 69-23, pp. 12-13, TR:48-49:23-1.

**The Opinion of Non-Decision Makers Has No Bearing on the Legitimacy of the City's Non-Retaliatory Reasons for Implementing Plaintiff's Resignation**

Plaintiff tries to establish pretext by claiming non-decision makers didn't agree with her separation. Plaintiff misrepresents the facts. It is undisputed Plaintiff's Union did not challenge her separation because there was no basis to do so. *See* DE 69, ¶ 70; *see also* DE 69-23, p. 9,

---

[6]     The remedy for a violation of § 112.532 is the agency head removes the offending investigator from further involvement. *See* Fla. Stat. § 112.534(g). An investigation is also initiated into the conduct of the investigator. *See id*.; *see also* DE 69-23, pp. 14-15, TR:53-58:24-20. There is no remedy that involves Plaintiff getting her job back.

TR:33:15-25. Plaintiff also misrepresents the testimony of Ozaeta and Lester. Ozaeta testified that if Plaintiff wasn't on an LCA, then her actions did not warrant termination. *See* DE 69-23, p. 16, TR:64:1-5. However, Plaintiff was on an LCA. Critically, Ozaeta also testified that the Union's position was that implementation of Plaintiff's Resignation was not for a discreet or minor policy violation and that there was no basis to challenge the City's implementation of Plaintiff's Resignation. *See id*. p. 9, TR:34:1-5; *see also* DE 69, ¶ 70. Lester equivocated, noting that his view changed when he learned of the LCA. *See* DE 69-24, p. 17, TR:66:2-6. Lester also admitted he never reviewed Plaintiff's LCA, negating any opinion he has. *See id*., p. 9, TR:34:15-18.

**Plaintiff Does Not Establish A Convincing Mosaic**

The Eleventh Circuit is clear that a "convincing mosaic" is a metaphor, not a legal test or a framework. *See Jeter v. Roberts*, Case No. 22-13983, 2024 WL 507183, at *3 fn. 4 (11th Cir. Feb. 9, 2024) (*citing Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023)). "No matter how a plaintiff intends to show discrimination, 'the ultimate question in a [retaliation] case is whether there is enough evidence to show that the reason for an adverse employment action was illegal [retaliation].'" *Id*. (*citing Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 941 (11th Cir. 2023)). The only question for a court at summary judgment is whether the evidence permits a reasonable factfinder to find that the employer retaliated against the employee. *Id*. (*citing Berry*, 84 F.4th at 1311).

"[A] plaintiff's failure to prove a prima facie case under *McDonnell Douglas* 'often also reflects a failure of the overall evidence.'" *Copeland v. Georgia Dept. of Corrections*, 97 F.4th 766, 782, fn 8 (11th Cir. 2024) (*citing Tynes*, 88 F.4th at 946). "Even under a convincing mosaic theory of retaliation, a plaintiff must still demonstrate that retaliation was the but-for cause of the

10

employment action." *Curet v. Ulta Salon, Cosmetics & Fragrance, Inc.*, Case No. 8:21-cv-1801-VMC-TGW, 2022 WL 4464751, at *12 (M.D. Fla. Sept. 26, 2022) (*citing Bailey v. Metro Ambulance Servs.*, 992 F.3d 1265, 1274 (11th Cir. 2021)). Plaintiff must still produce evidence sufficient to permit a reasonable factfinder to conclude the reasons given by the City were not the real reasons for the adverse employment decision. *See Curet*, 2022 WL 4464751, at *11.

Plaintiff's claim fails under a convincing mosaic theory for the same reasons her claim under *McDonnell Douglas* fails. Even under the convincing mosaic metaphor, Plaintiff does not demonstrate Clements was motivated by retaliatory animus. There is no causal connection between Plaintiff's protected activity (her 2020 Charge) and the City implementing her Resignation. It is undisputed that at the time Cosner made his allegations against Plaintiff, he did not know about Plaintiff's 2020 Charge or her LCA. Cosner was not a decision-maker, and Plaintiff does not rebut the fact that he did not influence the decision-maker, Clements. As to Clements, there is no evidence that his decision to implement Plaintiff's Resignation was motivated, in any way, by her protected activity. Further, the City has more than articulated legitimate, non-retaliatory reasons for implementing Plaintiff's Resignation and Plaintiff cannot establish pretext. The Court should grant the City's Motion.

## **CONCLUSION**

For all the reasons set forth herein, the City respectfully requests that the Court grant its Motion disposing of Plaintiff's case in its entirety.

Dated: July 22, 2024.

                                                          Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on July 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        *s/Michael L. Elkins*
                                                        Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*