UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

**DEFENDANT'S LOCAL RULE 56.1(a)(3)
REPLY STATEMENT OF MATERIAL FACTS IN SUPPORT
OF ITS FULLY DISPOSITIVE MOTION FOR SUMMARY
JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

## REPLY STATEMENT OF MATERIAL FACTS

1. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff cannot use her own self-serving testimony to create a genuine issue of material fact.

7. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. DE 69-7, p. 2, ¶ 3 states: "Salabarria hereby releases and waives any and all claims of any kind whatsoever against the City that she had, has or may have from the beginning of the world through the date of this Agreement." The evidence cited by Plaintiff, DE 71-4, is not the Settlement Agreement referred to in paragraph 7 of Defendant's Statement of Material Facts ("Defendant's Facts"). *See* DE 69, ¶ 7. That said, the Settlement Agreement at DE 71-4, p. 2, ¶ 2.f. states: "Salabarria hereby releases and waives any and all claims of any kind whatsoever against the City that she had, has or may have from the beginning of the world through the date of this Agreement."

9. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. The Allegation of Employee Misconduct Form ("AEM") is at DE 69-8, pp. 184-185. That the AEM contains other names is not material to the fact that the AEM is regarding Plaintiff and that Internal Affairs ("IA") received it.

10. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Just because Nicholas Guasto was also notified that he was under investigation does not rebut or dispute that Plaintiff was under investigation and notified of same. The Court should disregard and/or strike paragraph 10 because there is no pinpoint reference to the record. *See* S.D. Fla. L.R. 56.1(b)(1)(B); 56.1(d).

22. The Court should disregard and/or strike paragraph 22 because there is no

pinpoint reference to the record. *See* S.D. Fla. L.R. 56.1(b)(1)(B); 56.1(d). Pursuant to Local Rule 56.1(c) the facts in paragraph 22 are admitted.

31. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Specifically, the Last Chance Agreement ("LCA") does not reference the 2020 Charge. *See* DE 71-4, pp. 5-11. Additionally, the evidence cited by Plaintiff does not refute the unequivocal and unrebutted testimony that the 2020 Charge was not the basis for the LCA. Finally, the Court should disregard and/or strike the remainder of paragraph 31 because there is no reference to any part of the record addressing that the 2020 Charge was not the basis for: (1) future performance of Plaintiff; or (2) any future discipline pursuant to the LCA; and (3) that reference to the 2020 Charge was specifically omitted from reference in the LCA. *See* S.D. Fla. L.R. 56.1(b)(1)(B); 56.1(d). Thus, the foregoing facts are admitted. *See* S.D. Fla. L.R. 56.1(c).

32. Paragraph 32 does not give rise to a dispute of material fact because Plaintiff trying to build a rapport with all her squad members and maintain a good working relationship with each is not material to the fact that she spent time outside of work with Lieutenant Cosner. Further, the materials cited by Plaintiff do not refute the fact that Plaintiff spent time outside of work with Lieutenant Cosner.

33. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact because Lieutenant Cosner allegedly making unsolicited romantic gestures to Plaintiff in 2014-2015, that she allegedly opposed, does not refute the fact that at one point their relationship was professional and a friendship. Plaintiff

testified that she and Lieutenant Cosner "were good friends." *See* DE 69-17, p. 16, TR:60:20-21[1]

36. The Court should disregard and/or strike the portion of paragraph 36 attempting to refute the fact that in 2015 Plaintiff and Lieutenant Cosner would text each other for hours because Plaintiff does not reference any part of the record to refute this fact. *See* S.D. Fla. L.R. 56.1(b)(1)(B); 56.1(d). Thus, the fact is admitted. *See* S.D. Fla. L.R. 56.1(c). The Court should disregard Plaintiff's claim that "Defendant takes Cosner's testimony as fact with no evidence to support his statement" because Cosner's deposition testimony is proper evidence." *See* Fed. R. Civ. P. 56(c)(1)(A). The Court should disregard and/or strike Plaintiff's claim that "Plaintiff and Cosner did not socialize outside of work" because this is not a fact asserted by Defendant in paragraph 36, making it an additional fact from Plaintiff. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D).

37. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact because Defendant does not address the nature of the relationship between Plaintiff and Lieutenant Cosner; only that it ended in approximately 2014-2015. The Court should disregard and/or strike paragraph 37 because there is no reference to any part of the record to refute the facts cited by Defendant. *See* S.D. Fla. L.R. 56.1(b)(1)(B); 56.1(d). Pursuant to Local Rule 56.1(c) the fact in paragraph 37 of Defendant's Facts is admitted. Finally, the Court should disregard and/or strike Plaintiff's assertions in paragraph 37 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D).

38. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff's testimony unequivocally supports the factual statement that "[o]ther than 2017 request from Lieutenant Cosner to Plaintiff for Plaintiff

---

[1] In citing to transcripts in the record, the City first cites to the DE number, and the page number of the DE number. Then, the City uses the transcript citation format TR:_:_. The "TR" refers to the transcript, the first number after the TR refers to the page number(s) of the transcript and the last number refers to the line number(s).

4

to approve an arrest form, between the end of the relationship in 2014-2015 and December 2020, Plaintiff and Lieutenant Cosner had no other interactions." *See* DE 69-17, pp. 19-20, TR:73-74:15-2. Plaintiff cannot use her own speculative testimony to create a *genuine* issue of fact.

40. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. DE 69-18 is the January 8, 2021, email and Administrative Action Form ("AAF") that Lieutenant Cosner sent to then-Internal Affairs Commander A.J. Prieto ("Commander Prieto"). *See* DE 69-18, pp. 1-4. There was a scrivener's error in the citation portion, citing a January 21, 2021, email. The citation should have been to the January 8, 2021, email, which is in paragraph 40 of Defendant's Facts and at DE 69-18.

42. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff cites to DE 69-6, p. 17, TR:57:6-20. This testimony, however, refers to Lieutenant Cosner's review of the City's Department Rules and Regulations. It does not refer to what form Lieutenant Cosner should have used, nor whether he intentionally used a particular form. Pursuant to Local Rule 56.1(c) the foregoing facts are unrebutted and admitted.

43. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Commander Prieto's Declaration is proper evidence, and it is unrebutted. *See* Fed. R. Civ. P. 56(c)(1)(A). The Court should disregard Plaintiff's claims in paragraph 43 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D). The facts from paragraph 43 are admitted. *See* S.D. Fla. L.R. 56.1(c).

44. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Sergeant Lester is not a decision-maker. *See* DE 69-24, p. 12, TR:45:18-20. Chief Clements testified there is nothing that requires an AEM to be

signed. *See* DE 69-16, p. 36, TR:134:4-12. Plaintiff does not address the portion of paragraph 44 that states that "[t]here was no question that Lieutenant Cosner was the one who filled out the Administrative Action Form." Pursuant to S.D. Fla. L.R. 56.1(c), this fact is admitted.

45. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact because, whether employees for the City advised Lieutenant Cosner to email Commander Prieto has no bearing on the City correcting Lieutenant Cosner's form error and placing Lieutenant Cosner's allegations against Plaintiff on an AEM Form, which is the correct form. Plaintiff cites no evidence to refute this fact. Thus, it is admitted. *See* S.D. Fla. L.R. 56.1(c).

46. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. The City specifically states that the ***allegations*** on the Administrative Action Form and the AEM Form are identical. *See* DE 69, ¶ 46 (emphasis added). The City never contends that the forms themselves were the same.

48. Paragraph 48 violates S.D. Fla. L.R. 56.1(b)(1)(B) because there is no reference to the record refuting the City's factual contentions that: (1) the fact that the AEM is not signed does not impact the validity of the allegations contained therein; and (2) it has happened where an officer was unable to sign an AEM. As such, these facts are admitted. *See* S.D. Fla. L.R. 56.1(c). As to the remainder, the materials cited by Plaintiff do not establish a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(C)(1)(b). Sergeant Lester is not a decision-maker and therefore cannot refute the Chief of Police on policy matters. *See* DE 69-24, p. 12, TR:45:18-20.

49. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff cites no record evidence to refute the allegations in paragraph 49. Thus, the facts are admitted. *See* S.D. Fla. L.R. 56.1(c).

50. The Court should strike and/or disregard Paragraph 50 because there is no reference to the record. *See* S.D. Fla. L.R. 56.1(b)(1)(B); 56.1(d). Pursuant to S.D. Fla. L.R. 56.1(c) the facts in paragraph 50 are admitted. Lieutenant Cosner's deposition testimony is proper evidence and does not require additional support. *See* Fed. R. Civ. P. 56(c)(1)(A).

51. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff cannot use her own self-serving speculative testimony to create a genuine issue of material fact. Plaintiff's cited testimony does not refute the City's factual contention that Plaintiff does not have any evidence that Lieutenant Cosner knew about her 2020 EEOC Charge or her Last Chance Agreement.

52. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff cannot use her own self-serving speculative testimony to create a genuine issue of material fact. Plaintiff's cited testimony does not refute that Chief Clements could have implemented Plaintiff's Resignation without speaking to her.

53. The Court should disregard and/or strike Plaintiff's assertions in paragraph 53 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d).

55. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff does not refute the facts alleged in paragraph 55, that "[a]t the meeting, Plaintiff was represented by the FOP's entire Executive Board, i.e. her union's entire leadership." Plaintiff's assertions do not address the facts asserted by Defendant in paragraph 55, making them additional facts. The Court strike and disregard the additional facts. *See* Local Rule 56.1(b)(2)(C) and (D); 56.1(d).

56. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff provides no record evidence to refute any of

the facts in paragraph. Instead, Plaintiff relies solely on her own self-serving speculative testimony that the meeting was held in violation of Florida Statute § 112.532, which cannot be used to create a genuine issue of material fact. Since there is no record evidence refuting the facts in paragraph 56, they are admitted. *See* S.D. Fla. L.R. 56.1(c). Ozaeta testified that the denial of a lawyer did not violate Florida Statute § 112.532, and even if it did, Plaintiff waived her rights under Florida Statute § 112.532. *See* DE 69-23, p. 13, TR:50:14-22; TR:53:11-15.

57. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Whether Chief Clements told Ozaeta that he would have fired Plaintiff if any Union member objected to the January 19, 2021 meeting has no bearing on any of the facts asserted, i.e. that: (1) the union and its attorney reviewed and blessed Plaintiff's Settlement Agreement and LCA; (2) because of the LCA, Chief Clements could have implemented the Resignation without having the January 2021 meeting; (3) Chief Clements held the meeting as a courtesy because he wanted to hear what Plaintiff had to say; and (4) because of the LCA, the City did not have to conduct an investigation into Plaintiff's allegations. *See* DE 69, ¶ 57. Chief Clements' alleged denial of an attorney at the January 19, 2021, meeting is not material because Ozaeta testified the Union did not file a grievance over the January 19, 2021, meeting because "[w]e believed that his decision to not have the Union attorney present did not violate the terms of the Last Chance Agreement." *See* DE 69-23, p. 13, TR:50:14-19.

58. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff's evidence does not address what happened ***during*** the January 19, 2021, meeting, which is what paragraph 58 addresses.

59. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. DE 69-27, does not establish a dispute as to the facts alleged in paragraph 59.

60. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of a material fact. There is no evidence that Officer Stella's evaluation was created before January 10, 2021. The Court should disregard and/or strike any reference to Plaintiff's personal devices or handwritten notes as there is no evidence of such and these are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(c); 56.1(d).

61. The Court should disregard and/or strike Plaintiff's assertions in paragraph 61 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d).

62. The Court should disregard and/or strike Plaintiff's assertions in paragraph 62 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d).

64. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. The Court should disregard and/or strike Plaintiff's assertions because they are additional facts. *See* S.D. Fla. L.R. Rule 56.1(b)(2)(C) and (D); 56.1(d).

65. The Court should disregard and strike paragraph 65 because there is no reference to any part of the record. *See* S.D. Fla. L.R. 56.1(b)(1)(B); 56.1(d). As such, the facts in Defendant's paragraph 65 are admitted. *See* S.D. Fla. L.R. 56.1(c). Chief Clements' deposition testimony is proper evidence and does not require additional support. *See* Fed. R. Civ. P. 56(c)(1)(A).

66. The Court should disregard and/or strike Plaintiff's assertions in paragraph 66 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d).

67. The Court should disregard and/or strike Plaintiff's assertions in paragraph 67 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d). Eugene Gibbons also testified that if he believed the City improperly invoked the LCA the Union would have challenged same, and the Union did not. *See* DE 69-13, p. 6, TR:23:5-13.

68. The Court should disregard and/or strike Plaintiff's assertions in paragraph 68 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d). Eugene Gibbons also testified that if he believed the City improperly invoked the LCA the Union would have challenged same, and the Union did not. *See* DE 69-13, p. 6, TR:23:5-13.

70. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff's record citations do not relate to the fact that the FOP did not challenge the City implementing Plaintiff's Resignation because there was no basis to do so. The Court should disregard and/or strike Plaintiff's assertions in paragraph 70 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d).

71. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff's alleged facts do not address the City's factual assertions that: (1) during Plaintiff's employment with the City, last chance agreements were not rare; and (2) between 2015 – 2024, there have been forty-two (42) last chance agreements at the City. *See* DE 69, ¶ 71. Since there is no record evidence refuting these facts, the facts are admitted. *See* S.D. Fla. L.R. 56.1(c). The Court should disregard and/or strike Plaintiff's assertions because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D).

74. The Court should disregard and/or strike Plaintiff's assertion in paragraph 74 because it is an additional fact. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d).

75. The Court should disregard and/or strike Plaintiff's assertions in paragraph 75 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d).

80. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff does not refute the fact that she testified that she does not know what the phrase "and retaliation against RP" means.

81. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff was asked how she was connecting her 2020 EEOC Charge to her termination. *See* DE 69-32, pp. 11-12, TR:221-222:20-9. The question was not ambiguous or compound.

83. The Court should disregard and/or strike Plaintiff's assertions in paragraph 83 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d).

84. Pursuant to Fed. R. Civ. P. 56(C)(1)(b), the materials cited by Plaintiff do not establish a genuine dispute of material fact. Plaintiff's cited evidence does not refute the facts that: (1) Plaintiff testified that as to ***most*** of the allegations, she does not know if they are false; and (2) she did not do any investigation into such prior to filing her lawsuit. *See* DE 69, ¶ 84 (emphasis added). Thus, Defendant's facts are admitted. *See* S.D. Fla. L.R. 56.1(c).

85. The Court should disregard and/or strike Plaintiff's assertions in paragraph 85 because they are additional facts. *See* S.D. Fla. L.R. 56.1(b)(2)(C) and (D); 56.1(d).

## DEFENDANT'S RESPONSE TO PLAINTIFF'S ADDITIONAL FACTS[2]

86. Undisputed.

87. Undisputed as to the ages of Plaintiff and Lieutenant Cosner (referred to in this Section as "Cosner"). The remainder of paragraph 87 is disputed. Cosner testified that he and Plaintiff had a very flirtatious relationship that culminated in the two having sex with each other at his apartment, and she slept over. *See* DE 69-6, p. 8, TR:21-23:2-3. Cosner and Plaintiff had sex one other time, all occurring in approximately mid-2014. *See id.*, p. 8, TR:23:9-19. In 2014-2015, Plaintiff would text Cosner that she loved and missed him. *See id.*, p. 9, TR:24-25:6-9. Plaintiff never complained to Cosner about the card or anything that he did regarding her. *See id.* p. 35, TR:2-24.

88. Undisputed.

89. Undisputed as to the first two sentences of paragraph 89. Disputed as to the third sentence of paragraph 89. Cosner testified he kept catching Plaintiff in a lot of lies, and he noticed her with another man, who was at the time a Captain with the City, and he got fed up with "it," not specifically Plaintiff. *See* DE 69-6, p. 11, TR:32-33:16-24. Cosner also testified he never felt betrayed by Plaintiff, he wasn't hurt, and was already in the process of another relationship, so he just moved on with his life. *See id.*, p. 11, TR:33-34:10-5.

90. Disputed. Cosner testified he and Plaintiff had a very flirtatious relationship that culminated in the two having sex with each other at his apartment, and she slept over. *See* DE 69-6, p. 8, TR:21-23:2-3. Cosner and Plaintiff had sex one other time, all occurring in approximately mid-2014. *See id.*, p. 8, TR:23:9-19. In 2014-2015, Plaintiff would text Cosner that she loved and missed him. *See id.*, p. 9, TR:24-25:6-9. Plaintiff never complained to Cosner

---

[2] The Court should disregard and/or strike paragraphs 86-104 and 109 of Plaintiff's Additional Facts because Plaintiff includes more than a single material fact in each paragraph. *See* S.D. Fla. L.R. 56.1(b)(1)(B); *see also* S.D. Fla. L.R. 56.1(d).

12

about anything that he did regarding her. *See id*. p. 35, TR:2-24. Cosner testified he kept catching Plaintiff in a lot of lies, and he noticed her with another man, who was at the time a Captain with the City, and he got fed up with it. *See* DE 69-6, p. 11, TR:32-33:16-24. Cosner also testified he never felt betrayed by Plaintiff, he wasn't hurt, and was already in the process of another relationship, so he just moved on with his life. *See id*., p. 11, TR:33-34:10-5. The relationship ended, not because of Plaintiff's rejection, but because Cosner reached a breaking point with Plaintiff's conduct. *See id*., p. 11, TR:32-34:12-5. The relationship just dissolved, Plaintiff did her thing and Cosner did his. *See id*., pp. 11-12, TR:35-36:25-7.

91. Undisputed.

92. Disputed. Any statements from Chief Clements to Nicholas Guasto ("N. Gusato") in N. Guasto's Declaration are hearsay.

93. Disputed. Any statements from Chief Clements to N. Gusato in N. Guasto's Declaration are hearsay. The facts alleged in paragraph 93 are not material. N. Guasto testified he has no knowledge as to why the City separated Plaintiff from employment. *See* DE 69-31, p. 11, TR:42:15-23. N. Guasto also testified Chief Clements never threatened to fire Plaintiff because of her 2020 EEOC Charge. *See id*., p. 15, TR:58:10-19. N. Guasto testified Chief Clements was advocating for **_resolution_** of Plaintiff's 2020 EEOC Charge. *See id*., p. 15, TR:58:20-22. N. Guasto testified Chief Clements got resolution that included dismissal of Plaintiff's 2020 EEOC Charge. *See id*., p. 15, TR:58-59:23-4. N. Guasto never had any conversations with the Chief or any other decisionmaker after Plaintiff signed her December 2020 Settlement Agreement. *See id*., p. 15, TR:59:1-9.

94. Disputed. Any statements from Chief Clements to N. Gusato in N. Guasto's Declaration are hearsay. The facts alleged in paragraph 94 are not material. For brevity purposes and in support thereof, the City incorporates herein all the record citations in paragraph 93.

95. Disputed. Any statements from Chief Clements to N. Gusato in N. Guasto's Declaration are hearsay. The facts alleged in paragraph 95 are not material. For brevity purposes and in support thereof, the City incorporates herein all the record citations in paragraph 93.[3]

96. Undisputed.

97. Disputed as to sentence one. DE 78-4, p. 2 does not establish Cosner was four hours late in assigning Plaintiff work. Disputed as to sentence two. DE 78-4, p. 2 does not establish what Cosner was supposed to do. Undisputed as to sentences three and four.

98. Disputed. Plaintiff did not complete her assigned tasks, i.e. she was not in the area when she was supposed to be and lied about having a conversation with her squad about the shift. *See* DE 69-6, pp. 37-38, TR:137-143:20-19. Plaintiff provided the detail assignments 18 minutes before the end of the shift, which is not sufficient. *See id.*, p. 38, TR:143:30-35.

99. Undisputed as to sentence one. Disputed as to sentence two. The testimony cited by Plaintiff does not establish Cosner knew that filing the AAF would likely lead to Plaintiff being disciplined. The testimony cited by Plaintiff discusses whether Cosner should have asked Plaintiff about her radio versus filing the AAF. *See* DE 69-6, p. 27, TR:97:13-24.

100. Disputed as to sentence one. Cosner testified no training was necessary. *See* DE 69-6, p. 17, TR:58:22-24. Disputed as to sentence two. Whether Cosner reviewed the DRRs with anyone is not material. Undisputed as to sentence three.

101. Undisputed.

---

[3] The statements in N. Guasto's Declaration as to what Chief Clements said, as referenced in paragraphs 91-95, are all hearsay and there is no exception since there is no admission of any wrongdoing.

102. Undisputed as to sentences one and two. Disputed as to sentence three. Cosner did not testify that between 75-80 Sergeants were assigned to an area and failed to appear. *See* DE 69-6, pp. 21-22, TR:75-76:19-24. When asked, "[i]s it your testimony that 65-70 Sergeants have been assigned to areas and failed to appear there," Cosner specifically testified:

> No, that's not what I'm saying. ***I'm saying that's how many sergeants we have in the agency. I can't tell you what other sergeants may or may not have done***. Now, do sergeants go to the station for administrative duties throughout their shift, yes, but they're also expected to be in their zone and supervising their officers. So when it's for the duration of the shift, the majority of the shift, then that's a problem.

*See id*., p. 22, TR:76:9-24 (emphasis added). Disputed as to sentence four. The record citation provided by Plaintiff does not support the assertion that "Cosner admitted to accusing Plaintiff of violating a DRR for standard and routine behavior that almost every Sergeant commits." *See id*., p. 22, TR:76:9-24.

103. Undisputed.

104. Undisputed.

105. Undisputed.

106. Disputed. The testimony cited by Plaintiff does not support the factual assertion. In the cited testimony, Cosner was addressing a specific allegation of sleeping on duty, not DRR violations in general. *See* DE 69-6, p. 35, TR:10-20.

107. Undisputed as to the fact that Cosner sent the AAF to Commander Prieto and Elkins. Remainder is disputed. The cited testimony does not support the factual assertion. Lester's testimony did not make any mention of Cosner emailing the AAF to Commander Prieto and Elkins. *See* DE 69-24, p. 15, TR:60:13-21. Lester also testified: "there's different ways you can go about handling it." *See id*. p. 15, TR:60:15-18.

15

108. Disputed. The cited deposition testimony from Chief Clements does not support Plaintiff's factual assertion. Chief Clements was asked whether an IA investigation was done ***after*** Plaintiff's termination. *See* DE 69-16, p. 27, TR:98-99:19-3. The cited deposition testimony from Ozaeta does not support Plaintiff's factual assertion. Plaintiff cites page 24, line two of Ozaeta's deposition transcript. This citation is to a question about the make-up of the Police Department's Collective Bargaining Unit. *See* DE 69-23, p. 6, TR:24:2. Further, Commander Prieto, then the IA Commander, investigated the allegations against Plaintiff, and provided Chief Clements a power point detailing his findings. *See* DE 69-8, p. 8, ¶¶ 71-74; pp. 257-270.

109. Disputed. Plaintiff did not ask for an attorney at the January 2021 meeting. *See* DE 69-16, p. 26, TR:93:22-24. No one asked that an attorney be present at the January 2021 meeting. *See id.*, p. 26, TR:93-94:25-19; *see also* DE 69, p. 11, ¶ 58.

110. Disputed. Chief Clements testified that if Plaintiff or the FOP had asked for an attorney, he would have agreed to have one present and would have postponed the meeting. *See* DE 69-16, p. 39, TR:144:13-21.

111. Disputed. The cited evidence does not support the factual assertion. The January 25, 2021, Memorandum cites to several items, not just Cosner's "accusation." Further, the Court should disregard and strike Plaintiff's factual assertions that Cosner's accusations are "unverified," "inaccurate," and "subjective" because there are no references to any part of the record to support same. *See* S.D. Fla. L.R. 56.1(b)(1)(B).

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*