UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JESSICA GUASTO,

    Plaintiff,                                     CASE NO.: 1:22-cv-21004-MD

vs.

THE CITY OF MIAMI BEACH, FL,
a Florida municipality,

    Defendant.
_____/

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff, JESSICA GUASTO, by and through her undersigned counsel, hereby files her Motion *in Limine* and respectfully moves the Court to enter an Order regarding the parties' conduct during trial in the case as follows:

**PRELIMINARY STATEMENT**

In this case, Plaintiff has brought claims against the Defendant, THE CITY OF MIAMI BEACH, FL, for the unlawful retaliation she was subjected to during her employment with Defendant. Plaintiff anticipates the Defendant will attempt to introduce evidence at trial that is inadmissible, irrelevant, and/or prejudicial. Accordingly, Plaintiff respectfully requests that the Court enter an order prohibiting Defendant from presenting evidence or making statements to the jury regarding the topics described herein.

**STANDARD OF REVIEW**

The Court has broad discretion to determine the admissibility of evidence. *See United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). A motion *in limine* presents a trial court

1

with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. *See Stewart v. Hooters of Am., Inc.*, 2007 U.S. Dist. LEXIS 44057, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial." *Id*. at *2-3 (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). A court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010).

Relevant evidence may be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." FED. R. EVID. 403; *see also State Farm Mut. Auto. Ins. Co. v. Romano*, 2013 WL 12061865, at *1 (S.D. Fla. 2013). Federal Courts have recognized the use of motions in limine as "[t]hey save jury time, and avoid the waste that sometimes results from haste when side-bar matters have to be urged in the course of the trial." *U.S. v. Cook*, 608 F .2d 1175, 1186 (9th Cir. 1979), overruled on other grounds as recognized in *U.S. v. Bagley*, 765 F.2d 836, 849 (9th Cir. 1985); *See also Blanco v. Capform, Inc.*, No. 11-23508-CIV, 2013 WL118171, at *1 (S.D. Fla. Jan. 9, 2013).

## MEMORANDUM OF LAW

### A. Exclude Evidence of Plaintiff's Sexual Predisposition or Sexual Conduct

Defendant cannot introduce testimony or evidence regarding the Plaintiff's sexual behavior or sexual predisposition. It is well established that "Rule 412 has been used to exclude evidence which pertained to the unchastity of the victim." *United States v. Duncan*, 855 F.2d 1528 at 1533 (11th Cir. 1988) (citing *United States v. One Feather*, 702 F.2d 736 (8th Cir.1983); *Moore v. Duckworth*, 687 F.2d 1063 (7th Cir.1982); *United States v. Nez*, 661 F.2d 1203 (10th Cir. 1981). The Eleventh Circuit continued to elaborate that, "an accused does not have a constitutional right

2

to present irrelevant evidence, and 'reputation and opinion concerning a victim's sexual behavior are not relevant indicators of the likelihood of her consent to a specific sexual act or of her veracity.'" *Id*. (citing *Doe v. United States*, 666 F.2d 43, 47 (4th Cir. 1981)).

Plaintiff anticipates Defendant will seek to introduce testimony of her sexual behavior or predisposition, including but not limited to testimony from her harasser, Steven Cosner. Although Defendant has failed to provide documentation or confirmation of Plaintiff's alleged sexual conduct, all evidence regarding Plaintiff's sexual predisposition or sexual conduct must be excluded as it is entirely irrelevant to her claims of retaliation. Plaintiff's retaliation claims incorporate harassment and inappropriate workplace conduct, however, there is no correlation to Plaintiff's sexual behavior or predisposition and evidence of such must be excluded.

**B. Exclude Evidence of Plaintiff's Subsequent Employment For the Purpose of Attacking Plaintiff's Character or Reputation**

Plaintiff anticipates the Defendant will introduce documents and evidence pertaining to Plaintiff's employment history with subsequent employers, including performance reviews, disciplinary records, and termination records. Such evidence is irrelevant to the issues in this case with regards to Plaintiff's character and reputation and would serve only to prejudice the factfinder against the Plaintiff. The primary issue is the Defendant's conduct and treatment of the Plaintiff during her tenure with the Defendant. The purpose for any records of Plaintiff's employment subsequent to her employment for Defendant must be for mitigation purposes only.

Defendant should be precluded from any references to Plaintiff's character or to Plaintiff's prior or subsequent employment history and post-employment actions for the purpose of attacking Plaintiff's character. Fed. R. Evid. 404; Fed. R. Evid. 405. Similarly, Defendant may attempt to use subsequent employment documents to portray Plaintiff's work performance, which would be improper character evidence. *Id.*

Pursuant to Federal Rules of Evidence 401 and 402, evidence must be relevant to be admissible. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Evidence of the Plaintiff's subsequent employment is not relevant to the determination of whether the Defendant's actions were unlawful or discriminatory. The Defendant's liability should be judged based on the facts and circumstances of the Plaintiff's employment with the Defendant, not on events that occurred after the employment relationship ended.

Additionally, Federal Rule of Evidence 403 permits the exclusion of evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. Here, the probative value of the Plaintiff's subsequent employers records would significantly outweigh the danger of unfair prejudice and further mislead the jury. Plaintiff's job performance for her subsequent employers does not relate to her claims of retaliation against Defendant, and further cannot prove her job performance for Defendant. Therefore, evidence of Plaintiff's subsequent employment may not be used for the purpose of attacking Plaintiff's character or reputation.

### C. **Exclude Evidence of Plaintiff's August 31, 2018, EEOC Charge Filed Against the Defendant**

The Defendant will likely introduce evidence related to the Plaintiff's August 31, 2018, EEOC charge of discrimination against Defendant ("2018 EEOC Charge"). *See* D.E. 71-2. In her 2018 EEOC Charge, Plaintiff alleged sex discrimination. *Id*. Such evidence is irrelevant to the issues in this case, which concern the allegations and circumstances surrounding Plaintiff's second EEOC charge. The primary issue is whether the Defendant's actions related to the second EEOC charge were unlawful or discriminatory. Evidence of the Plaintiff's first EEOC charge is not relevant to the determination of whether the Defendant's actions regarding the second EEOC

4

charge were discriminatory or retaliatory. The Defendant's liability should be judged based on the facts and circumstances of the Plaintiff's second EEOC charge. As such, Fed. R. Evid. 401 and 402 permit for the exclusion of such evidence.

Additionally, introducing evidence of the first EEOC charge would likely confuse the issues and mislead the jury into considering irrelevant matters, creating an issue with its introduction under Fed. R. Evid. 403. Plaintiff's 2018 EEOC Charge, which is not relevant to this lawsuit, maintains a claim of sex discrimination, which is the same claim Plaintiff brought in her 2020 EEOC Charge of discrimination ("2020 EEOC Charge") against Defendant. *See* D.E. 71-3. Plaintiff's 2020 EEOC Charge is the focus of this lawsuit, and maintains the same Claimant, Respondent, and claims as the 2018 EEOC Charge. Because the two charges can easily be conflated, causing confusion, and the 2018 EEOC Charge is irrelevant to the nature of the case, evidence related to the 2018 EEOC Charge must be excluded.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant the instant Motion in its entirety, exclude the aforementioned matters from trial as set forth herein, and grant Plaintiff such other and further relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

I hereby certify that counsel for the movant conferred with Defendant's counsel in a good faith effort to resolve the issues raised herein. Defendant opposes the relief sought herein.

Dated: Miami, Florida
July 26, 2024

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC

520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on July 26, 2024, on all counsel of record on the service list below via e-email.

By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**CITY ATTORNEY'S OFFICE OF MIAMI BEACH**
Benjamin Z. Braun
benjaminbraun@miamibeachfl.gov
Florida Bar No.: 1017937
Henry Joseph Hunnefeld
henryhunnefeld@miamibeachfl.gov
Florida Bar No. 343811
1700 Convention Center Drive
Miami Beach, Florida 33139
Telephone: (305) 673-7470
Facsimile: (877) 673-7002

**MLE LAW**
Michael Lewis Elkins
melkins@mlelawfirm.com
Florida Bar No.: 523781
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: (954) 401-2608

*Counsel for Defendant*