UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.

_____/

**DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S CLAIM FOR BACK PAY DAMAGES
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, THE CITY OF MIAMI BEACH, FL, (the "City"), through its counsel and pursuant to Federal Rule of Civil Procedure 12(f), files its Motion to Strike Plaintiff's Claim for Back Pay Damages and Incorporated Memorandum of Law and in support states the following:

**PRELIMINARY STATEMENT**

1. This is an employment discrimination case.

2. On April 2, 2022, Plaintiff filed a ten (10) count Complaint [DE 1].

3. On July 10, 2023, this Court issued an order dismissing eight (8) of the ten (10) counts [DE 32].

4. On January 8, 2024, Plaintiff served her Responses to Defendant's Interrogatories ("Responses"). A copy of the Responses is attached as **Exhibit A**.

5. In response to Interrogatory No. 3, Plaintiff identified her employers, post-separation from the City. *See* Exh. A, p. 3.

1

6. As of the filing of this Motion, Plaintiff has not supplemented her Responses to identify any additional employers.

7. On each of February 6, 2024; February 13, 2024; and March 15, 2024; the City took Plaintiff's deposition. Each day's transcript is part of the Court's docket at DE 69-17 (Feb. 6, 2024), 69-22 (Feb. 13, 2024), 69-32 (Mar. 15, 2024) respectively.

8. The City asked Plaintiff extensively about the reasons she was separated from her post-City employers. *See* DE 69-17, Feb. 6 Dep. TR:9-36:13-17.[1]

9. The City issued third-party subpoenas to each of Plaintiff's post-City employers identified in Plaintiff's response to Interrogatory number 3. Copies of the records received from each post-City employer are attached as **Composite Exhibit B**.[2]

10. The Court should strike Plaintiff's claim for back pay because Plaintiff was separated for cause from multiple subsequent employers.

11. Additionally, as is detailed more fully below, Plaintiff tried to cover up her reasons for separation.

12. Plaintiff cannot continually get fired for cause and also mitigate her damages.

13. Thus, the Court should strike Plaintiff's claim for back pay.

---

[1] In citing to the deposition transcript, the City uses the citation format "TR:_:_." The "TR" refers to "transcript," the first number refers to the page number(s) and the second number refers to the line number(s).

[2] The City did not get service on Giordano Protection Services. Therefore, there are no documents from this employer.

## ARGUMENT AND CITATION OF AUTHORITY

### THE COURT SHOULD STRIKE PLAINTIFF'S CLAIM FOR BACK PAY BECAUSE SHE DID NOT MITIGATE HER DAMAGES.

A successful Title VII plaintiff is generally entitled to an award of back pay if she makes a reasonable and good-faith effort to mitigate her damages. *See Richardson v. Tricom Pictures and Productions, Inc.*, 334 F.Supp.2d 1303, 1310 (S.D. Fla. 2004) (*citing E.E.O.C v. Joe's Stone Crab, Inc.*, 15 F.Supp.2d 1364, 1378 (S.D. Fla. 1998)). To effectively mitigate, a plaintiff must seek employment "substantially equivalent" to the position she was denied. *See id*.

Importantly, if an employee suffers a willful loss of earnings, then the employer's backpay liability is tolled. *See Richardson*, 334 F.Supp.2d at 1310 (*citing Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160 (6th Cir.1996)). Violation of an employer's rules amounts to a lack of reasonable diligence in maintaining interim employment. *See id*. at 1312 (*citing Brady v. Thurston Motor Lines, Inc.,* 753 F.2d 1269, 1279 (4th Cir.1985)). Indeed, an employee's discharge for cause due to her willful violation of company rules will toll backpay. *See id*. at 1311 (*citing Brady,* 753 F.2d at 1277).

**Plaintiff Was Terminated By Her Subsequent Employers for Violating Their Rules, and then, as to Miami-Dade College and City of Opa Locka, Lied About it in Her Deposition**

As to three of her four subsequent employers, Plaintiff was discharged due to her willful violation of company rules.

**Miami Dade College**

When asked about her employment at Miami-Dade College ("MDC"), Plaintiff testified as follows:

> Q:   And why did you leave Miami Dade College?

3

> A: For the opportunity to work at Brickell City Centre, because the monetary salary was not enough for me to pay my bills.
>
> Q: So you resigned?
>
> A: Yes.
>
> Q: Were you ever disciplined at Miami Dade College?
>
> A: No.
>
> Q: No write-ups? No verbal counselings? Nothing like that?
>
> A: No.

See DE 69-17, p. 9 TR:30:7-17.

***

> Q: Just a brief follow-up on Miami Dade College. I just want to confirm, you were never written up there?
>
> A: No. Not from what I recall, no.
>
> Q: And you never received any kind of counseling or anything?
>
> A: No.
>
> Q: And you didn't resign in lieu of termination?
>
> A: No.
>
> Q: Never had any disciplinary issues there?
>
> A: No.

See DE 69-17, p. 10 TR:36:7-16.

The documents from MDC tell a dramatically different story. Specifically, City Bates Nos. 001382 – 001387 show that Plaintiff was given a choice, resign or be terminated. See Exh. B, City Bates Nos. 001382 – 001387. This directly contradicts Plaintiff's above-referenced

testimony. Pursuant to a December 16, 2022, Memorandum ("December Memo."), MDC determined that Plaintiff willfully violated MDC's Performance Standard of Conduct § IV(1)(c and e) which state:

>   (c)   Acts that disrupt or interfere with the administration or functions of the College.

>   (e)   Failure to inform the supervisor when leaving a work area.

*See id.*, City Bates Nos. 001382 – 001387. This also contradicts Plaintiff's above-referenced testimony.

Additionally, on July 23, 2024, the City took the deposition of Andrea Forero. A copy of Ms. Forero's deposition transcript is attached as **Exhibit C**. Ms. Forero is the Director of Campus Administration at MDC. *See* Exh. C, TR:7:4-10. Ms. Forero supervised the department in which Plaintiff worked. *See id.*, TR:13:18-20. Ms. Forero signed the December Memo. *See id.*, TR:12:19-23, *see also* Exh. B, City Bates Nos. 001382, 00138. Ms. Forero confirmed that the conduct described in the December Memo. is true and accurate. *See id.*, TR:14:9-18. Ms. Forero also confirmed that Plaintiff was terminated from MDC for violating its policies and procedures and that Plaintiff never told MDC that she was leaving for another job. *See id.* TR:21:19-21; 15:14-18.

The documents and testimony confirm that Plaintiff lied about the nature of her separation from MDC. More to the point, Plaintiff's separation was for cause and a willful violation of MDC's rules.

### City of Opa Locka Police Department

Just like with MDC, Plaintiff lied about the reasons she was terminated from the City of Opa Locka Police Department. Specifically, in her deposition, Plaintiff was asked why she left Opa Locka, and she said she was terminated without a reason after she filed a complaint against

a fellow officer. *See* DE 69-17, pp. 4-5, TR:13-14:15-11. However, the documents attached at Exh. B, City Bates Nos. 001895 – 001902 tell a very different story. Specifically, City Bates No. 001895, shows that Plaintiff was fired for: (1) Attendance History; (2) Failure to Follow Policy and Procedure; and (3) Conduct Unbecoming. *See* Exh. B, City Bates No. City 001895. This directly contradicts Plaintiff's deposition testimony that she was not given a reason for her separation. Additionally, this also shows that Plaintiff's separation was for cause and a willful violation of the City of Opa Locka Police Department's rules.

### Allied Universal

The documents from Allied Universal show that on August 17, 2023, Plaintiff was separated for, among other things, "dishonesty and falsification." *See* Exh. B, City Bates Nos. 001675 – 001683. Thus, Plaintiff's separation was for cause and a willful violation of Allied Universal's rules.

### The Court Should Strike Plaintiff's Claim for Back Pay

Plaintiff's violation of her subsequent employer's rules amounts to a lack of reasonable diligence in maintaining interim employment. *See Richardson*, 334 F.Supp.2d at 1312 (*citing Brady,* 753 F.2d at 1279)). Each of the discharges referenced herein were for cause. Plaintiff's multiple discharges for cause require striking her claim for back pay. *See id*. at 1311 (*citing Brady,* 753 F.2d at 1277). Back pay is an equitable remedy. Plaintiff cannot continually get fired for violating companies' rules and still be rewarded. She has a duty to mitigate her damages. Her multiple separations for cause demonstrate that she did not mitigate her damages. Thus, the Court should strike Plaintiff's claim for back pay.

## CONCLUSION

Based on the foregoing, the City respectfully requests that the Court grant its Motion and strike Plaintiff's claim for back pay damages.

## CERTIFICATE OF CONFERRAL

Undersigned counsel Michael L. Elkins certifies that he conferred with Plaintiff's counsel about the relief sought herein and Plaintiff's counsel opposes.

Dated: July 26, 2024.

                    Respectfully submitted,

                    By: /s/*Michael L. Elkins*
                    Michael L. Elkins, Esq.
                    Florida Bar No. 523781
                    melkins@mlelawfirm.com
                    **MLE LAW**
                    1212 NE 16th Terrace
                    Fort Lauderdale, FL 33304
                    Telephone: 954.401.2608
                    *Co-Counsel for Defendant*

                    By: /s/*Henry J. Hunnefeld*
                    Henry J. Hunnefeld, Esq.
                    Florida Bar No. 343811
                    henryhunnefeld@miamibeachfl.gov

                    By: /s/*Benjamin J. Braun*
                    Benjamin J. Braun, Esq.
                    Florida Bar No. 1017937
                    benjaminbraun@miamibeachfl.gov

                    **CITY OF MIAMI BEACH**
                    **CITY ATTORNEY**
                    City Attorney's Office
                    1700 Convention Center Drive
                    Fourth Floor- Legal Department
                    Miami Beach, FL 33139
                    Telephone: 305.673.7470
                    *Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*