UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

## **DEFENDANT'S MOTIONS IN LIMINE**

Defendant, THE CITY OF MIAMI BEACH, FL, (the "City"), through its counsel and pursuant to the Court's May 9, 2024, Order Setting Trial [DE 59], files its Motions in Limine and in support states the following:

## **PRELIMINARY STATEMENT**

1.  This is an employment discrimination case.

2.  On April 2, 2022, Plaintiff filed a ten (10) count Complaint [DE 1].

3.  On July 10, 2023, this Court issued its order dismissing eight (8) of the ten (10) counts [DE 32] leaving only Counts III and IV, which are claims for retaliation under Title VII and the Florida Civil Rights Act ("FCRA") respectively. *See* DE 1.

4.  Below, Defendant brings five Motions in Limine.

## **FIRST MOTION – EVIDENCE OF PAIN AND SUFFERING OR HOW PLAINTIFF "FEELS" ABOUT HER SEPARATION FROM THE CITY**

On January 8, 2024, Plaintiff served her Responses to Defendant's Interrogatories ("Responses"). A copy of the Responses is attached as **Exhibit A**. In response to Interrogatory

1

No. 7, Plaintiff stated that she "will not seek compensatory or any other non-equitable damages." *See* Exh 7, p. 5.

Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.

Since Plaintiff is not seeking compensatory damages, or any other non-equitable damages, evidence of pain and suffering or how Plaintiff "feels" about her separation does not bear on any issue in this case. Evidence of pain and suffering or how Plaintiff "feels" about her separation goes only to her damages, it does not tend to make a fact about whether the City retaliated against Plaintiff more or less probable. Accordingly, the Court should prohibit the introduction of this testimony.

## SECOND MOTION – CHARACTER EVIDENCE

In her Second Amended Initial Disclosures, Plaintiff indicates that she is going to introduce evidence as to her "work ethic and character."

"The text of Fed. R. Evid. 404(a)(1) provides that '[e]vidence of a person's character or a trait of character' is impermissible unless '[i]n a criminal case, evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same.'" *Securities and Exchange Commission v. Acord*, Case No. 09-21977-CIV-JORDAN, 2010 WL 11505963, at *1 (S.D. Fla. Aug. 23, 2010) (*citing* Fed. R. Evid. 404(a)(1)).

Moreover, "[t]he Advisory Notes to the 2006 Amendments confirm that character evidence is not admissible in civil cases: 'The Rule has been amended to clarify that in a civil case evidence of a person's character is **_never_** admissible to prove that the person acted in

conformity with the character trait.'" *Securities and Exchange Commission*, 2010 WL 11505963, at *1 (emphasis added).

Here, Plaintiff, through herself and possibly other witnesses, intends to proffer testimony about her "character, and work ethic." This evidence is likely an attempt to rebut issues about Plaintiff's dismissal from the City and to rebut the reasons for her dismissal from her post-City employers. Character evidence of this kind is not admissible. Accordingly, the Court should prohibit the introduction of this testimony/evidence.

### THIRD MOTION – HEARSAY TESTIMONY FROM NICHOLAS GUASTO

"The Federal Rules of Evidence define hearsay as 'a statement, other than one made by the declarant while testifying at trial or a hearing, offered in evidence to prove the truth of the matter asserted.'" *Gonzalez v. State of Florida Dept. of Mgmt. Servcs.*, 124 F.Supp.3d 1317, 1328 (S.D. Fla. 2015) (*citing* Fed. R. Evid. 801(c)). "Unless a recognized exception applies, hearsay statements are inadmissible." *See Gonzalez*, 124 F.Supp.3d at 1328 (*citing* Fed. R. Evid. 802)).

Plaintiff likely intends to introduce testimony from Nicholas Guasto ("N. Guasto") about what former Chief of Police Richard Clements ("Chief Clements") told him during a series of conversations in September 2020. The substance of the conversations, and likely the intended testimony, are contained in the Declaration of Nicholas Guasto, which is part of the record at Docket Entry 78-3.

Evidence of what Chief Clements told N. Guasto is inadmissible hearsay for which there is no exception. The conversations, as detailed in DE 78-3, do not reflect any wrongdoing by Chief Clements and therefore are not an admission by a party opponent. At best, the conversations are nothing more than Chief Clements articulating the specific resolution he

3

wanted vis-à-vis the internal affairs cases against Plaintiff and N. Guasto. Accordingly, the Court should prohibit the introduction of this testimony.

### FOURTH MOTION – EVIDENCE OF SUBSEQUENT EMPLOYERS AND SEARCHES FOR SUBSEQUENT EMPLOYMENT

In her Responses, Plaintiff identified four places of employment after her employment with the City. *See* Exh. A, p. 3. As of the filing of this Motion, Plaintiff has not disclosed any additional employers. Additionally, as of the filing of this Motion, Plaintiff has not disclosed any additional evidence of continuing searches for employment.

Plaintiff is under a continuing obligation to supplement her discovery. Since Plaintiff has not provided any supplemental information on the foregoing, the Court should prohibit the introduction of evidence from any other employers or any searches for employment, other than what was already disclosed.

### FIFTH MOTION – ECONOMIC DAMAGES – PAST AND FUTURE LOST INCOME AND FRINGE BENEFITS

Defendant incorporates in full herein, the arguments made in Defendant's Motion to Strike Plaintiff's Expert Witness and Amended Expert Report [DE 72] and in Defendant's Reply to Plaintiff's Response In Opposition to Defendant's Motion to Strike Plaintiff's Expert Witness and Amended Expert Report [DE 76].

Based on the foregoing the Court should prohibit the introduction of any expert testimony from Plaintiff.

### CONCLUSION

Based on the foregoing, the City respectfully requests that the Court grant its Motion and limit the categories of evidence addressed herein.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel Michael L. Elkins certifies that he conferred with Plaintiff's counsel about the relief sought herein and Plaintiff's counsel opposes.

Dated: July 26, 2024.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH
CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*