UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

## **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

Defendant, THE CITY OF MIAMI BEACH, FL, (the "City"), through its counsel files its Response to Plaintiff's Motion in Limine and in support states the following:

## **PRELIMINARY STATEMENT**

1. This is an employment discrimination case.

2. On April 2, 2022, Plaintiff filed a ten (10) count Complaint [DE 1].

3. On July 10, 2023, this Court issued its order dismissing eight (8) of the ten (10) counts [DE 32] leaving only Counts III and IV, which are claims for retaliation under Title VII and the Florida Civil Rights Act ("FCRA") respectively. *See* DE 1.

4. Plaintiff brings three Motions in Limine.

5. The City addresses each issue below.

## **FIRST MOTION – EVIDENCE OF PLAINTIFF'S SEXUAL PREDISPOSITION OR SEXUAL CONDUCT**

Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant if:

    (a)    it has any tendency to make a fact more or less probable than it would be without the evidence; and

1

    (b)  the fact is of consequence in determining the action.

Fed. R. Evid. 401.

  Plaintiff seeks to exclude all evidence of her sexual habits, including evidence of whether she ever had consensual sex with Lieutenant Steven Cosner ("Cosner").[1] Evidence of whether Plaintiff had consensual sex with Cosner is relevant to proving the nature of Plaintiff's relationship with Cosner. Plaintiff's entire case is premised on her claim that in 2014-2015, she rejected Cosner's romantic advances, that Cosner was angry with her from the alleged rejection until 2020, and that in 2020 he vindicated his anger by setting up Plaintiff so she would get terminated. Despite never filing any sort of complaint against Cosner, Plaintiff continually describes Cosner as her "harasser." Plaintiff further alleges that she was sexually harassed by Cosner.

  Cosner, however, testified that there was no rejection, and that he and Plaintiff engaged in a romantic relationship that included them having consensual sex on two occasions. *See* DE 69-6, p. 8, TR:22-23:24-19. Evidence of whether Plaintiff and Cosner had consensual sex is relevant to the nature of Plaintiff and Cosner's relationship. Accordingly, as to Cosner, the Court should deny Plaintiff's Motion.

  Further, Plaintiff's reliance on Federal Rule of Evidence 412 is misplaced. Federal Rule of Evidence 412 is titled "Sex-Offence Cases: The Victim" and addresses the admissibility of certain evidence "in a civil or criminal proceeding involving alleged sexual misconduct." *See* Fed. R. Evid. 412(a). This case does not involve alleged sexual misconduct.

---

[1] Except for her conduct with Cosner, the City does not intend to introduce other evidence of Plaintiff's sexual conduct or predisposition.

2

This case only involves claims for retaliation under Title VII and the Florida Civil Rights Act, respectively. The basis of Plaintiff's retaliation claims is that she was fired for engaging in protected activity; i.e. the filing of an EEOC Charge of Discrimination in July 2020.

Importantly, Plaintiff sued Cosner individually and brought multiple claims against the City for sex discrimination. *See* DE 1. This Court dismissed all of Plaintiff's claims based on sex discrimination and all claims against Cosner. *See* DE 32. Thus, the only remaining claims are Counts III and IV for retaliation. Despite Plaintiff's failed litigation efforts, this is not a case that involves sexual harassment or sexual misconduct. Thus, Federal Rule of Evidence 412 does not apply.

<b><u>SECOND MOTION – EXCLUDE EVIDENCE OF<br>PLAITNIFF'S SUBSEQUENT EMPLOYMENT FOR THE<br>PURPOSE OF ATTACKING PLAINTIFF'S CHARACTER OR REPUTATION</u></b>

The City intends to introduce Plaintiff's subsequent employment, and her performance therewith for two permissible purposes: (1) to demonstrate that Plaintiff did not mitigate her damages; and (2) to address Plaintiff's credibility.

Specifically, Plaintiff was terminated by her subsequent employers for violating their rules (which goes to mitigation of damages), and then, as to Miami-Dade College and City of Opa Locka, lied about her terminations in her deposition (which goes to Plaintiff's credibility).

**Miami Dade College**

When asked about her employment at Miami-Dade College ("MDC"), Plaintiff testified as follows:

> Q: And why did you leave Miami Dade College?
>
> A: For the opportunity to work at Brickell City Centre, because the monetary salary was not enough for me to pay my bills.

3

> Q: So you resigned?
>
> A: Yes.
>
> Q: Were you ever disciplined at Miami Dade College?
>
> A: No.
>
> Q: No write-ups? No verbal counselings? Nothing like that?
>
> A: No.

*See* DE 69-17, p. 9 TR:30:7-17.

***

> Q: Just a brief follow-up on Miami Dade College. I just want to confirm, you were never written up there?
>
> A: No. Not from what I recall, no.
>
> Q: And you never received any kind of counseling or anything?
>
> A: No.
>
> Q: And you didn't resign in lieu of termination?
>
> A: No.
>
> Q: Never had any disciplinary issues there?
>
> A: No.

*See* DE 69-17, p. 10 TR:36:7-16.

The documents from MDC tell a dramatically different story. Specifically, City Bates Nos. 001382 – 001387 show that Plaintiff was given a choice; resign or be terminated. *See* DE 86-2, pp. 2 – 7, City Bates Nos. 001382 – 001387. This directly contradicts Plaintiff's above-referenced testimony. Pursuant to a December 16, 2022, Memorandum ("December Memo."),

MDC determined that Plaintiff willfully violated MDC's Performance Standard of Conduct § IV(1)(c and e) which state:

(c)     Acts that disrupt or interfere with the administration or functions of the College.

(e)     Failure to inform the supervisor when leaving a work area.

*See id*. This also contradicts Plaintiff's above-referenced testimony.

Additionally, on July 23, 2024, the City took the deposition of Andrea Forero. Ms. Forero is the Director of Campus Administration at MDC. *See* DE 86-3, p. 2, TR:7:4-10. Ms. Forero supervised the department in which Plaintiff worked. *See id*., p. 4, TR:13:18-20. Ms. Forero signed the December Memo. *See id*., p. 3, TR:12:19-23, *see also* DE 86-2, pp. 2, 8. Ms. Forero confirmed that the conduct described in the December Memo. is true and accurate. *See* DE 86-3, p. 4, TR:14:9-18. Ms. Forero also confirmed that Plaintiff was terminated from MDC for violating its policies and procedures and that Plaintiff never told MDC that she was leaving for another job. *See id*., pp. 4, 6, TR:21:19-21; 15:14-18.

The documents and testimony confirm that Plaintiff lied about the nature of her separation from MDC, which goes to Plaintiff's credibility. More to the point, Plaintiff's separation was for cause and a willful violation of MDC's rules, which goes to Plaintiff's failure to mitigate her damages. *See Richardson v. Tricom Pictures and Productions, Inc.*, 334 F.Supp.2d 1303, 1310 (S.D. Fla. 2004) (if an employee suffers a willful loss of earnings, then the employer's backpay liability is tolled); *see also Tesler v. BJ's Wholesale Club, Inc.,* Case No. 3:12-CV-411-J-20JBT, 2013 WL 12155447, at *2 (M.D. Fla. Nov. 8, 2013) (the district court determined that because the plaintiff failed to maintain his new employment, "[the defendant] is entitled to summary judgment on its mitigation of damages defense.").

5

**City of Opa Locka Police Department**

Just like with MDC, Plaintiff lied about the reasons she was terminated from the City of Opa Locka Police Department. Specifically, in her deposition, Plaintiff was asked why she left Opa Locka, and she said she was terminated without a reason after she filed a complaint against a fellow officer. *See* DE 69-17, pp. 4-5, TR:13-14:15-11. However, the documents attached at DE 86-2, pp. 32-39, City Bates Nos. 001895 – 001902 tell a very different story. Specifically, City Bates No. 001895, shows that Plaintiff was fired for: (1) Attendance History; (2) Failure to Follow Policy and Procedure; and (3) Conduct Unbecoming. *See* DE 86-2, p. 32. This directly contradicts Plaintiff's deposition testimony that she was not given a reason for her separation. This goes to Plaintiff's credibility. Additionally, this also shows that Plaintiff's separation was for cause and a willful violation of the City of Opa Locka Police Department's rules. This goes to Plaintiff's failure to mitigate her damages

**Allied Universal**

The documents from Allied Universal show that on August 17, 2023, Plaintiff was separated for, among other things, "dishonesty and falsification." *See* DE 86-2, pp. 13-21, City Bates Nos. 001675 – 001683. Thus, Plaintiff's separation was for cause and a willful violation of Allied Universal's rules. Accordingly, this goes to Plaintiff's failure to mitigate her damages.

The foregoing conclusively shows that the City is not introducing Plaintiff's conduct at her subsequent employers to establish her character. The Court should deny Plaintiff's Motion on this issue.

**THIRD MOTION – EXCLUDE EVIDENCE OF
PLAINTIFF'S AUGUST 31, 2018, EEOC CHARGE FILED AGAINST THE CITY**

In seeking to exclude evidence of her 2018 EEOC Charge, Plaintiff argues that discussion of the 2018 Charge may confuse and mislead the jury. *See* DE 85, p. 5. This case is not a jury

6

trial, it is a bench trial. Specifically, on February 3, 2024, the Parties filed their Stipulation to Non-Jury Trial [DE 40]. Thus, consideration of how evidence may impact a jury is irrelevant in this case.

Further, Plaintiff's 2018 EEOC is relevant because it goes to establishing that Cosner was not Plaintiff's "harasser," as she continually asserts. In her 2018 Charge, Plaintiff alleges sex discrimination. *See* DE 69-5. Importantly, however, despite alleging that Cosner harassed her in 2014 and 2015, Plaintiff's 2018 Charge makes no mention of Cosner. *See id*. Evidence of the 2018 Charge is relevant to show that: (1) Plaintiff knew she could file an EEOC charge; and (2) when she did, she did not make any allegations against Cosner. The Court should deny Plaintiff's Motion.

## **CONCLUSION**

Based on the foregoing, the City respectfully requests that the Court deny Plaintiff's Motion.

Dated: August 9, 2024.

        Respectfully submitted,

        By: /s/*Michael L. Elkins*
        Michael L. Elkins, Esq.
        Florida Bar No. 523781
        melkins@mlelawfirm.com
        **MLE LAW**
        1212 NE 16th Terrace
        Fort Lauderdale, FL 33304
        Telephone: 954.401.2608
        *Co-Counsel for Defendant*

        By: /s/*Henry J. Hunnefeld*
        Henry J. Hunnefeld, Esq.
        Florida Bar No. 343811
        henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*