## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

JESSICA GUASTO,

               Plaintiff,                                  CASE NO.: 1:22-cv-21004-MD

vs.

THE CITY OF MIAMI BEACH, FL,
a Florida municipality,

               Defendant.
_____/

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR BACK PAY DAMAGES AND INCORPORATED MEMORANDUM OF LAW

      Plaintiff, JESSICA GUASTO, by and through her counsel, hereby files her Response in Opposition to Defendant's Motion to Strike Plaintiff's Claim for Back Pay Damages and Incorporated Memorandum of Law and in support states the following:

### PRELIMINARY STATEMENT

      1.      On April 4, 2022, Plaintiff filed her Complaint, which included two causes of action for retaliation against Defendant. [D.E. 1 at pp. 12-15].

      2.      Each cause of action for retaliation against Defendant included a claim for back pay damages. *See id*.

      3.      Following Defendant's unlawful termination of Plaintiff, Plaintiff has obtained employment with several subsequent employers.

      4.      On June 3, 2024, Defendant filed its Motion for Summary Judgment. [D.E. 70].

1

5.      On July 26, 2024, Defendant filed its Motion to Strike Plaintiff's Claim for Back Pay Damages and Incorporated Memorandum of Law ("Defendant's Motion") [D.E. 86].

## LEGAL STANDARD

The Southern District of Florida has long established that "[m]otions to strike are viewed with disfavor and are infrequently granted because the arguments raised therein can typically be presented more concisely and efficiently in other contexts." *Doe v. Royal Caribbean Cruises, Ltd.*, 2012 U.S. Dist. LEXIS 36274 at 5 (S.D. Fla. 2012) (citing *Joseph v. Napolitano*, 2012 U.S. Dist. LEXIS 10741 at *1 (S.D. Fla. 2012)). Further, "[a] district court's determination of a motion to strike is a matter of discretion." *Id*. (citing *Galactic Towing, Inc. v. City of Miami Beach*, 341 F.3d 1249, 1253 (11th Cir. 2003); *United States v. Schlei*, 122 F.3d 944, 976 (11th Cir. 1997)).

## LEGAL ARGUMENT

### I.      Defendant's Motion is Procedurally Deficient

Defendant failed to include an attempt to strike Plaintiff's claim for back pay damages in its Motion for Summary Judgment. *See* D.E. 70. Yet, Defendant, pursuant to Federal Rule of Civil Procedure 12(f), now moves to strike Plaintiff's claim for back pay damages because "Plaintiff's multiple discharges for cause require striking her claim for back pay." *See* D.E. 86 at p. 6. As described herein, Defendant's Motion is procedurally deficient and must be denied.

### A.      Defendant's Motion Fails Under Rule 12(f)

Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter …. on motion made by a party … before responding to the pleading. FED. R. CIV. P. 12(f), (f)(2). Nevertheless, "'a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise

prejudice a party." *Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, U.S. Dist. LEXIS 226633 at 11 (S.D. Fla. 2017) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D. Fla. 1995)). This Court has made explicitly clear that, under Rule 12(f), a defendant cannot strike a plaintiff's claim for back pay in lieu of evidence to support plaintiff's claim. *See Joseph*, 2012 U.S. Dist. LEXIS 10741 at 2 (S.D. Fla. 2012). In *Joseph*, the Court denied defendant's motion to strike plaintiff's request for back pay and front pay despite the plaintiff producing "no evidence that he even looked for employment." *Id*. The Honorable Judge Goodman opined that, "the failure to present evidence to substantiate a claim is not one of the grounds for striking a pleading enumerated in Rule 12(f)." *Id*.

In this case, Plaintiff's claim for back pay is absolutely warranted as she has produced substantial evidence that she successfully obtained subsequent employment with various employers.[1] Plaintiff even testified as to the nature and separation of employment for each subsequent employer. *See* D.E. 69-17; *See* D.E. 69-32.  Plaintiff explained that following her employment for Defendant, she was employed by Opa Locka Police Department as a police officer, and she was separated roughly one or two weeks after reporting an incident with another police officer. *See* D.E. 69-17, Plaint. Depo. TR Vol. 1, 9-10:16-19. Plaintiff did not believe the separation was appropriate and explained that she filed a hearing with the City to dispute the separation. *See* Plaint. Depo. TR Vol 1, 14:3-25.

Next, Plaintiff testified to working for Allied Universal subsequent to her employment for Defendant, also in a security role. *See* D.E. 69-32, Plaint. Depo. TR Vol. 3, 236:16-20. Plaintiff explained that she was separated from employment from Allied Universal following a violent interaction with a male assailant that resulted in the assailant's arrest. *See* D.E. 69-17, Plaint. Depo.

---

[1] Plaintiff has produced W-2 forms and tax forms to Defendant for each subsequent employer mentioned in Defendant's Motion.

TR Vol. 1, 23-25:2-24. Plaintiff continued that although she was confused as to her separation, she understood that she was an at-will employee. *Id.* at 21:8. Finally, Plaintiff discussed her subsequent employment with Miami Dade College as the Chief of Public Safety, and explained she separated her employment to obtain a higher-paying position. *See* D.E. 69-17, Plaint. Depo. TR Vol. I, 29-30:14-24.

Following Plaintiff's depositions, Defendant issued subpoenas to her subsequent employers. Defendant obtained documents from these employers but never asked Plaintiff about any of these documents, and disregarded her testimony while creating a false narrative based on a limited number of the subpoenaed documents.

By means of example, Defendant alleged, "Plaintiff's separation [from Miami-Dade College] was for cause and a willful violation of MDC's rules." *See* D.E. 86 at p.5. Yet, Defendant ignored Plaintiff's letter to Miami-Dade College in which she explains that "… I will resign from my position at MDC…" *See* D.E. 86-3 at p. 32. Again, Defendant stated the subpoenaed documents "directly contradicts Plaintiff's deposition testimony" with regard to her separation of employment with Opa Locka Police Department. *See* D.E. 86 at p.6. However, Plaintiff's testimony is consistent with the subpoenaed documents from Opa Locka Police Department with regard to her described incident and reporting that she was "the one who initially reported to [her] Sergeant unwelcomed behavior…" *See* D.E. 86-2 at pp. 35-38. Defendant again incorrectly summarized the subpoenaed documents by stating, "Plaintiff's separation [from Allied Universal] was for cause and a willful violation of Allied Universal's rules." *See* D.E. 86 at p.6. There is only one document from Allied Universal that states Plaintiff had issues with "dishonesty and falsification," and that document was never presented to or signed by Plaintiff. *See* D.E. 86-2 at p. 19. Again, this is

consistent with Plaintiff's testimony that she was confused by her separation as she was never presented with the document.

Although Defendant incorrectly alleged "Plaintiff lied about the nature of her separation" from the subsequent employers, Defendant's false allegation ultimately does not satisfy the grounds for striking Plaintiff's claim for back pay damages under Rule 12(f). *See* D.E. 86 at p. 5. As such, Defendant's Motion is deficient under Federal Rule of Civil Procedure 12(f) and must be denied.

### B.      Defendant's Motion is Improper and Untimely

Defendant's Motion is also procedurally deficient as it is merely an improper and untimely summary judgment motion that has been poorly disguised as a motion to strike back pay damages. In January of 2012, the Southern District of Florida established that permitting a defendant's motion to strike plaintiff's request for front pay and back pay, while there exists a pending motion for summary judgment, would circumvent the local rules' prohibition on filing multiple motions for summary judgment. *Joseph*, 2012 U.S. Dist. LEXIS 10741 at *2 (denying defendant's motion to strike without prejudice to the defendant's ability to raise these arguments at trial); *Jeffrey O. v. City of Boca Raton*, 511 F. Supp. 2d 1328, 1338 (S.D. Fla. 2007)) ("the local rules expressly prohibit the filing of multiple motions for summary judgment"). Similarly in this case, Defendant has already filed a motion for summary judgment which is currently pending, thus Defendant's Motion would likewise circumvent the local rules. *See* D.E. 70.

In addition, Courts have routinely deemed the issue of back pay as a matter for the jury to consider. *See Soliday v. 7-Eleven, Inc.*, 2011 U.S. Dist. LEXIS 63288 (M.D. Fla. 2011) ("[t]he issue of 'back pay' from the date of the unlawful employment action to the date of trial has been determined by the jury, as was done in *Brochu* … and by the Court, as in *Lathem*.") (citing *Brochu*

*v. City of Riviera Beach*, 304 F.3d 1144 at 1162 n.31; *Latham v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 793-4 (11th Cir. 1999)). As a result, Defendant's Motion must be denied.

**II.      Plaintiff is Entitled to Backpay Under Title VII**

"Because the objective of a Title VII employment discrimination action is to make the plaintiff 'whole,' back pay awards are permitted, but are limited to proven economic loss." *Cooper v. Garden of Life*, 2007 U.S. Dist. LEXIS 115473 at 5-6 (S.D. Fla. 2007) (citing *Darnell v. City of Jasper, Ala.*, 730 F.2d 653, 655-656 (11th Cir. 1984). Under the Title VII framework, "interim earnings operate to reduce the amount of back pay that would otherwise be allowable." *Id.* at 6 (citing *Darnell*, 730 F.2d at 656; 42 U.S.C. § 2000e-5(g)). The *Cooper* Court continued, "[a] Title VII claimant has the duty to mitigate his or her damages by using reasonable diligence to find other suitable employment. *Id.* (citing *Ford Motor Co. v. Equal Employment Opportunity Comm'n*, 458 U.S. 219 at 231; *Nord v. United States Steel Corp.*, 758 F.2d 1462, 1470-1471 (11th Cir. 1985)).

As acknowledged in Defendant's Motion, Plaintiff has satisfied her burden to use reasonable diligence to find other suitable employment. Defendant employed Plaintiff as a police sergeant prior to unlawfully terminating her (*see* D.E. 79 at p.1), and Plaintiff obtained comparable subsequent employment as 1) a Public Safety Chief, 2) an Account Manager for a security company, and 3) a Police Officer. *See* D.E. 86-2 at pp. 2, 18, and 32.

Defendant attempts to bolster its position by citing to *Brady v. Thurston Motor Lines, Inc.*[2] However, the holding in *Brady* "that an employee's discharge for cause due to her willful violation of company rules will toll backpay," has been challenged and rejected by federal courts. *See, e.g.*, *Cohen v. CHLN, Inc.*, 2012 U.S. Dist. LEXIS 16349 at 8-12 (E.D. Pa. 2012). In fact, "[t]he Third Circuit has specifically rejected *Brady*'s 'no mitigation-no back pay' argument, finding that

---

[2] *Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269 (4th Cir. 1985).

6

backpay is not cut off as a result of a plaintiff's failure to mitigate damages." *Id*. at 7 (citing *Booker v. Taylor Milk Co. Inc.*, 64 F.3d 860 (3d Cir. 1995)). The Third Circuit maintains the position that "'no mitigation-no backpay' is entirely inconsistent with the purpose underlying Title VII and the reasons for awarding backpay, restoring the plaintiff to the economic position he would have enjoyed absent the discrimination." *Id*. (citing *Booker*, 64 F.3d 860 at 866). Additionally, "the Ninth and Eighth Circuits have found that the backpay should remain unchanged where a Plaintiff is terminated from or without justification quits a replacement job." *Id*. at 9. (citing *Knickerbocker Plastic Co.*, 132 N.L.R.B. 1209, 1215 (1961); *NLRB v. Hopcroft Art & Stained Glass Works, Inc.*, 692 F.2d 63, 65 (8th Cir. 1982)).

In this case, Plaintiff was unlawfully terminated on January 19, 2021. Following Defendant's termination of Plaintiff, she actively searched for positions comparable to her position with Defendant and obtained employment. Plaintiff spent a significant period of time employed following her unlawful separation from Defendant, and has time and time again successfully mitigated her economic losses. Although the *Brady* argument should not apply, Defendant would not prevail in striking Plaintiff's claim for back pay under *Brady* because it cannot establish that Plaintiff's discharge was due to her own willful violation of company rules. Further, Defendant's Motion would also fail under the Third, Eighth, and Ninth Circuits' holdings, where each of these Circuits maintains that Plaintiff should be entitled to back pay for obtaining comparable subsequent employment.

By granting Defendant's Motion, Plaintiff's successful mitigation will be undermined, and Title VII's intent to restore Plaintiff to the economic position she would have enjoyed absent the discrimination will be suppressed. Therefore, Defendant's Motion must be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety.

Dated:  Miami, Florida
        August 9, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*


_/s/ Daniel J. Barroukh_
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on August 9, 2024, on all counsel of record on the service list below via CM/ECF.


By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.


## SERVICE LIST

**CITY ATTORNEY'S OFFICE OF MIAMI BEACH**
Benjamin Z. Braun
benjaminbraun@miamibeachfl.gov
Florida Bar No.: 1017937
Henry Joseph Hunnefeld
henryhunnefeld@miamibeachfl.gov
Florida Bar No. 343811
1700 Convention Center Drive
Miami Beach, Florida 33139
Telephone: (305) 673-7470
Facsimile: (877) 673-7002

**MLE LAW**
Michael Lewis Elkins
melkins@mlelawfirm.com
Florida Bar No.: 523781
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: (954) 401-2608


*Counsel for Defendant*