UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JESSICA GUASTO,

      Plaintiff,                                         CASE NO.: 1:22-cv-21004-MD

vs.

THE CITY OF MIAMI BEACH, FL,
a Florida municipality,

      Defendant.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

Plaintiff, JESSICA GUASTO, by and through her counsel, hereby files her Response in Opposition to Defendant's Motion in Limine and in support states the following:

**PRELIMINARY STATEMENT**

1. On July 26, 2024, Defendant filed its Motion in Limine ("Defendant's Motion"), bringing forth five (5) motions [D.E. 87].

2. Plaintiff addresses issues 1, 3, 4 and 5 below.

**FIRST MOTION – EVIDENCE OF PAIN AND SUFFERING OR HOW PLAINTIFF "FEELS" ABOUT HER SEPARATION FROM THE CITY**

Defendant seeks to exclude evidence of Plaintiff's pain and suffering or how Plaintiff "feels" about her separation from Defendant. Although Defendant is correct that Plaintiff is not seeking compensatory damages or any other non-equitable damages, depriving Plaintiff of the ability to discuss her lived experience both during and following her employment with the City would significantly prejudice the Plaintiff. Plaintiff was an employee for Defendant for nearly nine (9) years and has extensive personal knowledge with regard to Defendant's standard workplace

proceedings and policies. Plaintiff's understanding of Defendant's proceedings and policies warrants her ability to discuss whether her separation from employment was standard or atypical, and why.

Pursuant to Federal Rules of Evidence 401 and 402, evidence must be relevant to be admissible. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Plaintiff's evidence of how she believes, or feels, her separation from the City unfolded is relevant and cannot be excluded. Further, the probative value of Plaintiff's testimony on the matter of her separation, including her personal knowledge and years of experience with Defendant, would not outweigh its prejudicial effect, and thus cannot be barred by Fed. R. Evid. 403.

Plaintiff additionally possesses personal knowledge about the discipline of Defendant's current and former employees. This information is highly relevant to Plaintiff's proceedings and may lead her to discuss whether she believes, or feels, that she was treated fairly or not. Because Plaintiff's beliefs, and feelings, are based on years of experience and employment for Defendant, this information is relevant and highly probative, and must not be excluded. Therefore, Defendant's first motion must be denied.

### **THIRD MOTION – HEARSAY TESTIMONY FROM NICHOLAS GUASTO**

"The Federal Rules of Evidence define hearsay as 'a statement, other than one made by the declarant while testifying at trial or a hearing, offered in evidence to prove the truth of the matter asserted.'" *Gonzalez v. State of Florida Dept. of Mgmt. Servcs.*, 124 F.Supp.3d 1317, 1328 (S.D. Fla. 2015) (citing Fed. R. Evid. 801(c)). "Unless a recognized exception applies, hearsay statements are inadmissible." *See Gonzalez*, 124 F.Supp.3d at 1328 (citing Fed. R. Evid. 802)).

Defendant seeks to exclude testimony from Nicholas Guasto ("Guasto") as to his discussions with Richard Clements ("Clements"). Nicholas Guasto maintained personal knowledge of the conversations with Clements and signed a declaration detailing the content of the conversations. *See* D.E. 78-3. In Guasto's declaration, he highlights several instances of Clements' retaliatory and discriminatory intent, including but not limited to "[Clements] again asked for Jessica's 2020 EEOC charge to be dropped in return for lesser punishment," and "[a]gain, Clements stressed the importance of dismissing the EEOC charge, in exchange for consideration." *See* D.E. 78 at ¶¶ 7-8, 10.

Not only did Guasto recount this conversation in his declaration, but also reaffirmed his conversations with Clements at deposition as he testified as follows:

> Q:   First of all, are you still taking the position that everything in this Declaration is accurate as it is written?
>
> A:   Yes.

*See* D.E. 69-31, N. Guasto Depo. TR, 58:2-5. Clements' statements are clearly not inadmissible hearsay because they are an admission against interest by a party-opponent. *Jetport, Inc. v. Miami*, 2017 U.S. Dist. LEXIS 228492 (S.D. Fla. 2017) (citing FED. R. EVID. 801(d)(2)). This case currently stands on two retaliation claims against Defendant, and Clements, the ultimate decision maker, makes several statements rife with retaliatory and discriminatory animus. At the time Guasto signed the declaration and again confirmed Clements' statements at deposition, he was employed by Defendant. Thus, at no point in confirming and reiterating Clements' statements could Guasto benefit personally from providing this testimony.

In the alternative, if Guasto's testimony and declaration is considered hearsay, Guasto's testimony and declaration should not be excluded under Federal Rule of Evidence 807, where "a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible

under a hearsay exception in Rule 803 or 804." Fed. R. Evid. 807(a). It is well established that "[t]he test is trustworthiness and trials are a truth-seeking process. Inasmuch as the touchstone is trustworthiness, this evidence may be introduced, despite the fact the translation is technically hearsay..." *United States v. Kramer*, 741 F. Supp. 893, 896 (S.D. Fla. 1990). With regard to Guasto's testimony and declaration, Guasto has no reason to lie or manipulate the truth, especially because he is no longer married to Plaintiff and remains employed by Defendant. Guasto signed the declaration on November 5, 2021, and testified at deposition that his position has not wavered. *See* D.E. 78-3; *See* D.E. 69-31, N. Guasto Depo. TR, 58:2-5. Therefore, Defendant's third motion must be denied.

## FOURTH MOTION – EVIDENCE OF SUBSEQUENT EMPLOYMENT AND SEARCHES FOR SUBSEQUENT EMPLOYMENT

Defendant seeks to exclude evidence of any other employers or any searches for employment other than what was already disclosed. *See* D.E. 87 at p. 4. However, in the same paragraph, Defendant highlights Plaintiff's continuing obligation to supplement her discovery. To date, Plaintiff has notified Defendant of four places of subsequent employment, however, Plaintiff continues to exercise her diligent efforts to obtain employment and mitigate her damages.

Pursuant to Federal Rules of Evidence 401 and 402, evidence must be relevant to be admissible. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Here, Plaintiff is seeking economic damages, and there are roughly seven (7) weeks before trial is set to commence. There is a substantial period of time where Plaintiff may continue to search for employment and possibly obtain new employment within these seven (7) weeks. Further, this evidence directly supports Plaintiff's claim for economic damages and cannot be excluded. Therefore, Defendant's fourth motion must be denied.

## FIFTH MOTION – ECONOMIC DAMAGES – PAST AND FUTURE LOST INCOME AND FRINGE BENEFITS

Plaintiff incorporates in full herein, the arguments made in Plaintiff's Response In Opposition to Defendant's Motion to Strike Plaintiff's Expert Witness and Amended Expert Report [D.E. 75].

Based on the foregoing the Court should deny Defendant's fifth motion to prohibit the introduction of any expert testimony from Plaintiff.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's Motion in its entirety.

Dated: Miami, Florida
August 9, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on August 9, 2024, on all counsel of record on the service list below via CM/ECF.

By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**CITY ATTORNEY'S OFFICE OF MIAMI BEACH**
Benjamin Z. Braun
benjaminbraun@miamibeachfl.gov
Florida Bar No.: 1017937
Henry Joseph Hunnefeld
henryhunnefeld@miamibeachfl.gov
Florida Bar No. 343811
1700 Convention Center Drive
Miami Beach, Florida 33139
Telephone: (305) 673-7470
Facsimile: (877) 673-7002

**MLE LAW**
Michael Lewis Elkins
melkins@mlelawfirm.com
Florida Bar No.: 523781
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: (954) 401-2608

*Counsel for Defendant*