UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JESSICA GUASTO,

    Plaintiff,                                                       CASE NO.: 1:22-cv-21004-MD

vs.

THE CITY OF MIAMI BEACH, FL,
a Florida municipality,

    Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE AND
INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, JESSICA GUASTO, by and through her undersigned counsel, hereby files her Reply to Defendant's Response in Opposition to Plaintiff's Motion *in Limine* and respectfully states as follows:

**PRELIMINARY STATEMENT**

    In this case, Plaintiff has brought claims against the Defendant, THE CITY OF MIAMI BEACH, FL, for the unlawful retaliation she was subjected to during her employment with Defendant.

    On July 26, 2024, Plaintiff brought forth a Motion in Limine [D.E. 85] to exclude evidence of 1) Plaintiff's Sexual Predisposition or Sexual Conduct, 2) Plaintiff's Subsequent Employment for the Purpose of Attacking Plaintiff's Character or Reputation, and 3) Plaintiff's August 31, 2018, EEOC Charge Filed Against Defendant. On August 9, 2024, Defendant filed its Response

1

to Plaintiff's Motion in Limine ("Defendant's Response") [D.E. 88]. Accordingly, Plaintiff respectfully requests that the Court enter an order granting Plaintiff's Motion.

## ARGUMENT AND CITATION OF AUTHORITY

A. **Plaintiff's First Motion – Evidence of Plaintiff's Sexual Predisposition or Sexual Conduct**

Defendant claims that Fed R. Evid. 412 does not apply to this case because "[t]his case does not involve alleged sexual misconduct." *See* D.E. 88 at p. 2. This is entirely inaccurate. Plaintiff's claim of retaliation is predicated on the filing of her 2020 EEOC Charge against Defendant, in which Plaintiff explicitly makes allegations against Defendant for sexual misconduct. Plaintiff's 2020 EEOC Charge explains, "I started to receive sexually explicit text messages from a command staff member," "sergeants and lieutenants make sexual innuendo comments," and "my colleagues talk about penis enlargements…" *See* D.E. 69-9. Because Plaintiff's claim of retaliation is predicated on her allegations of Defendant's sexual harassment and misconduct, Fed. R. Evid. 412 applies and Plaintiff's first motion should be granted.

Alternatively, Defendant attempts to deny Plaintiff's first motion only as to Steven Cosner ("Cosner"). Defendant contends that Cosner's testimony pertaining to whether Cosner and Plaintiff had consensual sex is relevant to proving the nature of their relationship. *See* D.E. 88 at p. 2. Defendant's contention is incorrect, as Cosner's testimony regarding sexual activity with Plaintiff is disputed, and there are many alternative ways to prove the nature of their relationship.

Further, the only evidence Defendant cites to support this claim is Cosner's testimony. *Id*. Not only has Plaintiff repeatedly denied having sex with Cosner, but Defendant has produced no documentation to support Cosner's outlandish claim. *See* D.E. 78 ¶¶ 33, 90. Plaintiff has already successfully demonstrated the one-sided, predatory nature of her relationship with Cosner via the

2

Valentine's Day Card (D.E. 78-1) and Birthday Card (D.E. 78-2), which Cosner testified to sending to Plaintiff without receiving anything in return. *See* D.E. 78 ¶¶ 86 - 88.

Despite Defendant's contention that Cosner's testimony cannot be excluded under Fed. R. Evid. 401, the issue of whether Cosner and Plaintiff had sex is not relevant to this case. Cosner's intimate feelings for Plaintiff could have existed regardless of any sexual activity between the two. Similarly, Plaintiff's rejection of Cosner would still have generated anger towards her regardless of any sexual activity. Furthermore, Plaintiff has expressly stated that she rejected Cosner's advances time and time again. *See* D.E. 78 ¶¶ 33, 90. Allowing the testimony that Plaintiff engaged in consensual sex with Cosner merely prejudices the Plaintiff while providing no probative value. Ultimately, all evidence of Plaintiff's sexual predisposition or conduct must be excluded.

  B. **Plaintiff's Second Motion – Evidence of Plaintiff's Subsequent Employment for the Purpose of Attacking Plaintiff's Character or Reputation**

Defendant opposes Plaintiff's second motion on two grounds: 1) to demonstrate that Plaintiff did not mitigate her damages, and 2) to address Plaintiff's credibility. Plaintiff does not disagree that Defendant can use evidence of subsequent employment later on to consider her mitigation or credibility. However, subsequent employment records including disciplinary issues or termination merely serve as a propensity argument and prejudices the Plaintiff's character, which cannot be permitted.

Defendant's Response fails to mention the intended purpose of Plaintiff's second motion, namely, to exclude subsequent employment for the purpose of attacking Plaintiff's character or reputation. There is no contention in Defendant's Response that subsequent employment records are irrelevant to the issues in this case with regards to Plaintiff's character and reputation and would serve only to prejudice the factfinder against the Plaintiff. Defendant's use of subsequent

3

employment records for the purposes of attacking Plaintiff's character is impermissible; therefore, the Court should rule in favor of Plaintiff's second motion.

### C. Plaintiff's Third Motion – Exclude Evidence of Plaintiff's August 31, 2018, EEOC Charge Filed Against Defendant

Defendant argues that Plaintiff's 2018 EEOC Charge is relevant because it establishes that Cosner was not Plaintiff's harasser. *See* D.E. 88 at p.7. This argument is entirely misleading as Defendant attempts to use Plaintiff's allegations of discrimination against individuals other than Cosner to prove that Cosner did not harass Plaintiff. Defendant's argument fails as it is entirely plausible that both are true – Plaintiff filed a Charge of Discrimination against other employees for Defendant for unlawful conduct in 2018, and Cosner was Plaintiff's harasser in or around 2014 and 2015. Further, Defendant asserts that the 2018 EEOC Charge is relevant because it shows Plaintiff knew she could file an EEOC Charge. Again, this claim is entirely baseless, as Plaintiff's actions in 2018 cannot be used to demonstrate what knowledge she possessed years prior. Plaintiff's 2018 EEOC Charge is entirely irrelevant as it includes different individuals, different facts, and different allegations from the claim at hand. Plaintiff's 2018 EEOC Charge is entirely tangential from her 2020 EEOC Charge, or her present claims of retaliation. Defendant cannot merely jump to conclusions based on what is or is not included in Plaintiff's 2018 EEOC Charge in order to assert relevance at hand. As such, evidence of Plaintiff's 2018 EEOC Charge filed against Defendant must be excluded.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant her Motion in Limine in its entirety.

| | |
|---|---|
| Dated: Miami, Florida<br>August 16, 2024, | **DEREK SMITH LAW GROUP, PLLC**<br>*Counsel for Plaintiff* |

<u>*/s/ Daniel J. Barroukh*</u>
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on August 16, 2024, on all counsel of record on the service list below via CM/ECF.

By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**CITY ATTORNEY'S OFFICE OF MIAMI BEACH**
Benjamin Z. Braun
benjaminbraun@miamibeachfl.gov
Florida Bar No.: 1017937
Henry Joseph Hunnefeld
henryhunnefeld@miamibeachfl.gov
Florida Bar No. 343811
1700 Convention Center Drive
Miami Beach, Florida 33139
Telephone: (305) 673-7470
Facsimile: (877) 673-7002

**MLE LAW**
Michael Lewis Elkins
melkins@mlelawfirm.com
Florida Bar No.: 523781
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: (954) 401-2608

*Counsel for Defendant*