UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE**

Defendant, THE CITY OF MIAMI BEACH, FL, (the "City"), through its counsel files its Reply to Plaintiff's Response In Opposition to Defendant's Motions in Limine and in support states the following:

**PRELIMINARY STATEMENT**

1. This is an employment discrimination case.

2. On April 2, 2022, Plaintiff filed a ten (10) count Complaint [DE 1].

3. On July 10, 2023, this Court issued its order dismissing eight (8) of the ten (10) counts [DE 32] leaving only Counts III and IV, which are claims for retaliation under Title VII and the Florida Civil Rights Act ("FCRA") respectively. *See* DE 1.

4. On July 26, 2024, the City filed its Motions In Limine ("Motion") [DE 87].

5. On August 9, 2024, Plaintiff filed her Response In Opposition to Defendant's Motions in Limine ("Response") [DE 90].

6. Based on the arguments contained herein and in the City's Motion, the Court should grant the City's Motion.

### FIRST MOTION – EVIDENCE OF PAIN AND SUFFERING OR HOW PLAINTIFF "FEELS" ABOUT HER SEPARATION FROM THE CITY

Plaintiff incorrectly casts the City's First Motion as an attempt to prevent Plaintiff from testifying as to her alleged personal knowledge about the facts and circumstances of her separation. This is not the basis of the City's First Motion.

The City's First Motion is directed at excluding any testimony that would go to compensatory damages, or other non-equitable damages such as pain and suffering. How Plaintiff "feels" about her separation only goes to compensatory damages, or other non-equitable damages such as pain and suffering. Accordingly, the Court should exclude same.

Plaintiff argues that her personal beliefs and feelings goes to establishing the ultimate fact of whether the City retaliated against Plaintiff. Plaintiff is incorrect. Plaintiff's personal feelings and beliefs are not considered when deciding whether she was retaliated against by the City. *See Wingfield v. South University of Florida, Inc.*, Case No. No. 8:09–cv–01090–T–24–TBM, 2010 WL 2465189, at *10 (M.D. Fla. Jun. 15, 2010); *see also Aldabblan v. Festive Pizza, Ltd.*, 380 F.Supp.2d 1345, 1353 (S.D. Fla. 2005) ("Plaintiff's mere belief, speculation, or conclusory allegations that Defendant discriminated against [her], therefore, are insufficient to withstand summary judgment.") (*citing Coutu v. Martin County Bd. of County Comm'rs,* 47 F.3d 1068, 1073–74 (11th Cir.1995)); *Univ. of Texas SW Med. Cent. v. Nassar*, 570 U.S. 338, 339 (2013); *Beach v. JP Morgan Chase Bank, N.A.*, 218 F.Supp.3d 1367, 1374 (S.D. Fla. 2016) (referring to the United States Supreme Court in holding that the Title VII retaliation claims require proof that the protected activity was a but-for cause of the alleged adverse action).

To that end, evidence of pain and suffering or how Plaintiff "feels" about her separation goes only to her damages, it does not tend to make a fact about whether the City retaliated against Plaintiff more or less probable. Accordingly, the Court should prohibit the introduction of this testimony.

## SECOND MOTION – CHARACTER EVIDENCE

Plaintiff did not respond to the Second Motion. Therefore, it is unrebutted, and the Court should grant same.

## THIRD MOTION – HEARSAY TESTIMONY FROM NICHOLAS GUASTO

Predictably, Plaintiff argues that Nicholas Guasto's ("N. Gusato") testimony about what former Chief of Police Richard Clements ("Chief Clements") told him during a series of conversations in September 2020 is admissible as an admission against interest by a party opponent.

In support of this argument, Plaintiff cites *Jetport Inc. v. Landmark Aviation Miami, LLC*, Case No.: 1:16-cv-23303-UU, 2017 WL 7734085 (S.D. Fla. July 26, 2017). *Jetport, Inc.* does not apply. *Jetport, Inc.*, was about "a collision between Jetport's 2000 Bombardier Challenger 604 jet aircraft (the "Challenger") and Southwest Airline Corporation's ("Southwest") Boeing 737 jet aircraft (the "Boeing 737"), which occurred on November 22, 2015, while the Challenger was parked at Landmark's fixed-based operation (the "FBO") at Miami International Airport." *See Jetport, Inc.*, 2017 WL 7734085, at *1.

In *Jetport, Inc.*, the plaintiff sought to exclude from trial a "Letter of Counseling" from one of Southwest Airline's (Southwest Airlines was a former defendant in the case) Chief Pilots which, among other things, summarized the Chief Pilot's account of the events on the night of

3

the incident and stated that a Southwest Captain did not comply with certain requirements for taxi operations. *See id*, at *4.

The defendant argued, among other things, that the "Letter of Counseling" was admissible as an admission against interest by a party opponent. *See id*. The *Jetport, Inc.* court rejected the defendant's argument because the letter at issue was from an employee of Southwest Airlines, and Southwest Airlines was no longer a defendant in the case. *See id*.

In this case, there is no letter at issue nor is there an admission against a party that is no longer a defendant in this case. More to the point, *Jetport, Inc.* does not address the City's argument that what Chief Clements told N. Guasto is not an admission against interest by a party opponent because the conversations, as detailed in DE 78-3, do not reflect any wrongdoing by Chief Clements or the City. At best, the conversations are nothing more than Chief Clements articulating the specific resolution he wanted vis-à-vis the internal affairs cases against Plaintiff and N. Guasto. This argument remains unrebutted and is not address by the *Jetport, Inc.* case. Accordingly, the Court should prohibit the foregoing testimony from N. Guasto.

**Federal Rule of Evidence 807 Does Not Apply**

Instead of addressing the City's arguments, Plaintiff contends that N. Gusto's testimony about what Chief Clements said to him is admissible pursuant to Federal Rule of Evidence 807. This argument is without merit.

Federal Rule of Evidence 807 is the "Residual Exception" to the hearsay rule. *See Stolinas v. Palmer*, 512 F.Supp.3d 1264, 1267 (M.D. Fla. 2021). Courts should rarely utilize the "Residual Exception." *See In re Terazosin Hydrochloride Antitrust Litig.*, Case No. 99-MDL-1317, 2005 WL 5955699, at *5 (S.D. Fla. Feb. 2, 2005) ("This exception ... is to be utilized only

4

rarely, and is not to be taken as a 'broad license for trial judges to admit hearsay statements that do not fit within one of the other exceptions[.]' " (internal citation and quotation omitted)).

"Rule 807 permits hearsay only if the statement is (1) 'supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement'; and (2) 'more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.'" *ADT LLC v. Vivint Smart Home, Inc.*, CASE NO. 20-cv-23391-GOODMAN, 2023 WL 3568117, at *9, fn 4 (S.D. Fla. May 19, 2023) (*citing* Fed. R. Civ. P. 8(a)). In order for otherwise inadmissible hearsay statements to qualify for admission under 807, the statements at issue must be supported by sufficient guarantees of trustworthiness, such as a witness corroborating the statements. *See Stolinas*, 512 F.Supp.3d at 1267-1268.

Here, Plaintiff does not offer any sufficient guarantees of trustworthiness. Instead, Plaintiff contends, without any actual support, that N. Guasto "has no reason to lie or manipulate the truth, especially because he is no longer married to Plaintiff and remains employed by Defendant." *See* DE 90, p. 4. Plaintiff's conclusory assertion in this regard does not justify the rare use of Federal Rule of Evidence 807 to admit N. Guasto's otherwise inadmissible hearsay testimony. Further, there is no other corroboration of N. Guasto's claims about what Chief Clements allegedly told him. Therefore, the Court should exclude this testimony.

**FOURTH MOTION – EVIDENCE OF SUBSEQUENT EMPLOYERS AND SEARCHES FOR SUBSEQUENT EMPLOYMENT**

Plaintiff does not address the City's argument. Specifically, Plaintiff does not refute that as of the filing of the City's Motion and this Reply, she has not disclosed any additional employers or any additional evidence of continuing searches for employment. Since Plaintiff is under a continuing obligation to supplement her discovery, and she has not supplemented same,

the Court should exclude any testimony relating to employers or employment searches that were not disclosed to the City in advance of trial.

### FIFTH MOTION – ECONOMIC DAMAGES – PAST AND FUTURE LOST INCOME AND FRINGE BENEFITS

Defendant incorporates in full herein, the arguments made in its Reply to Plaintiff's Response In Opposition to Defendant's Motion to Strike Plaintiff's Expert Witness and Amended Expert Report and Incorporated Memorandum of Law [DE 76].

Based on the foregoing the Court should prohibit the introduction of any expert testimony from Plaintiff.

### CONCLUSION

Based on the foregoing, the City respectfully requests that the Court grant its Motion and limit the categories of evidence addressed therein.

Dated: August 19, 2024.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*