UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM
FOR BACK PAY DAMAGES AND INCORPORATED MEMORANDUM OF LAW**

Defendant, THE CITY OF MIAMI BEACH, FL, (the "City"), through its counsel files its Reply to Plaintiff's Response in Opposition to Defendant's Motion to Strike Plaintiff's Claim for Back Pay Damages and Incorporated Memorandum of Law and in support states the following:

**PRELIMINARY STATEMENT**

1. This is an employment discrimination case.

2. On April 2, 2022, Plaintiff filed a ten (10) count Complaint [DE 1].

3. On July 10, 2023, this Court issued an order dismissing eight (8) of the ten (10) counts [DE 32].

4. On July 26, 2024, the City filed its Motion to Strike Plaintiff's Claim for Back Pay Damages and Incorporated Memorandum of Law ("Motion") [DE 86].

5. The gravamen of the City's Motion is that Plaintiff did not mitigate her damages because she was separated for cause from multiple subsequent employers, and then tried to cover up the reasons for her separations.

6. On August 9, 2024, Plaintiff filed her Response in Opposition to Defendant's Motion to Strike Plaintiff's Claim for Back Pay Damages ("Plaintiff's Response") [DE 89].

7. Therein, Plaintiff makes two (2) primary arguments: (1) that Plaintiff has sufficiently mitigated her damages; and (2) the City's Motion is procedurally deficient.

8. Both of Plaintiff's arguments fail.

9. Plaintiff's Response does nothing to refute the fact that Plaintiff was fired from her post-City employers for willfully violating their rules.

10. Thus, the Court should strike Plaintiff's plea back pay.

## ARGUMENT AND CITATION OF AUTHORITY

### POINT I

**THE COURT SHOULD STRIKE PLAINTIFF'S PLEA FOR BACK PAY BECAUSE SHE SUFFERED A WILLFUL LOSS OF EARNINGS.**

First, Plaintiff argues that she's entitled to back pay because "she has produced substantial evidence that she successfully obtained subsequent employment with various employers." *See* DE 89, p. 3. This argument misses the mark. The issue is not whether Plaintiff successfully obtained subsequent employment. The issue is Plaintiff's willful loss of earnings by willfully violating the rules of her subsequent employers. *See Richardson v. Tricom Pictures and Productions, Inc.*, 334 F.Supp.2d 1303, 1310 (S.D. Fla. 2004) (citing *E.E.O.C v. Joe's Stone Crab, Inc.*, 15 F.Supp.2d 1364, 1378 (S.D. Fla. 1998)).

Plaintiff attempts to re-write her employment history. Specifically, as to Miami-Dade College ("the College"), Plaintiff points the Court to her letter to the College wherein Plaintiff states that she is resigning from the College. *See* DE 89, p. 4. In so doing, Plaintiff ignores the fact that the College told Plaintiff that she had a choice, resign or be terminated. *See* DE 86-2, p. 4 (stating "[i]f you elect **_not to resign from your position, the College will proceed with termination of your employment_**.") (emphasis added).

Further, in attempting to characterize her separation from the College as a "resignation," Plaintiff does not address the fact that she lied about this exact point. Specifically, Plaintiff testified as follows:

> Q: Just a brief follow-up on Miami Dade College. I just want to confirm, you were never written up there?
>
> A: No. Not from what I recall, no.
>
> Q: And you never received any kind of counseling or anything?
>
> A: No.
>
> Q: And you didn't resign in lieu of termination?
>
> A: No.
>
> Q: Never had any disciplinary issues there?
>
> A: No.

*See* DE 69-17, p. 10 TR:36:7-16.

The documents and testimony make clear that Plaintiff willfully violated the College's rules and was fired for her willful violation.

Plaintiff attempts the same misdirection for the City of Opa Locka and Allied Universal. As to the City of Opa Locka, Plaintiff does not refute the fact that she was fired for (1)

3

Attendance History; (2) Failure to Follow Policy and Procedure; and (3) Conduct Unbecoming. *See* DE 89-2, p. 32. Further, Plaintiff does not refute the fact that she when she was asked why she left the City of Opa Locka, she testified that she was terminated without a reason after she filed a complaint against a fellow officer. *See* DE 69-17, pp. 4-5, TR:13-14:15-11. The documents make clear, however, that Plaintiff's separation was for cause and a willful violation of the City of Opa Locka Police Department's rules, refuting Plaintiff's claim that she was terminated without a reason.

Plaintiff's lone claim as to the City of Opa Locka is that she filed for a hearing essentially contesting her termination. *See* DE 89, p. 3. Notably, Plaintiff has never produced any documents from the City of Opa Locka evidencing the results of the hearing. Instead, Plaintiff is trying to use the fact that she asked for a hearing as a basis to refute the reasons for her separation. This argument is unavailing and does nothing to refute the documents from the City of Opa Locka.

As to Allied Universal, Plaintiff's lone argument is an unsupported contention from Plaintiff's counsel that she was never presented with the document from Allied Universal showing that her termination was for "dishonesty and falsification." *See* DE 89, pp. 4-5. Specifically, Plaintiff claims:

> "There is only one document from Allied Universal that states Plaintiff had issues with 'dishonesty and falsification,' and that document was never presented to or signed by Plaintiff. *See* D.E. 86-2 at p. 19. Again, this is consistent with Plaintiff's testimony that she was confused by her separation as she was never presented with the document."

*See id*. There is no citation to Plaintiff's deposition to support her counsel's claim that she did not receive any documents from Allied Universal. This unsupported contention does not refute

the fact that Plaintiff was separated from Allied Universal for dishonesty and falsification, which constitutes a willful violation of Allied Universal's rules.

Second, Plaintiff attempts to avoid the Southern District of Florida's reliance on *Brady v. Thurston Motor Lines, Inc.,* 753 F.2d 1269 (4th Cir.1985). In so doing, Plaintiff relies on a case from the Eastern District of Pennsylvania, styled as *Cohen v. CHLN, Inc.*, Case No. Civil Action No. 10–514, 2012 WL 407443 (E.D. PA Feb. 9, 2012). *Cohen* is not controlling on this Court. More to the point, Plaintiff does not cite any authority from any Federal District Court in the State of Florida the refuses to follow *Brady v. Thurston Motor Lines, Inc.,* 753 F.2d 1269, 1279 (4th Cir.1985).

In *Richardson v. Tricom Pictures and Productions, Inc.*, 334 F.Supp.2d 1303, 1310 (S.D. Fla. 2004), Judge Altonaga, applying the reasoning from *Brady*, held that a violation of an employer's rules amounts to a lack of reasonable diligence in maintaining interim employment, and that an employee's discharge for cause due to her willful violation of company rules will toll backpay. *See Richardson*, 334 F.Supp.2d 1311-1312 (*citing Brady,* 753 F.2d at 1277-1279). This Court should not deviate from the holding in *Richardson*.

## POINT II

### THE CITY'S MOTION IS PROCEDURALLY PROPER.

Plaintiff argues that the City's Motion is improper because it is essentially a motion for summary judgment. This argument misses the mark.

The City's Motion is a non-dispositive motion that more closely resembles a motion in limine rather than a motion for summary judgment. *See, e.g., Bowers v. Am. Heart Ass'n, Inc.*, Case No. 1:06-CV-2989-CC, 2008 WL 11407360, at *2-5 (N.D. Ga. Dec. 2, 2008); *see also*

5

*Mohamed v. Publix Super Markets, Inc.*, Case No. 02-61738, 2004 WL 5323586, at *1 (S.D. Fla. Apr. 22, 2004).

The City's Motion does not "dispose" of any cause of action or any complete element of a cause of action. Instead, the City's Motion only seeks to strike Plaintiff's entitlement to one type of damage, back pay. It does not seek to preclude all damages. Indeed, if the City's Motion were granted, Plaintiff would still be able to seek reinstatement. Therefore, the City's Motion is not fully dispositive to an element of Plaintiff's claim.

## CONCLUSION

Based on the foregoing, the City respectfully requests that the Court grant its Motion and strike Plaintiff's plea for back pay damages.

Dated: August 19, 2024.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*