## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21004-DAMIAN/TORRES

JESSICA GUASTO,

      Plaintiff,

v.

THE CITY OF MIAMI BEACH, FL
a Florida municipality,

      Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO STRIKE

      This cause comes before the Court on Defendant's, The City of Miami Beach's ("Defendant"), Motion to Strike Plaintiff's Claims for Back Pay Damages. [D.E. 86]. Plaintiff timely responded to the motion [D.E. 89], to which Defendant replied. [D.E. 94]. The motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Defendant's motion is **DENIED**, but without prejudice for Defendant to raise at trial the arguments advanced in the motion.

---

[1] On September 9, 2024, the Honorable Melissa Damian referred this motion to the Undersigned Magistrate Judge for disposition. [D.E. 98].

## I.   BACKGROUND

On April 4, 2022, Plaintiff filed her operative Complaint in this employment discrimination action which included claims for back pay. [D.E. 1 at pp. 12–15]. Defendant, in the pending motion, seeks to strike those claims for back pay because, ostensibly, Plaintiff's past employment records indicate that she has failed in her duty to mitigate damages. This argument was not raised in Defendant's motion to dismiss, nor was it raised in Defendant's motion for summary judgment.

## II.   ANALYSIS

Defendant's motion is both untimely and procedurally defective; therefore, it is denied.

### A.   *Plaintiff's Motion is Untimely Under Rule 12(f)*

As an initial matter, Fed. R. Civ. P. 12(f) dictates that a motion to strike must be "made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Plaintiff's operative Complaint (and thus the relevant back pay claims) was filed on April 4, 2022. Defendant's motion to strike, meanwhile, was filed on July 26, 2024; i.e., nearly two years after Rule 12's timeliness period lapsed. And to make matters worse, Defendant also failed to include this argument in its Motion to Dismiss. [D.E. 11]. *See U.S., ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1380 (N.D. Ga. 2010) (quoting Fed. R. Civ. P. 12(g)(2)) (denying a motion to strike as procedurally defective because a "party which has made a previous motion under Rule

12 "[may] not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion").

Thus, because Defendant did not file this motion until over two years after Plaintiff's Complaint, Defendant's motion is untimely under Rule 12 and is therefore denied. *See Sakolsky v. Rubin Mem'l Chapel, LLC.*, No. 07-80354-CIV, 2007 WL 3197530, at *2 (S.D. Fla. Oct. 26, 2007) (denying as untimely a motion to strike that was filed "over three months after" the relevant pleading was filed); *Singh v. Caribbean Airlines Ltd.*, No. 13-20639-CIV, 2014 WL 11899477, at *2 (S.D. Fla. Jan. 31, 2014) (denying as "clearly untimely" a motion to strike that was filed "more than three months" after the relevant pleading); *Reddick v. Capouano, Beckman, Russell & Burnett, LLC*, No. 2:19-CV-512-JTA, 2021 WL 1080514, at *11 (M.D. Ala. Mar. 18, 2021), *aff'd*, 2021 WL 5023969 (11th Cir. Oct. 29, 2021) (denying as untimely a motion to strike that was aimed at a responsive pleading "that was filed almost a year" earlier).

### B. *Plaintiff's Motion is a Procedurally Defective Evidentiary Challenge*

Additionally, even if the Court chose to exercise discretion to resolve the pending motion on its merits, the motion would still be denied. Here, what Defendant construes as a motion to strike is, in fact, an argument that Plaintiff lacks evidentiary support for her back pay damages. And yet, Defendant failed to include any argument in its motion for summary judgment relating to the evidentiary strength of these damages claims.

In denying Defendant's motion, we find instructive *Joseph v. Napolitano*, No. 11-cv-21468, 2012 U.S. Dist. LEXIS 10741, at *1 (S.D. Fla. Jan. 30, 2021). There, the defendant moved to strike a back pay claim after the defendant had already filed its motion for summary judgment because the plaintiff ostensibly "produced no evidence that he even looked for employment." *Id*. The court denied the motion based on the following reasoning:

> A failure to present evidence to substantiate a claim is not one of the grounds for striking a pleading enumerated in Rule 12(f). Rather, such arguments are to be raised in a motion for summary judgment under Rule 56. In this case, however, the [defendant] has already filed a motion for summary judgment …. To permit this motion to proceed would therefore circumvent the local rules' prohibition on filing multiple motions for summary judgment.

*Id*. at *2. Here, identically to *Joseph*, Defendant improperly uses a motion to strike to challenge the evidence supporting Plaintiff's back pay damages after Defendant already filed its motion for summary judgment. Because the proper vehicle for this evidentiary argument is a motion for summary judgment (or a Rule 50 motion at trial), Defendant's motion is procedurally defective. Thus, Defendant's motion is denied on this separate and independent ground.

### III.   CONCLUSION

For the reasons set forth above, Defendant's motion [D.E. 86] is **DENIED** as procedurally defective. The entry of this Order does not impair Defendant's ability to raise these evidentiary arguments at trial if appropriate under Rule 50 or any other applicable Federal Rule of Civil Procedure.

**DONE and ORDERED** in Chambers in Miami, Florida, this 10th day of September, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge