UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.

_____/

**DEFENDANT'S MOTION TO TAX COSTS
AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, THE CITY OF MIAMI BEACH, FL, (the "City"), through its counsel and pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), Southern District of Florida Local Rule 7.3(c), and this Court's Paperless Order at DE 113 files its Motion to Tax Costs and Incorporated Memorandum of Law and in support states the following:

**PRELIMINARY STATEMENT**

    1.    On February 21, 2025, this Court entered its Order on Defendant's Motion for Summary Judgment [DE 108] granting summary judgment in favor of the City.

    2.    On February 24, 2025, this Court entered Final Judgment in favor of the City [DE 109, 110].

    3.    The City incurred necessary and reasonable costs defending this lawsuit.

    4.    Pursuant to this Court's Order on Defendant's Motion for Summary Judgment [DE 108] and Final Judgment in favor of the City [DE 109, 110], the City is the prevailing party.

1

5. Due to the entry of summary judgment in favor of the City, based on the absence of any genuine issues of material fact, the City is entitled to recover taxable costs from Plaintiff pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1).

6. Below the City claims specific costs enumerated in 28 U.S.C. § 1920.

## BREAKDOWN OF TAXABLE COSTS

The costs that the City incurred all were necessary to successfully defend against Plaintiff's claims. Accordingly, the City requests reimbursement in the total amount of **$13,058.46**. A breakdown of the specific enumerated costs, by category, is attached as **Exhibit A**. Exhibit A details the specific invoice descriptions, invoice dates, and statutory basis for the enumerated cost.

## ARGUMENT AND CITATION OF AUTHORITY

### PURSUANT TO 28 U.S.C. § 1920 AND FEDERAL RULE OF CIVIL PROCEDURE 54(d)(1), THE CITY IS ENTITLED TO RECOVER ITS TAXABLE COSTS.

The Eleventh Circuit has held Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). Federal Rule of Civil Procedure 54(d) provides in relevant part, ". . . costs other than attorney's fees should be allowed to the prevailing party." *Exemar v. Urban League of Greater Miami, Inc.*, Case No. 08–20463–CIV, 2009 WL 259677, at *1 (S.D. Fla. Feb. 4, 2009) (awarding costs under Rule 54(d)) (*citing* Fed. R. Civ. P. 54(d)).

Rule 54(d) "creates a strong presumption in favor of awarding costs to a prevailing party." *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, Case No. 14-60528-CIV-COHN/SELTZER, 2016 WL 11547976, at *2 (Jan. 13, 2016) (*citing Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001); *Chapman v. AI*

2

*Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000)).

"Although Rule 54 does give a court discretion to deny costs, that discretion is 'not unfettered.'" *Transatlantic Lines, LLC*, 2016 WL 11547976, at *2 (*citing Chapman*, 229 F.3d at 1039). "'To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so.'" *Id*.

The United States Supreme Court has held that the term "costs" as used in Rule 54(d) is defined by 28 U.S.C. § 1920. *See Exemar*, 2009 WL 259677, at *1. Thus, absent explicit statutory or contractual authorization for the taxation of expenses, federal courts are bound by 28 U.S.C. § 1920. *See id.* (*citing Parkes v. Hall*, 906 F.2d 658, 659 (11th Cir. 1990)).

A defendant who is granted summary judgment and a final judgment in its favor is a prevailing party under Rule 54, entitling it to costs as provided under 28 U.S.C. § 1920. *See id.*; *see also Fantroy v. Publix Super Mkts., Inc.*, Case No. 8:12–cv–1940–T–33EAJ, 2014 WL 408426, at *1-2 (M.D. Fla. Feb. 3, 2014) (awarding costs under Fed. R. Civ. P. 54(d) to Publix because it prevailed on summary judgment). Specifically, 28 U.S.C. § 1920 provides that a judge or clerk of any court may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See Fantroy*, 2014 WL 408426, at *4.

Here, this Court entered an Order granting the City's Motion for Final Summary Judgment [DE 108] and then entered Final Judgment in favor of the City [DE 109, 110]. Accordingly, the City is the prevailing party in this action and is entitled to its costs incurred pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

**The City Is Entitled To Recover Its Deposition Transcript Fees and Court Reporter/Videographer Attendance Fees.**

In defending this litigation, the City incurred **$11,483.46**[1] in costs for deposition transcripts, video recording of said depositions and court reporter attendance fees. These costs are all recoverable. The Eleventh Circuit has held that under § 1920 the prevailing party is entitled to recover deposition fees that were necessarily obtained for use in the case. *See Exemar*, 2009 WL 259677, at *5 (*citing Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996)); *see also Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706, 718 (D.C. Ill. 1982) ("The standard for awarding the cost of depositions under 28 U.S.C. § 1920 is not whether the deposition was related to an issue presented at trial but whether it was related to an issue which was present in the case at the time the deposition was taken.").

Any deposition testimony relied upon in the prevailing party's motion for summary qualifies as taxable. *See Exemar*, 2009 WL 259677, at *2; *see also Madden v. Fid. Nat'l Info. Servs.*, Case No. 8:13–CV–1316–T–35–AEP, 2014 WL 5039542, at *4-4 (M.D. Fla. Oct. 6, 2014) ("Costs for transcripts of depositions conducted in support of a motion for summary judgment or depositions conducted of witnesses listed on a party's witness list are exemplary of the types of costs recoverable under § 1920(2).").

---

[1] The supporting invoices are attached as **Exhibit B**.

4

Recoverable costs include "deposition-transcript fees and attendance fees of the court reporter per diem." *DuChateau v. Camp Dresser & McKee, Inc.*, Case No. 10–60712–CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012) (*citing Ferguson v. Bombardier Servs. Corp.,* 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007)). Additionally, numerous courts have ruled reporter appearance fees are properly taxable as costs. *See, e.g., Arrambide v. Wal-Mart Stores, Inc.*, Case No. 00-6272, 2002 WL 531137, at *4 (6th Cir. Apr. 4, 2002); *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998); *McCalla v. AVMed, Inc.*, Case No. 11–60007–CIV, 2011 WL 5190946, at *3 (S.D. Fla. Nov. 1, 2011) (finding court reporter appearance fees are reasonable and recoverable under 28 U.S.C. § 1920) (*citing Chacon v. El Milagro Care Ctr., Inc.,* Case No. 07–22835–CIV, 2010 WL 3023833, at *7 (S.D. Fla. July 29, 2010)).

Further, the costs video recording a deposition are taxable so long as the party noticed the deposition to be video recorded. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) ("when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."); *see also Rivera Santiago v. WM. G. Roe & Sons, Inc.*, Case No. 8:07–cv–1786–T–27MAP, 2010 WL 2985695, at *2 (M.D. Fla. Jul. 28,2010) (holding videotaping of deposition properly taxed when noticed as such and there is no objection from opposing counsel).

Here, in defending this case, the City deposed the following people: (1) Plaintiff; (2) then Chief of Police Richard Clements; (3) Lieutenant Steven Cosner; (4) Eugene Gibbons (Plaintiff's former counsel); (5) Michael Pancier (Plaintiff's former counsel); (6) Kevin Millan (former FOP President); (7) Nicholas Guasto (Plaintiff's ex-husband and City Police Department employee);

5

(8) Sergeant Arly Flaherty (Plaintiff's former co-worker); (9) Sergeant Reggie Lester (Plaintiff's former co-worker); (10) Lieutenant Paul Ozaeta (former FOP President); (11) Dr. Paul Mason (Plaintiff's Expert Witness); and (12) Andrea Forero (Plaintiff's former supervisor at Miami-Dade College).

Each of the foregoing witnesses provided testimony that was essential to the City's defense. Specifically, except for Plaintiff's expert witness and Andrea Forero, all the foregoing witnesses' deposition testimony was cited heavily in the City's prevailing Motion for Final Summary Judgment and corresponding Reply.

The deposition testimony of Plaintiff's expert witness was the main basis for the City's successful *Daubert* Motion. *See* DE 96 (Order Striking Plaintiff's Expert Witness).

Andrea Forero, in addition to all the other foregoing witnesses (minus Plaintiff's expert witness) was subpoenaed for trial.

Each of the three days of Plaintiff's deposition were noticed as being video recorded and there was no objection from any of Plaintiff's multiple counsels.

Accordingly, the City requests reimbursement in the total amount of **$11,483.46** in costs for deposition transcripts, video recording of said depositions and court reporter attendance fees.

**The City Is Entitled to Recover Its Private Process Server Fees**

In defending this case, the City incurred **$1,495.00**[2] in taxable private process server fees. These costs are recoverable. Private process server fees may be taxed to the extent their fees do not exceed the statutory fees authorized for service by the Marshal pursuant to 28 U.S.C. §

---

[2] Pursuant to Exhibit A, the City's Private Process Server Fees are in two categories: (1) Service of Process Fees For Subpoenas for Depositions and Records ($910.00); and (2) Service of Process Fees for Trial Subpoenas ($585.00) which totals $1,495.00. The Supporting invoices are attached as **Exhibit C**.

6

1921. *See Exemar*, 2009 WL 259677, at *2 (*citing E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)).

The current statutory fee authorized for service by the Marshal is $65.00 per hour per each item served. 28 C.F.R. 0.114(a)(3).[3] Additionally, the Court will generally award process service fees if the defendant reasonably believed that at the time of service, the witnesses' testimony "may have been necessary." *Santana v. RCSH Operations, LLC*, Case No. 10–61376–CIV, 2012 WL 3779013, at *3 (S.D. Fla. Aug. 31, 2012) (*citing U.S. Fidelity & Guar. Co. v. Lee Invs. LLC,* Case No. CV–F–99–5583 OWW/SMS, 2010 WL 3037500, at *3 (E.D. Cal. Aug. 2, 2010) ("In order to award costs for service of subpoenas, the court need only determine whether the subpoenas were reasonable and necessary in light of the facts known at the time of service"; "[f]ees for service of potential trial witness subpoenas are not made inadmissible if the witness is not called to testify if it was necessary that the witness be available to give relevant testimony.")).

**The Trial Subpoenas**

Here, at the time of service, the City reasonably believed each of the subpoenaed witnesses possessed necessary testimony. The City subpoenaed for trial: (1) Lieutenant Steven Cosner; (2) Eugene Gibbons; (3) Michael Pancier; (4) Kevin Millan; (5) Arly Flaherty; and (6) Paul Ozaeta. Each of the foregoing were critical fact witnesses, as evidenced by using their deposition transcripts in the City's Motion for Summary Judgment and Reply thereto.

Additionally, the City subpoenaed records custodians from Miami-Dade College, Universal Protection Services, LLC; and the City of Opa Locka. Each of the foregoing produced records relating to Plaintiff's post-City employment. Accordingly, the records related to

---

[3] Per Exhibit A and the invoices attached at Exhibit C, the City incurred Private Process Server Fees above the allowable $65.00 listed in 28 C.F.R. 0.114(a)(3). Accordingly, per Exhibit A, the City is only seeking process server fees in an amount of $65.00 per each item served.

Plaintiff's efforts at mitigation and set-off amounts. Thus, the records custodians were necessary for trial to authenticate critical damage-related documents.

Based on the foregoing, the City is entitled to recover the amount of $585.00 in costs for service of its trial subpoenas.

### The Deposition and Records Custodian Subpoenas

In defending this case, the City subpoenaed the following people for deposition: (1) Lieutenant Steven Cosner; (2) Eugene Gibbons (Plaintiff's former counsel); (3) Michael Pancier (Plaintiff's former counsel); (4) Kevin Millan (former FOP President); (5) Nicholas Guasto (Plaintiff's ex-husband and City Police Department employee); (6) Sergeant Arly Flaherty (Plaintiff's former co-worker); (7) Sergeant Reggie Lester (Plaintiff's former co-worker); (8) Lieutenant Paul Ozaeta (former FOP President); and (9) Andrea Forero (Plaintiff's former supervisor at Miami-Dade College).

As stated above, each of the foregoing witnesses provided testimony that was essential to the City's defense.

Further, the City subpoenaed or attempted to subpoena records from: (1) Miami-Dade College; (2) the City of Opa Locka; (3) Universal Protection Services, LLC; and (4) Giordano Protection Services ("Giordano"). Each of the foregoing (except for Giordano)[4] produced records relating to Plaintiff's post-City employment. Accordingly, the records related to Plaintiff's efforts at mitigation and set-off amounts. Additionally, the records went to Plaintiff's credibility. Plaintiff lied about her reasons for separating from each of the foregoing employers. Thus, the records were necessary for the City's defense.

---

[4] Plaintiff listed Giordano as a post-City employer. Accordingly, the City tried to subpoena Plaintiff's employment records from Giordano but was unable to get service.

Based on the foregoing, the City is entitled to recover the amount of $910.00 in costs for service of its records subpoenas.

In total, the City incurred **$1,495.00** in taxable costs for its private process server fees.

**The City Is Entitled To Recover Its Witness Fees**

In defending this case, the City incurred $840.00 in costs for its witness fees reduced to **$80.00**.[5] These costs are recoverable. "Witness fees are taxable as costs under § 1920(3). The amount that can be taxed is governed by 28 U.S.C. § 1821. Section 1821 permits a witness payment of $40 per day for attendance in court or at a deposition." *Transatlantic Lines, LLC*, 2016 WL 11547976, at *2.

The City paid a witness fee to deponent Michael Pancier, who as stated above, was a critical witness. Additionally, the City paid a witness fee for the deposition of Plaintiff's expert witness. The necessity of deposing Plaintiff's expert witness is analyzed in full above an incorporated by reference in this section.

**The City Is Entitled To Post-Judgment Interest**

A prevailing party in a civil action is statutorily entitled to post-judgment interest, which applies to costs. *See DuChateau,* 2012 WL 1069166, at *4 (*citing Bank Atlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045, 1052 (11th Cir. 1994)). Accordingly, the City seeks an award of post-judgment interest applied to its taxable costs.

**Bill of Costs Attached**

Attached as **Exhibit E** is the City's Bill of Costs on Form AO 133. The supporting documents for the Bill of Costs are contained at Exhibits A – D of this Motion.

---

[5] Records supporting the payment of the witness fees are attached as **Exhibit D**. The Expert Witness Fee for his attendance at his deposition is reduced from $800.00 to $40.00.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel Michael Elkins certifies that he has conferred with Plaintiff's counsel, both on the telephone and via email, about the relief sought herein. The Parties are continuing to work to resolve the issues raised herein. However, given the deadline for the City to file the instant Motion, the City represents that at this time, Plaintiff opposes the relief sought herein. The Parties will notify the Court of agreement on any issues.

Dated: April 7, 2025.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*

By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 7, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*