**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JESSICA GUASTO,

       Plaintiff,                                             CASE NO.: 1:22-cv-21004-MD

v.

THE CITY OF MIAMI BEACH, FL,

       Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TAX COSTS AND SUPPORTING MEMORANDUM OF LAW

      Plaintiff, JESSICA GUASTO (hereinafter referred to as "Plaintiff"), by and through her counsel, Derek Smith Law Group, PLLC, hereby files this Memorandum in Opposition to Defendant's, THE CITY OF MIAMI BEACH, FL (hereinafter referred to as "Defendant" and/or the "City"), Motion to Tax Costs (hereinafter referred to as "Defendant's Motion").

### SUPPORTING MEMORANDUM OF LAW

      Although Defendant is presumptively entitled to their costs under 28 U.S.C. 1920 and Federal Rule of Civil Procedure 54(d), such an award is discretionary and the equities in this case should overcome this rebuttable presumption. 28 U.S.C. 1920 provides that "[a] judge or clerk of any court of the United States *may* tax as costs the following: . . ." (emphasis added). Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs other than attorneys fees *should* be allowed to the prevailing party. " (emphasis added). Both are written permissively, in that they say *should* not *shall*, and *may* not *must*. These rules very clearly bestow upon this Court the discretion to deny Defendant's Motion. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) (*overturned on other grounds*).

**I.     Defendant is Not Entiled to Costs Because Plaintiff Litigated Her Claims in Good Faith.**

This Court should deny Defendant's Motion because Plaintiff acted in good faith in litigating the issues involved in this case. Plaintiff did not engage in vexatious and recalcitrant litigation and Defendant does not allege that she did – in an attempt to harass Defendant or to cause him to incur attorney's fees and costs. *See Friends of the Everglades v. South Fla. Water Mgt. Dist.*, 865 F.Supp.2d 1159, 1168 (S.D. Fla. Sept. 20, 2011) (acknowledging that [t]he good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations.) (internal citations omitted). Plaintiff justifiably pursued her employment discrimination and retaliation case.

Furthermore, taxing Plaintiff for costs in a case where no vexatious or frivolous actions were determined serves to send a message discouraging employees from pursuing their claims. The burden of proving an employment discrimination or retaliation case is already high in this federal district. That burden, coupled with a likely possibility of paying thousands of dollars in costs to a defendant would dissuade individuals from seeking redress for their claims. Plaintiff does not dispute whether certain costs that Defendant seeks in his Motion to Tax Costs are allowable pursuant to 28 U.S.C. 1920. However, Plaintiff asserts that Defendant, though the prevailing party in this action, should not be awarded taxable costs in this case because there has been no allegation that Plaintiff frivolously brought her claims.

**II.    Defendant is Not Entitled to Costs Because There is a Great Economic Disparity Between the Parties.**

This Court should deny Defendant's Motion because Plaintiff has limited financial resources. A non-prevailing party's financial status is a factor that a district court may consider in its award of costs pursuant to Rule 54(d). *See Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). Plaintiff brought her case for discrimination and retaliation after being wrongfully terminated by the Miami Beach Police Department in 2021. Since her termination, Plaintiff, a 34-

year-old female, has been unable to obtain stable employment. Conversely, the Defendant's defense costs in this case were funded by the City of Miami Beach. Due to Plaintiff's lower economic status, imposing a total cost of $13,058.46 on Plaintiff would be unduly burdensome and vexatious.

### III. Defendant is Not Entitled to Costs Because Imposing Costs Would Negatively Impact Future Civil Rights Cases.

In addition to the negative impact on Plaintiff, imposing such costs would very likely dissuade individual plaintiffs from filing legitimate claims in court. An award of costs could discourage future plaintiffs by signaling that unless they have an airtight case against the defendant for employment discrimination or other civil rights violations, they must be prepared to bear the financial burden of covering the defendant's legal costs if they lose—or risk being deterred from pursuing their claim altogether. An award of costs for the Defendant would have a chilling effect on future plaintiffs and will cause irreparable harm to private enforcement of Title VII, the Florida Civil Rights Act, and other civil rights issues.

### IV. If This Court Grants Defendant's Motion to Tax Costs it Should Reduce the Costs that the Defendant Requested.

In the event this Court grants the Defendant's Motion, Plaintiff requests a reduction of the costs sought. Specifically, this Court should deny Defendant's request to tax costs for "Professional Attendance" fees, "Exhibit" fees, "Logistics, Processing & Electronic Files" fees, "Expenses" fees, and "Appearance" fees,. The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. *See Crawford*, 482 U.S. at 442. Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire & Rubber Co.,* 749 F.2d 1519, 1526 (11th Cir. 1985) (citing *United States v. Kolesar,* 313 F.2d 835 (5th Cir. 1963)).The onus is on the

prevailing party to prove that it is entitled to the costs it seeks. *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 678 (D. Kan. 1994).

### A. *Professional Attendance Fees, Exhibit Fees, Logistics, Processing & Electronic Files Fees, Expenses, and Appearance Fees.*

Defendant is not entitled to tax costs for "Professional Attendance" fees, "Exhibit" fees, "Logistics, Processing & Electronic Files" fees, "Expenses" fees, "Appearance" fees, or "Videographer" fees. Plaintiff does not dispute that the deposition transcripts were necessarily obtained for use in this case. Rather, Plaintiff objects to specific itemized costs reflected in the invoices for the depositions, including the following:

- $545.00 in "Professional Attendance," *See* D.E. 115-2 at p.1;
- $24.75 in "Exhibits," *Id.*;
- $151 in "Logistics, Processing & Electronic Files," *Id.*;
- $36.00 in "Expenses," *Id.*;
- $125 in "Deposition Appearance Fee 10:00-11:00," *Id.* at p. 2;
- $37.50 in "Deposition Appearance Fee (Each add'l hour) 11:00-11:11," *See* D.E. 115-2 at p.2;
- $125 in "Deposition Appearance Fee 10:00-11:00," *Id.* at 3;
- $75 in "Deposition Appearance Fee (Each add'l hour)," *Id.*;
- $125 in "Deposition Appearance Fee 9:00 – 10:00," *Id.* at p. 6;
- $300 in "Deposition Appearance Fee (Each add'l hour) 10:00 – 1:50," *Id.*;
- $125 in "Deposition Appearance Fee" *See* D.E. 115-2 at p. 7;
- $300 in "Deposition Appearance Fee (Each add'l hour) 10:00 – 1:50," *Id.;*
- $125 in "Deposition Appearance Fee" *See* D.E. 115-2 at p. 9;
- $125 in "Deposition Appearance Fee 9:00 – 10:00," *Id.* at p. 10;

- $37.5 in "Deposition Appearance Fee (Each add'l hour) 10:00 – 10:16," *See* D.E. 115-2 at p. 10;
- $125 in "Deposition Appearance Fee 9:00 – 10:00," *Id*. at p. 11;
- $37.5 in "Deposition Appearance Fee (Each add'l hour)," *Id*.;
- $125 in "Deposition Appearance Fee 1:00 – 2:00," *Id*. at p. 12;
- $150 in "Deposition Appearance Fee (Each add'l hour) 2:00 – 4:00 ," *Id*.;
- $125 in "Deposition Appearance Fee 10:00 – 11:00," *See* D.E. 115-2 at p. 13;
- $75 in "Deposition Appearance Fee (Each add'l hour) 11:00 – 11:36AM," *Id*.;[1]

Firstly, 28 U.S.C. 1920 makes no mention of court reporter appearance fees. In exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford*, 482 U.S. at 445. Section 1920's provisions must be strictly construed. *United States v. Metropolitan Disposal Corp.*, 622 F. Supp. 1262, 1268 (D. Or. 1985). Therefore, appearance fees are not recoverable costs per 28 U.S.C. 1920. *See Dubon v. Delmas Meat & Fish*, No. 09-20298-CIV-O'SULLIVAN, 2010 U.S. Dist. LEXIS 35972, at *7 (S.D. Fla. Mar. 11, 2010); *see also Rodriguez v. Marble Care Int'l*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (not taxable); *Miles v. Jones*, No. 08-20612, 2011 U.S. Dist. LEXIS 157193, 2011 WL 10565588, at *2 (S.D. Fla. Feb. 4, 2011) (unpublished) (not taxable; citing cases).

The pertinent section 1920 provision allows fees for "printed or electronically recorded transcripts necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2) (quoted). The court's holding that court-reporter-attendance fees are taxable do so by reasoning that because a court reporter cannot make a transcript without attending the proceeding, the fees are properly regarded

---

[1] The above values total $2,894.25.

as a component of the transcript fees. *See, e.g., Extra Equip. E Export. Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). However, many rely on the pre-amendment version of section 1920(2) or on cases that had relied on that version. *See, e.g., Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013). But in 2008, section 1920(2) was changed from fees "of the court reporter for all or any part of the stenographic transcript" to fees "for printed or electronically recorded transcripts." Pub. L. 110-406, § 6; 122 Stat. 4292.

A court must give effect to a statute that has plain and unambiguous meaning. *United States v. Silva*, 443 F.3d 795, 797-798 (11th Cir. 2006). Applying that rule to the current version of section 1920(2), which mentions only "printed or electronically recorded transcripts," this Court should decline to tax court-reporter-attendance fees. *See Newman v. Housing Auth. of City of Ft. Lauderdale*, No. 06-60359, 2007 U.S. Dist. LEXIS 6797, at *5 (S.D. Fla. Jan. 31, 2007) (unpublished) (court-reporter-attendance fees not taxable because not in section 1920). Unlike the previous language, the current language does not imply court-reporter fees relating to the transcript.

Had Congress wanted to include those, it could have readily added to section 1920(2) "and any related court-reporter fees." Furthermore, the rationale for allowing attendance fees—a court reporter cannot make a transcript without attending the proceeding—is not necessarily true. *See* Fed. R. Civ. P. 30(b)(3) (deposition testimony may be recorded by audio, audio-visual, or stenographic means); Fed. R. Civ. P. 30(b)(5) (unless parties stipulate otherwise, deposition must be conducted before appointed officer, which can include courtroom deputy). Therefore, this Court should find that Defendant's appearance fees are not taxable.

Secondly, miscellaneous costs associated with deposition transcripts, such as professional attendance, logistics, processing, electronic files, expenses, shipping and handling, expedited

delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions[.]"); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013). Furthermore, the Eleventh Circuit has explained that shipping and handling fees are not recoverable under § 1920. *See Watson*, 492 F. App'x at 997 (finding that "§1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor.").

Accordingly, this Court should deny, or at the very least, reduce, Defendant's request for deposition costs.

### B. Videographer Expenses

Defendant additionally seeks to recover $2,147.00 for videographer expenses. The Eleventh Circuit has held that "… when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Davis v. United States*, 2010 U.S. Dist. LEXIS 102828 at 16-18 (S.D. Fla. 2010) (citing *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (as quoted in *Suppa v. Costa Crociere, S.p.A.*, 2008 U.S. Dist. LEXIS 88917 at 2 (S.D. Fla. Oct. 17, 2008))".

"However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain both regular transcripts and videotaped copies." *Id*. (citing *Morrison*, 97 F.3d at 465 (noting that the prevailing party failed to explain why it was necessary to obtain video copies for use in the case); *Ferguson v. Bombardier Servs. Corp.*, 2007 U.S. Dist. LEXIS 12087 at 3;

*Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 2009 U.S. Dist. LEXIS 67533 at 9 (S.D. Fla. Aug. 4, 2009) (declining to award costs for videotaped depositions because the movant failed to explain why both stenographically transcribed and videotaped copies of the deposition were necessary) (citations omitted); *Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems, L.L.C.*, 2009 U.S. Dist. LEXIS 49902 at 3 (S.D. Fla. May 1, 2009)).

In this case, at no point during the proceedings has Defendant used any of the video footage or recordings of Plaintiff despite numerous chances to do so. The videographer was therefore not necessary to the litigation. As a result, Plaintiff asks this court deny, or at the very least, reduce, Defendant's costs for videographer expenses.

### C. Subpoenas of Defendant's Own Employees

This Court should also deny, or at the very least, reduce, Defendant's costs for all subpoenas issued to Defendant's own employees. Defendant seeks to tax each subpoena at a cost of $65, including one (1) subpoena to Steven Cosner, two (2) to Kevin Millian, two (2) to Paul Ozaeta, two (2) to Arly Flaherty, two (2) to Nicholas Guasto, and one (1) to Reginald Lester. Each of these individuals remains employed by Defendant to this day.

Defendant issued a total of ten (10) subpoenas to its own employees, totaling $650 in costs Defendant wishes to tax against the Plaintiff. Throughout the course of this litigation, Defendant employed each of the above-named individuals and directed the scope of each of their employment. Defendant maintained supervisory authority of each of the above-named individuals, including the ability to control their hours worked and job assignments.

Defendant could easily have used its position as the above-named individuals' employer to schedule their deposition, rather than pay hundreds of dollars to subpoena them. Defendant maintained each of the above-named individuals' contact information, email addresses, home

addresses, and schedules, and could have coordinated their depositions without the additional and unnecessary fees associated with serving their subpoenas. As a result, Plaintiff is requesting this Court deny, or at the very least, reduce, Defendant's costs for subpoenas issued to its own employees.

## **CONCLUSION**

**WHEREFORE**, the Plaintiff respectfully requests that this Court exercise its discretion and deny Defendant's Motion in its entirety for the reasons stated above. In the event the Court grants the Defendant's Motion, Plaintiff requests that this Court reduce those costs as indicated above.

| | |
|---|---|
| Dated:  Miami, Florida<br>April 18, 2025 | **DEREK SMITH LAW GROUP, PLLC**<br>*Counsel for Plaintiff*<br><br>*/s/ Daniel J. Barroukh*<br>Daniel J. Barroukh, Esq.<br>Florida Bar No.: 1049271<br>Derek Smith Law Group, PLLC<br>520 Brickell Key Drive, Suite O-301<br>Miami, FL 33131<br>Tel: (305) 946-1884<br>Fax: (305) 503-6741<br>Danielb@dereksmithlaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on April 18, 2025, on all counsel of record on the service list below via CM/ECF.

By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**CITY ATTORNEY'S OFFICE OF MIAMI BEACH**
Benjamin Z. Braun
benjaminbraun@miamibeachfl.gov
Florida Bar No.: 1017937
Henry Joseph Hunnefeld
henryhunnefeld@miamibeachfl.gov
Florida Bar No. 343811
1700 Convention Center Drive
Miami Beach, Florida 33139
Telephone: (305) 673-7470
Facsimile: (877) 673-7002

**MLE LAW**
Michael Lewis Elkins
melkins@mlelawfirm.com
Florida Bar No.: 523781
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: (954) 401-2608

*Counsel for Defendant*