UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-21004-MD

**JESSICA GUASTO**,

    Plaintiff,

vs.

**THE CITY OF MIAMI BEACH, FL**,
a Florida municipality,

    Defendant.

_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION TO TAX
COSTS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, THE CITY OF MIAMI BEACH, FL, ("City"), through its counsel, files its Reply to Plaintiff's Response in Opposition to Defendant's Motion to Tax Costs and Incorporated Memorandum of Law and in support states the following:

**PRELIMINARY STATEMENT**

1. On February 21, 2025, this Court entered its Order on Defendant's Motion for Summary Judgment [DE 108] granting summary judgment in favor of the City.

2. On February 24, 2025, this Court entered Final Judgment in favor of the City [DE 109, 110].

3. The City incurred necessary and reasonable costs defending this lawsuit.

4. Pursuant to this Court's Order on Defendant's Motion for Summary Judgment [DE 108] and Final Judgment in favor of the City [DE 109, 110], the City is the prevailing party.

5. Due to the entry of summary judgment in favor of the City, the City is entitled to recover taxable costs from Plaintiff pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1).

6. On April 7, 2025, the City filed its Motion to Tax Costs ("Motion") [DE 115].

7. On April 18, 2025, Plaintiff filed her Response in Opposition to the City's Motion ("Response") [DE 118].

8. Therein, Plaintiff argues that the City is not entitled to costs because: (1) Plaintiff litigated in good faith; (2) there is an economic disparity between the City and Plaintiff; and (3) imposing costs would negatively impact future civil rights cases.

9. Alternatively, Plaintiff argues that if the Court awards the City costs, it should reduce the amount the City seeks.

10. As is detailed below, Plaintiff's arguments are without merit.

11. The Court should grant the City's Motion.

**POINT I**

**EQUITABLE FACTORS DO NOT SUPPORT DENYING THE CITY'S MOTION.**

Plaintiff argues that the Court should deny the City's Motion because she "acted in good faith in litigating the issues involved in this case." *See* DE 118, p. 2. In support of this argument, Plaintiff cites *Friends of the Everglades v. South FL Water Mgmt. Dist.*, 865 F.Supp.2d 1159 (S.D. Fla. 2011). This case does not support Plaintiff's position.

*Friends of the Everglades* makes clear that "[g]ood faith **without more** … is an insufficient basis for denying costs to a prevailing party." *See Friends of the Everglades*, 865 F.Supp.2d at 1168 (emphasis added). In this regard, Plaintiff's sole argument to deny the City's Motion is that she "justifiably pursued her employment discrimination and retaliation case" and

2

that "taxing Plaintiff for costs in a case where no vexatious or frivolous actions were determined serves to send a message discouraging employees from pursuing their claims." *See* DE 118, § I, p. 2. These arguments are not a basis to the deny the City's Motion.

In *Friends of the Everglades*, the Court ultimately awarded costs to the defendant prevailing party. *See Friends of the Everglades*, 865 F.Supp.2d at 1171-72. The *Friends of the Everglades* court did, however, state that the combined factors of a change in the law, the difficulty and closeness of the case, the benefit to the defendant, and the good faith of plaintiffs were all equitable considerations weighing against a full award of costs. *See id.* at 1169.

Apart from good faith, none of the factors in *Friends of the Everglades* apply in this case. This case did not involve a change in the law. This was not a difficult or close case. Defendant did not receive a unique benefit from winning. In short, the analysis from *Friends of the Everglades* mandates that this Court grant Defendant's Motion.

## POINT II

### THIS COURT CAN NOT CONSIDER THE RELATIVE WEALTH OF THE PARTIES AND EVEN IF IT COULD, THERE IS NO EVIDENCE OF ECONOMIC DISPARITY.

Plaintiff argues that the Court should deny the City's Motion because there is an economic disparity between Plaintiff and the City. Specifically, Plaintiff argues that she has "limited financial resources" and that since her termination from the City, she has not found "stable" employment. *See* DE 118, § II, pp. 2-3. First, this Court cannot consider the relative wealth of the parties. Second, even if it could, there is no evidence to support Plaintiff's assertions.

In support of her argument, Plaintiff cites *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). *Chapman* states that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs." *See Chapman*, 229 F.3d at 1039.

*Chapman* holds that "when awarding costs a district court should not consider the relative wealth of the parties." *See id*. Comparing the financial resources of the parties is prejudicial. *See id*.

*Chapman* also states that "[i]f a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, **it should require substantial documentation of a true inability to pay**." *Id*. at 1039 (emphasis added) (*citing McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (non-prevailing party offered no documentary support, relying instead on "unsupported, self-serving statements")). To that end, statements and arguments from counsel are not evidence. *See Dawley v. NF Energy Saving Corp. of America*, Case No. No. 6:07-cv-872-Orl-19DAB, 2008 WL 53624, at *2 (M.D. Fla. Jan. 2, 2008) (*citing United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990)).

Here, pursuant to Plaintiff's cited authority, this Court should not consider the relative wealth of the parties. Yet, that's exactly what Plaintiff argues should happen. The Court must disregard this argument.

Further, this Court cannot consider Plaintiff's financial status because she does not present any evidence to support her assertions of limited financial resources and inability to find stable employment. Instead, Plaintiff relies on unverified statements from her counsel in her Response. Pursuant to *Chapman*, this is not enough. *See Chapman*, 229 F.3d at 1039; *see also Dawley*, 2008 WL 53624, at *2. Since Plaintiff does not present any evidence to support her assertions, the Court should disregard this argument. The Court should grant the City's Motion.

4

## POINT III

**THERE IS NO BASIS FOR PLAINTIFF'S ARGUMENT THAT IMPOSING COSTS WILL NEGATIVELY IMPACT FUTURE CIVIL RIGHTS CASES.**

Without any supporting authority, Plaintiff argues that imposing costs will dissuade future plaintiffs from filing lawsuits. Just like her economic disparity argument, Plaintiff does not offer any evidence to support this argument. *See Dawley*, 2008 WL 53624, at *2 (holding that statements and arguments from counsel are not evidence).

Since Plaintiff offers no authority or evidence to support this position, the Court should disregard this argument and grant the City's Motion.

## POINT IV

**THE COURT SHOULD NOT REDUCE THE CITY'S COSTS BEACAUSE EACH CATEGORY OF COSTS IS TAXABLE PURSUANT TO 28 U.S.C. § 1920.**

Plaintiff argues that the Court should reduce the City's taxable costs. In so doing, Plaintiff seeks reductions to three categories of costs: (1) Professional Attendance Fees, Exhibit Fees, Logistics, Processing & Electronic Files Fees, Expenses, and Appearance Fees for depositions; (2) Videographer Expenses; and (3) Subpoena's or City Police Officers. The City addresses each in turn.

**Professional Attendance Fees, Exhibit Fees, Logistics, Processing & Electronic Files Fees, Expenses, and Appearance Fees Are Taxable**

In this category, Plaintiff's main objection is taxing deposition appearance fees. *See* DE 118, pp. 4-5. Plaintiff argues that 28 U.S.C. § 1920(2) does not allow for taxing court reporter appearance fees. Plaintiff is incorrect.

"Numerous courts have ruled that court reporter appearance fees are properly taxable as costs." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F.Supp.2d 1254, 1258 (S.D. Fla. 2013)

5

(*citing Held v. Held,* 137 F.3d 998, 1002 (7th Cir.1998)); *see also Wesley v. Dombrowski,* Case No. 03–4137, 2008 WL 2609720, at *2–3 (E.D. Pa. June 26, 2008) ("[M]ost courts have permitted the prevailing party to recover the fee charged by the court reporter for his or her 'appearance.'"); *Price v. United Tech. Corp.,* Case No. 99–8152–Civ, 2001 WL 36085163, at *2 (S.D. Fla. July 27, 2001)).

"The cases that have permitted court reporter appearance fees reason that it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript." *Joseph*, 950 F.Supp.2d at 1259. Ultimately, the appearance fee is directly related to preparing the transcript, making it taxable. *See id*.

While there is a split in the Southern District of Florida regarding whether court reporter appearance fees are recoverable under § 1920, numerous courts have held these costs to be recoverable. *See Sutton v. Royal Caribbean Cruise Line*, Case No. 16-24707-CIV-KING/SIMONTON, 2018 WL 4282843, at *4 (S.D. Fla. Sept. 7, 2018) (holding that attendance fees of court reporters are taxable costs under § 1920 because it is necessary for the court reporter to appear, record the testimony and then prepare the deposition transcript in order for the deposition to occur); *see also Feise v. North Broward Hosp. Dist.*, Case No. 14-61556-CIV-BLOOM/VALLE, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017) (stating "This Court finds that appearances fees are recoverable. The current version of § 1920(2) allows the taxation of '[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case.' 28 U.S.C. § 1920 … The word 'fees' includes all costs associated with preparing the transcript, which would necessarily include the court reporter's appearance fee."); *Nelson v. N. Broward Med. Ctr.*, Case No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014) (stating

6

"... this Court is not convinced that Congress intended the 2008 amendment to Section 1920(2) to restrict recovery of court reporter appearance fees.").

Ultimately, the weight of authority is in favor of taxing costs for court reporter appearance fees. This Court should do just that and award the City its court reporter appearance fee costs.

Secondarily, Plaintiff argues that the Court should deny taxing costs for $24.75 labeled as "Exhibits," $151 for "Logistics, Processing and Electronic Files," and $36 for "Expenses." All the foregoing costs are related to court reporter costs and the preparation of the deposition transcripts. Preparation of the deposition exhibits was necessary insofar as the depositions and exhibits were used at summary judgment. Based on the foregoing, the Court should not reduce the City's taxable costs.

**Videographer Costs Are Taxable**

Plaintiff argues that the videographer costs are not taxable because "at no point during the proceedings has Defendant used any of the video footage or recordings of Plaintiff despite numerous chances to do so." *See* DE 118, § IV.B., p. 8. Plaintiff is incorrect.

First, Plaintiff doesn't identify the "numerous chances" to use the video evidence. That's because prior to summary judgment, there was no opportunity to use the video evidence. The City video recorded Plaintiff's deposition because it anticipated that Plaintiff would lie in her deposition. At trial, the City intended to read Plaintiff's deposition and it so doing, it intended to show the jury the video of the instances when Plaintiff lied in her deposition. The City wanted the jury to see Plaintiff's body language when she lied during her deposition. Witnessing the ease with which Plaintiff did not tell the truth was critical to the City's anticipated presentation at trial.

Second, Plaintiff's counsel never objected to the video recording of Plaintiff's deposition. "When a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the in the manner noticed." *CityPlace Retail, L.L.C. v. Wells Fargo Bank, N.A.*, 9:18-CV-81689-ROSENBERG/REINHART, 2020 WL 13847460, at *5 (S.D. Fla. Oct. 16, 2020) (*citing Morrison v. Reichold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996)); *see also Rivera Santiago v. WM. G. Roe & Sons, Inc.*, Case No. 8:07–cv–1786–T–27MAP, 2010 WL 2985695, at *2 (M.D. Fla. Jul. 28,2010) (holding videotaping of deposition properly taxed when noticed as such and there is no objection from opposing counsel).

Since Plaintiff never objected to the deposition being video recorded, and the City has demonstrated the necessity for the video recording, the Court should tax the costs of the video recording.

**The Subpoena Costs are Taxable**

Plaintiff argues that the subpoenas to the City's own employees are not taxable because the City could have essentially ordered its employees to appear for their depositions and trial. Plaintiff is incorrect. Specifically, Plaintiff takes issue with "one (1) subpoena to Steven Cosner, two (2) to Kevin Millian, two (2) to Paul Ozaeta, two (2) to Arly Flaherty, two (2) to Nicholas Guasto, and one (1) to Reginald Lester." *See* DE 118, § IV.C., p. 8.

Attached as **Exhibit A** is the Declaration of Marla Alpizar, Director of Human Resources for the City of Miami Beach. Police Officers at the City of Miami Beach are represented by The Fraternal Order of Police, William Nichols Lodge No. 8 ("FOP"). *See* Exh. A, ¶ 14. The FOP is

the exclusive bargaining representative for a bargaining unit of City police employees. *See id*, ¶ 15.

The City police employees that are part of the FOP's bargaining unit (the "Bargaining Unit") are police employees who have the ranks of:

      i. Police Officer

      ii. Sergeant; and

      iii. Lieutenant.

*See id*., ¶ 16.

The City cannot require members of the bargaining unit, i.e. police department employees with the ranks of Police Officer, Sergeant, and Lieutenant to attend court or depositions without a subpoena. *See id*., ¶ 18.

During this litigation each of Steven Cosner, Kevin Millian, Paul Ozaeta, Arly Flaherty, Nicholas Guasto, and Reginald Lester were all members of the bargaining unit. *See id*., ¶ 19. Therefore, to secure their attendance at a deposition or trial, the City must subpoena each. *See id*.

Subpoenas are handled through the City of Miami Beach Police Department Court Services Unit which coordinates the ability of bargaining unit employees to attend depositions and trials. *See id*., ¶ 20. In short, the City had to subpoena each of Steven Cosner, Kevin Millian, Paul Ozaeta, Arly Flaherty, Nicholas Guasto, and Reginald Lester for their depositions and for trial. *See id*., ¶ 21.

Since the City was required to issue the above-referenced subpoenas, the costs of the subpoenas are taxable.

## **CONCLUSION**

Based on the foregoing, the Court should grant the City's Motion in its entirety and tax costs against Plaintiff.

Respectfully submitted,

By: /s/*Michael L. Elkins*
Michael L. Elkins, Esq.
Florida Bar No. 523781
melkins@mlelawfirm.com
**MLE LAW**
1212 NE 16th Terrace
Fort Lauderdale, FL 33304
Telephone: 954.401.2608
*Co-Counsel for Defendant*


By: /s/*Henry J. Hunnefeld*
Henry J. Hunnefeld, Esq.
Florida Bar No. 343811
henryhunnefeld@miamibeachfl.gov

By: /s/*Benjamin J. Braun*
Benjamin J. Braun, Esq.
Florida Bar No. 1017937
benjaminbraun@miamibeachfl.gov

**CITY OF MIAMI BEACH**
**CITY ATTORNEY**
City Attorney's Office
1700 Convention Center Drive
Fourth Floor- Legal Department
Miami Beach, FL 33139
Telephone: 305.673.7470
*Co-Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Michael L. Elkins*
Michael L. Elkins

## SERVICE LIST

CASE NO.: 1:22-cv-21004-MD

Daniel J. Barroukh, Esq.
danielb@dereksmithlaw.com
**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive
Suite O-301
Miami, FL 33131
*Counsel for Plaintiff*