UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21004-CIV-DAMIAN/D'ANGELO

JESSICA GUASTO,

    Plaintiff,

vs.

THE CITY OF MIAMI BEACH, FL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION GRANTING IN-PART
AND DENYING IN-PART DEFENDANT'S MOTION TO TAX COSTS**

**THIS CAUSE** is before the Court on Defendant The City of Miami Beach's ("City") Motion to Tax Costs filed on April 7, 2025 (DE 115).[1] Plaintiff Jessica Guasto filed her response in opposition on April 18, 2025 (DE 118), and the City replied on May 1, 2025 (DE 121). Having considered the Parties' arguments, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, it is respectfully recommended that the City's Motion to Tax Costs be **GRANTED IN-PART and DENIED IN-PART**.

    **I.**    **PROCEDURAL BACKGROUND**

On April 2, 2022, Plaintiff, a former Sergeant with the Miami Beach Police Department, filed her Complaint asserting an action for damages and equitable relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Florida Civil Rights Act of 1992, FLA. STAT. § 760.10 ("FCRA"), as well as other constitutional and state-law claims (DE 1).

---

[1] This Motion was referred to the undersigned Magistrate Judge for a Report and Recommendation (DE 116).

Plaintiff brought ten counts in her Complaint, including: (1) Sex Discrimination in violation of Title VII, (2) Sex Discrimination under the FCRA, (3) Retaliation under Title VII, (4) Retaliation under the FCRA, (5) Sex Discrimination in violation of the Fourteenth Amendment by the City, (6) Sex Discrimination in violation of the Fourteenth Amendment by Defendant Clements, (7) Conspiracy to Violate Civil Rights by Defendants Clements and Cosner, (8) Breach of Contract under Florida law, (9) Fraudulent Misrepresentation under Florida law, and (10) Rescission under Florida law (*id.*). Plaintiff alleged that after she reported being sexually harassed by her colleagues, she was investigated for being outside city limits while on duty and later forced into an onerous and unfavorable settlement agreement to keep her job (*id.* ¶¶ 10, 15, 17-32). The settlement agreement stated Plaintiff's Chief, Defendant Clements, could terminate Plaintiff for any violation of policy or procedure (*id.* ¶ 28). Plaintiff alleged that she was subjected to further harassment by Defendant Cosner, and after rejecting his advances, he submitted a misconduct complaint against her (*id.* ¶¶ 38-42). She was terminated shortly thereafter (*id.* ¶ 47).

On May 27, 2022, Defendants filed a Motion to Dismiss (DE 11). On July 10, 2023, the Court granted the motion in-part and dismissed Counts 1, 2, 5, 6, 7, 8, 9 and 10 (DE 32). The Court noted that Plaintiff waived her federal and state sex discrimination claims by signing the settlement agreement (*id.* at 6). On June 3, 2024, the City filed its Motion for Summary Judgment (DE 70). On February 20, 2025, the Court granted the City's Motion as to the two remaining counts (DE 108). The Court noted that viewing the evidence in the light most favorable to Plaintiff, there is no genuine dispute of material fact regarding whether Defendant Cosner improperly influenced Defendant Clements, who ultimately fired Plaintiff. (*id.* at 24). On February 24, 2025, the Court entered Final Judgment in favor of Defendants (DE 109; DE 110). On April 7, 2025, the City filed its Motion to Tax Costs (DE 115).

## II. DISCUSSION

The City argues that it is the prevailing party under Rule 54 of the Federal Rules of Civil Procedure "[p]ursuant to this Court's Order on Defendant's Motion for Summary Judgment [DE 108] and Final Judgment in favor of the City [DE 109, 110] . . ." (DE 115 at 1). The City seeks to recover $13,058.46 in taxable costs under Title 28, United States Code, Section 1920 and Federal Rule of Civil Procedure 54(d)(1) (*id*. at 2). Plaintiff does not contest that Defendants are the prevailing party; instead, Plaintiff emphasizes that although the City is presumptively entitled to costs, the award of costs is discretionary, and "the equities in this case should overcome [the] rebuttable presumption" to award costs (DE 118 at 1). Plaintiff contends that the City should not be awarded costs, or alternatively, the costs should be reduced (*id*. at 3).

### A. The City is Entitled to an Award of Costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The 'prevailing party' usually is defined as a 'litigant in whose favor judgment is rendered' . . . ." *Cavalieri v. Avior Airlines C.A.*, No. 20-11468, 2022 WL 1530946, at *1 (11th Cir. May 16, 2022) (citation omitted). "'[T]here is no question' that a party in whose favor the district court granted summary judgment is a prevailing party for purposes of Rule 54(d)(1)." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (citation omitted). "[A]lthough the Court has some discretion to decline to award some or all statutory costs, that discretion is limited and the Court must state a sound basis to overcome the presumption that a prevailing party is entitled to costs. . . ." *Tassinari v. Key W. Water Tours, L.C.*, No. 06-CIV-10116, 2007 WL 9702583, at *3 (S.D. Fla. Dec. 19, 2007).

3

Pursuant to Rule 54(d), courts can only tax those costs enumerated in Section 1920. *Crawford Fitting Co. v. J. T. Gibbons*, Inc., 482 U.S. 437 (1987). The Court may tax the following costs under Section 1920:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[Although] the burden falls on the losing party to demonstrate that a cost is not taxable, the prevailing party 'still bears the burden of submitting a request for [costs] that [will] enable the Court to determine what [costs] were incurred and whether [the prevailing party] is entitled to them.'" *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (citation omitted).

The City asserts that the Eleventh Circuit has held Rule 54(d) creates a strong presumption in awarding fees to the prevailing party (DE 115 at 2). The City contends that because the Court granted its Motion for Summary Judgment and entered Final Judgment in its favor, it is the prevailing party here and therefore, is entitled to costs under Rule 54(d) and Section 1920 (*id*. at 4). Plaintiff argues that the award of costs is discretionary and the equities in this case should overcome the rebuttable presumption (DE 118 at 1). Plaintiff emphasizes that Section 1920 and Rule 54(d) are written permissively, because they use words like "may" and "should" instead of "shall" and "must" when describing a prevailing party's entitlement to costs (*id*.). Plaintiff argues that the permissive language gives the Court the discretion to deny the instant Motion (*id*.). Plaintiff contends that the City is not entitled to costs, because Plaintiff litigated her case in good

4

faith and did not engage in vexatious litigation (*id*. at 2). Plaintiff further argues that there is great economic disparity between the Parties, as Plaintiff has been unable to obtain stable employment since her termination (*id*.). Plaintiff contends that imposing costs would negatively impact future civil rights cases, as future plaintiffs could be discouraged from bringing their claims (*id*. at 3). Alternatively, Plaintiff argues that the costs should be reduced (*id*. at 4).

The Court has discretion to deny an award of costs to the prevailing party, but its discretion is limited and, "it must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A party's good faith in bringing a case, without more, is not enough to overcome the presumption that the prevailing party is entitled to costs. *See Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832-33 (11th Cir. 2005) (holding that good faith and limited financial resources did not constitute a sound basis to overcome the strong presumption in favor of awarding costs to the prevailing party). On the other hand, good faith, in addition to other circumstances, may be a basis to deny full costs. For example, Plaintiff relies on *Friends of Everglades v. South Florida Water Mgmt. District*, 865 F. Supp. 2d 1159, 1168 (S.D. Fla. 2011), a case in which the court denied an award of full costs to the prevailing party (DE 118 at 2). In that case, there were several factors that contributed to the court's decision to deny awarding full costs. *Friends of Everglades*, 865 F. Supp. 2d at 1168. The court noted that there was an intervening change of law that allowed the prevailing party to win on appeal, the case involved novel and complex issues of law with an extensive fact-finding process at trial, and the prevailing party benefited from the litigation by obtaining judicial approval of its permitting practices. *Id*. at 1165–69. In addition to those factors, the court acknowledged that the good faith of the plaintiffs in bringing the litigation and the potential chilling effect on future plaintiffs bringing litigation weighed in favor of denying an award of full costs to the prevailing party. *Id*. at 1168-69.

Here, Plaintiff does not claim that there was a lengthy trial, novel issues of law, or a benefit that the prevailing party gained from the litigation. In fact, the majority of Plaintiff's claims were dismissed on Defendants' Motion to Dismiss (DE 32). The other two counts were denied on the City's Motion for Summary Judgment (DE 108). Plaintiff also claims that taxing her in a case where there was no vexatious litigation will discourage other similarly situated plaintiffs from bringing their cases (DE 118 at 3). However, Plaintiff does not provide any evidentiary or other support for this argument, and Plaintiff's conclusory statement alone does not overcome the presumption that the prevailing party is entitled to costs. *See Kates v. Nocco*, No. 22-CIV-342, 2023 WL 7495513, at *3 (M.D. Fla. Nov. 13, 2023) (holding that the court was not persuaded that requiring the non-prevailing party to pay the taxable costs would have a chilling effect on future plaintiffs because plaintiff did not cite to any Eleventh Circuit authority); *but see Mamani v. Sanchez Berzain*, No. 07-CIV-22459, 2018 WL 7021966, at *2-3 (S.D. Fla. Dec. 12, 2018) (denying costs to the prevailing party because of the complexity of the case, plaintiff's good faith, the potential chilling effect on human right plaintiffs, and the fact that, due to plaintiff's indigence, the prevailing party would have to collect from plaintiff's *pro bono* counsel).

Plaintiff next argues that the City should not be awarded costs, because Plaintiff has limited financial resources compared to the City (DE 118 at 2-3). In deciding whether to award costs, however, the Court need not consider the relative wealth of the parties, as doing so would be unduly prejudicial to parties with resources available. *See Chapman*, 229 F.3d at 1039 ("Comparing the financial resources of the parties would unduly prejudice parties with assets . . . ."). Furthermore, while the Court may consider the non-prevailing party's financial status, the Court declines to do so here, as Plaintiff has simply stated she has limited resources without providing persuasive evidence regarding her inability to pay. *See Smith v. Sec'y, Fla. Dep't of*

*Corr.*, 696 F. App'x 944, 954 (11th Cir. 2017) (finding a non-prevailing party claiming an inability to pay must show "substantial documentation of a true inability to pay"). In sum, Plaintiff has not provided a solid basis for the Court to overlook the presumption that the City should recover its taxable costs in this action as the prevailing party.

### B. Permissible Taxable Costs Under Section 1920.

Alternatively, Plaintiff argues that if the Court does award the City costs, the award should be reduced (DE 118 at 3). Specifically, Plaintiff objects to (1) itemized costs in the court reporter's invoices for depositions, including costs for "Professional Attendance," "Deposition Appearance," "Exhibits," and "Logistics, Processing & Electronic Files" (*id*. at 4-5), (2) videographer expenses incurred from videotaping Plaintiff's deposition (*id*. at 7-8), and (3) costs for issuing subpoenas to the City's employees (*id*. at 8-9).

The City argues that while there is a split in this District, numerous courts have held that court reporter appearance fees are recoverable under Section 1920 (DE 121 at 6). Additionally, the City contends that fees labeled "Exhibits," "Logistics, Processing and Electronic Files," and "Expenses" are taxable, because they relate to the court reporter's costs and preparation for the depositions (*id*. at 7). The City argues that videographer fees should be taxable because Plaintiff never objected to the City's videotaping of the deposition, which was necessary because the City anticipated using the video evidence at trial (*id*. at 7-8). Lastly, the City argues that it cannot force certain employees to attend court or depositions without a subpoena (*id*. at 8-9).

### i. *Attendance Fees, Exhibit Fees, Logistics, Processing, & Electronic Files Fees, and Expenses*

Courts in this District vary as to whether court reporter appearance fees are recoverable under Section 1920. *See Feise v. N. Broward Hosp. Dist.*, No. 14-CIV-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017) (holding court reporter appearance fees are taxable and explaining

7

that some courts have found appearance fees nontaxable). *But see Newman v. Hous. Auth. of City of Fort Lauderdale*, No. 06-CIV-60359, 2007 WL 315098, at *3 (S.D. Fla. Jan. 31, 2007) (holding that court reporter appearance fees are not listed in Section 1920 and therefore, are not recoverable). Many courts have held that court reporter appearance fees are taxable under Section 1920(2). *Santana v. RCSH Operations, LLC*, No. 10-CIV-61376, 2012 WL 3779013, at *6 (S.D. Fla. Aug. 31, 2012) (collecting cases). These courts interpret the word "fees" in Section 1920 to include all costs associated with preparing the printed transcript, which "necessarily include[s]" the court reporter's appearance. *See Feise*, 2017 WL 3315144, at *3.

Plaintiff does not contest that the deposition transcripts were necessarily obtained for use in this case. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000) ("The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" (citation omitted)). Instead, Plaintiff objects to the City's request for "Professional Appearance" and "Professional Attendance" costs within the deposition transcript invoices (DE 115-1 at 1-2). The weight of authority is persuasive, and the reasoning is sound: since preparation of the transcripts necessarily requires the court reporter's attendance at the depositions, these costs are directly related to the preparation of the transcript and should be taxable. *See Feise*, 2017 WL 3315144, at *3; *see also McCalla v. Avmed, Inc.*, No. 11-CIV-60007, 2011 WL 5190946, at *3 (S.D. Fla. Nov. 1, 2011) (holding court reporter appearance fees were reasonable and recoverable). Plaintiff's argument that a court reporter's attendance is not necessary, because the deposition testimony could have been recorded by audio, audio-visual, or stenographic means does not undercut this proposition (DE 118 at 6). If the Parties wanted to use other means to record their depositions, they could have done so. The fact that they chose to use a court reporter to create the deposition transcript,

which required that the court reporter actually attend the depositions to do so, brings this cost within the fees contemplated in Section 1920(2).

Importantly, deposition costs are not recoverable if they were incurred for convenience instead of necessity. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 996 (11th Cir. 2012) ("Where the deposition costs were incurred for the prevailing parties' convenience, such as to aid in thorough preparation or for the purposes of investigation only, the costs are not recoverable."). "Courts in the Southern District of Florida have repeatedly held that costs associated with CD litigation packages, scanning, and exhibit handling are not necessary, but rather are for the convenience of counsel." *BVS Acquisition Co., LLC v. Brown*, No. 12-CIV-80247, 2015 WL 12921971, at *5 (S.D. Fla. Aug. 5, 2015); *see also Sloan v. Miami-Dade Cnty.*, No. 18-CIV-21517, 2020 WL 5902486, at *3 (S.D. Fla. Jan. 24, 2020) ("[M]iscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case."). Miscellaneous costs may be recoverable if the moving party can show the costs were a necessary expense. *See Gulf Bldg., LLC v. Philadelphia Indem. Ins. Co.*, No. 22-CIV-60573, 2023 WL 8438465, at *4 (S.D. Fla. Nov. 2, 2023), *report and recommendation adopted*, No. 22-CIV-60573, 2023 WL 8433693 (S.D. Fla. Dec. 4, 2023) ("These costs are only recoverable if Plaintiff establishes they were not merely for counsel's convenience, but rather, a necessary expense.").

In this instance, the City has not shown that deposition costs for "Exhibits," "Logistics, Processing & Electronic Files," and "Expenses" were necessary. The City relies on the court reporting company's invoice, without providing any description or background as to what these costs are for, beyond simply "[p]reparation of the deposition exhibits" (DE 115-2 at 1; DE 121 at

9

7). *See King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-CIV-23350, 2010 WL 11505154, at *10 (S.D. Fla. Sept. 29, 2010) (denying costs for photocopies because "[o]ther than the vague invoices. . . and conclusory statements made in its motion, Defendant . . . provided little information regarding the purpose or use of any of the photocopies that [the prevailing party] seeks to recover as costs."); *see also Chase Bank USA, N.A. v. Jacucci*, No. 19-CIV-62318, 2021 WL 2689961, at *1-2 (S.D. Fla. Apr. 6, 2021) (holding that "additional copies of exhibits to the deposition, the litigation support package, and electronic processing and delivery are not recoverable" because the moving party failed to show why these costs were necessary). The City has not shown, therefore, that these costs—totaling $211.75—were necessary to the litigation.

        *ii.*    *Videographer Expenses*

The City also requests $2,147.00 in costs for videotaping Plaintiff's deposition (DE 115 at 5). The City argues that the costs for videotaping the deposition can be reimbursed when the opposing party is on notice that the deposition will be recorded and does not object (*id*.). The City further contends that recording Plaintiff's deposition was necessary, because it anticipated she would lie in her deposition (DE 121 at 7). The City intended to read the deposition transcript at trial and use the video to show the jury Plaintiff's body language when she lied (*id*.). Plaintiff does not contest the City's argument that videographer expenses may be reimbursed when the opposing party was notified that the deposition would be recorded and did not object but adds that the prevailing party must explain why it was necessary to obtain both a transcript and videotaped copy of the deposition (DE 118 at 7-8). Plaintiff also argues that the video recordings were not used at any point in this case, so the costs should be denied (*id*. at 8).

If a party was notified that a deposition would be video recorded and raised no objection, the Court must then "decide whether the copies of the videos obtained by [the prevailing party]

were 'necessarily obtained for use in the case.'" *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (citation omitted). The City has not sufficiently shown the necessity for this cost. Although the City claims that it needed the video recording, in addition to the transcript, to show the jury Plaintiff was lying, the City does not adequately state why the video recording was necessary. The City does not explain why the deposition transcript would be insufficient for impeachment purposes, thereby showing Plaintiff was lying, even if a video recording was preferable. Nor does the City explain why the jury could not have simply observed the purportedly telling body language during live testimony at trial. *See Johnson v. Russell Invs. Tr. Co.*, No. 22-CIV-21735, 2025 WL 928853, at *3 (S.D. Fla. Mar. 27, 2025) (denying costs associated with a video recording of a deposition in addition to a transcript where the prevailing party argued the recording was necessary for impeachment and assessing witnesses' credibility). Nor did the City substantiate its argument with reasons why it thought Plaintiff would lie at the deposition or not testify in-person at trial. Thus, the City has not met its burden of showing that the video recording—totaling $2,147.00—was necessarily obtained for use in this case.

        *iii.*    ***Service of Subpoenas for the City's Employees***

The City requests fees incurred in issuing subpoenas for trial and depositions in the amount of $1,495.00 (DE 115 at 6-9). Plaintiff objects to the City's request for the service costs of subpoenas issued to the City's employees (DE 118 at 8). Plaintiff argues, without citing to any supporting authority, that the City issued ten subpoenas to its own employees, and the City could have used its position as the employer to schedule the depositions with its employees (*id*. at 8-9). In its Reply, the City attaches a Declaration of Marla Alpizar, Director of Human Resources for the City, who states that the City cannot require police department employees with the ranks of Police Officer, Sergeant, and Lieutenant to attend court or depositions without a subpoena due to

11

a collective bargaining agreement with The Fraternal Order of Police (DE 121-1 ¶¶ 16-18). Steven Cosner, Kevin Millian, Paul Ozaeta, Arly Flaherty, Nicholas Guasto, and Reginald Lester were members of the police department covered by the bargaining agreement, so the City was required to serve them with subpoenas (*id.* ¶¶ 19, 21).

"Pursuant to § 1920(1), '[f]ees of the clerk and marshal' may be taxed as costs." *W&O, Inc.*, 213 F.3d at 623. Private process server fees may be taxed up to the statutory amount authorized for service by the United States Marshal under Title 28, United States Code, Section 1921, which was $65.00 per subpoena at the relevant time. *See id.* at 624 ("We hold that private process server fees may be taxed pursuant to §§ 1920(1) and 1921."); 28 C.F.R. § 0.114(a)(3). To award costs for subpoenas, the Court must determine the subpoenas were reasonable and necessary at the time they were issued. *Santana*, 2012 WL 3779013, at *3.

Although Plaintiff states that the City could have streamlined the process by making its employees appear at the depositions, she points to no authority, procedures, or policies that allow the City to compel its employees to attend court proceedings in this manner. On the other hand, the City provided evidence that it lacked authority to compel its employees to appear at proceedings in the manner Plaintiff suggests (DE 121-1 ¶ 18). Indeed, the City has demonstrated that "a subpoena. . . was the only way to ensure [the employees'] attendance at trial [and the depositions]." *Santana*, 2012 WL 3779013, at *4 (awarding costs for subpoenas and holding that although plaintiff contended it was unnecessary for defendant to issue subpoenas to its current employees for trial, a subpoena was the only way to ensure their attendance). As such, the fees for service of the subpoenas at the rate of $65.00 per subpoena were reasonable and necessary given that the City could not compel its employees to appear absent such service.

12

Overall, the City requested taxable costs in the amount of $13,058.46. As the prevailing party, the City is entitled to such costs as enumerated in Section 1920, and Plaintiff has not sufficiently demonstrated that the Court should exercise its discretion to deny the City costs in this action. Under Section 1920(2), the City may recover appearance fees for the court reporters transcribing the depositions. The City has not demonstrated that fees for "Exhibits," "Logistics, Processing & Electronic Files," "Expenses," and video recording Plaintiff's deposition were necessary and in turn, cannot recover those costs. The City has shown that it was necessary to serve its employees with subpoenas to attend court proceedings and may recover fees for the cost of service of process at the statutory rate. Accordingly, it is respectfully recommended that the City be awarded costs in the amount of **$10,699.71** under Rule 54 and Section 1920.

### C. The City is Entitled to Post-Judgment Interest.

Lasty, the City argues that it is statutorily entitled to post-judgment interest (DE 115 at 9). Plaintiff does not object to or address this request in her opposition. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. "The Eleventh Circuit, recognizing that § 1961(a) applies to awards of costs, has held that 'interest shall accrue on . . . taxable costs from the date the court entered final judgment . . . .'" *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-CIV-60712, 2012 WL 1069166, at *4 (S.D. Fla. Mar. 29, 2012) (citing *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045, 1052 (11th Cir.1994)). Accordingly, it is respectfully recommended that the City be awarded post-judgment interest on its taxable costs at the statutory rate accruing as of February 24, 2025, the date of final judgment.

### III.  CONCLUSION

Based on the foregoing, it is respectfully recommended that the City's Motion to Tax Costs (DE 115) be **GRANTED IN-PART and DENIED IN-PART**. It is further respectfully

recommended that the City be awarded **$10,699.71** in taxable costs under Section 1920 and post-judgment interest on its taxable costs at the statutory rate accruing as of February 24, 2025 under Section 1961.

### IV.   **OBJECTIONS**

The Parties will have fourteen (14) days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Melissa Damian, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain error, if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 4th day of February, 2026.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record