## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-21004-CIV-DAMIAN/D'Angelo

**JESSICA GUASTO**,

     Plaintiff,

v.

**THE CITY OF MIAMI BEACH, FL**,

     Defendant.

_____/

### ORDER AFFIRMING AND ADOPTING
### REPORT AND RECOMMENDATION [ECF NO. 126]

**THIS CAUSE** is before the Court upon Defendant, City of Miami Beach's ("Defendant" or "City"), Motion to Tax Costs [ECF No. 115 (the "Motion")], filed April 7, 2025, and the Report and Recommendations of United States Magistrate Judge Ellen F. D'Angelo Granting In Part and Denying In Part Defendant's Motion to Tax Costs, entered on February 4, 2026 [ECF No. 126 (the "Report")]. In the Report, Magistrate Judge D'Angelo recommends granting the City's Motion in part and awarding taxable costs in the amount of $10,699.71. No party filed objections to the Report, and the time to do so has passed. The matter is now ripe for review.

THE COURT has considered the Report, the Motion, the record in this case, and the relevant authorities and is otherwise fully advised.

On February 24, 2025, this Court entered a Final Judgment in favor of the Defendant, City of Miami Beach, and against the Plaintiff, Jessica Guasto ("Guasto" or "Plaintiff"), after granting summary judgment in favor of the City. *See* ECF Nos. 108, 109, 110. As the prevailing party in this action, the City is entitled to an award of taxable costs pursuant to 28

U.S.C. § 1920. In the Motion, the City seeks: (a) $11,483.46 for the costs of deposition transcripts, video recording of said depositions, and court reporter attendance fees; (b) $1,495.00 for private process server fees for service of trial subpoenas and deposition and records custodian subpoenas; and $80.00 for witness fees as reduced per 28 U.S.C. § 1821; for a total of $13,058.46 in taxable costs. *See* Mot. at 4-9.

The Motion was referred to Magistrate Judge D'Angelo to take all necessary and proper action as required by law pursuant to 28 U.S.C. § 636(b). *See* ECF No. 116.

On February 4, 2026, Magistrate Judge D'Angelo issued the Report now before the Court. [ECF No. 126]. In the Report, Judge D'Angelo recommends granting the City's Motion in part and awarding the City taxable costs in the amount of $10,699.71. As noted above, neither party filed objections to Judge D'Angelo's Report, and the time for filing objections has passed.

A District Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other

2

standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

In the Report, Magistrate Judge D'Angelo makes the following findings: (1) the City should be awarded all costs for deposition transcripts and court reporter attendance fees aside from $211.75 for vaguely described "Exhibits," "Logistics, Processing & Electronic Files," and "Expenses"; (2) the City should not be awarded the costs of the deposition video recording obtained for this case ($2,147.00) because it did not meet its burden of showing that the video recording was necessarily obtained for use in this case; (3) the City should be awarded $65.00 for each of the 23 subpoenas it served and $40.00 for each of the two expert witness whose attendance was summoned, for a collective total of $10,699.71 in taxable costs when deposition and court reporter fees are added; and (4) the City is entitled to post-judgment interest on its taxable costs accruing from the date of the February 24, 2025 Final Judgment *See generally* Report. This Court agrees and accepts the Magistrate Judge's findings.

For these reasons and finding no clear error on the face of the record, this Court fully agrees with the well-reasoned analysis and recommendations stated in Judge D'Angelo's Report. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 126]** is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Tax Costs **[ECF No. 115]** is **GRANTED IN PART**.

3

3. Defendant, City of Miami Beach, may recover **$10,699.71** in costs from Plaintiff, Jessica Guasto. This is the sum of:

   a. $1,495.00 for the fees of serving the summons and subpoenas;

   b. $9,124.71 for deposition transcripts and court reporter fees; and

   c. $80.00 for witness fees.

4. Interest is awarded on all costs from the date of Final Judgment, February 24, 2025,[1] at the statutory rate prescribed by 28 U.S.C. § 1961.

**FOR ALL OF WHICH SUMS LET EXECUTION ISSUE**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 2nd day of March, 2026.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record

      U.S. Magistrate Judge Ellen F. D'Angelo

---

[1] *See Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 803–04 (11th Cir. 2012).

4